Avia Turner-Gray, Esquire
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com
In Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**AVIA TURNER-GRAY**

Plaintiff,

vs.

**AMN HEALTHCARE INTERIM SOLUTIONS, LLC,**

**ANM HEALTHCARE, INC,**

**AVIS BUDGET GROUP,**

**JOHN DOES 1 THROUGH 50,**

Defendants.

Case No.3:23-CV-05507-SI

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**

1. NEGLIGENCE
2. GROSS NEGLIGENCE
3. MALICIOUS PROSECUTION
4. INTENTIONAL MISREPRESENTATION/FRAUD
5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
6. FALSE ARREST/IMPRISONMENT
7. NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING
8. BREACH OF FIDUCIARY DUTY

**<u>DEMAND FOR JURY TRIAL</u>**

# TABLE OF CONTENTS

Introduction……………………………………………………………………………..3

Procedural History……………………………………………………………….……….5

Parties……… ……………………………………………………………………………..6

Statement of Agency………………………………………………………………………8

Jurisdiction and Venue……………………………………………………………………8

Statement of Facts…………………………………………………………………………8

Statement of Claims……………………………………………………………………...16

Negligence…………………………………………………………………………16

Gross Negligence ………………………………………………………………..18

Malicious Prosecution……………………………………………………………..…19

Intentional Misrepresentation/Fraud..……………….………………………………...…22

False Arrest/False Imprisonment…………………………………………………...…25

Intentional Infliction of Emotional Distress…………………………………………… 29

Negligent Hiring, Retention, Supervision, and Training...………………………………31

Avis Budget Group…..………………………………………………………..31

AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc..……..…………33

Breach of Fiduciary Duty……………………………………………………………..…38

AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc..……..…………38

Damages……………………………………………………………………………………41

Prayer for Relief……………………………………………………………………………43

# FIRST AMENDED COMPLAINT

Plaintiff Avia Turner-Gray hereby files this first amended complaint for damages and equity against the Avis Budget Group, Inc., AMN Healthcare Interim Solutions, LLC (formerly known as B.E. Smith Interim Solutions, LLC) and its parent company, AMN Healthcare, Inc., ("Defendants") and shows the Court the following based on information and belief:

## INTRODUCTION

1. Plaintiff is a registered nurse ("RN") who was hired by the Defendant AMN Healthcare Interim Services to work as an interim manager in a local Bay Area hospital during the Covid crisis beginning in early 2021. As part of the Plaintiff's compensation package, she was provided with a rental car that was fully paid for by AMN Healthcare Interim Services and or its parent company, AMN Healthcare, Inc. That car was provided by Codefendant Avis Rental Cars. Plaintiff received no bills for the rental.

2. The Plaintiff first picked up the vehicle under contract in early January 2021. In June 2022, Plaintiff exchanged that vehicle out for a new vehicle at the Avis counter at the San Francisco International Airport. Avis was grossly negligent in executing that exchange. Avis failed to document the vehicle exchange in their computer systems. Avis, through its employees and/or contractors, either fraudulently or negligently, gave the Plaintiff phantom paperwork indicating that the company had rented the vehicle to her when indeed it had not. Defendant Avis and their personnel also waived the Plaintiff through their concrete fortified, heavily guarded, tire shredder reinforced exit barrier without first checking to make sure that the vehicle that the Plaintiff had been given matched the paperwork that she gave them. The Avis exit gate

representative did not even check to ensure that the vehicle the Plaintiff was issued matched the entry that should have come up in their computer systems at the exit booth. Instead, the Avis worker engaged in some sort of pantomime or farcical re-enactment of exit gate procedures. They went through the motions of doing some work when indeed they did nothing.

3. As a result of this, Plaintiff left the facility in a vehicle that was not registered in their systems. She drove that undocumented and unregistered vehicle through high crime areas in Oakland and Antioch for the next four months until she was arrested under suspicion of felony car theft and joyriding in October of 2022. Upon her arrest, one of the arresting officers informed the Plaintiff that the car that she had been driving was reported stolen in June 2022. He also stated that the Avis representative that they contacted on the scene told them to execute the arrest.

4. As a result of the arrest, Plaintiff has suffered mental and physical damage to her body and being. She has suffered irreparable damage to her career. Travel nurse managers must have clean arrest records in order to secure high paying positions in the lucrative interim nurse market. The mere appearance of arrest, particularly a felony arrest, precludes a nurse applicant from being considered for most, if not all, jobs.

## **PROCEDURAL HISTORY**

5. In October of 2023, Plaintiff originally initiated legal action before this Court for damages and equity against Defendants Avis Budget Group, B.E. Smith, and AMN Healthcare Services, Inc. The lawsuit stemmed from damages that the Plaintiff sustained as a result of being falsely arrested and imprisoned after Defendant Avis Budget Group reported the vehicle she

legally rented from Avis as stolen

6. In December 2023, Defendants B.E. Smith and AMN Healthcare Services, Inc filed a Motion to Dismiss themselves from the case based, in part, on a failure of service of process. Plaintiff initially sued B.E. Smith and what she thought was its parent company, AMN Healthcare Services, Inc. According to counsel for AMN, the parties were misidentified. AMN Healthcare, Inc recently completed its acquisition of B.E. Smith in 2023, and the company now has a new name. The correct parties in interest are named AMN Healthcare Interim Solutions, LLC (formerly B.E. Smith Interim Solutions LLC) and AMN Healthcare, Inc.

7. In January 2024, Plaintiff initiated a voluntary dismissal without prejudice against the B.E. Smith and AMN Healthcare Services, Inc. The Plaintiff now seeks to amend her complaint to insert these parties back into the original complaint with the aforestated corrections.

**PARTIES**

8. Plaintiff, Avia Turner-Gray, is a registered nurse who was recruited and hired by B. E. Smith Interim Solutions to work as an interim nurse manager (during the COVID crisis) at a Kaiser hospital in the Bay Area. Defendant was housed in Alameda County for the duration of her contract at the hospital. Plaintiff received a monthly housing stipend and a rental vehicle from AMN Healthcare Interim Solutions as part of her compensation package for services rendered. Plaintiff is a permanent resident of East Point, Georgia located in Fulton County, Georgia.

9. Defendant 1, the Avis Budget Rental Group, is a rental car company incorporated in Delaware and headquartered at 6 Sylvan Way in Parsippany, New Jersey. The company does a

substantial amount of business in the State of California by operating a number of car rental offices throughout the state including one at the San Francisco Airport ("SFO") and several in Alameda County.

10. Defendant 2, AMN Healthcare, Inc., is a healthcare staffing firm that specializes in short notice, temporary, and permanent placement of healthcare personnel including nurses and nurse managers. The firm was organized in Delaware and headquartered at 2999 Olympus Blvd., Dallas, Texas. AMN Healthcare, Inc does a substantial amount of business in State of California by itself and through its wholly owned subsidiaries by recruiting nurses to fill various travel nurse, management, and strike nursing contracts open throughout California. AMN Healthcare is one of the largest nurse staffing agencies in the country.

11. Defendant 3, AMN Healthcare Interim Solutions, LLC is a wholly owned subsidiary of AMN Healthcare, Inc. The company was acquired by AMN Healthcare Inc. in 2016. The acquisition was completed in October 2023 when B.E. Smith Interim Solutions, LLC filed corporate dissolution and name change forms with the secretary of state in several states. The organization remains the healthcare management interim staffing arm of AMN Healthcare, Inc. It specializes in short notice, short-term staffing of nurse managers, directors, and other healthcare leadership personnel. The organization operates out of AMN Healthcare's corporate headquarters in Dallas Texas listed above. The company is a nationwide leader in healthcare management staffing. AMN Healthcare Interim Solutions, LLC was and still is conducting substantial business within the State of California including Alameda County.

12. John Does 1 through 50 are potential employees, contractors, and corporate

officers, managers, and other actors of Avis Budget Group, Inc, AMN Healthcare Interim Solutions LLC, and AMN Healthcare Inc who shall be added to this suit in their individual capacities as additional facts emerge and their names are revealed during the discovery process.

## AGENCY AND CONCERT OF ACTION

13. At all times relevant hereto, Avis Budget Group was the agent, servant, employee, partner, aider, abettor, contractor, subcontractor, co-conspirator and/or joint venturer of the remaining Defendants, AMN Healthcare Interim Solutions, LLC and AMN Healthcare, Inc named herein, and it was at all times operating and acting within the purpose, scope, alter ego and/or joint venture, and with the permission and consent of the co-Defendants, knowing that their conduct was wrongful and/or unlawful, and each Defendant ratified and approved the acts of each of the remaining co-Defendants such that liability for the actions of one Defendant should be imputed to the others as it they had committed tortious acts complained of herein directly themselves.

## JURISDICTION AND VENUE

14. Jurisdiction is properly set before this Court based on diversity. This matter involves a case or controversy exceeding $75,000. Furthermore, venue is proper given that the wrongful act that prompted the filing of this lawsuit occurred in Alameda County California

## STATEMENT OF FACTS

15. Defendants AMN Healthcare Interim Solutions recruited and hired Plaintiff, Avia Turner-Gray, to work as an Interim Assistant Nurse Manager in the operating room at a Kaiser hospital in the Bay Area in December 2020.

16. AMN Healthcare Interim Solutions LLC, formerly B.E. Smith Interim Solutions LLC, is a wholly owned subsidiary of parent company AMN Healthcare Inc.

17. AMN Healthcare Interim Solutions LLC shared a number of internal duties and functions with its parent company, AMN Healthcare Inc, including making housing, travel, and car rental arrangements, insurance and benefits management, risk management and compliance functions, and some office space.

18. As part of the Plaintiff's compensation package, she was to receive a fully paid for rental vehicle for the duration of her interim contract.

19. The Plaintiff was not allowed to choose a rental car company for herself. All rental car arrangements were made/managed and paid for by AMN Healthcare Interim Solutions, LLC and/or its parent company, AMN Healthcare Inc. Plaintiff never received a bill.

20. Defendant Avis Rental Car was the designated prime rental car supplier/contractor/agent for Defendants ANM Healthcare Interim Services LLC and AMN Healthcare, Inc.

21. Defendants AMN Healthcare Interim Solutions, LLC and its parent company, AMN Healthcare, Inc, (referred to herein as "AMN Defendants") secured the services of the Avis Budget Group, Inc (as ostensibly, the Avis Budget Group, Inc, and/or operating under any other alternative known or currently concealed identity, name, form or through any subcontractor or franchisee) to provide Plaintiff, Avia Turner-Gray, a rental vehicle for her use throughout the duration of her interim nursing executive assignment at a local Bay Area hospital during the pandemic beginning in January 2021.

22. The AMN Defendants, both together and/or singularly, were principals, masters, joint venturers and/or coconspirators in this agency/agreement created for the benefit of the Plaintiff as a third party and with the Defendant, the Avis Budget Group, Inc (operating as itself and/or under any other identities, names, and forms) functioning as the agent, servant, subcontractor, joint venturer or co-conspirator.

23. AMN Healthcare Interim Solution LLC, then operating as B.E. Smith Interim Solutions LLC, informed the Plaintiff that if she did not take the rental car through Avis, she would lose the rental car benefit, and she would not be granted a car rental stipend to secure a rental vehicle through another car rental agency on her own.

24. The estimated cost of the rental vehicle was somewhere between $12,000 and $14,000 per year.

25. Plaintiff picked up a corporate rental car from Defendant Avis at the San Francisco Airport on approximately January 11, 2021. She remained in Avis's rental vehicles until October 2022.

26. Plaintiff was directed by Defendant Avis to periodically exchange her designated rental vehicle for a new one. These exchanges could occur as often as every 30 days.

27. During the course of the contract, Plaintiff informed the AMN Defendants on at least two occasions that a number of the Avis vehicles given to her had safety issues. Sixty percent of the vehicles rented to her during the course of her contract had service or warning lights activated. The B.E. Smith travel department was not concerned about this problem and did not respond to Plaintiff's concerns.

28. In June 2022, there was a car break-in with a catalytic converter theft from a Toyota at Plaintiff's residence. Because of this, and in an abundance of caution, Plaintiff went to exchange her then rented Toyota for another make and model vehicle at Avis at SFO.

29. It was a very busy day at Avis, and there were long waits to get to a counter agent. Once Plaintiff reached the counter, the agent did not appear to be too familiar with how to handle long term contracts. Eventually Plaintiff was given a vehicle with the alleged associated paperwork, but when she arrived to inspect the assigned vehicle, it was unacceptable.

30. Plaintiff flagged down another Avis employee and asked that he send a manager to help her find another car. Approximately 20 minutes later, a manager appeared. Plaintiff explained that she needed a car that did not smell like marijuana and that was low in miles with no service lights on. The manager on duty walked with the Plaintiff across the parking lot looking for acceptable cars. They settled on a late model Nissan Altima black in color. The manager told the Plaintiff that she may take the car and proceed to the gate.

31. Plaintiff proceeded to the heavily guarded, concrete fortified security gate where she presented her license and paperwork to the guard. The guard inspected the paperwork, license, and vehicle. He then motioned for the Plaintiff to exit the gate after he opened it.

32. Plaintiff remained in the vehicle until the end of her contract in October 2022.

33. In June 2022, around the time that the Plaintiff rented the vehicle, Defendant Avis, in its incompetence and ineptitude, knowingly, recklessly, outrageously, and fraudulently filed a false police report with local authorities stating that the vehicle issued to the Plaintiff was stolen when, in fact, it was not. Defendant Avis did not know the whereabouts of said vehicle

because it negligently failed to capture any information regarding the rental in their system, and therefore, elected to use local police authorities as a taxpayer funded car location and repossession service.

34. For four months, Plaintiff drove the now allegedly stolen vehicle all around the Bay Area into some of the most dangerous areas of Oakland and Antioch. Plaintiff did not know that the vehicle that she was driving had been reported as stolen. Plaintiff did not know that the vehicle that she was given was unrented in Avis's system. Plaintiff did not know that the car rental paperwork that she had in her possession was fraudulently issued a with fake rental agreement number and fake return dates. Avis never reached out to the Plaintiff to let her know that there was a problem with the car. Avis's multiple failures in this case were a substantial factor in creating a high risk that Plaintiff would be arrested for car theft while driving the rented car.

35. On October 26, 2022, two days before her flight home, Plaintiff was returning to the vehicle parked outside of a busy restaurant in Dublin, California when police officers, lying in wait, yelled over a loudspeaker that the vehicle had been reported as stolen. They drew guns on her and advised her to back away from the vehicle. Plaintiff was cuffed and placed in the back of a police squad car for all to see.

36. Over the course of an hour, officers attempted to verify proof that Plaintiff had indeed rented the vehicle. They found the rental paperwork in the car that Plaintiff received when she rented the vehicle, but it still had the old rental information written in on the document from the day of the rental exchange on June 26, 2022.

37. When law enforcement called Avis to verify the status of the vehicle, Avis told them that no one was listed as the driver or responsible party for the vehicle. The vehicle was not listed as being rented at all.

38. Defendant Avis told law enforcement to arrest the Plaintiff as she had no business with the car. Plaintiff was ultimately charged and arrested for felony joyriding.

39. Plaintiff was taken to the Santa Rita Jail in Dublin, California. The Santa Rita Jail has a reputation for being one of the worst metropolitan jails in the Bay Area. It has a long history of safety violations, inadequate medical services, poor sanitation, unclean conditions, and inmate deaths. It has been dubbed one of the worst county jails in the country. (See e.g. Lakshmi Sara & Matthew Greene, *Grand Jury: Major Health and Safety Violations at the Santa Rita Jail Require Urgent Attention*, kqed.org, (June 30, 2022); Edwin Rios, *Notorious US Jail Accused of 'Unconscionable Failure' After Man's 'Slow, Tortuous Death*, The Guardian, (October 16, 2023), *http://amp.theguardian.com/us-news/*).

40. Plaintiff was housed in hellish conditions at the Santa Rita Jail. The conditions there were far worse there than anyone could have imagined. The walls of the cell were smeared with feces. The bowl of the metal toilet stool was so filthy that there was a three-inch ring of caramelized, brown, concretized feces so hard and thick that it protruded out an inch or more from the walls of the toilet bowl. The entire floor of the jail cell was covered in six inches or so of toilet paper. The cell benches were covered in toilet paper.

41. Plaintiff was housed with up to five or six additional inmates in that five by eight cell during her stay. Three of the inmates were mentally unstable. Two of the inmates were

decompensating fentanyl addicts and self-professed “dope fiends” in full-fledged withdrawal mode. One of the addicts had a psychotic episode in the cell. After screaming at the top of her lungs and smashing her head into the wall, she was removed from the cell. One inmate was a murder suspect. Plaintiff almost got into a fight with one of the other inmates because she kept placing her feet on the Plaintiff’s body.

42. Plaintiff remained in jail until the following afternoon. Plaintiff made arrangements to be bonded out by a bonding company, but ultimately, the Court ended up issuing a signature bond instead.

43. Before Plaintiff could exit the jail, she was forced by jail employees to provide a DNA sample as a condition of her release. Deputies at the jail told the Plaintiff that if she refused to provide a DNA sample to the jail for the false arrest, she would be denied release and held in jail for an additional day or so to be brought before a judge. Plaintiff’s DNA sample is now in the California criminal offender database along with rapists, murderers, child molesters, and thieves.

44. The first call that the Plaintiff made after being released from jail was to her employer, Defendant AMN Healthcare Interim Solutions, LLC. She notified Leslie Hertz in the travel department that she had been arrested for driving the rental car that the company provided. She further informed the Defendant AMN Healthcare Interim Solution LLC that the vehicle that it rented for her was actually reported stolen in June, and that Defendant Avis had somehow never processed or transferred the rental information (Driver’s license, credit card, and corporate billing information) in the system.

45. On October 28, 2022, Plaintiff reported to the Alameda County Courthouse in

Dublin for a first appearance hearing on the felony joy riding charge. The District Attorney dropped the charges after reviewing the Plaintiff's rental paperwork.

46. By the afternoon of October 28, 2022, leadership at AMN Healthcare Interim Solutions had not contacted the Plaintiff to inquire about her well-being or to obtain details about the false arrest itself. The Plaintiff only received a call back from Ben Harber, the vice president of AMN Healthcare Interim Solutions, after making several tense phone calls to lower-level company personnel.

47. After the Plaintiff explained the events leading up to the arrest, Mr. Harber intimated that it was the Plaintiff's responsibility to make sure that Defendant Avis Rental Car correctly executed their own car rental procedures. He appeared to blame the Plaintiff for Avis's wrongdoing and for her own arrest.

48. Harber also acknowledged that the warning lights may have been on in some Avis's rental vehicles, but he suggested that those lights only meant that the cars needed an oil change. He seemed completely unconcerned about the car safety issues that the Plaintiff communicated to him.

49. He further sidestepped having any role in Avis's botched car rental processes, procedures, or actions. He offered no help in cleaning up this matter beyond contacting Avis to notify them of the problem.

50. Several days later, Plaintiff spoke with Avis's customer service regarding the arrest. Avis confirmed that the last entry that they had in their computer systems on the rental showed that she returned a Toyota Camry on the evening of June 26, 2022. They had no

evidence in their records that the vehicle was exchanged for a Nissan Altima that same day.

51. Plaintiff later spoke with Jim Brown, head of legal department for the Avis Budget Group. He acknowledged that he had received notice of the false arrest from the AMN Defendants, but he expressed his surprise that AMN Healthcare Interim Solutions seemed less concerned about the Plaintiff's welfare after the false arrest and imprisonment than they were about the car being in the Plaintiff's possession at the time of the false arrest.

52. Plaintiff applied for and was granted a Motion of Finding of Factual Innocence ("MFFI") in February 2023. Plaintiff paid a local criminal defense firm approximately $4000 in legal fees for this service. As of June 2024, the charges had not been removed from the Plaintiff's criminal record. Even once the charges are removed from the Alameda County criminal database, the arrest will still appear in criminal background checks at the FBI level and out of state.

**STATEMENT OF CLAIMS:**

**FIRST CAUSE OF ACTION: NEGLIGENCE:**

53. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 52 of this complaint as though fully set forth herein.

54. Defendants AMN Interim Healthcare Solutions, LLC and its parent company, AMN Healthcare, Inc, (referred to herein as "AMN Defendants") secured the services of the Avis Budget Group, Inc (as ostensibly, the Avis Budget Group, Inc, and/or operating under any other alternative known or currently concealed identity, name, form or through any subcontractor or franchisee) to provide Plaintiff, Avia Turner-Gray, a rental vehicle for her use for the duration

of her interim nursing executive assignment at a local Bay Area hospital during the pandemic beginning in January 2021.

55. The AMN Defendants, both together and/or singularly, were principals, masters, joint venturers and/or coconspirators in this agency/agreement created for the benefit of the Plaintiff as a third party and with the Defendant, the Avis Budget Group, Inc (operating as itself and/or under any other identities, names, and forms) functioning as the agent, servant, subcontractor, joint venturer or co-conspirator.

56. Under agency law, AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, as principals in an agency/agreement with the Avis Budget Group, are responsible to the Plaintiff for harm done to her as a third party, by the tortious acts committed by their agent, the Avis Budget Group, Inc (as itself and in alias) and its employees, subcontractors, and franchisees even though the AMN Defendants may not have directly committed the tortious acts themselves. Therefore, the AMN Defendants are liable for the allegations, acts and omissions listed in paragraphs 57 through 65 as if they had committed the acts themselves.

57. Defendant Avis held itself out as a nationwide leader in the rental car business. Customers were attracted to and presented themselves to various Avis rental car locations for the purpose of renting cars.

58. Avis had a duty to formulate, execute, and enforce policies that advanced and supported the safe and effective rental of vehicles to its customers.

59. Avis was responsible for hiring, managing, training, and supervising its employees to correctly execute rental procedures so that customers could be assured that when

they exited Avis locations, they were indeed the legal and legitimate drivers of cars that were appropriately documented and leased in Avis's computer systems to them.

60. Avis was also responsible for providing customers with paperwork that accurately reflected both the make, model, and return dates for vehicles leased from them with accurate rental agreement numbers.

61. Avis also had a duty to inspect, maintain, service, and clean their vehicles regularly in accordance with California state law so that customers could drive safely on California roads.

62. Avis is directly negligent in that it breached all of these duties to the Plaintiff. The AMN Defendants are equally liable to the Plaintiff for said negligence in that they as principals are liable to the Plaintiff for the tortious acts committed by their agents and subagents in executing the agency agreement. It was foreseeable that the Plaintiff would be harmed by multiple failures in the management and handling of her car rental arrangements.

63. In the instant case, Avis employees failed to exchange the Plaintiff's car in accordance with Avis's own policies. They failed to accurately document and transfer the Plaintiff's driver's license, contact, credit card, and billing information in the system. Avis employees failed to issue the new car out in the system. All of these actions and omissions fall beneath the standard of care that a reasonable man would maintain in executing the duties of his job under similar circumstances.

64. As a direct and proximate cause of the Avis Budget Group Inc's and the AMN Defendants' conduct, the Plaintiff was falsely detained, arrested, incarcerated, and harmed.

65. As a direct and proximate result of the the Avis Budget Group Inc's and the AMN Defendants' conduct, the Plaintiff has suffered and will continue to suffer in the future, severe damages, including but not limited to, monetary damages, loss of dignity, loss of wages, loss of earning capacity, loss of job opportunities, physical injury, loss of freedom, mental anguish, sleeplessness, restlessness, anxiety, humiliation, shame, embarrassment, loss of reputation, depression, both physical and mental pain, distress, suffering, and a general loss of faith in mankind as a whole.

**SECOND CAUSE OF ACTION: GROSS NEGLIGENCE**

66. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 52, and in Paragraphs 54 through 55 of the complaint as though fully set forth herein.

67. Under agency law, AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, as principals in an agency/agreement with the Avis Budget Group, are responsible to the Plaintiff for harm done to her as a third party, by the tortious acts committed by their agent, the Avis Budget Group, Inc (as itself and in alias) and its employees, subcontractors, and franchisees even though the AMN Defendants may not have directly committed the tortious acts themselves. Therefore, the AMN Defendants are liable for the allegations, acts and omissions listed in paragraphs 68 through 70 as though they had committed the acts themselves.

68. Avis Budget Group Inc's and the AMN Defendants' actions moved from mere negligence to gross negligence when they gave the Plaintiff falsified car rental paperwork with false return dates and a fake rental agreement number. This failure was reckless, wanton, and

callous. Avis's gross negligence was an extreme departure from the ordinary standard of care. Their actions met the standard of almost no care or scant care.

69. The Avis Budget Group Inc's actions and omissions (with the AMN Defendants being equally liable) made it foreseeable and likely that the Plaintiff would be stopped by the police and be unable to produce proof that she had, indeed, rented the vehicle that she was driving. In fact, this is exactly what happened. The Plaintiff was falsely arrested and subsequently harmed by the arrest.

70. As a direct and proximate result of the Defendant's conduct, with the AMN Defendants being equally liable, the Plaintiff has suffered and will continue to suffer in the future, severe damages, including but not limited to, monetary damages, loss of wages, loss of earning capacity, loss of job opportunities, physical injury, loss of freedom, mental anguish, sleeplessness, restlessness, anxiety, humiliation, shame, embarrassment, loss of reputation, depression, both physical and mental pain, distress, suffering, and a general loss of faith in mankind as a whole.

**THIRD CAUSE OF ACTION: MALICIOUS PROSECUTION**

71. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 52 and paragraphs 54 through 55 of the complaint as though fully set forth herein.

72. Under agency law, AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, as principals in an agency/agreement with the Avis Budget Group, are responsible to the Plaintiff for harm done to her as a third party, by the tortious acts committed by their agent, the

Avis Budget Group, Inc (as itself and in alias) and its employees, subcontractors, and franchisees even though the AMN Defendants may not have directly committed the tortious acts themselves. Therefore, the AMN Defendants are liable for the allegations, acts and omissions listed in paragraphs 73 through 88 as though they had committed the acts themselves.

73. Defendant Avis Budget Group initiated the malicious prosecution of false criminal proceedings against the Plaintiff without cause.

74. In June of 2022, personnel for the Avis Budget Group, with management oversight and approval, botched a vehicle exchange on the Plaintiff's behalf at the San Francisco Airport.

75. Instead of issuing out the new vehicle to the Plaintiff in their computer systems, Defendant Avis Budget Group through their personnel handed the Plaintiff ghost paperwork indicating that the new vehicle was rented to her when indeed it was not.

76. Avis's exit gate personnel also failed to follow the Avis Budget Group's standard operating procedures for checking customers out at the rental exit gate. The exit gate personnel went through the act of inspecting the vehicle against the paperwork given to him by Plaintiff, but he clearly did not crosscheck the vehicle identification against the paperwork or the computer because he waived the Plaintiff through the gate.

77. It is the Avis Budget Group's fault that the car did not appear in their systems.

78. The Avis Budget Group did not record nor know the whereabouts of the car between June and October of 2022 due to its own incompetence, ineptitude, and its own failure to comply with and/or uphold its own policies, procedures, and protocols at the SFO rental

center.

79. The Avis Budget Group lied to police by falsely reporting the vehicle as stolen to authorities in June of 2022.

80. The Avis Budget Group initiated the proceedings against the Plaintiff with malice, knowing that the charges were false, but choosing to use the justice system a taxpayer funded vehicle repossession service for the purpose of locating their vehicle that they failed to appropriately document as rented.

81. Plaintiff was picked up and falsely arrested on felony charges for driving the vehicle in October of 2022.

82. Avis Budget Group representatives did not have any entries in their computer system regarding the rental exchange executed at the SFO rental center in June 2022.

83. Avis Budget Group representatives wrongfully told police officers on the scene to arrest the Plaintiff thereby initiating the false arrest, false imprisonment, and malicious prosecution of the Plaintiff on October 26, 2022.

84. Defendant Avis Budget Group knew or should have known the whereabouts of their vehicle from the time of the exchange in June of 2022.

85. Defendant Avis Budget Group had no legitimate reason to believe that the Plaintiff had committed a crime against them.

86. The District Attorney of Alameda County initiated a nolle prosequi or decline to prosecute disposition in the case on October 28, 2022. As such, the proceeding ended in the Plaintiff's favor.

87. As a direct and proximate cause of the Avis Budget Group's deceptive and unlawful conduct, including lying to police to issue a false report of car theft and its failure to accurately and completely record its own car rental, with AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc being equally liable under principles of agency law, the Plaintiff was unlawfully detained, arrested, imprisoned.

88. As a direct and proximate result of the Avis Budget Group Inc's and the AMN Defendants' conduct, the Plaintiff has suffered and will continue to suffer in the future, severe damages, including but not limited to, monetary damages, loss of wages, loss of earning capacity, loss of job opportunities, physical injury, loss of freedom, mental anguish, sleeplessness, restlessness, anxiety, humiliation, shame, embarrassment, loss of reputation, depression, both physical and mental pain, distress, suffering, and a general loss of faith in mankind as a whole.

**FOURTH CAUSE OF ACTION:**

**INTENTIONAL MISREPRESENTATION/FRAUD/DECEIT**

89. Plaintiff hereby realleges and incorporates by reference, each and every allegation contained in paragraphs 1 through 52 and paragraphs 54 through 55 of the complaint as though fully set forth herein.

90. Under agency law, AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, as principals in an agency with the Avis Budget Group, are responsible to the Plaintiff for harm done to her as a third party, by the tortious acts committed by their agent, the Avis Budget Group, Inc (as itself and in alias) and its employees, subcontractors, business partners, and

franchisees even though the AMN Defendants may not have directly committed the tortious acts themselves. Therefore, the AMN Defendants are liable for the allegations, acts and omissions listed in paragraphs 91 through 106 as though they had committed the acts themselves.

91. The Avis Budget Group, Inc, ostensibly as itself and in alias, through its employees, subcontractors, joint venturers, business partners, and agents, both in words and through deeds, while serving as an agent for the AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, intentionally deceived and defrauded the Plaintiff by executing a falsified a car rental exchange for her benefit and by issuing the Plaintiff falsified rental paperwork on June 26, 2022

92. Plaintiff presented all of the documents and credentials necessary and required to exchange her rental vehicle to Avis Budget Group personnel at the SFO rental counter and exit gates on June 26, 2022. These documents included her driver's license, credit card, her Avis Budget Group Elite membership number, and a copy of the corporate rental agreement (billing agreement). The Avis Budget Group through its employees, subcontractors, and business partners fraudulently failed to capture any of this information in the rental exchange process.

93. Avis Budget Group employees led the Plaintiff to believe that she had been given a fully documented rental vehicle when, in truth, said employees, subcontractors, and business partners, from the rental counter to the exit gate, did not execute the rental exchange at all.

94. Avis Budget Group and its employees continued to defraud the Plaintiff by waiving her through the exit gate of the rental car agency after conducting a "fake examination"

of the “phantom” rental paperwork that she had been given. The Avis exit gate employee put on an act or performance, and went through the motions of examining the paperwork, and crosschecking it with the computer and the car, when indeed he examined nothing.

95. Avis Budget Group employees, business partners, and subcontractors released the Plaintiff from the rental center at SFO on June 26, 2022, without issuing to the Plaintiff any physical or electronic documentary evidence that the Plaintiff had legitimately exchanged or rented the vehicle that she was given to drive.

96. The Avis Budget Group then falsely reported the vehicle that she was given to drive as stolen to law enforcement personnel right around the time that she was issued the vehicle.

97. Lying to law enforcement by swearing out false reports of vehicle theft is a regularized course of corporate policy and a leadership endorsed business decision by the Avis Budget Group Inc to locate, in a cost effective, taxpayer funded manner, vehicles that the company failed to notate as rented in their computer system.

98. The Avis Budget Group lied to police about the whereabouts of the vehicle in reference because they did not know where the vehicle was because no one (not even a single employee, subcontractor, or business partner) in the rental exchange process took the time to record the Plaintiff’s rental exchange in the system. This deceitful act all but assured that the Plaintiff, who (at that point) had months remaining on her interim nursing management contract, would be stopped and arrested at some point while driving the rental vehicle (unknowingly possessing no legitimate documentation to substantiate her use and possession of the vehicle).

99. As a result of the Avis Budget Group's intentional misrepresentation, fraud, and deceit, by way of their employees, subcontractors, agents, and business partners, with the AMN Defendants equally liable as principals in agency with the Avis Budget Group, the Plaintiff was indeed arrested on suspicion of felony car theft and felony joyriding on October 26, 2022.

100. Avis Budget Group employees knew or should have known that there was no reason to believe nor legitimate probable cause to arrest Plaintiff.

101. An Avis Budget Group representative wrongfully told the police to arrest the Plaintiff on the scene

102. The Avis Budget Group Inc and its employees, subcontractors, agents, and business partners, with the AMN Defendants equally liable as principals under agency law, acted with ***fraud, malice, and oppression*** in that they exhibited a conscious disregard for the rights and safety of the Plaintiff knowing that it was highly likely that she would be stopped and arrested after its employees falsely reported her legitimately rented vehicle as stolen to local police authorities.

103. In the alternative, Avis and its employees intentionally, outrageously, and/or recklessly defrauded the Plaintiff by giving her false documentation substantiating a rental that they did not execute. The Plaintiff legitimately and detrimentally relied on Avis's assertions that the vehicle was rented and was foreseeably harmed as a consequence thereof.

104. Defendant Avis Budget Group Inc, by and through their leaders, employees, agents, subcontractors, and business partners, with the AMN Defendants equally liable as principals under agency law, engaged in intentional misrepresentation leading to the Plaintiff's

wrongful arrest. Plaintiff was foreseeably harmed as a consequence thereof.

105. An officer, a director, or managing agent of Avis Budget Group Inc, AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, and each of them, authorized the employees' or agents' or business partners' wrongful conduct and/or adopted, ratified, or approved the conduct after it occurred.

106. An award of punitive damages in a sum according to proof at trial is justified, warranted, and appropriate under the facts and circumstances of this case to punish, set an example of Defendants, and deter such behavior by Defendants and others in the future.

**FIFTH CAUSE OF OF ACTION AVIS: FALSE IMPRISONMENT/FALSE ARREST**

107. Plaintiff hereby realleges and incorporates by reference, each and every allegation contained in paragraphs 1 through 52 and paragraphs 54 through 55 of the complaint as though fully set forth herein.

108. Under agency law, AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, as principals in an agency with the Avis Budget Group, are responsible to the Plaintiff for harm done to her as a third party, by the tortious acts committed by their agent, the Avis Budget Group, Inc (as itself and in alias) and its employees, subcontractors, business partners, and franchisees even though the AMN Defendants may not have directly committed the tortious acts themselves. Therefore, the AMN Defendants are liable for the allegations, acts and omissions listed in paragraphs 109 through 122 as though they had committed the acts themselves.

109. Avis Budget Group committed the crime of false imprisonment/false arrest by knowingly lying to the police causing them to initiate a false arrest against the Plaintiff.

110. In June 2022, Defendant Avis Budget Group, through its employees, knowingly and falsely reported the vehicle that it had legally rented to the Plaintiff as stolen to local authorities. It is likely that the vehicle was reported stolen on or about the same time that the Plaintiff took possession of the car.

111. Avis Budget Group and its employees in their utter combined incompetence willful neglect, gross negligence, recklessness, fraud, and lies botched the Plaintiff's rental car exchange to such an extent that Avis did not know or record the whereabouts of its own rental car.

112. Rather than own the fact that it had failed to record or track the whereabouts of its own vehicle, the Avis Budget Group through its employees willfully chose to ***LIE TO THE POLICE*** as a sanctioned, regularized course of corporate policy and action.

113. The Avis Budget Group gloved itself in state action using deceit and lies to recruit the police and use the criminal justice system as a taxpayer funded car repossession service.

114. By using the Police as a taxpayer funded collection agency, the Avis Budget Group breached the Plaintiff's constitutional right to be free of unreasonable searches and seizures. The Avis Budget Group traded the Plaintiff's freedom to line their own corporate pockets.

115. The Avis Budget Group Inc continued to use the criminal justice system to commit fraudulent acts against the Plaintiff by changing the date of loss (theft) in amended police reports to reflect a date of theft in October 2022 as opposed to June 2022 when the vehicle was first reported stolen. The company did so in order to cover their own criminal activities.

116. The Avis Budget Group's conduct was intentional, or, in the alternative, extremely reckless, executed with malice conscious disregard for the well-being and safety of the Plaintiff.

117. By lying to law enforcement to swear out a false report of a stolen vehicle, Avis's employees and contractors intentionally committed a corporate crime that all but assured that the Plaintiff would be arrested at some point while driving the vehicle.

118. At no point was the Plaintiff contacted regarding the whereabouts of the vehicle

119. Avis knew or should have known that the Plaintiff was not guilty of any crime and that there was no probable cause to believe that any crime was committed.

120. Avis Budget Group is directly liable for the breach of its own policies and procedures and is liable for the conduct (acts and omissions) of its employees, agents, and subcontracts that gave rise to the issuing of a false car theft reports and the false arrest/imprisonment of the Plaintiff at issue in this case. The AMN Defendants are equally liable principals with the Avis Budget Group as a consequence of the agency agreement existing between the two of them.

121. As a direct and proximate cause of the Avis Budget Group's collective wrongful conduct, with the AMN Defendants equally liable as principals under their agency agreement, the Plaintiff suffered an unlawful violation of her constitutional rights, including unlawful detention and incarceration in one of the most unsafe and unclean county jails in the country.

122. The Plaintiff suffers, and will continue to suffer in the future, severe damages including, but not limited to monetary damages, loss of wages, loss of earning capacity, physical

injury, mental anguish, sleeplessness, restlessness, anxiety, humiliation, hurt, shame, loss of reputation, depression, both physical and mental pain, distress, and suffering.

**SIXTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

123. Plaintiff hereby realleges and incorporates by reference, each and every allegation contained in paragraphs 1 through 52 and paragraph 54 through 55 of the complaint as though fully set forth herein.

124. Under agency law, AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, as principals in an agency/agreement with the Avis Budget Group, are responsible to the Plaintiff for harm done to her as a third party, by the tortious acts committed by their agent, the Avis Budget Group, Inc (as itself and in alias) and its employees, subcontractors, and franchisees even though the AMN Defendants may not have directly committed the tortious acts themselves. Therefore, the AMN Defendants are liable for the allegations, acts and omissions listed in paragraphs 125 through 130 as if they had committed the acts themselves.

125. Defendant Avis committed the tort of intentional infliction of emotional distress when it gave the Plaintiff false paperwork indicating that her rental vehicle was rented to her when indeed it was not. Avis and its employees deceived the Plaintiff by giving her falsified rental documents knowing that the information contained therein was untrue.

126. Avis Budget Group employees failed to exchange the Plaintiff's car in accordance with Avis's own policies. They failed to accurately document and transfer the Plaintiff's driver's license, contact information, credit card, and billing information in the

system. Avis employees failed to issue the new car out in the Plaintiff's name in the system.

127. In June 2022, Defendant Avis Budget Group, through its employees, knowingly and falsely reported the vehicle that it had legally rented to the Plaintiff as stolen to local authorities.

128. The Avis Budget Group through the acts and omissions of its employees, agents, and subcontractors, knew that that the car that it issued to the Plaintiff was unrented and undocumented in their computer systems. Avis Budget Group knew that there was a high likelihood that the Plaintiff would be arrested if stopped in their rental vehicle without appropriate documentation substantiating said rental in hand.

128. As a result of the Defendant's malfeasance, Plaintiff was wrongfully and falsely arrested, incarcerated, and imprisoned on October 26, 2022, after Avis Budget representatives told the police to arrest her.

129. The Plaintiff's unlawful detention and arrest caused her to have extreme emotional distress. This emotional distress was directly and proximately caused by the Avis Budget Group's actions. Liability for the Avis Budget Group's tortious acts are imputed to the AMN Defendants as principals due to the agency relationship between them.

130. The Plaintiff has and will continue to suffer in the future, severe damages including, but not limited to monetary damages, loss of wages, loss of earning capacity, physical injury, mental anguish, sleeplessness, restlessness, anxiety, humiliation, hurt, shame, loss of reputation, depression, both physical and mental pain, distress, and suffering.

**SEVENTH CAUSE OF ACTION:**

**NEGLIGENT HIRING, RETENTION, SUPERVISION AND TRAINING: AVIS**

131. Plaintiff hereby realleges and incorporates by reference, each and every allegation contained in paragraphs 1 through 52 and paragraphs 54 through 55 of the complaint as though fully set forth herein.

132. Under agency law, AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, as principals in an agency/agreement with the Avis Budget Group, are responsible to the Plaintiff for harm done to her as a third party, by the tortious acts committed by their agent, the Avis Budget Group, Inc (as itself and in alias) and its employees, subcontractors, and franchisees even though the AMN Defendants may not have directly committed the tortious acts themselves. Therefore, the AMN Defendants are liable for the allegations, acts and omissions listed in paragraphs 133 through 145 as if they had committed the acts themselves.

133. Defendant Avis had a duty of care in the hiring, retention, training, and supervision of their employees, managers, contractors, and agents who worked in the local and corporates rental offices such as the one located at SFO.

134. At least three of Avis's employees, agents, or contractors were unfit or incompetent to perform the work for which they were hired including the initial car rental counter agent who did not know how to properly execute a car rental contract or exchange and the exit gate agent who failed to check to make sure that the vehicle that the Plaintiff was driving actually matched the car information in Avis's car rental systems.

135. Said employees were inappropriately supervised, trained, and monitored.

136. Avis knew or should have known that these employees, contractors, or agents

were unfit and incompetent, and this unfitness or incompetence created a particular risk of harm to the Plaintiff.

137. Avis was the employer of any and all individuals at the SFO rental office who miserably failed to perform their basic duties in executing a vehicle exchange for the Plaintiff on June 26, 2022.

138. At all points, the conduct, actions, and omissions of Avis personnel, as described, were foreseeable to the Avis Budget Group and its corporate managers, directors, and regional and national leadership teams especially given the highly publicized false arrest and false imprisonment scandal that Avis's fellow car rental colleague, Hertz, was involved in at the time.

139. The Avis Budget Group at every level from national corporate leadership down to local gate agent personnel knew that there was a problem with false arrests involving car rentals in the industry beginning in 2021. It was absolutely foreseeable and indeed likely the Avis Budget Group customers might be the victims of similar acts of corporate wrongdoing potentially resulting in the false arrests of its car rental customers.

140. As a result of the Hertz false arrest scandal, the Avis Budget Group was on notice of and had a duty to address and mitigate the risk of harm from potential false arrests.

141. The Avis Budget Group had an agency agreement with AMN Healthcare Interim Solutions LLC and AMN Healthcare to rent vehicles for the benefit of the AMN Defendants' employees.

142. Said Avis Budget Group personnel, agents, contractors, and business partners took all actions forming the basis of the allegations in this Complaint within the scope of their

employment with the Avis Budget Group's consent as necessary to execute the directives of AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc under their agency agreement. As such, liability for the tortious acts of the Avis's employees and contractors is imputed not only to the Avis Budget Group, but also to the AMN Defendants.

143. Avis's personnel acted within the scope of their employment because they performed the kind of work they were hired to perform during Avis's normal hours of operation and substantially from places and locations authorized by Avis and for the purpose of serving and benefitting the Avis Budget Group, AMN Healthcare Solutions LLC, and AMN Healthcare Inc. The Avis Budget Group's personnel were not, at any time, acting for their own purposes.

144. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and will continue to suffer in the future, severe damages, including but not limited to, monetary damages, loss of wages, loss of earning capacity, loss of career opportunities, mental anguish, sleeplessness, restlessness, anxiety, humiliation, loss of reputation, depression, both physical and mental pain, distress, and suffering.

145. In failing to exercise reasonable care in the hiring, super, training, and retention of these employees, agents, or contractors, Defendant Avis Budget Group breached a duty of care owed to the Plaintiff. Liability for that failure is imputed to the AMN Defendants under agency liability principles.

## EIGHTH CAUSE OF ACTION:

## NEGLIGENT HIRING, RETENTION, TRAINING AND/OR SUPERVISION:

## AMN HEALTHCARE INTERIM SOLUTIONS LLC & AMN HEALTHCARE INC

146. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 52 and paragraphs 55 through 56 of the complaint as though fully set forth herein.

147. Defendants AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc had a duty to supervise and monitor vendors, agents, and contractors that they selected to deliver goods and services to their interim managers, contractors, and employees.

148. This responsibility extended to the selection, supervision, and monitoring of car rental agencies designated to provide vehicles to interim managers on assignment.

149. Defendant Avis Budget Group was AMN Healthcare Interim Solutions' and AMN Healthcare Inc's primary rental car vendor/agent.

150. AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc had a duty and responsibility to ensure that the vehicles rented to their employees by their prime car rental contractor/agent Avis Budget Group, were safe to drive on the roads of California and in compliance with local, state, and federal laws regarding the rental and operation of said vehicles.

151. AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc both had a responsibility to make sure their designated car rental vendors were operating in accordance with the laws of the State of California and that they were not committing crimes against their employees and contractors by negligently or carelessly executing their car rental duties.

152. Plaintiff was forced to accept rental vehicles through Avis under her employment contract. She was not allowed to select any other vendor to rent a car from.

153. As such, AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc

brought both the wrongdoer, Avis, and its wrongful acts to the Plaintiff.

154. Defendants AMN Healthcare Interim Solutions and AMN Healthcare Inc are not allowed under state law to contract out of their duty to care for the safety of its employees while driving vehicles rented for them by said Defendant. The safety of AMN Healthcare Interim Solutions LLC's/AMN Healthcare Inc's interim nursing employees is a nondelegable duty.

155. AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc is absolutely responsible for the criminal acts and wrongdoing (committed within the scope of employment or at their direction) of vendors (and their employees) that they hire under contract to provide goods and services to their employees.

156. Plaintiff notified AMN Healthcare Interim Solutions LLC on at least two occasions that the cars she received from the Avis Budget Group were being sent out with an excessive number of service and caution lights on.

157. AMN Healthcare Interim Solution's personnel, including the Vice President at that time, Ben Harber, ignored the seriousness of Plaintiff's complaints regarding the safety of the cars that she was forced to drive.

158. AMN Healthcare Interim Solution's personnel, including leadership, did nothing to investigate, ameliorate, or rectify the problem.

159. Based on Plaintiff's prior reports of being provided with unsafe rental vehicles, AMN Healthcare Interim Solutions LLC and its parent company, AMN Healthcare Inc, knew or should have known that there were unsafe and unsound rental conditions taking place at the Avis Budget Group's rental car location based out of the San Francisco Airport (SFO).

160. Defendants AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, in doing due diligence and monitoring their selected car rental vendors/agents, knew or should have known about a well-publicized, high profile class action suit filed against car rental giant Hertz in which it was alleged that Hertz, like Avis, routinely arrested customers for car thefts on cars that were legitimately rented. More than 364 innocent people were arrested by Hertz under circumstances similar to the facts alleged here by Plaintiff. (See Sam Wood, *Hertz Accused of Filing False Accusation of Theft*, The Philadelphia Inquirer, (August 3, 2020)).

161. The wrongful acts of Defendant Avis Budget Group and its employees and the consequential harm to the Plaintiff growing out of those actions were absolutely foreseeable to the Defendants AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc.

162. It was AMN Healthcare Interim Solutions LLC's and AMN Healthcare Inc's responsibility to keep up with industry developments such as the Hertz's false arrest and false imprisonment scandal; It was their responsibility to engage in enterprise level corporate risk mitigation and risk management to ensure that their nurses, many of them driving rental cars nationwide, would not fall prey to nefarious business practices at car rental agencies like Avis and Hertz

163. It was AMN Healthcare Interim Solution LLC's and AMN Healthcare Inc's responsibility to follow up with their own car rental providers and vendors to make sure that their rental operations were being conducted in a safe manner for the benefit of their employees and contractors.

164. As a direct and proximate cause of AMN Healthcare Interim Solution's and AMN

Healthcare Inc's breach of their duty to hire, retain, supervise, and monitor their car rental vendor/agent, the Avis Budget Group, the Plaintiff was harmed.

165. Plaintiff was forced to endure the violation of her constitutional rights, including the right to be free from the unreasonable searches and seizure of her person, and the right of be free from false arrest and imprisonment because AMN Healthcare Interim Services LLC and AMN Healthcare Inc's primary car rental provider in the Plaintiff's case, the Avis Budget Group, operated beneath the standard of care for a reasonable rental agency under the same or similar circumstances by failing to execute basic car rental and vehicle tracking and inventory operations with due care, attention, and diligence.

166. Because Avis's employees, agents, contractors, and business partners acted within the scope of their employment at Avis's express direction and with Avis's, AMN Healthcare Interim Solutions LLC'S and AMN Healthcare Inc's blessing, their conduct is imputed to the AMN Defendants under principles of agency and respondeat superior. The AMN Defendants are vicariously liable for the intentional and/or negligent acts and omissions of the Avis Budget Group's employees, subcontractors, and agents with respect to the torts they committed against the Plaintiff.

167. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and will continue to suffer in the future, severe damages, including but not limited to, monetary damages, loss of wages, loss of earning capacity, loss of career opportunities, mental anguish, sleeplessness, restlessness, anxiety, humiliation, loss of reputation, depression, both physical and mental pain, distress, and suffering.

**NINTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY**

**AMN HEALTHCARE INTERIM SOLUTIONS LLC & AMN HEALTHCARE INC**

168. Plaintiff hereby realleges and incorporates by reference, each and every allegation contained in paragraphs 1 through 52 and paragraph 55 through 56 of the complaint as though fully set forth herein.

169. AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc both had a fiduciary duty to act with care with respect to the car rentals that it secured for the benefit of the Plaintiff.

170. This fiduciary duty was triggered by the fact that the AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc were agents for the Plaintiff both in securing interim nursing management positions and in executing those tasks and duties necessary to ensure that the Plaintiff safely made it to and from the job assignment (workplace) daily (in a vehicle provided by them). Defendants AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc both had a duty to execute these tasks with care as a function of their fiduciary duties as agents for the Plaintiff. AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc both breached their fiduciary duties to the Plaintiff by forcing her to drive unsafe and unserviced vehicles provided by their preferred car rental vendor (The Avis Budget Group) which had a regularized and known pattern and history of having customers falsely 0arrested and imprisoned.

171. Defendants AMN Healthcare Interim Solutions, LLC and AMN Healthcare had the primary contract with Defendant Avis Budget Group to rent cars for the benefit of their nursing  management employees. AMN Healthcare Interim Solutions/AMN Healthcare Inc was

directly billed for car rental services by Avis Budget Group. Plaintiff never received a bill from the Avis Budget Group for car rental services, and therefore, would not have known if there was a problem with the billing or with the car rental itself.

172. AMN Healthcare Interim Solutions had a duty to ensure that their rental cars provided to their interim nurse managers were appropriately serviced and safe to drive on California roads and highways.

173. Nursing contractors like the Plaintiff were recruited from their homes in cities sometimes thousands of miles away to report to work at California Hospitals on short notice to help with the Covid crisis.

174. The Plaintiff did not have the power, contacts, nor resources to ensure that the car rental agencies that she was entrusted to and forced to work with by the Defendants AMN Healthcare Interim Solution/AMN Inc were operating with the four corners of the law.

175. Therefore, the Plaintiff stood completely helpless and in a position of complete trust with respect to the Defendants AMN Healthcare Interim Solutions LLC’s/AMN Healthcare Inc’s decision to place her under the care and services of their designated car rental prime vendor Avis Budget Group.

176. Plaintiff was told that if she did not take the car rental through Avis Budget Group, she would lose the free car rental benefit which was work an estimated $12000 to $14000 per year.

177. AMN Healthcare Interim Solutions LLC/AMN Healthcare, Inc refused to give the Plaintiff a car rental stipend so that she could select the car rental agency of her own choice.

178. AMN Healthcare Interim Solutions LLC/AMN Healthcare, Inc had the power, responsibility, and duty to make sure that its vendor, Avis Budget Group, operated a safe manner within the four corners of the law and only rented vehicles that were safe to drive to its nursing management employees.

179. AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc both breached this duty to the Plaintiff by failing to hold the Avis Budget Group accountable for lapses in the safety, care and maintenance of the vehicles that they rented to the Plaintiff.

180. These safety lapses were among the first warnings that the Avis Budget Group was not operating in a normal, safe, and compliant manner at SFO.

181. As a result of AMN Healthcare Interim Solutions LLC's/AMN Healthcare, Inc's breach of their fiduciary duty, the Plaintiff was harmed by the Avis Budget Groups negligence, gross negligence, recklessness, fraud, and misrepresentation, and malicious prosecution, and false arrest.

182. The Plaintiff was likewise harmed by AMN Healthcare Interim Solutions/AMN Healthcare Inc's failure of oversight, monitoring, and supervision of its designated car rental vendor Avis. The Plaintiff was harmed by AMN Healthcare Interim Solutions LLC's and AMN Healthcare Inc's failure to act on behalf of the Plaintiff to investigate and correct deficiencies in the Avis Budget Group's execution and performance of its car rental performance duties.

**DAMAGES**

183. As a direct and proximate result of the Defendants' conduct, the Plaintiff has suffered and will continue to suffer in the future, severe damages, including but not limited to,

monetary damages, loss of wages, loss of earning capacity, loss of career opportunities, mental anguish, sleeplessness, restlessness, anxiety, humiliation, loss of reputation, loss of dignity, depression, both physical and mental pain, distress, and suffering.

184. As a direct and proximate cause of the Defendants' collective malfeasance, the Plaintiff has suffered and will continue to suffer continuing damages psychological trauma including severe depression and post-traumatic stress disorder. Plaintiff developed obsessive compulsive behaviors. She constantly and excessively scrubs and cleans herself as she relives the experience of being locked in a feces covered cell. She has been robbed of her faith in humanity and belief in the general goodness of mankind. She lives in fear of the police. She lives in fear of being betrayed by those who are duty bound to protect her.

185. The false arrest and false imprisonment also have had and will continue to have devastating long-term impacts on the Plaintiff's career. Over the last 30 years, Plaintiff has functioned primarily as a travel nurse or as an interim manager. These positions are typically contract-based, higher paying, high profile positions that are acquired through the use of the intermediary staffing agencies such as AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc. In order for a nurse to be successful in obtaining these coveted travel positions, he or she must have both the requisite nursing experience and a clean background. In order for a nurse to finalize a travel or interim contract, she must, without exception, pass a criminal background check. Hospitals and healthcare organizations pay staffing agencies large sums of money to produce qualified candidates with clean backgrounds on short notice. Agencies are not interested in submitting candidates for these interim positions who have criminal hits on their

background check.

186. Since the Plaintiff now has a felony arrest record, she is no longer eligible to receive those high-paying, high-profile jobs. When she is offered said positions, she is unable to pass the background check. This is a problem that cannot be alleviated by a California-based expungement. The arrest still appears on FBI background checks and on criminal background checks executed out of state. The mere appearance of the arrest on her criminal record de facto or de jure precludes her from being considered for these jobs. Whereas before the arrest, Plaintiff had her choice of prime assignments in any area of the country that she desired to go, Plaintiff is now no longer qualified nor able to acquire the high dollar jobs. The arrest has altered the course and trajectory of her career. Plaintiff is now forced to work in lower level, less prestigious, non-contract based, permanent positions in less desirable areas. This affects the quality of her life going into her retirement years.

187. Furthermore, Plaintiff lives in fear of being de facto or de jure blacklisted by employment agencies such as AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc for filing this suit and for expressing her concern regard the safety of rental cars issued to the Plaintiff against public policy. AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc are industry leaders in the temporary nurse staffing and interim healthcare management fields. They hold enormous power over travel nurse's or manager's career. These companies are major players in the vendor management industry. AMN Healthcare Inc, in particular, is the exclusive and/or prime vendor for many hospital systems around the country including Kaiser Permanente Health Systems. Being blacklisted by either company essentially bans a travel nurse

from obtaining contract employment at thousands of hospitals across the country.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff generally prays for judgment equity against Defendants:

1. For compensatory and general damages;
2. For special damages in an amount according to proof;
3. For punitive damages to the extent allowed by law;
4. For pre and post-judgment interest on all damages as allowed by the law;
5. For costs of the suit incurred herein; and
6. To enjoin the Defendants from engaging in retaliatory actions against the Plaintiff for filing this suit herein;
7. For such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the within and foregoing document upon all parties electronically and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage there on to ensure delivery to opposing counsel:

Christopher Lee, Esquire
Seymour Everett, Esquire
Samantha Dorey, Esquire
Vanessa Vinje, Esquire
Christopher Lee, Esquire
Everertt Dorey, LLP
18300 Von Karmen Avenue
Suite 900
Irvine, CA 92612
Attorneys for the Defendant:
THE AVIS BUDGET GROUP

Mary Snyder
Ana Hartman
Meghan Crumm
WILSON TURNER KOSMO LLP
402 West Broadway
Suite 1600
San Diego, CA 92101
Attorneys for the Defendants:
AMN HEALTHCARE INTERIM SOLUTIONS LLC
AMN HEALTHCARE INC

This 24th day of July 2024

Respectfully submitted,

/s/Avia Turner-Gray___________
Avia Turner-Gray
Plaintiff Pro Per

3538 Cumberland Road
East Point, GA 30344
(404)444-6561

aviaturnergrayattyatlaw@gmail.com