UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIA TURNER-GRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>AVIS BUDGET GROUP INC., *et al.*,<br><br>    Defendants. | Case No.  23-cv-05507-SI<br><br>**ORDER GRANTING THE AMN DEFENDANTS' MOTION TO DISMISS AND GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. No. 38 |

Now before the Court is the AMN defendants' motion to dismiss plaintiff's first amended complaint. Pursuant to Civil Local Rule 7-11(b), the Court found this mater appropriate for resolution without oral argument and vacated the hearing set for September 13, 2024. For the reasons set forth below, the Court GRANTS the motion to dismiss the complaint WITH LEAVE TO AMEND. If plaintiff wishes to amend the complaint, she must do so by **November 1, 2024**.

**BACKGROUND**

Plaintiff Avia Turner-Gray is a registered nurse "who was hired by the Defendant AMN Healthcare Interim Services to work as an interim manager in a local Bay Area hospital during the Covid crisis beginning in early 2021." First Amended Complaint ("FAC"), ¶ 1. Defendant AMN Healthcare, Inc. is a "healthcare staffing firm," and AMN Healthcare Interim Solutions, LLC "is a wholly owned subsidiary of AMN Healthcare, Inc." *Id.* ¶¶ 2, 11. Turner-Gray was provided with a rental car as part of her compensation package "that was fully paid for by AMN Healthcare Services and or its parent company, AMN Healthcare, Inc." *Id.* ¶ 1.

Turner-Gray alleges that defendant Avis Budget Group, Inc. ("Avis") had an "agency agreement" with the AMN defendants to rent vehicles to the AMN defendants' employees. *Id.*

¶ 141. Turner-Gray was told that if she did not accept a rental car through Avis she would "lose the rental car benefit" and she could not select another rental car vendor of her choosing. *Id.* ¶¶ 23, 152. Turner-Gray began renting a car through Avis in January of 2021. *Id.* ¶ 2. On at least two occasions, Turner-Gray notified the AMN defendants "that a number of the Avis vehicles given to her had safety issues" including "service and caution lights on." *Id.* ¶¶ 27, 156. Turner-Gray received no response from the B.E. Smith travel department (now known as AMN Healthcare Interim Solutions, LLC) regarding her rental car concerns. *Id.* ¶ 27.

In June of 2022, Turner-Gray exchanged her rental car for a different rental car at the San Francisco International Airport Avis location. *Id.* ¶ 2. Although a manager directed Turner-Gray to a vehicle and a guard inspected her paperwork before she left the lot, Avis "negligently failed to capture any information regarding the rental in their system," and reported the vehicle as stolen. *Id.* ¶ 33. In October of 2022, Turner-Gray was arrested under suspicion of felony car theft and joyriding. *Id.* ¶ 3. After she was released from jail, she called AMN Healthcare Interim Solutions, LLC and notified the "travel department that she had been arrested for driving the rental car that the company provided." *Id.* ¶ 44. Turner-Gray eventually spoke with Ben Harber, the Vice President of AMN Healthcare Interim Solutions. *Id.* ¶ 46. "After the plaintiff explained the events leading up to the arrest, Mr. Harber intimated that it was the plaintiff's responsibility to make sure that defendant Avis Rental Car correctly executed their own car rental procedures." *Id.* ¶ 47.

On July 24, 2024, Turner-Gray filed the FAC against Avis and the AMN defendants.[1] The AMN defendants have moved to dismiss the FAC on numerous grounds.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires

---

[1] Avis has filed an answer to the FAC. Dkt. No. 39.

the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. While a court deciding a motion to dismiss must take a complaint's well-pleaded factual allegations as true, it also must determine, relying on its "judicial experience and common sense," whether those allegations amount to a "plausible" claim. *Iqbal*, 556 U.S. at 664.

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    First through Seventh Causes of Action**

The first seven causes of action are: Negligence, Gross Negligence, Malicious Prosecution, Intentional Infliction of Emotional Distress, False Arrest and Imprisonment, and Negligent Hiring, Retention, Supervision, and Training.[2] Turner-Gray brings these claims against the AMN defendants on the theory that they are liable for the actions of Avis based on agency or some other theory indirect liability. The FAC alleges,

> Under agency law, AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc, as principals in an agency/agreement with the Avis Budget Group, are responsible to the Plaintiff for harm done to her as a third party, by the tortious acts committed by their agent, the Avis Budget Group, Inc (as itself and in alias) and its employees, subcontractors, and franchisees even though the AMN Defendants may not have directly committed the tortious acts themselves.

---

[2] The FAC's caption lists a total of eight causes action. However, the table of contents divides the seventh cause of action for negligent hiring, retention, supervision, and training into claims brought against all defendants based on Avis' negligence in hiring its own employees, and claims against the AMN defendants for contracting with Avis, and the body of the FAC refers to that latter negligent hiring cause of action as the eighth cause of action. The Court's order accordingly refers to that latter negligent hiring claim as the eighth cause of action, and the breach of fiduciary duty claim as the ninth cause of action.

1  FAC ¶¶ 56, 67, 72, 90, 108, 124, 132.  The FAC also includes a section heading titled "AGENCY

2  AND CONCERT OF ACTION" in which plaintiff alleges that Avis:

> was the agent, servant, employee, partner, aider, abettor, contractor, subcontractor, co-conspirator and/or joint venturer of the remaining Defendants, AMN Healthcare Interim Solutions, LLC and AMN Healthcare, Inc named herein, and it was at all times operating and acting within the purpose, scope, alter ego and/or joint venture, and with the permission and consent of the co-Defendants, knowing that their conduct was wrongful and/or unlawful, and each Defendant ratified and approved the acts of each of the remaining co-Defendants such that liability for the actions of one Defendant should be imputed to the others as it they had committed tortious acts complained of herein directly themselves.

*Id.* ¶ 13.

The AMN defendants contend that the FAC does not adequately allege facts in support of an agency relationship between Avis Budget Group, Inc. and the AMN defendants, or any other basis for holding the AMN defendants liable for the actions of the Avis employees.  They argue that the FAC simply alleges the legal conclusion that an agency relationship existed between the AMN defendants and Avis, and that the FAC does not contain any facts showing that Avis was an agent of the AMN defendants.  Plaintiff's opposition contends that she has adequately alleged an agency relationship, and thus the Court's order focuses on agency and does not address other forms of liability such as alter ego or joint partnership.

Under California law, an agency relationship can provide a basis for holding one party liable for the acts of another.  California law defines an agent as "one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295.  The elements of an agency relationship are "(1) An agent or apparent agent holds a power to alter the legal relations between the principal and third persons and between the principal and himself; (2) an agent is a fiduciary with respect to matters within the scope of the agency; and (3) a principal has the right to control the conduct of the agent with respect to matters entrusted to him." *Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*, 148 Cal. App. 4th 937, 964 (2007) (internal quotation omitted).  A principal's ability to control the actions of the agent is an "essential element which must be factually present in order to establish the existence of agency." *Desuza v. Andersack*, 63 Cal. App. 3d 694, 699 (1976).

Here, the FAC does not contain any factual allegations in support of the elements of an

1  agency relationship.  The FAC does not allege any facts showing that that Avis had the power to
2  alter legal relations between the AMN defendants and third parties, that Avis was a fiduciary of the
3  AMN defendants, or that the AMN defendants had the ability to control the actions of Avis.  Instead,
4  the facts alleged in the FAC show that the AMN defendants provide a rental car benefit for their
5  nurses and that nurses are required to use Avis to access that benefit.  Those facts, without more, do
6  not create an agency relationship.  Plaintiff's opposition argues that the AMN defendants are
7  "healthcare management and nursing staffing agencies" who "act as agents for both nurses and other
8  healthcare personnel in securing short and long-term employment in the nursing or healthcare
9  management fields."  Pl's Opp'n at 8.  However, whether the AMN defendants have an agency
10 relationship with the nurses with whom they work (an issue discussed in connection with the ninth
11 cause of action) is irrelevant to whether the AMN defendants have an agency relationship with Avis.

12 Turner-Gray also argues that "[t]he AMN defendants absolutely had a right, and perhaps
13 even a duty, to oversee and supervise the Avis Budget Group in their execution of the agreement
14 that they secured with them to provide safe vehicles to the nurses that they referred to them." *Id*. at
15 9. Turner-Gray relies on *Woolley v. Embassy Suites, Inc.*, 227 Cal. App. 3d 1520, 1531 (1991), but
16 that case is distinguishable.  In *Woolley*, partnerships owned a number of hotels that were managed
17 by Embassy Suites pursuant to management agreements; those agreements stated that the
18 partnerships were the "principal" and that Embassy Suites was the "agent," and the court held that
19 the relationship was in fact a principal-agent relationship because, among other things, "the very
20 nature of a managerial relation is to delegate authority from principal to agent."  *Id*.  In contrast,
21 there are no facts alleged that suggest that the AMN defendants and Avis have a managerial
22 relationship or that the AMN defendants have the right to control Avis's activities.

23 The Court will grant Turner-Gray leave to amend the complaint to allow plaintiff the
24 opportunity to allege some factual basis for holding the AMN defendants liable for the actions of
25 Avis.[3]  The Court advises plaintiff that if she chooses to amend the complaint, she must allege facts

---

[3] If plaintiff is not able to allege facts in support of an agency relationship, or some other basis of indirect liability, plaintiff may conduct discovery on the relationship between the AMN defendants and Avis as she pursues her claims against Avis.

5

1  that support a plausible claim of an agency relationship between the AMN defendants and Avis,
2  such as facts showing that the AMN defendants had the right to control Avis' rental car procedures.
3  However, simply alleging that an agency relationship existed between the defendants is insufficient.

### II. Eighth Cause of Action: Negligent Hiring, Retention, Supervision, and Training

The AMN defendants moved to dismiss the eighth cause of action alleging that the AMN defendants are liable for their negligent hiring, retention, supervision, and training of Avis. Turner-Gray alleges that "AMN Healthcare Interim Solutions LLC and AMN Healthcare Inc. had a duty to supervise and monitor vendors, agents, and contractors that they selected to deliver goods and services to their interim managers, contractors, and employees." FAC ¶ 147. In addition, plaintiff alleges that because the AMN defendants selected Avis as its rental car provider, "it was AMN Healthcare Interim Solution LLC's and AMN Healthcare Inc.'s responsibility to follow up with their own car rental providers and vendors to make sure that their rental operations were being conducted in a safe manner for the benefit of their employees and contractors." *Id.* ¶ 163. Finally, plaintiff also alleges that she notified AMN defendants on "at least two occasions" that she was experiencing technical issues with the cars she received from Avis Budget Group, Inc. *Id.* ¶ 156.

Under California law, an employer may be held directly liable for the behavior of an unfit employee where the employer was negligent in the hiring, training, supervising, or retaining of that employee. *Delfino v. Agilent Techs., Inc*., 145 Cal. App. 4th 790, 815 (2006). Negligence liability will be imposed upon the employer if it knew or should have known that hiring the employee created a particular risk or hazard and that particular harm then materializes. "As such, California follows the rule set forth in the Restatement (Second) of Agency Section 213, which provides in pertinent part: 'A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless . . . in the employment of improper persons or instrumentalities in work involving risk of harm to others.'" *Id*. Liability may be imposed "either on the basis of . . . action—for example, the negligent hiring of an agent—or . . . inaction—for example, the failure to provide adequate supervision of the agent's work." *Far West Financial Corp. v. D & S Co*., 46 Cal. 3d 796, 812 (1988).

6

Thus, in order to allege a claim for negligent hiring or negligent supervision, plaintiff must allege either an employer/employee relationship or an agency relationship. For the reasons discussed above, plaintiff has not alleged facts to plausibly claim an agency relationship between the AMN defendants and Avis.

### III.     Ninth Cause of Action: Breach of Fiduciary Duty

The FAC alleges that the AMN defendants "had a fiduciary duty to act with care with respect to the car rentals that it secured for the benefit of the plaintiff," and that they breached this duty by "by failing to hold the Avis Budget Group accountable for lapses in the safety, care and maintenance of the vehicles that they rented to the Plaintiff." FAC ¶¶ 169, 179. Plaintiff alleges that "this fiduciary duty was triggered by the fact that the AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc were agents for the Plaintiff both in securing interim nursing management positions and in executing those tasks and duties necessary to ensure that the plaintiff safely made it to and from the job assignment (workplace) daily (in a vehicle provided by them)." *Id.* ¶ 170.

The AMN defendants move to dismiss this claim on several grounds, including that the AMN defendants did not owe Turner-Gray a fiduciary duty as a matter of law. "The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Mosier v. S. California Physicians Ins. Exch.*, 63 Cal. App. 4th 1022, 1044 (1998). Agency is defined as a "fiduciary relationship." Restatement (Third) of Agency § 1.01 (2006). In addition, "an agent has a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship." *Id.* at § 8.01. "Traditional examples of fiduciary relationships in the commercial context include trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint adventurers, and agent/principal." *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 30 (2003).

Although plaintiff alleges that the AMN defendants were her "agents," she also alleges that the AMN defendants decided to use Avis as the sole rental car vendor for the nurses, that she "was told that if she did not take the car rental through Avis Budget Group, she would lose the free rental car benefit," and that the AMN defendants "refused to give Plaintiff a car rental stipend so she could

7

1   select the car rental agency of her own choice." FAC ¶¶ 176-77. These allegations are directly
2   contrary to the existence of agency relationship because in order for the AMN defendants to be
3   plaintiff's agent, plaintiff would need to show that the AMN defendants acted subject to *her* control.
4   *See* Restatement (Third) Of Agency § 8.01 cmt. b (2006).

5   In addition, "as a general matter, the fact of an employer-employee relationship alone is
6   insufficient to create a fiduciary relationship." *Ryan v. Microsoft Corp.*, Case No. 14–CV–04634–
7   LHK, 2015 WL 1738352, *14 (N.D. Cal. Apr. 10, 2015) (discussing California law and citing
8   *Salsgiver v. Am. Online, Inc.*, 32 Fed. Appx. 894 (9th Cir. 2002)); *see also Sci. of Skincare, LLC v.
9   Phytoceuticals, Inc.*, No. CV 08-4470 ODW (SSx), 2009 WL 2050042, *3 (C.D. Cal. July 7, 2009)
10  ("An employer-employee relationship, without more, is not a fiduciary relationship."); *Amid v.
11  Hawthorne Cmty. Med. Grp., Inc.*, 212 Cal. App. 3d 1383, 1391 (1989) ("A bare employee-
12  employer relationship does not create a confidential relationship."). The FAC alleges that the AMN
13  defendants "hired" Turner-Gray, FAC ¶ 15, and provided a rental car benefit as part of her
14  compensation. Plaintiff does not allege any facts showing that her relationship with the AMN
15  defendants differed from an ordinary employer-employee relationship such that a fiduciary duty
16  would attach. *See Evenfe v. Esalen Inst.*, Case No. 15-CV-05457-LHK, 2016 WL 3965167, at *7
17  (N.D. Cal. July 24, 2016) (dismissing employee's claim for breach of fiduciary duty against her
18  employer where "Plaintiff alleges no facts and cites no legal authority to show that Plaintiff's
19  relationship with Defendants was in any way different from an ordinary employer-employee
20  relationship, or that either Plaintiff or Defendants reposed, accepted, or assumed confidence in the
21  other party").

22  Plaintiff's opposition did not specifically address defendants' arguments regarding the ninth
23  cause of action, and thus it is unclear whether Turner-Gray wishes to proceed with this claim. The
24  Court DISMISSES this cause of action with leave to amend if plaintiff can allege facts showing that
25  the AMN defendants assumed a fiduciary duty to her.

27  ///
28  ///

# CONCLUSION

The Court DISMISSES plaintiff's claims against the AMN defendants with leave to amend. If Turner-Gray wishes to amend her claims against these defendants, she must do so by **November 1, 2024.**

**IT IS SO ORDERED**.

Dated: October 22, 2024

SUSAN ILLSTON
United States District Judge