WILSON TURNER KOSMO LLP
MARY P. SNYDER (211228)
ANA R. HARTMAN (259399)
MEGHAN A. CRUMM (342007)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: msnyder@wilsonturnerkosmo.com
E-mail: ahartman@wilsonturnerkosmo.com
E-mail: mcrumm@wilsonturnerkosmo.com

Attorneys for Defendants
AMN HEALTHCARE, INC. and
AMN HEALTHCARE INTERIM SOLUTIONS, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

AVIA TURNER-GRAY,

Plaintiff,

v.

AMN HEALTHCARE INTERIM SOLUTIONS, LLC; AMN HEALTHCARE, INC.; AVIS BUDGET GROUP; DOES 1-50,

Defendants.

Case No. 3:23-cv-05507-SI

**AMN DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

| | |
|---|---|
| Date: | January 10, 2025 |
| Time: | 10:00 a.m. |
| Judge: | Hon. Susan Illston |
| Courtroom: | 1 |
| Trial Date: | Not Set |
| Complaint Filed: | October 25, 2023 |

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ..... 1

II. LEGAL ARGUMENT ..... 1

A. Plaintiff's Claims 2-8 Should Be Dismissed Because She Fails to Plausibly Plead Ostensible Agency or Any Other Theories of Joint Liability That Would Support Any of Her Claims ..... 1

B. Plaintiff's Claim 1 for Violation of California Labor Code section 6400, *et seq.* and the California Code of Regulations Is Not Cognizable ..... 2

C. Plaintiff Fails to Plead Claim 5 for Intentional Misrepresentation/Fraud/Deceit With the Particularity Required by Rule 9(b) ..... 6

D. Claim 3 for Gross Negligence and Claim 8 for Negligent Hiring, Retention, and Training Suffer Additional Pleading Deficiencies Plaintiff Has Failed to Address in Her Opposition ..... 6

E. Plaintiff's Career Cannot Be "Decimated" by the Alleged Arrest Records ..... 7

F. Plaintiff's First, Second, Third, Fifth, Eighth, and Ninth Claims Are Preempted by Workers' Compensation Preemption ..... 7

III. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**


*Grant v. Corin Grp. PLC*,
No. 3:15-CV-169-CAB-BLM, 2016 WL 4447523 (S.D. Cal. Jan. 15, 2016) .......... 5

*Leap Imports LLC v. Anker Innovations Limited*,
No. 2:20-CV-03598-SVW-AS, 2020 WL 13281783 (C.D. Cal., Aug. 14, 2020) .......... 2

*Stiefel v. Bechtel Corp.*,
497 F. Supp. 2d 1138 (S.D. Cal 2007) .......... 3, 4

*Thomas v. Home Depot USA Inc.*,
527 F. Supp. 2d 1003 (N.D. Cal. 2007) .......... 3

*Tovar v. City of San Jose*,
No. 5:21-CV-02497-EJD, 2021 WL 6126931 (N.D. Cal. Dec. 28, 2021) .......... 2, 6

*Wicker v. Walmart, Inc.*,
533 F. Supp. 3d 944 (C.D. Cal. 2021) .......... 3


**State Cases**


*Associated Creditors' Agency v. Davis*,
13 Cal.App.3d 374 (1975) .......... 1, 2

*Brown v. Ralphs Grocery Co.*,
28 Cal.App.5th 824 (2018) .......... 3

*Caliber Bodyworks, Inc. v. Superior Court*,
134 Cal.App.4th 365 (2005) .......... 3

*Cole v. State*,
11 Cal.App.3d 671 (1970) .......... 4

*Elsner v. Uveges*,
34 Cal.App.4th 915 (2004) .......... 5

*Fermino v. Fedco, Inc.*,
7 Cal.App.4th 701 (1994) .......... 8

*Garlock Sealing Techs., LLC v. NAK Sealing Techs Corp.*,
148 Cal.App.4th 964 (2007) .......... 2

*Gunnell v. Metrocolor Labs, Inc.*,
92 Cal.App.4th 710 (2001) .......... 8, 9

*Jimenez v. Mrs. Gooch's Nat. Food Markets, Inc.*,
95 Cal.App.5th 645 (2023) ....................................................................................5

*Johns-Manville Products Corp. v. Superior Court*,
27 Cal.App.3d 465 (1980) ....................................................................................9

*LaTourette v. Workers' Comp. Appeals Bd.*,
17 Cal.App.4th 644 (1998) ....................................................................................10

*Lu v. Hawaiian Gardens Casino, Inc.*,
50 Cal.App.4th 592 (2010) ....................................................................................3

*Quiroz v. Seventh Ave. Center*,
140 Cal.App.4th 1256 (Cal. Ct. App. 2006) ....................................................................................5

*Spratley v. Winchell Donut House, Inc.*,
188 Cal.App.3d 1408 (1987) ....................................................................................4, 8

*Estate of Stephens*,
28 Cal.App.4th 665 (2002) ....................................................................................10

*Wickham v. North American Rockwell Corp.*,
8 Cal.App.3d 467 (1970) ....................................................................................10

*Wiseman v. Indus. Acc. Comm'n of Cal.*,
46 Cal.App.2d 570 (1956) ....................................................................................9, 10

**State Statutes**

CA Evidence Code § 669....................................................................................5

CA Health & Safety Code § 11590....................................................................................7

CA Penal Code § 290....................................................................................7

Cal. Lab. Code § 432.7(f) ....................................................................................7

Cal. Lab. Code § 2699.3(b)....................................................................................3

Cal. Lab. Code § 3602 ....................................................................................8

Cal. Lab. Code § 4553 ....................................................................................8

Cal. Lab. Code § 6304.5 ....................................................................................5

Cal. Lab. Code § 6400 ....................................................................................3, 6, 8

Cal. Lab. Code §§ 6400 and 4553....................................................................................8

Cal. Lab. Code §§ 6400, 6401, 6401.7, 6402, 6403, 6404, and 6407.18....................................3, 4

Cal. Lab. Code § 6400, *et seq.* ........................................................................2, 3, 4, 5

California Civil Code § 1710 ........................................................................6

California Fair Employment and Housing Act, Government Code § 12952 ..................................7

Cal. Code Civ. Proc. §340(a) ........................................................................3

Private Attorney General Act ........................................................................3

Workmen's Compensation Act ........................................................................9

**Rules**

Federal Rule of Civil Procedure 9(b) ........................................................................6

Federal Rule of Civil Procedure 12(b)(6) ........................................................................2

**Regulations**

California Code of Regulations, Title 8 ........................................................................2

California Code of Regulations, Title 8, §§ 3203, 3366, 3380, 5141, and 8414.19 ........................3

California Code of Regulations, Title 8, § 3328 ........................................................2, 3, 5

California Code of Regulations, Title 8, § 3362 ........................................................................3

California Code of Regulations, Title 8, § 3704 ........................................................................3

# I. INTRODUCTION

Despite multiple opportunities to do so, Plaintiff Avia Turner-Gray ("Plaintiff") has not plausibly pleaded any of her claims against AMN Healthcare, Inc. and AMN Healthcare Interim Solutions, LLC ("AMN Defendants"). Plaintiff's Opposition to AMN Defendants' Motion to Dismiss the Corrected Second Amended Complaint ("Motion to Dismiss") demonstrates that further leave to amend her complaint would be futile.

In addition, Plaintiff's refusal to comport with the rules of Civil Procedure and the Orders of this Court should not be countenanced. As discussed in the moving papers, Plaintiff, who is an attorney, has continually taken liberties with the Court's leniency on her as a *pro se* Plaintiff by amending her complaint beyond the leave that was granted by this Court to do so. She did this when she filed the original SAC, and again when she filed the C-SAC. In her Opposition, she continues this trend by filing an Opposition brief that is 32 pages (after excluding the caption page, tables, signature page, and service page). Plaintiff did not seek agreement of opposing counsel or ask leave of this Court to go beyond her 25-page limit applicable to reply briefs. CivLR 7.4(b). Further, as in her Opposition to the Motion to Dismiss the First Amended Complaint (*see* Doc. No. 45 at 11), Plaintiff again resorts to ad hominem attacks. (Doc. No. 64 at 23:18-20, 26:24-25.)

AMN Defendants respectfully request that the Court dismiss the entire C-SAC against them.

# II. LEGAL ARGUMENT

## A. Plaintiff's Claims 2-8 Should Be Dismissed Because She Fails to Plausibly Plead Ostensible Agency or Any Other Theories of Joint Liability That Would Support Any of Her Claims

As discussed at length in AMN Defendants' opening brief, Plaintiff still has not plausibly pleaded an ostensible agency relationship between AMN Defendants and Avis. The AMN Defendants may only be held liable as a principal for the acts of Avis as their ostensible agent if (1) Plaintiff dealt with Avis with the reasonable belief that Avis was acting with the AMN Defendant's authority; (2) this belief was generated by some act or neglect by the AMN Defendants; and (3) Plaintiff was not guilty of negligence in relying on Avis's apparent authority. *Associated Creditors' Agency v. Davis*, 13 Cal.App.3d 374, 399 (1975).

Tellingly, Plaintiff has not responded to AMN Defendants' argument that (1) *by her own allegations*, Plaintiff understood and dealt with Avis as a separate company from the time she picked up her first rental car from them in January 2021, and that (2) even assuming *arguendo* that her allegation that AMN Defendants arranged Plaintiff's rental car through Avis was sufficient to create some form of ostensible agency, by the time Plaintiff exchanged her vehicle at the San Francisco Airport Avis location in June 2022, it was not reasonable to believe that AMN had any control over Avis. (*See* Doc. No. 60 at 14-15.) Plaintiff points to no facts sufficient to "demonstrat[e] how [an agency] . . . relationship could have reasonably appeared to [the plaintiff] . . . to reflect the characteristics of an agency relationship," such as the "power to alter legal relationships between principal and third persons, fiduciary relationship, and principal's right of control." *Leap Imports LLC v. Anker Innovations Limited*, No. 2:20-CV-03598-SVW-AS, 2020 WL 13281783, at *3 (C.D. Cal., Aug. 14, 2020) (citing *Garlock Sealing Techs., LLC v. NAK Sealing Techs Corp.*, 148 Cal.App.4th 964, 964 (2007)). Plaintiff also does not address the third element requiring that Plaintiff was not guilty of negligence in relying on Avis's apparent authority. *See Associated Creditors' Agency*, 13 Cal.App.3d at 399. Failure to address an argument in opposition to a motion to dismiss concedes the argument. *Tovar v. City of San Jose*, No. 5:21-CV-02497-EJD, 2021 WL 6126931, at *2 (N.D. Cal. Dec. 28, 2021) (collecting cases). Moreover, Plaintiff proffers no case law whatsoever in support of her arguments that AMN's conduct somehow created an appearance of ostensible agency that she reasonably relied upon. (Doc. No. 64 at 18- 21.) Accordingly, Claims 2-8 should be dismissed.

Additionally, to the extent Plaintiff is attempting to plead any other theory of joint liability, she has not sufficiently pleaded those allegations under Rule 12(b)(6); Plaintiff does not argue otherwise in her Opposition.

**B. Plaintiff's Claim 1 for Violation of California Labor Code section 6400, *et seq.* and the California Code of Regulations Is Not Cognizable**

Plaintiff's scattershot arguments regarding Claim 1 for violations of California Labor Code section 6400, *et seq.* and violations of the California Code of Regulations, Title 8, including section 3328(a) lack merit.

As an initial matter, Plaintiff appears to concede that California Code of Regulations, Title 8, § 3704, relating to vehicles such as buses and farm vehicles, has no bearing on the instant case as she does not address that regulation in her Opposition. (*See* Doc. No. 60 at 25). She also concedes that her reference to California Code of Regulations, Title 8, § 3362 was erroneous. (*See id.*) Plaintiff's assertion that she meant to refer to section 3328 in the C-SAC rather than section 3362 does not salvage her claim.

As discussed in AMN Defendants' moving papers, the statute addressing workplace safety at Labor Code § 6400 *et seq.*, does not provide a private right of action. *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1152 (S.D. Cal 2007) (no private right of action for workplace safety claims under Labor Code § 6400 *et seq.*); *see also Wicker v. Walmart, Inc.*, 533 F. Supp. 3d 944, 950 (C.D. Cal. 2021) ("[The plaintiff] alleges violations of the California's Labor Code §§ 6400, 6401, 6401.7, 6402, 6403, 6404, and 6407.18 and violations of Cal/OSHA standards set forth in California Code of Regulations, Title 8, §§ 3203, 3366, 3380, 5141, and 8414.19. These statutes, however, do not provide for any private right of action.")[1] A violation of a statute alone does not permit a cause of action and instead, a private right of action must be provided in clear, unmistakable terms. *See Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal.App.4th 592, 597 (2010) ("[a] violation of a state statute does not necessarily give rise to a private cause of action."). Labor Code § 6400 and its related regulations have no express term creating such an action. *Stiefel*, 497 F. Supp. 2d at 1152. The

---

[1] While *Wicker* references a potential Private Attorney General Act (PAGA) claim, here Plaintiff has not brought any claims pursuant to PAGA and any attempt to bring such claims would be futile. Before filing a civil action alleging PAGA violations of Labor Code § 6400, *et seq.*, an aggrieved employee must provide notice of the alleged violation(s) to the employer and Cal/OSHA, with a copy to the Labor and Workforce Development Agency ("LWDA"). Cal. Lab. Code § 2699.3(b). That notice triggers an administrative process that must be exhausted before the aggrieved employee has standing to pursue a civil claim. *Id.*; *see also Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007); *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 376 (2005)). Plaintiff did not provide the requisite notice to AMN, Cal/OSHA and/or the LWDA. Further, Plaintiff cannot now provide notice as the statute of limitations for filing notice of alleged PAGA violations is one year. CCP §340(a); *Brown v. Ralphs Grocery Co.*, 28 Cal.App.5th 824, 839 (2018). It is now over two years since Plaintiff's arrest, well beyond the one-year statutory limitation to provide notice. As such, Plaintiff is foreclosed from making a PAGA claim for the alleged violations in the C-SAC.

reasoning for this is well settled: "[t]he general rule is that actions by an employee against an employer for workplace injuries are subject to workers' compensation exclusivity." *Stiefel* at 1152; *Spratley v. Winchell Donut House, Inc*., 188 Cal.App.3d 1408, 1411-16 (1987). Plaintiff's opposition nowhere addresses or disputes this clear rule of law.

Additionally, Plaintiff's Claim 1 for Labor Code and California Code of Regulations violations, which seeks recovery based on a duty to provide a safe workplace and employment, conflicts with the assertion in her Opposition that "(1) her injuries did not arise out of and in the course of her employment with the AMN Defendants [and] (2) her injuries . . . were not the type of injuries typically classified as arising out of and in the normal course of employment. . ." (*See* Doc. No. 64 at 17-18.) Plaintiff alleges that:

> Plaintiff's assignment ended on October 8, 2022. That was the last day of the Plaintiff's engagement with Kaiser Permanente. Her interim engagement with the AMN Defendants, likewise, ended that day. By that point, the Plaintiff was neither traveling to nor from work in relation to her assignment. She had no further business in relation to her work assignment with the AMN Defendants on the day of the arrest. The assignment was over.

(Doc. No. 64 at 25:15-23.) While, as discussed below, these factual assertions are not sufficient to bring her outside the realm of workers' compensation, they do make clear that the injury did not occur within an area which AMN Defendants had any duty to make safe. The requirement that employees be furnished a safe place of employment relates to the physical condition of the place of employment. *Cole v. State*, 11 Cal.App.3d 671, 675 (1970).

Further, Plaintiff offers no support for her assertion that "California Labor Code §6400 *et seq.* applies not only to the employee's workplace, but also to the cars and vehicles that he is given to drive at work. Section 6401 covers rental vehicles supplied to employees by their employers at work." (*See* Doc. No. 64 at 11.) AMN Defendants have found no cases that have held section 6401 covers employer-paid rental cars. Instead, a plain language reading of Section 6401's requirement that "[e]very employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful" suggests that section cannot swell to encompass a felony joyriding charge regarding a rental car provided by a third-party vendor.

Further, regarding Plaintiff's argument that the AMN Defendants did not pay the bill for the vehicle from June 2022 through October 2022, Plaintiff misstates the allegations in the C-SAC as the C-SAC does not discuss AMN Defendants' purported nonpayment of the bill at all. (*See* Doc. No. 64 at 14:14-23.)

Next, the primary case Plaintiff relies on in support of her argument that she has a private right of action against AMN Defendants for the alleged Labor Code violations, *Elsner v. Uveges*, 34 Cal.App.4th 915 (2004), does not stand for that proposition. *Elsner* addressed the admissibility of Cal-OSHA provisions to establish standards and duties of care in negligence actions *against private third parties* after the 1999 amendment to Labor Code Section 6304.5. *Id.* at 924 ("We granted review to decide whether, and to what extent, the 1999 amendments repealed the ban on the admission of Cal–OSHA provisions *in third party negligence actions*. We conclude that the amendments restore the common law rule and allow use of Cal–OSHA provisions to establish standards and duties of care *in negligence actions against private third parties.*") (emphasis added). In other words, the case dealt specifically with the admissibility of the Cal-OSHA provisions in an action between an employee and third party, not an employee and her employer. As discussed in more detail below, personal injury actions between employer and employee are limited to those that fall under one of the workers' compensation exclusivity exceptions, none of which apply here. *See Jimenez v. Mrs. Gooch's Nat. Food Markets, Inc.*, 95 Cal.App.5th 645, 654 (2023) ("Typically, workers' compensation is 'the sole and exclusive remedy of the employee or his or her dependents against the employer.'").

Plaintiff's argument regarding Evidence Code Section 669 fails because California's Labor Code section 6400, *et seq.* and California Code of Regulations, Title 8, § 3328 (which was promulgated by California's Department of Industrial Relations) were meant to protect employees from hazards at work, not to prevent an alleged false arrest. "The doctrine of negligence per se 'merely codifies the rule that a presumption of negligence arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm that the plaintiff suffered as a result of the violation.'" *Grant v. Corin Grp. PLC*, No. 3:15-CV-169-CAB-BLM, 2016 WL 4447523, at *4 (S.D. Cal. Jan. 15, 2016) (citing *Quiroz v. Seventh Ave.*

*Center*, 140 Cal.App.4th 1256, 1285 (Cal. Ct. App. 2006).) Felony theft and joyriding charges are plainly not the type of workplace harm these provisions were designed to prevent.

Finally, Plaintiff's claim that AMN is "vicariously liable for the acts of their car rental agent or vendor, Avis, under the nondelegable duty clause of Cal. Labor Code § 6400 et [sic] regardless of whether the actual agency existed or not," (*see* Doc. No. 64 at 15), fails because her theory of ostensible agency and other theories of joint liability fail.

### C. Plaintiff Fails to Plead Claim 5 for Intentional Misrepresentation/Fraud/Deceit With the Particularity Required by R ule 9(b)

In her Opposition, Plaintiff devotes north of five pages to quoting or paraphrasing broad swaths of the C-SAC, and argues in favor of at least three newly identified instances of fraud, demonstrating AMN Defendants' point that it is wholly unclear in the C-SAC what "fraud" she is trying to allege. (*See* Doc. No. 64 at 28-37.) Further, Plaintiff's conclusory statement that the "facts pled by the Plaintiff in the SAC-C pass muster under the statutory provision defining fraud including California Civil Code § 1710" is not determinative of whether the claims meet the federal pleading standard of Rule 9(b). (*See* Doc. No. 64 at 35.)

Finally, even assuming *arguendo* that Plaintiff's claim for fraud was pleaded with the requisite particularity, the claim still fails because Plaintiff has failed to sufficiently plead an ostensible agency relationship between AMN Defendants and Avis.

### D. Claim 3 for Gross Negligence and Claim 8 for Negligent Hiring, Retention, and Training Suffer Additional Pleading Deficiencies Plaintiff Has Failed to Address in Her Opposition

Plaintiff's claims for gross negligence (Claim 3) and negligent hiring, retention, supervision, and training against Avis (Claim 8) have additional pleading deficiencies that Plaintiff failed to address in her Opposition. Specifically, Plaintiff did not respond to AMN Defendants' argument that Claim 3 for gross negligence is duplicative of Claim 1 for negligence. Plaintiff also did not respond to AMN Defendants' argument that (1) AMN did not owe Plaintiff an agent's duty of care during the course of her employment; and (2) she has failed to plausibly plead Claim 8 for negligent hiring, retention, supervision, and training against Avis, yet alone AMN Defendants. Failure to address an argument in opposition to a motion to dismiss concedes the argument. *Tovar*, 2021 WL

6126931, at *2. For the reasons provided in the Motion to Dismiss, these claims should be dismissed without leave to amend.

**E. Plaintiff's Career Cannot Be "Decimated" by the Alleged Arrest Records**

In her Opposition, Plaintiff argues that her career and career trajectory have been "decimated" due to the arrest record (even though she has been granted a "Motion of Finding of Factual Innocence.") (*See* Doc. No. 64 at 18). However, she has made no allegations in her C-SAC that would support this claim for damages. In her Opposition (not in her C-SAC), she claims that she no longer qualifies for jobs because of a felony arrest record. (*See* Doc. No. 64 at 18.) However, California employers cannot ask about these sorts of arrest records based on the Fair Chance Act (a part of California Fair Employment and Housing Act, Government Code section 12952). While health facilities can inquire about certain arrest records, these are limited to arrests relating to sex offenses and controlled substances violations. *See* Labor Code § 432.7(f) (defining exception); Penal Code § 290 (relating to sex offenses); Health & Safety Code § 11590 (relating to controlled substances violations). As such, Plaintiff's job prospects cannot be influenced by her 2022 arrest for felony theft/joyriding. (*See* C-SAC ¶57 (alleging the purported reason for arrest).)

**F. Plaintiff's First, Second, Third, Fifth, Eighth, and Ninth Claims Are Preempted by Workers' Compensation Preemption**

Plaintiff spent a large portion of her Opposition responding to AMN's alternative argument that, even if Plaintiff had stated a claim against AMN for violation of the Labor Code (Claim 1), negligence (Claims 2 and 3), intentional infliction of emotional distress (Claim 5), and/or negligent hiring, supervision and training (Claims 8 and 9), such claims would be preempted by workers compensation exclusivity. To be clear, AMN Defendants do not believe the Court needs to reach this argument because, as discussed above, Plaintiff has not plausibly pled either ostensible agency or direct liability on behalf of the AMN Defendants. However, to the extent the Court finds that Plaintiff has stated a cause of action based on agency or direct liability theory, Plaintiff's injury would need to be connected to her employment, since her employment was the only reason that AMN Defendants interacted with Plaintiff or paid for her rental car.

However, Plaintiff's arguments against workers' compensation exclusivity are unavailing. First, Plaintiff argues that her claims should survive because her claims allege "serious and willful misconduct" under Labor Code sections 6400 and 4553. However, Plaintiff is wrong on the law. The only exceptions to workers' compensation exclusivity are listed in Labor Code section 3602, which includes no such exclusion. *Fermino v. Fedco, Inc.*, 7 Cal.App.4th 701, 719–20 (1994). Section 4553 allows for additional recovery within the workers' compensation system if the employee is injured by reason of "serious and willful misconduct," but not does not provide for a cause of action outside the workers' compensation system. Further, Labor Code section 6400 does not provide an exception to workers' compensation exclusivity. Instead, Labor Code section 6400 claims brought by an employee for their own injuries are subject to workers' compensation exclusivity themselves. *Spratley*, 188 Cal.App.3d at 1411-12.

Plaintiff next argues that workers' compensation exclusivity does not apply to deliberate and intentional misconduct. However, she is wrong on the law again. The instances of deliberate and intentional misconduct to which workers' compensation exclusivity does not apply, such as certain physical assaults, are listed in Labor Code section 3602. Further, it is long-standing law that if "the action or inaction of the employer, which is work related, results in injury to the employee it is immaterial whether the employer was careful, negligent or willful." *Gunnell v. Metrocolor Labs, Inc.*, 92 Cal.App.4th 710, 728 (2001) (citing *Magliulo v. Superior Ct.*, 47 Cal.App.3d 760, 775 (1975)).

In this case, Plaintiff claims that her false arrest and imprisonment were the direct result of AMN Defendants' failure to maintain a safe workplace (Doc. No. 64 at 27:1-3); AMN Defendants breached their duty under Labor Code section 6400 by failing to supervise, monitor and oversee Avis when it rented her the car (*id.* at 27:3-8); and that AMN Defendants did not pay the bill for the rental vehicle during the last four months under contract (*id.* at 27:8-14, but note, this is not alleged in her C-SAC, *see supra* Section II.B). These allegations do nothing to take Plaintiff's claims outside the scope of workers' compensation exclusivity. Indeed, while AMN Defendants deny the allegations, even taking them at face value, an employer's state of knowledge regarding a dangerous

condition which causes an employee's injury is not relevant to whether a claim is covered by workers' compensation exclusivity. *Gunnell,* 92 Cal.App.4th at 721.

In *Gunnell*, the plaintiff claimed that his employer deceived and defrauded him by not revealing that a product he was required to use at work was unsafe to use, and even assured him that it was safe and failed to provide him adequate protective gear or to train him for the proper use of the product, all in violation of governmental safety regulations. *Id.* The court found that an employee's claims that are based on an employer's deceit and concealment of a hazardous work condition, failure to warn, and failure to assure a safe work environment (acts and omissions closely in line with those Plaintiff claims against AMN Defendants) were covered by workers' compensation exclusivity. *Id*. at 722. The court cited to the California Supreme Court's decision in *Johns-Manville Products Corp. v. Superior Court*, 27 Cal.App.3d 465, 469-70 (1980), for the proposition that workers' compensation is the exclusive remedy even when an employer's actions are intentional or deceitful. The focus of the inquiry in a case must be on whether the injury arose out of and in the course of employment. A focus on the state of the mind of the employer "would undermine the underlying premise upon which the workers' compensation system is based." *Gunnell*, 92 Cal.App.4th at 721 (citing *Johns-Manville*, 27 Cal.App.3d at 474).

Next, Plaintiff argues that she should not be bound by workers' compensation exclusivity because she was not using the vehicle in the scope of her employment on the day of her arrest, (Doc. No. 64 at 25:22-23), and because she should fall under the "going and coming rule," (*id.* at 24:26-25). However, Plaintiff misunderstands the law as it applies to employees who are travelers for their employer. "As a general rule a commercial traveler is regarded as acting within the course of his employment during the entire period of his travel upon his employer's business. His acts in traveling, procuring food and shelter are all incidents of the employment, and where injuries are sustained during the course of such activities, the Workmen's Compensation Act applies." *Wiseman v. Indus. Acc. Comm'n of Cal.*, 46 Cal.App.2d 570, 571 (1956) (finding that death of employee who died of asphyxiation and burns in a hotel room while on a business trip was covered by workers compensation, even though the employee was entertaining a woman registered to be his wife, but who was not his wife, they were both drinking and their cigarettes had caused the fire). So long as

the employment was a contributory cause of injury for a commercial traveler, the injury is covered by workers' compensation. *Id*. at 573.

In *LaTourette v. Workers' Comp. Appeals Bd*., 17 Cal.App.4th 644 (1998), the California Supreme Court reiterated that "[i]n the case of a commercial traveler, workers' compensation coverage applies to the travel itself and also to other aspects of the trip reasonably necessary for the sustenance, comfort, and safety of the employee." The injury does not have to occur "while the employee is rendering services to the employer but may be sustained while the employee is enjoying a benefit of her employment." *Wickham v. North American Rockwell Corp.*, 8 Cal.App.3d 467, 472 (1970). Here, Plaintiff's allegations make clear that she was still enjoying the car rental benefit of her employment with AMN and was outside a busy restaurant two days before her flight home was scheduled when the injury occurred. (C-SAC ¶ 50). As such, to the extent she has a claim against AMN, it must be brought within the workers' compensation system.

Plaintiff also makes a passing argument that AMN Defendants "participated and ratified" the police officers from the City of Dublin falsely arresting her and assaulting her with deadly weapons by "failing to pay, manage or track payment for the vehicle" that had been rented from Avis. (*See* Doc. No. 64 at 18:1-6.) First, Plaintiff's C-SAC contains no reference to non-payment by AMN Defendants (this is newly asserted in the Opposition). Second, throughout the C-SAC, the allegation is that AMN Defendants failed to supervise, monitor and oversee Avis when it rented her the car. The C-SAC contains no allegations of ratification of the alleged false arrest or assault allegedly perpetrated by the City of Dublin police department. Nor can Plaintiff add such a claim. "'Ratification is the voluntary election by a person to adopt in some manner as his own an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him.'" *Estate of Stephens,* 28 Cal.App.4th 665, 673 (2002). It is hornbook law that to have an effective ratification, "assent must be shown by the principal's unequivocal acts." Cal. Jur. 3d Agency § 96 (citations omitted). Plaintiff has not made any allegations that would be sufficient to show ratification of either Avis's alleged report that the vehicle had been stolen, nor of a false arrest and assault by police officers.

## III. CONCLUSION

For these reasons, AMN Defendants respectfully request that the Court dismiss all claims against them, with prejudice and/or without leave to amend.

Dated: December 23, 2024 **WILSON TURNER KOSMO LLP**

By: /s/ *Mary P. Snyder*

MARY P. SNYDER
ANA R. HARTMAN
MEGHAN A. CRUMM
Attorneys for Defendants
AMN HEALTHCARE, INC. and
AMN HEALTHCARE INTERIM SOLUTIONS, LLC