**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
severett@everettdorey.com
Samantha E. Dorey, SBN 281006
sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
clee@everettdorey.com
Patrick Albasha, SBN 316610
palbasha@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AVIA TURNER-GRAY,<br><br>Plaintiff,<br><br>vs.<br><br>AVIS BUDGET GROUP, INC., AMN HEALTHCARE, INC., AMN HEALTHCARE INTERIM SOLUTIONS, LLC,<br><br>Defendants. | **Case No. 3:23-cv-05507-SI**<br><br>*[Hon. Honorable Susan Illston, Courtroom 1]*<br><br>**FURTHER CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Conference Date: January 24, 2025 |

The parties to the above-entitled action, Plaintiff Avia Turner-Gray ("Plaintiff") and Defendant Avis Budget Car Rental, LLC ("Avis")[1] (collectively referred to as "Parties") hereby submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. Jurisdiction and Service:

The Court has subject matter jurisdiction under diversity jurisdiction because the Plaintiff's

[1] This Court on January 7, 2025 granted the two AMN Defendants' Motion to Dismiss without leave to amend, therefore they are no longer parties to this action.

residence is not in the same state as any Defendant's and the amount of alleged damages is more than $75,000. Further, the incident alleged occurred within the Northern District of California.

2. Facts:

Plaintiff claims injuries and damages following her allegedly false arrest and imprisonment for felony joyriding on October 26, 2022. Plaintiff, a citizen of Georgia, was living and working temporarily in the bay area of San Francisco as a temporary nurse manager in a Kaiser hospital pursuant to a contract with the AMN Healthcare Interim Solutions, LLC and AMN Healthcare, Inc. (collectively, "AMN").[2]

Plaintiff alleges as part of her compensation package with AMN, Plaintiff was provided with a rental vehicle from the Avis Budget Group (d/b/a Avis Rental Cars). Plaintiff alleges she never received a bill for these vehicles. Plaintiff alleges the car rental bills were fully paid by AMN through some kind of direct billing arrangement.

Plaintiff alleges that when Plaintiff picked up her first rental vehicle under contract from Avis in January of 2021, she was informed by Avis that she would, on occasion, have to switch out the rental vehicles that she was driving.

Plaintiff alleges on June 26, 2022, Plaintiff went to SFO to exchange a rental vehicle in the aforementioned manner. Plaintiff alleges that Avis mismanaged the exchange, and instead, issued Plaintiff a vehicle that was unregistered and unrented to Plaintiff (nor billed to Plaintiff's employer) in Avis' computer system. Plaintiff alleges that Avis was negligent in not properly renting the vehicle to her and that Avis' gross negligence and failure to exercise due care subsequently led to her false arrest and imprisonment at gunpoint on October 26, 2022.

Plaintiff alleges that Avis falsely reported the vehicle missing on or shortly after June 26, 2022. Conversely, Defendant Avis alleges that it reported the vehicle as stolen to the San

[2] Plaintiff's contract was with B.E. Smith Interim Services, LLC, now known as AMN Healthcare Interim Solutions, LLC, a subsidiary of AMN Healthcare, Inc. AMN are former Defendants that have been dismissed pursuant to AMN's successful Motion to Dismiss without leave to amend, granted on January 7, 2025.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Francisco Police Department on October 25, 2022. Nevertheless, Plaintiff claims that the false arrest and imprisonment has caused her emotional distress damages, as well as extensive damage to her career and costs associated with efforts to expunge her record.

Avis denies that Plaintiff's claimed injuries and damages were proximately caused by any failure to properly rent her a vehicle on June 26, 2022. Avis claims that it did not report the vehicle stolen to the San Francisco Police Department until October 25, 2022. Avis contends that Plaintiff failed to return the vehicle in a timely manner before October of 2022 in accordance with Avis' policies and the rental agreement, and therefore Plaintiff's own conduct was the cause of her injuries and damages.

3. Legal Issues:

A. Plaintiff v. Avis

The primary legal issue in dispute in this case between Plaintiff and Avis is causation of Plaintiff's claimed injuries and damages. See Ortega v. Kmart Corp., 26 Cal.4th 1200 (2001); Saelzler v. Advanced Group, 400, 25 Cal.4th 763 (2001). Plaintiff claims that Avis caused her injuries and damages by not properly executing the rental agreement for the vehicle rented to her which led to her false arrest and imprisonment. Avis contends that it was Plaintiff's failure to return the vehicle for months that was the cause of Plaintiff's arrest and imprisonment.

Another legal issue presented in this case is whether Avis possessed any fraudulent intent and if Plaintiff reasonably relied on Avis' allegedly false representations. Civil Code, § 1710. Plaintiff claims that Avis is liable for intentional misrepresentation because it gave her fraudulent paperwork for the wrong vehicle. Avis contends that Plaintiff knew the paperwork furnished to her was for a different vehicle and that Avis had no intent to deceive Plaintiff or induce reliance on false information.

B. Motions:

AMN's Motion to Dismiss the First Amended Complaint was scheduled to be heard on September 13, 2024 but the hearing was vacated. On October 15, 2024, the Court granted AMN's Motion to Dismiss the First Amended Complaint with leave to amend.

Plaintiff filed her Second Amended Complaint against all Defendants on November 1,

2024. Upon conferring between all the parties, the Court granted Plaintiff leave to file a Corrected Second Amended Complaint only as to correcting the Avis entities and correctly numbering and labeling the paragraphs therein. Plaintiff filed her Corrected Second Amended Complaint on November 25, 2024. AMN filed their Motion to Dismiss as to the Corrected Second Amended Complaint on December 2, 2024. The Motion was set to be heard on January 10, 2025, but on January 7, 2025 upon review of all relevant documents, the Court vacated the January 10, 2025 hearing and granted AMN's Motion to Dismiss without leave to amend. Thus, AMN is no longer a party to this action.

Avis further anticipates filing a Motion for Summary Judgment in this action.

Plaintiff is currently investigating filing an appeal of that decision. If she is successful in getting the decision overturned, she plans on having the balance of the allegations against the AMN Defendants managed by a California based labor law firm.

4. <u>Amendment of Pleadings</u>:

As stated, Plaintiff filed a First Amended Complaint, followed by a Second Amended Complaint, and most recently, a Corrected Second Amended Complaint, the operative complaint. Avis has filed an Answer to the operative complaint.

5. <u>Evidence Preservation</u>:

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties do not anticipate special or limiting rules will be necessary, but Parties agree to meet and confer if any issues arise.

6. <u>Disclosures</u>:

Avis and Plaintiff have complied with the initial disclosure requirements of Federal Rule of Civil Procedure 26.

7. <u>Discovery</u>:

Plaintiff served her first set of Requests for Admissions, which Defendant Avis responded to. Plaintiff is currently in the process of obtaining bodycam video of her arrest from the Dublin

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Police Department. Avis has yet to propound any discovery.

The anticipated scope of discovery includes written discovery, depositions, and expert discovery regarding the Parties' claims and defenses in this action. The Parties do not propose limitations or modifications of the discovery rules at this time. The Parties have not agreed to enter into a stipulated e-discovery order. There are no specific discovery disputes identified at this time.

The parties propose a discovery plan as follows:

(A) Discovery should not be conducted in phases. Factual discovery should be completed by May 23, 2025.

(B) Plaintiff is concerned regarding the preservation of bodycam video at the Dublin Police Department. There are no other issues about disclosures, discovery, or preservation of electronically stored information at this time. The Parties agree that either native format or Word, Excel or PDF format is acceptable for production of documents.

(C) There are no issues about claims of privilege at this time.

(D) No changes or limitations should be imposed at this time.

(E) No additional orders should be issued at this time.

Electronic Service. The Parties agree to serve documents, including pleadings, discovery requests, and trial materials, on each other through email, except to the extent that transmission of any such documents electronically is impractical, in which event service shall be made by hand or through overnight delivery. Service by e-mail shall be considered the same as service by hand. The parties shall serve each other with copies of all third-party discovery related materials (including but not limited to every third-party subpoena for documents and/or testimony) as soon as is practical but in no event later than five (5) business days after service on the third-party unless good cause is shown. For electronic service to be effective, it should be served on the counsel for both parties identified below:

Plaintiff: Avia Turner-Gray (aviaturnergrayattyatlaw@gmail.com).

Avis: Seymour B. Everett (severett@everettdorey.com); Christopher Lee (clee@everettdorey.com); Patrick Albasha (palbasha@everettdorey.com);

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Nydia Shannon (nshannon@everettdorey.com).

Class Actions:

This is not a class action.

8. Related Cases:

There are currently no other cases related to this case.

9. Relief:

In her complaint, plaintiff seeks the following damages:

1. General damages in the amount of $10,000,000;
2. Special damages in the amount of $1,860,000;
3. Punitive damages in the amount of $250,000,000;
4. Pre- and post-judgement interest on all damages;
5. Cost of suit incurred; and
6. To enjoin defendants from engaging in retaliatory actions against plaintiff; and
7. Such other relief as the Court may deem just and proper.

Plaintiff's bases of damages and calculations are as follows:

General damages are based on an amount that might reasonably compensate the Plaintiff the pain, suffering, humiliation, terror, and filthiness that she experienced in being falsely arrested and locked in a feces and toilet paper covered jail cell with multiple demented, decompensating, dangerous, drug addicted criminals including one accused of murder and another in the midst of a full tilt psychotic break. Special damages were calculated based on the projected loss of income that Plaintiff has and will continue to have over her lifetime as a consequence of having a criminal record. Interim nursing managers are required to have clean criminal records. The appearance of even an arrest on an interim nurse manager's record operates as a barrier to agency and permanent full-time employment. It is a lifestyle and career killer. The special damages figure reflects the drop in income from the Plaintiff's years under contract with B. E Smith/AMN beginning in 2021 versus her income after the arrest in 2023 projected out from the time of the incident up through retirement age at 67. The Plaintiff is currently 56 years of age. The figure reflects a lifetime loss of income and employment opportunities due to the arrest. Plaintiff seeks $250 million in punitive

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

damages against the Defendant order to prevent them and other multibillion dollar corporations like them in the car rental industry from using the police as collection agents for cars that they have failed to appropriately inventory, process out, and track as rented.

10. Settlement and ADR:

The parties remain interested in settlement and exploring ADR options. The parties have not engaged in any ADR to date. The Parties prefer Court-Sponsored ADR including an Early Neutral Evaluation and Mediation and Settlement Conference. The Parties will need to conduct discovery and depositions of key witnesses in preparation for settlement discussion. This includes propounding interrogatories, requests for admission, and requests for production of documents to Plaintiff and taking the deposition of Plaintiff, Plaintiff's treating doctors, police officers, and personnel from AMN. The Plaintiff will also need to secure documents and files (including audio and video recordings) from Avis, AMN, and multiple law enforcement officers and agencies involved in the Plaintiff's wrongful arrest. Plaintiff will depose individual personnel from these same organizations.

11. Other References:

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

12. Narrowing of Issues:

The parties do not believe that it is possible to narrow the issues at this time.

13. Expedited Trial Procedure:

The case is not the type to be handled under the Expedited Trial Procedure of General Order 64.

14. Scheduling:

The Court previously set the following dates in the First Amended Pretrial Preparation Order [Dkt. 54]:

| | |
|---|---|
| Designation of Experts: | March 7, 2025 |
| Fact Discovery Cutoff: | May 23, 2025 |

| | |
|---|---|
| Expert Discovery Cutoff: | May 23, 2025 |
| Last day to file Dispositive Motion:<br>Opposition Due:<br>Reply Due: | June 20, 2025<br>July 7, 2025<br>July 21, 2025 |
| Last Day to hear Dispositive Motion: | August 8, 2025 at 10 a.m. |
| Pre-Trial paperwork due | September 9, 2025 |
| Pre-Trial Conference: | September 23, 2025 at 1:30 p.m. |
| Jury Trial: | October 6, 2025 at 8:30 a.m. |

This matter is set for a jury trial. The estimated length of trial will be 7 days.

15. Disclosure of Non-Party Interested Entities or Persons:

Each party has filed the "Certificate of Interested Entities or Persons" required by Civil Local Rule 3-15. The persons, firms, partnerships, corporations, or other entities identified by the parties are as follows.

Plaintiff: No conflict or interest (other than the named parties) known to report.

Avis: No conflict or interest (other than the named parties) known to report.

Professional Conduct:

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Other:

Nothing further.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

DATED: January 16, 2025

EVERETT DOREY LLP

By: /s/ Christopher D. Lee
Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Patrick Albasha
Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

DATED: January 16, 2025

By: /s/ Avia Turner-Gray
Avia Turner-Gray
Pro Se Plaintiff

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**CASE MANAGEMENT ORDER**

The above FOURTH JOINT CASE MANAGEMENT STATEMENT is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

______________________________________________

______________________________________________

______________________________________________

IT IS SO ORDERED.

Dated: ______________________ ________________________________

Susan Illston
United States District Judge

File No. 1115-02

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

# PROOF OF SERVICE

**Turner-Gray, Avia v. Avis Budget, Inc., et al.**
**USDC (Northern) Case No. 3:23-cv-05507-SI**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 2030 Main Street, Suite 1200, Irvine, CA 92614.

On January 16, 2025, I served true copies of the following document(s) described as

**FURTHER CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 16, 2025, at Irvine, California.

/s/ Prasiddhi Upadhyaya
Prasiddhi Upadhyaya

File No. 1115-02

**SERVICE LIST**
**Turner-Gray, Avia v. Avis Budget, Inc., et al.**
**USDC (Northern) Case No. 3:23-cv-05507-SI**

| | |
|---|---|
| Avia Turner-Gray, Esq.<br>3538 Cumberland Road<br>East Point, GA 30344<br>(404) 444-6561<br>aviaturnergrapyattyatlaw@gmail.com | In Pro Per |
| Mary Philbrook Snyder<br>Ana Hartman<br>Meghan A. Crumm<br>Wilson Turner Kosmo LLP<br>402 West Broadway, Suite 1600<br>San Diego, CA 92101<br>619-236-9600<br>Email: msnyder@wilsonturnerkosmo.com<br>ahartman@wilsonturnerkosmo.com<br>mcrumm@wilsonturnerkosmo.com | Attorneys for Defendants AMN Healthcare Services, Inc. and AMN Healthcare Interim Solutions. |

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110