aviaturnergrayattyatlaw@gmail.com
Avia Turner-Gray, Esquire
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AVIA TURNER-GRAY**<br><br>Plaintiff,<br><br>vs.<br><br>**AVIS BUDGET CAR RENTAL LLC,**<br><br>**JOHN DOES 1 THROUGH 50,**<br><br>Defendants | **Case No. 3:23-CV-05507-SI**<br><br>**PLAINTIFF'S STATEMENT ON DISCOVERY DISPUTE RE: PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANT PURSUANT TO FED. R. CIV. P. 26, 34, AND 37(a)(1): REQUEST FOR EMERGENCY HEARING ON DEFENDANT'S REFUSAL/FAILURE TO PROVIDE PLAINTIFF WITH REQUESTED DOCUMENTS**<br><br>Hearing Date: TBD<br>(**Request for an Expedited Hearing Date**)<br>Hearing Time: 10:00 am<br>Judge: Honorable Susan Illston<br>Courtroom: 1 |

The Plaintiff hereby submits to the Court this Statement on Discovery Dispute. This document supersedes and replaces the Joint Statement on Discovery Dispute submitted to this Court on September 12, 2025. This dispute centers on Defendant's willful refusal to hand over documents requested in the

Plaintiff's First Request for the Production of Documents served on them on February 20, 2025. Parties have met and conferred on these discovery issues three times and have been unable to reach an agreement on the outstanding requested documents. We are at impasse. Plaintiff requests an emergency hearing on this matter. The Plaintiff requests that the Court intervene and rule on these issues in an expedited manner. Time is of the essence.

## PLAINTIFF'S INTRODUCTORY STATEMENT

**Plaintiff's Factual Summary**

In October of 2022, the Plaintiff was unlawfully arrested for driving a rental vehicle that the Defendant, Avis Budget Car Rental, LLC, had falsely reported as stolen to law enforcement authorities after the company, by and through their employees, leadership, vendors, and contractors, intentionally mishandled, mismanaged, and misdocumented the car rental itself.

**Discovery Issues Among Parties**

In October 2023, the Plaintiff sued the Defendant for false imprisonment/false arrest, negligence, gross negligence, malicious prosecution, fraud/intentional misrepresentation, intentional infliction of emotional distress, and negligent hiring, retention, supervision, and training. On February 20, 2025, Plaintiff served the Defendant with a Request for Production of Documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (See Appendix A). The requested documents were due on March 21, 2025. On that date, the Defendant wrongfully refused to produce documents based on boilerplate language (See Appendix B). On April 15, 2025, the Defendant submitted supplementary discovery to the Plaintiff with responses that were based on boilerplate language and which essentially were unresponsive to the bulk of the Plaintiff's Request for the Production of Documents (See Appendix C). The Defendant willfully did not and has not produced:

1) The police report filed on the allegedly stolen vehicle (RFP 1, 4, 22, 34);
2) Personnel files including applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, and training records for employees (rental counter agents and exit gate employees), team leads,

leadership, management, asset recovery personnel, and training personnel and contractors who were employed by the Defendant at the SFO Rental Center on June 26, 2022 (RFP 3, 6, 9, 21, 31);

3) Training materials used to train rental counter agents, exit gate employees, rental center managers, supervisors, leads, and asset recovery personnel at the SFO Rental Center (RFP 32);

4) Policy and procedure manuals governing rental operations at the SFO Rental Center including the correct steps (the standard operating procedures) that should be executed in order to correctly rent a vehicle to and return a vehicle from a customer (RFP 8, 10);

5) Employee handbooks electronic or otherwise (also sometimes called corporate codes of conduct) usually signed by employees upon their initial employment with Avis and usually annually after that. These documents are typically held in the employee's personnel file (RFP 7);

6) Clock in and clock out records of employees working at the SFO Rental Center for the date June 26, 2022 (RFP 5);

7) The complete signed master contract and operating agreement between Avis and AMN Healthcare/AMN Healthcare Interim Solutions, LLC (formerly B.E. Smith) authorizing and governing the rental of Avis vehicles to AMN's interim employees (RFP 14);

8) The organizational chart with leadership roles and department and division heads listed for the entity Avis Budget Car Rental LLC effective during the year 2022 (RFP 18);

9) Documents of any due diligence reports, background checks, hiring records for third party vendors or contractors involved in the management or handling of any aspect of the car rental process that reached the Plaintiff (RFP 21);

10) Other pertinent requested material.

More disturbingly, the Defendant has denied the existence of requested documents which it has in its possession, including: 1) Avis's Code of Conduct (the employee handbook), 2) Avis Budget Group Start Date Details (onboarding, policy and procedure, role-based training materials for new Avis employees), 3) Avis's Human Rights Policy Statement, 4) Avis's Third-Party Standards of Conduct, 5) Environmental, Social, and Governance Report. This information was found at https://www.avisbudgetgroup.jobs/start-date-details, https://www.avisbudgetgroup.jobs/start, https://www.avisbudgetgroup.com (See Appendix D). This proves that training, onboarding, policy and

procedure materials, and employee handbooks DO EXIST. Defendant is wrongfully withholding the material.

The Defendant, addressing the Plaintiff's concerns, deceptively asserts that they handed over 1700 pages of discovery requested. In supplemental discovery submitted to the Plaintiff in April of 2025, the Defendant handed over a single file that contained 1700 pages of repetitive emails and human resources documents primarily from AMN Healthcare Interim Solutions LLC, a former Defendant in this case. Many of the pages were duplicates so the file is much smaller than it appears, and that production provided documentary responses to only a small number of Plaintiff's initial requests. That supplemental discovery was essentially unresponsive to the majority of the Plaintiff's documentary requests.

The Defendant has also refused to fully answer interrogatories served on them on July 7, 2025. Their responses were nonexistent, incomplete, or nonconforming (See Appendices E and F respectively). Their noncompliance will be the subject of a second discovery dispute letter.

The Defendant also refuses to sign a Joint Statement on Discovery Dispute. The Defendant will not allow the Plaintiff to submit additional interrogatories. The Defendant refuses to hand over ANY additional discovery, including non-privileged and nonconfidential information, unless the Plaintiff agrees to sign a blanket protective agreement broadly covering all discovery requested.

## **CONCLUSION**

The Plaintiff asks this Court for an expedited hearing to review the Defendant's responses for compliance with Plaintiff's Request for the Production of Documents. Plaintiff asks that the Court issue an order mandating the Defendant produce all outstanding documents that have been requested of them within seven days.

## **CERTIFICATION**

This request is made in good faith, is not unduly burdensome, and seeks relevant materials proportional to the needs of this case.

DATED: This 25th day of September 2025,

Respectfully submitted,

/s/Avia Turner-Gray

Avia Turner-Gray, Esquire
Plaintiff Pro Per

3538 Cumberland Road
East Point, GA 30344aviaturnergrayattyatlaw@gmail.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the within and foregoing document upon all parties by delivering this document electronically to the emails on record of opposing counsel or by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage there on to insure delivery to opposing counsel:

Christopher Lee, Esquire
Clee@everettdorey.com
Patrick Albasha, Esquire
Palbasha@everettdorey.com
Everett Dorey, LLP
2030 Main Street
Suite 1200
Irvine, CA 92614

This 25th day of September 2025

Respectfully submitted,

/s/Avia Turner-Gray___________
Avia Turner-Gray
Plaintiff Pro Per

3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com

## APPENDIX

### APPENDIX A

PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM THE DEFENDANT AVIS BUDGET CAR RENTAL, LLC: FEBRUARY 19, 2025

### APPENDIX B

RESPONSE OF DEFENDANT AVIS BUDGET CAR RENTAL LLC TO THE PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS: MARCH 21, 2025

### APPENDIX C

SUPPLEMENTAL RESPONSES OF DEFENDANT AVIS BUDGET CAR RENTAL, LLC. TO PLAINTIFF AVIA TURNER-GRAY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS : APRIL 15, 2025

### APPENDIX D

ONLINE DOCUMENTS FROM THE AVIS EMPLOYMENT WEBSITE REFERENCING EMPLOYEE ONBOARDING AND TRAINING MATERIALS, CODES OF CONDUCT (EMPLOYEE HANDBOOKS), POLICY AND PROCEDURE MANUALS AND OTHER MATERIAL THAT THE DEFENSE FALSELY ASSERTED AS NOT BEING IN EXISTENCE AT THE MEET ND CONFER MEETING ON JULY 14, 2025 (Sent under separate cover 09/26/2025)

### APPENDIX E

PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES SERVED ON DEFENDANT ON JULY 7, 2025.

### APPENDIX F

DEFENDANT'S RESPONSE TO THE PLAINTIFF'S REQUEST FOR INTERROGATORIES RECEIVED ON AUGUST 5, 2025