Avia Turner-Gray, Esquire
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**AVIA TURNER-GRAY**

Plaintiff,

vs.

**AVIS BUDGET CAR RENTAL, LLC**

**JOHN DOES 1 THROUGH 50,**

Defendants.

Case No.3:23-CV-05507-SI**:**

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE DEFENDANT AVIS BUDGET CAR RENTAL LLC**

*TRIAL DATE: OCTOBER 6, 2025*

*HONORABLE JUDGE SUSAN ILLSTON*

*COURTROOM 1*

**PROPOUNDING PARTY:** AVIA TURNER-GRAY, PLAINTIFF

**RESPONDING PARTY:** AVIS BUDGET CAR RENTAL, LLC, DEFENDANT

**SET NO.:** One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Avia Turner-Gray ("Plaintiff") requests that Avis Budget Car Rental, LLC ("Defendant") produce and permit Plaintiff to inspect, copy, test, or sample the following items in the possession, custody, or control of Defendant. The production and inspection shall take by mail or by email by sending the requested documents to Avia Turner-Gray, 12935 Alcosta Blvd., P. O. Box 3024, San Ramon, CA 94583 or to the Plaintiff's email at aviaturnergrayattyatlaw@gmail.com thirty days after service of these Requests unless alternative mutually agreeable arrangements are made between counsel of record and shall continue for so long as may be reasonably required.

**DEFINITIONS**

1. "PERSON(S)" includes any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity or any other form of legal entity.

2. "DOCUMENT" or "DOCUMENTS" or "DOCUMENTATION" shall mean documents, electronically stored information, and tangible things as described in Rule 34 of the Federal Rules of Civil Procedure, including without limitation all written and graphic matter and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending

meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

3. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said

ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes, without limitation, any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

4. "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

5. "DEFENDANT" or "AVIS" shall mean Defendant Avis Budget Car Rental, LLC.

6. "PLAINTIFF," shall mean Plaintiff Avia Turner-Gray.

7. “YOU” or “YOUR” refers to the Defendant, its agents, representatives, employees, contractors, and attorneys.

8. “RELATING TO” means discussing, referencing, supporting, contradicting, or otherwise associated with the subject matter of this litigation as delineated in the Plaintiff’s operative complaint.

9. "COMPLAINT" shall mean PLAINTIFF's operative Complaint on file in the above-captioned matter.

10. "SUBJECT INCIDENT" shall mean the events, issues and actions that

allegedly gave rise to the claims in the Plaintiff's operative COMPLAINT.

## INSTRUCTIONS

1. Please produce all of the specified DOCUMENTS and ELECTRONIC RECORDS which are in YOUR possession, or available to YOU, or to which YOU may gain access through reasonable effort, including information in the possession of YOUR past and present attorneys, accountants, investigators, consultants, or other persons directly or indirectly employed or retained by YOU, or in connection with YOU, or anyone else otherwise subject to YOUR control who maintains records on YOUR behalf, in YOUR name or otherwise under YOUR control.

2. Any comments, notations or markings appearing on any DOCUMENTS or ELECTRONIC RECORDS, and not a part of the original, are considered a separate DOCUMENT or ELECTRONIC RECORDS, and any draft, preliminary form or superseded version of any DOCUMENT is also considered a separate DOCUMENT or ELECTRONIC RECORDS.

3. All documents and electronic records requested herein should be produced in the same order as they are kept, or maintained, or stored, in the regular course of business.

4. All DOCUMENTS requested herein should be produced in the folder file, envelope, or other container in which the DOCUMENTS are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

5. Any DOCUMENT attached to another DOCUMENT must not be separated.

6. In the event that any DOCUMENT or ELECTRONIC RECORD called for

by these requests has been destroyed, lost, discarded, disposed of or is otherwise unavailable, such DOCUMENT or ELECTRONIC RECORD is to be identified as completely as possible, including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the DOCUMENT or ELECTRONIC RECORD.

7. Whenever possible, the singular form of a word shall be interpreted in the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine shall include the feminine and vice versa.

8. If an objection is made to part or all of any request, the part should be specified together with the reasons for the objection. If a claim of privilege is asserted with respect to part or all of any DOCUMENT on the grounds of attorney-client privilege, the attorney work product doctrine, or any other basis, describe the DOCUMENT with sufficient particularity to make it susceptible to identification by separately stating the following with respect to any such DOCUMENT: (1) the type of DOCUMENT; (2) its date; (3) the name, address, and position of its author(s); (4) the name, address, and position of each recipient of the DOCUMENT; (5) a general description of the subject matter of the DOCUMENT; (6) the basis of any claim of privilege; and (7) if work product immunity is asserted, the proceeding for which the DOCUMENT was prepared.

9. Documents should be provided in native format with metadata unless otherwise agreed.

10. If additional responsive documents are discovered after production, you must supplement your response under FRCP 26(e).

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS identified in your Initial Disclosures in this action. Produce complete copies of any reports referenced in your initial disclosures including copies of all police reports filed by Avis directly or on Avis's behalf by any Avis related company, subsidiary, or outside contractor including (nonexhaustively) the PV Holding Corp., or the Avis Budget Group in relation to this action. Produce the COMPLETE PERSONNEL FILE for any individuals who prepared these reports including the individual's application for employment, background check, performance evaluations, disciplinary records, training record, and if applicable, termination documents.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS, ELECTRONIC OR OTHERWISE, regarding rental agreement number 756086236 (reservation number 15766940-US-0) for the rental of a Black Nissan Altima that was issued to the Plaintiff by an Avis employee ,"KENNETH," on June 26, 2022 at approximately 0930 pm at the Avis Budget Rental Counter in the SFO Rental Center located at 780 McDonnell Road in San Francisco, California. If no records exist regarding this rental, please state this fact in your response.

**REQUEST FOR PRODUCTION NO. 3:**

Please provide the full name, home address, phone number, and email address, and California insurance agent license number for employee "Kenneth" identified in the RFD No. 2 above.

Produce DOCUMENTS comprising this employee's complete personnel file including his application for employment, job description, background check, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Please provide DOCUMENTATION of Kenneth's direct supervisor governing and managing his activities on site on June 26, 2022. Provide DOCUMENTATION listing Kenneth's manager.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all records and DOCUMENTS related to the Avis rental vehicle given to the Plaintiff on June 26, 2022 at approximately 0930 pm: a Nissan Altima -CA License Plate 8ZXZ692. Produce DOCUMENTS detailing the entire rental history on the vehicle from the time it was initially placed in service with Avis up through October 27, 2022. Said DOCUMENTS should account for the whereabouts of the vehicle for the entire time that it was in service by the Defendant, Avis. DOCUMENTATION and records should account for any periods of inactivity, theft, or loss, or rental. Records should include all service records for that vehicle. If the vehicle was ever reported, lost or stolen, records should include every single DOCUMENT, record, report, memo, video, or any other documentary evidence with regard to that theft or loss. Records should include all internal and external reports regarding the loss or theft and all internal or external investigatory material. Records should include the identity of and complete personnel record DOCUMENTS for all individuals involved in the investigation of any theft or loss of this vehicle during the entire time that the vehicle was in service up until October 27, 2022.

**REQUEST FOR PRODUCTION NO. 5:**

Produce time clock (punch) records and DOCUMENTS for all Avis employees, managers, and contractors who reported for work or who were working at the Avis Budget rental location at the SFO Rental Center.

Center located 780 Mcdonnell Road in San Francisco, California on June 26, 2022 between 0700 am and 11pm that day. DOCUMENTS should indicate the employee's or contractor's name, title, job description, and the hours they worked that day.

**REQUEST FOR PRODUCTION NO. 6:**

Produce DOCUMENTS listing the names of all leadership personnel, including all directors, managers, assistant managers, supervisors, and team leads, (who would not have been listed in RFP No. 5) who were employed by the Defendant Avis (or its parent company or subsidiaries) to work at the SFO Rental Center site on June 26, 2022. Produce these employees' complete personnel files including DOCUMENTS of their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individual were outside or independent contractors. If they were outside contractors or independent contractors, please provide DOCUMENTS listing the name, address, and phone number for the agency or company that the person was employed for.

Produce DOCUMENTS listing the name and title of the individual who had overall authority at the highest level for Avis operations at the SFO rental center. Produce DOCUMENTS listing the name and title of that leader's supervisor. Produce DOCUMENTATION of the name and title of the individual who was number two in command over Avis operations at the SFO rental center.

Provide DOCUMENTATION of the name and title of the individual who managed or supervised Avis rental counter operations on site on the evening of June 26, 2022 from 0830 pm to 1030 pm.

**<u>REQUEST FOR PRODUCTION NO. 7:</u>**

Produce DOCUMENTATION including Avis's complete Employee Handbook in effect during the year 2022.

**<u>REQUEST FOR PRODUCTION NO. 8:</u>**

Produce all policy and procedure DOCUMENTS and manuals governing rental operations at Avis Budget Car Rental LLC d/b/a Avis at the SFO Rental Center in 2022. The policy and procedure manual DOCUMENTS should be complete and list in detail the correct steps necessary in order for an employee to rent and return a vehicle to a customer, and the correct steps for rental car pickups, returns, exchanges, and appropriate entry gate and exit gate procedures.

**<u>REQUEST FOR PRODUCTION NO. 9:</u>**

Produce all DOCUMENTS listing every employee or contractor who worked for Avis's loss prevention group (car theft prevention or car loss group) during the year 2022. Please include any employee or contractor who had car loss prevention responsibilities even if those employees were directly employed by a Avis related agent, subsidiary, contractor, or corporate parent including the PV Holding Corp. or the Avis Budget Group. Produce DOCUMENTS listing the name, address, phone number, email address, and state license number for each of these individuals. Produce DOCUMENTATION including these employees' complete personnel files including their applications for employment, job descriptions, professional licenses, background

checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individuals were outside or independent contractors. If they were outside contractors or independent contractors, please provide DOCUMENTATION list the name, address, and phone number for the agency or company that the person was employed for.

**REQUEST FOR PRODUCTION NO. 10:**

Produce DOCUMENTS comprising the complete policy and procedure manual without exception governing the step by step management, handling, and investigation of cars alleged to have been stolen or lost by Avis's Loss Prevention Group.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS including contracts, agreements, or communications (ELECTRONIC or otherwise) between you and other Avis entities, subsidiaries, contractors, and corporate parents, related to this matter- that is the alleged theft or loss of Nissan Altima Plate CA Plate #8ZXZ692, the mishandling of the associated rental car exchanges of said vehicle in June of 2022, and the associated false arrest of the Plaintiff AviaTurner-Gray.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS, contracts, agreements, or communications (ELECTRONIC or otherwise) between you, including other Avis entities, subsidiaries, contractors, and corporate parents, to or from the Plaintiff's former employer, AMN Healthcare Interim Solutions, LLC (formerly B.E. Smith) and its corporate parent, AMN Healthcare, Inc related to this matter- that is the alleged theft or loss of Nissan Altima CA Plate #8ZXZ692, the mishandling of the

associated rental car exchange of said vehicle in June of 2022, and the associated false arrest of the Plaintiff Avia Turner-Gray in October 2022. Please include all communications with AMN related entities from January 1, 2021 (the beginning of the Plaintiff's contract with AMN) through December 2024.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS and records of all bills, invoices, payments, or reimbursements made to or from AMN Healthcare, Inc./AMN Healthcare Interim Solutions LLC (formerly B.E.Smith) related to this matter for cars leased by them for Avia Turner-Gray from January 10, 2021 through November 15, 2022.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS including a copy of the COMPLETE signed master contract and operating agreement authorizing/governing corporate car rentals by AMN Healthcare, Inc./AMN Healthcare Interim Solutions lLC (formerly B.E.Smith) for their interim employees in effect during the year 2022.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS listing every single vehicle that was leased by AMN Healthcare, Inc. and/or AMN Healthcare Interim Solutions LLC for the benefit of the Plaintiff, Avia Turner-Gray, from January 9, 2021 through October 27, 2022. List the make, model and year of each vehicle along with the service and repair records for those vehicles.

**REQUEST FOR PRODUCTION NO. 16:**

Produce DOCUMENTS of any internal or external complaints (including customer complaints), grievances, or Human Resource reports filed between January 1, 2021 and December 31, 2022

alleging improper car rental procedures, unsafe vehicle condition, improper maintenance of Avis's rental vehicles, or conditions leading to customer endangerment or the false arrest of customers related to Avis issuing false reports of vehicle theft.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS including all server logs, metadata, or IT records related to the management, rental, repair, tracking and inventory control of the Nissan Altima 8ZXZ692 or other relevant communications.

**REQUEST FOR PRODUCTION NO. 18:**

Produce DOCUMENTS in the form of an organizational chart with leadership roles and department and division heads listed for the entity, Avis Budget Car Rental LLC in effect during the year 2022. Include documentation of Avis Budget Car Rental LLC's relationship with other Avis entities designating and including its corporate parent and its corporate relationship to any and every other Avis subsidiary during the year 2022.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS, reports, emails, communications, and records of townhall meetings, trainings, newsletters, corporate directives sent to leadership and/or employees of Avis Budget Car Rental LLC by officers, directors, and leaders at the Avis Budget Group and/or any other Avis related corporate parent and/or any other Avis related entity related to the the rising number of lawsuits and rental car industry upheaval caused by the Hertz car rental false arrest and imprisonment scandal between January 2021 and December of 2022.

**REQUEST FOR PRODUCTION NO. 20:**

Produce DOCUMENTS and records listing any current and prior lawsuits, claims, or settlements involving similar allegations of false arrest against Avis and Avis related entities filed between January 2020 and December 2024. Produce DOCUMENTATION listing the number of false reports of car theft that Avis or Avis related entities filed against innocent renters in the years 2021, 2022, and 2023.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all  DOCUMENTS of any due diligence reports, background checks, or hiring records for third party vendors or contractors involved in the management or handling of any aspect of the car rental process that reached the Plaintiff during the period January 1, 2021 and October 26, 2022.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all and any DOCUMENTS, reports, or investigations, internal or external, relating to the incident giving rise to this case (the false reporting of a car theft for a 2021 Nissan Altima with a California plate number 8ZXZ692) including any reports or DOCUMENTS filed with law enforcement agencies including the San Francisco Police Department and the San Mateo Sheriffs Department. Identify any specific designated group of law enforcement officers that Avis regularly interfaces with in the management of lost or stolen vehicles. Produce DOCUMENTS including a list of the names of the law enforcement officers that are typically contacted by Avis in these circumstances, along with their badge numbers and contact information.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS, reports, emails, and communications detailing the ***exact moment and time*** that the 2021 Nissan Altima with a California plate number 8ZXZ692 that the Plaintiff

rented from the Defendant Avis (with the manager's permission) on June 26, 2022 was found missing from Avis's car lot. Include the complete inventory tracking log DOCUMENT for the vehicle listed in this request up to and including the date of the Plaintiff's arrest on October 26, 2022 for the entire life of the vehicle.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS, reports, emails, and communications, internal and external, detailing the failures and deficiencies of Avis's vehicle inventory tracking system between January 1, 2020 and December 31, 2022. Include DOCUMENTS of communications that were sent to other Avis entities and subsidiaries, and outside agencies, including law enforcement, detailing problems with Avis's inventory tracking system.

**REQUEST FOR PRODUCTION NO. 25:**

Produce DOCUMENTs and records of a call that Avis customer service received from law enforcement Officers with the City of Dublin, California Police Department on October 26, 2022 at approximately 11pm at night related to the recovery of a 2021 Nissan Altima with a California license plate number 8ZXZ692. Produce DOCUMENTS of that vehicle recovery report. Produce DOCUMENTS with of the name, address, and phone number of the towing company that towed the vehicle. Produce DOCUMENTATION including the name, address, phone number, and license number for the Avis representative who told those police officers that the vehicle that they recovered had been missing since June 2022 and who also told the police officers to arrest the Plaintiff.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS, letters, reports, communications, emails, and notices sent to the Plaintiff, Avia Turner-Gray, and/or her employer at the time, AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc., between June 26, 2022 and October 26, 2022 indicating that the vehicle that she had rented from the Defendant on June 26,2022 was late or had not been returned timely as required under California law. Please include DOCUMENTS of all bills that were sent to the Plaintiff's employers as designated above for the rental of that vehicle (2021 Nissan Altima 8ZXZ692) between June 26, 2022 and October 26, 2022. If no such DOCUMENTATION exists in the system, designate that fact in your discovery response.

**REQUEST FOR PRODUCTION NO. 27:**

Produce DOCUMENTS of all internal communications (emails, memos, texts, chat logs) discussing the inventory, theft, or location of the 2021 Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**REQUEST FOR PRODUCTION NO. 28:**

Produce DOCUMENTS of any surveillance footage, photographs, or audio recordings related the Plaintiff's car rental exchange on June 26, 2022 at the SFO Rental Center between 0830 pm and 1030 pm. Provide video of the Plaintiff's rental car return at the Avis return gate at 0849 pm, her transaction with Avis employee "Kenneth" at the Avis car rental counter around 0941 pm, the Plaintiff's conversation with the Avis manager in Avis car lot around 1015 pm, and the Plaintiff's exit from the Avis exit gate that night around 1030 pm. If no video exists of these transactions, please state this in your discovery response.

**REQUEST FOR PRODUCTION NO. 29:**

Produce a copy of all DOCUMENTS containing the business, occupational, and/or state insurance license for Avis Budget Car Rental, LLC. If there are any licenses, certificates, or agreements that authorize Avis Budget Car Rental, LLC to operate out of the San Francisco airport, please provide a copy of these DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 30:**

Produce DOCUMENTS with the name, address, and phone number of Avis Budget Car Rental LLC's insurance carrier. Provide DOCUMENTATION of insurance covering this claim filed by the Plaintiff.

**REQUEST FOR PRODUCTION NO. 31:**

Produce DOCUMENTS in the form of a list of those individuals who were employed by the Defendant, Avis Budget Car Rental LLC, or its parent company or subsidiaries or an outside contractor, to work at the SFO Rental Center site in the training department and/or in human resources (who had training responsibilities) in 2022. Produce DOCUMENTS including their complete personnel files including their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records,  and if applicable, termination documents. Produce all DOCUMENTS  including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individual were outside or independent contractors. If they were outside contractors or independent contractors, please provide a DOCUMENT listing the name, address,  and phone number for the agency or company that the person was employed for. If training responsibilities were not vested in a training department or with human resources, please state this fact in your discovery response. Please provide a  DOCUMENT with a list of the

individuals and the titles of those individuals who were responsible for training rental counter agents, exit gate employees, managers, and supervisors at Avis rental counter at the SFO Rental Center in 2022.

**REQUEST FOR PRODUCTION NO. 32:**

Produce DOCUMENTS including all training materials and inservice education material, ELECTRONIC, online, or otherwise, including the training manuals use to train rental counter agents, exit gate employees, and rental center managers, supervisors, and leads at the Avis Budget Rental counter at SFO rental center.

**REQUEST FOR PRODUCTION NO. 33:**

Produce DOCUMENTS and records for employee 89416 who checked the Plaintiff's vehicle in at the return gate in on June 26, 2022. Produce DOCUMENTS with the employee's name, address, phone number, email address, title, and job description.

**REQUEST FOR PRODUCTION NO. 34:**

Produce DOCUMENTS of any local, state, or federal law enforcement investigations into Avis Budget Car Rental LLC's (and any other Avis related subsidiary or corporate parent) rental activities and practices related to false reports of car thefts leading to false arrest and imprisonment of Avis customers between January 2021 and the present.

**CERTIFICATION**

Pursuant to FRCP 26(g), this request is made in good faith, is not unduly burdensome, and seeks relevant materials proportional to the needs of this case.

DATED: This 19th day of February, 2025

Respectfully submitted,

/s/Avia Turner-Gray

Avia Turner-Gray, Esquire
Plaintiff Pro Per

3538 Cumberland Road
East Point, GA 30344
aviaturnergrayattyatlaw@gmail.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the within and foregoing document upon all parties by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage there on, and/or in the alternative, by sending this request by email to the individuals listed below on the service list to insure delivery to opposing counsel:

Christopher Lee, Esquire
Patrick Albasha, Esquire
Everertt Dorey, LLP
2030 Main Street
Suite 1200
Irvine, CA 92614

This 19TH day of February, 2025

Respectfully submitted,

/s/Avia Turner-Gray____________
Avia Turner-Gray
Plaintiff Pro Per

3538 Cumberland Road
East Point, GA 30344
(404)444-6561

aviaturnergrayattyatlaw@gmail.com