**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
severett@everettdorey.com
Samantha E. Dorey, SBN 281006
sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
clee@everettdorey.com
Patrick Albasha, SBN 316610
palbasha@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC



**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

AVIA TURNER-GRAY,

Plaintiff,

vs.

AVIS BUDGET GROUP, INC., AMN HEALTHCARE SERVICES, INC., B.E. SMITH,

Defendants.

**Case No. 3:23-cv-05507-SI**

*[The Hon. Honorable Susan Illston, Courtroom 1]*

**SUPPLEMENTAL RESPONSES OF DEFENDANT AVIS BUDGET CAR RENTAL, LLC TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF AVIA TURNER-GRAY**

Trial Date: January 20, 2026

PROPOUNDING PARTY: Plaintiff AVIA TURNER-GRAY

RESPONDING PARTY: Defendant AVIS BUDGET CAR RENTAL, LLC

SET NO.: One

Pursuant to Federal Rule of Civil Procedure 34, Defendant AVIS BUDGET CAR RENTAL, LLC ("Responding Party") submits these supplemental responses and objections to the First Set of Requests for Production propounded by Plaintiff AVIA TURNER-GRAY ("Propounding Party").

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

## PRELIMINARY STATEMENT

Responding Party has not completed its investigation of the facts relating to this case, its discovery or its preparation for trial. All responses and objections contained herein are based only upon information that is presently available to and specifically known by Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein.

These responses, while based on diligent inquiry and investigation by Responding Party, reflect only the current state of Responding Party's knowledge, understanding, and belief, based upon the information reasonably available to it at this time. As this action proceeds, and further investigation and discovery are conducted, additional or different facts and information could be revealed to Responding Party. Moreover, Responding Party anticipates that Propounding Party may make legal or factual contentions presently unknown to and unforeseen by Responding Party which may require Responding Party to adduce further facts in rebuttal to such contentions. Consequently, Responding Party may not yet have knowledge and may not fully understand the significance of information potentially pertinent to these responses. Accordingly, these responses are provided without prejudice to Responding Party's right to rely upon and use any information that it subsequently discovers, or that was omitted from these responses as a result of mistake, inadvertence, surprise, or excusable neglect. Without in any way obligating itself to do so, Responding Party reserves the right to modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, in light of the information that Responding Party may subsequently obtain or discover.

Nothing in this response should be construed as an admission by Responding

Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's requests.

Each of the following responses is made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved and may be interposed at the time of trial, hearing, or otherwise. Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response.

The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered information. Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine. To the extent any request may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such request is hereby interposed.

**GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

Responding Party generally objects to the Requests for Production as follows:

A. Responding Party objects generally to the Requests for Production to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

B. Responding Party objects generally to the Requests for Production to

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information.

C. Responding Party objects generally to the Requests for Production to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to produce documents in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party.

D. Responding Party objects generally to the Requests for Production to the extent that they are vague, uncertain, overbroad, and without limitation as to time or specific subject matter.

E. Responding Party objects generally to the Requests for Production to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both.

F. Responding Party objects generally to the Requests for Production to the extent that they seek to have Defendant furnish information and identify documents that are a matter of the public record, and therefore are equally available to the Propounding Party as they are to Responding Party.

G. Responding Party objects generally to the Requests for Production to the extent that they seek to have Responding Party furnish information and identify documents that are proprietary to Responding Party and contain confidential information.

Without waiver of the foregoing, Responding Party further responds as follows:

**SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS identified in your Initial Disclosures in this action. Produce complete copies of any reports referenced in your initial disclosures including copies of all police reports filed by Avis directly or on Avis's behalf by any Avis related company, subsidiary, or outside contractor including (nonexhaustively) the PV Holding Corp., or the Avis Budget Group in relation to this action. Produce the COMPLETE PERSONNEL FILE for any individuals who prepared these reports including the individual's application for employment, background check, performance evaluations, disciplinary records, training record, and if applicable, termination documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession as to DOCUMENTS identified in Initial Disclosures.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS, ELECTRONIC OR OTHERWISE, regarding rental agreement number 756086236 (reservation number 15766940-US-0) for the rental of a Black Nissan Altima that was issued to the Plaintiff by an Avis employee, "KENNETH," on June 26, 2022 at approximately 0930 pm at the Avis Budget Rental Counter in the SFO Rental Center located at 780 McDonnell Road in San Francisco, California. If no records exist regarding this rental, please state this fact in your response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding rental agreement number 756086236 (reservation number 15766940-US-0).

**REQUEST FOR PRODUCTION NO. 3:**

Please provide the full name, home address, phone number, and email address, and California insurance agent license number for employee "Kenneth" identified in the RFD No. 2 above. Produce DOCUMENTS comprising this employee's complete personnel file including his application for employment, job

description, background check, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Please provide DOCUMENTATION of Kenneth's direct supervisor governing and managing his activities on site on June 26, 2022. Provide DOCUMENTATION listing Kenneth's manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered. There are no records of a current employee named "Kenneth" at Avis SFO.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all records and DOCUMENTS related to the Avis rental vehicle given to the Plaintiff on June 26, 2022 at approximately 0930 pm: a Nissan Altima - CA License Plate 8ZXZ692. Produce DOCUMENTS detailing the entire rental history on the vehicle from the time it was initially placed in service with Avis up

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

through October 27, 2022. Said DOCUMENTS should account for the whereabouts of the vehicle for the entire time that it was in service by the Defendant, Avis. DOCUMENTATION and records should account for any periods of inactivity, theft, or loss, or rental. Records should include all service records for that vehicle. If the vehicle was ever reported, lost or stolen, records should include every single DOCUMENT, record, report, memo, video, or any other documentary evidence with regard to that theft or loss. Records should include all internal and external reports regarding the loss or theft and all internal or external investigatory material. Records should include the identity of and complete personnel record DOCUMENTS for all individuals involved in the investigation of any theft or loss of this vehicle during the entire time that the vehicle was in service up until October 27, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding Nissan Altima - CA License Plate 8ZXZ692 from June 2022 to October 2022.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**REQUEST FOR PRODUCTION NO. 5:**

Produce time clock (punch) records and DOCUMENTS for all Avis employees, managers, and contractors who reported for work or who were working at the Avis Budget rental location at the SFO Rental Center. Center located 780 Mcdonnell Road in San Francisco, California on June 26, 2022 between 0700 am and 11pm that day. DOCUMENTS should indicate the employee's or contractor's name, title, job description, and the hours they worked that day.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS listing the names of all leadership personnel, including all directors, managers, assistant managers, supervisors, and team leads, (who would not have been listed in RFP No. 5) who were employed by the Defendant Avis (or

its parent company or subsidiaries) to work at the SFO Rental Center site on June 26, 2022. Produce these employees' complete personnel files including DOCUMENTS of their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individual were outside or independent contractors. If they were outside contractors or independent contractors, please provide DOCUMENTS listing the name, address, and phone number for the agency or company that the person was employed for. Produce DOCUMENTS listing the name and title of the individual who had overall authority at the highest level for Avis operations at the SFO rental center. Produce DOCUMENTS listing the name and title of that leader's supervisor. Produce DOCUMENTATION of the name and title of the individual who was number two in command over Avis operations at the SFO rental center. Provide DOCUMENTATION of the name and title of the individual who managed or supervised Avis rental counter operations on site on the evening of June 26, 2022 from 0830 pm to 1030 pm.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 6</u>:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 7:**

Produce DOCUMENTATION including Avis's complete Employee Handbook in effect during the year 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**REQUEST FOR PRODUCTION NO. 8:**

Produce all policy and procedure DOCUMENTS and manuals governing rental operations at Avis Budget Car Rental LLC d/b/a Avis at the SFO Rental Center in 2022. The policy and procedure manual DOCUMENTS should be complete and list in detail the correct steps necessary in order for an employee to rent and return a vehicle to a customer, and the correct steps for rental car pickups, returns, exchanges, and appropriate entry gate and exit gate procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS listing every employee or contractor who worked for Avis's loss prevention group (car theft prevention or car loss group) during the year 2022. Please include any employee or contractor who had car loss prevention

responsibilities even if those employees were directly employed by a Avis related agent, subsidiary, contractor, or corporate parent including the PV Holding Corp. or the Avis Budget Group. Produce DOCUMENTS listing the name, address, phone number, email address, and state license number for each of these individuals. Produce DOCUMENTATION including these employees' complete personnel files including their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individuals were outside or independent contractors. If they were outside contractors or independent contractors, please provide DOCUMENTATION list the name, address, and phone number for the agency or company that the person was employed for.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain

ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 10:**

Produce DOCUMENTS comprising the complete policy and procedure manual without exception governing the step by step management, handling, and investigation of cars alleged to have been stolen or lost by Avis's Loss Prevention Group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS including contracts, agreements, or communications (ELECTRONIC or otherwise) between you and other Avis entities, subsidiaries, contractors, and corporate parents, related to this matter- that is the alleged theft or loss of Nissan Altima Plate CA Plate #8ZXZ692, the mishandling of the associated rental car exchanges of said vehicle in June of 2022, and the associated false arrest of the Plaintiff Avia Turner-Gray.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS, contracts, agreements, or communications (ELECTRONIC or otherwise) between you, including other Avis entities, subsidiaries, contractors, and corporate parents, to or from the Plaintiff's former employer, AMN Healthcare Interim Solutions, LLC (formerly B.E. Smith) and its corporate parent, AMN Healthcare, Inc related to this matter- that is the alleged theft or loss of Nissan Altima CA Plate #8ZXZ692, the mishandling of the associated rental car exchange of said vehicle in June of 2022, and the associated false arrest of the Plaintiff Avia Turner-Gray in October 2022. Please include all communications with AMN related entities from January 1, 2021 (the beginning of the Plaintiff's contract with AMN) through December 2024.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS and records of all bills, invoices, payments, or reimbursements made to or from AMN Healthcare, Inc./AMN Healthcare Interim Solutions LLC (formerly B.E.Smith) related to this matter for cars leased by them for Avia Turner-Gray from January 10, 2021 through November 15, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS including a copy of the COMPLETE signed master contract and operating agreement authorizing/governing corporate car rentals by AMN Healthcare, Inc./AMN Healthcare Interim Solutions lLC (formerly B.E. Smith) for their interim employees in effect during the year 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS listing every single vehicle that was leased by AMN Healthcare, Inc. and/or AMN Healthcare Interim Solutions LLC for the

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

benefit of the Plaintiff, Avia Turner-Gray, from January 9, 2021 through October 27, 2022. List the make, model and year of each vehicle along with the service and repair records for those vehicles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 16:**

Produce DOCUMENTS of any internal or external complaints (including customer complaints), grievances, or Human Resource reports filed between January 1, 2021 and December 31, 2022 alleging improper car rental procedures, unsafe vehicle condition, improper maintenance of Avis's rental vehicles, or conditions leading to customer endangerment or the false arrest of customers related to Avis issuing false reports of vehicle theft.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS including all server logs, metadata, or IT records related to the management, rental, repair, tracking and inventory control of the Nissan Altima 8ZXZ692 or other relevant communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 18:**

Produce DOCUMENTS in the form of an organizational chart with leadership roles and department and division heads listed for the entity, Avis Budget Car Rental LLC in effect during the year 2022. Include documentation of Avis Budget Car Rental LLC's relationship with other Avis entities designating and including its corporate parent and its corporate relationship to any and every other Avis subsidiary during the year 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS, reports, emails, communications, and records of townhall meetings, trainings, newsletters, corporate directives sent to leadership and/or employees of Avis Budget Car Rental LLC by officers, directors, and leaders at the Avis Budget Group and/or any other Avis related corporate parent and/or any other Avis related entity related to the rising number of lawsuits and rental car industry upheaval caused by the Hertz car rental false arrest and imprisonment scandal between January 2021 and December of 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**REQUEST FOR PRODUCTION NO. 20:**

Produce DOCUMENTS and records listing any current and prior lawsuits, claims, or settlements involving similar allegations of false arrest against Avis and Avis related entities filed between January 2020 and December 2024. Produce DOCUMENTATION listing the number of false reports of car theft that Avis or Avis related entities filed against innocent renters in the years 2021, 2022, and 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS of any due diligence reports, background checks, or hiring records for third party vendors or contractors involved in the management or handling of any aspect of the car rental process that reached the Plaintiff during the period January 1, 2021 and October 26, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all and any DOCUMENTS, reports, or investigations, internal or external, relating to the incident giving rise to this case (the false reporting of a car theft for a 2021 Nissan Altima with a California plate number 8ZXZ692) including any reports or DOCUMENTS filed with law enforcement agencies including the San Francisco Police Department and the San Mateo Sheriffs Department. Identify any specific designated group of law enforcement officers that Avis regularly interfaces with in the management of lost or stolen vehicles. Produce DOCUMENTS including a list of the names of the law enforcement officers that are typically contacted by Avis in these circumstances, along with their badge numbers and contact information.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS, reports, emails, and communications detailing the ***exact moment and time*** that the 2021 Nissan Altima with a California plate number 8ZXZ692 that the Plaintiff rented from the Defendant Avis (with the manager's permission) on June 26, 2022 was found missing from Avis's car lot. Include the complete inventory tracking log DOCUMENT for the vehicle listed in this request up to and including the date of the Plaintiff's arrest on October 26, 2022 for the entire life of the vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not

proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS, reports, emails, and communications, internal and external, detailing the failures and deficiencies of Avis's vehicle inventory tracking system between January 1, 2020 and December 31, 2022. Include DOCUMENTS of communications that were sent to other Avis entities and subsidiaries, and outside agencies, including law enforcement, detailing problems with Avis's inventory tracking system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to and without waiving the foregoing objections, Responding Party

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 25:**

Produce DOCUMENTs and records of a call that Avis customer service received from law enforcement Officers with the City of Dublin, California Police Department on October 26, 2022 at approximately 11pm at night related to the recovery of a 2021 Nissan Altima with a California license plate number 8ZXZ692. Produce DOCUMENTS of that vehicle recovery report. Produce DOCUMENTS with of the name, address, and phone number of the towing company that towed the vehicle. Produce DOCUMENTATION including the name, address, phone number, and license number for the Avis representative who told those police officers that the vehicle that they recovered had been missing since June 2022 and who also told the police officers to arrest the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to and without waiving the foregoing objections, Responding Party

responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS, letters, reports, communications, emails, and notices sent to the Plaintiff, Avia Turner-Gray, and/or her employer at the time, AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc., between June 26, 2022 and October 26, 2022 indicating that the vehicle that she had rented from the Defendant on June 26,2022 was late or had not been returned timely as required under California law. Please include DOCUMENTS of all bills that were sent to the Plaintiff's employers as designated above for the rental of that vehicle (2021 Nissan Altima 8ZXZ692) between June 26, 2022 and October 26, 2022. If no such DOCUMENTATION exists in the system, designate that fact in your discovery response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 27:**

Produce DOCUMENTS of all internal communications (emails, memos, texts, chat logs) discussing the inventory, theft, or location of the 2021 Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**REQUEST FOR PRODUCTION NO. 28:**

Produce DOCUMENTS of any surveillance footage, photographs, or audio recordings related the Plaintiff's car rental exchange on June 26, 2022 at the SFO

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Rental Center between 0830 pm and 1030 pm. Provide video of the Plaintiff's rental car return at the Avis return gate at 0849 pm, her transaction with Avis employee "Kenneth" at the Avis car rental counter around 0941 pm, the Plaintiff's conversation with the Avis manager in Avis car lot around 1015 pm, and the Plaintiff's exit from the Avis exit gate that night around 1030 pm. If no video exists of these transactions, please state this in your discovery response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 29:**

Produce a copy of all DOCUMENTS containing the business, occupational, and/or state insurance license for Avis Budget Car Rental, LLC. If there are any licenses, certificates, or agreements that authorize Avis Budget Car Rental, LLC to

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

operate out of the San Francisco airport, please provide a copy of these DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 30:**

Produce DOCUMENTS with the name, address, and phone number of Avis Budget Car Rental LLC's insurance carrier. Provide DOCUMENTATION of insurance covering this claim filed by the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS in the form of a list of those individuals who were employed by the Defendant, Avis Budget Car Rental LLC, or its parent company or subsidiaries or an outside contractor, to work at the SFO Rental Center site in the training department and/or in human resources (who had training responsibilities) in 2022. Produce DOCUMENTS including their complete personnel files including their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individual were outside or independent contractors. If they were outside contractors or independent contractors, please provide a DOCUMENT listing the name, address, and phone number for the agency or company that the person was employed for. If training responsibilities were not vested in a training department or with human resources, please state this fact in your discovery response. Please provide a DOCUMENT with a list of the

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

individuals and the titles of those individuals who were responsible for training rental counter agents, exit gate employees, managers, and supervisors at Avis rental counter at the SFO Rental Center in 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 32:**

Produce DOCUMENTS including all training materials and in service education material, ELECTRONIC, online, or otherwise, including the training manuals use to train rental counter agents, exit gate employees, and rental center managers, supervisors, and leads at the Avis Budget Rental counter at SFO rental center.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 33:**

Produce DOCUMENTS and records for employee 89416 who checked the Plaintiff's vehicle in at the return gate in on June 26, 2022. Produce DOCUMENTS with the employee's name, address, phone number, email address, title, and job description.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not

proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 34:**

Produce DOCUMENTS of any local, state, or federal law enforcement investigations into Avis Budget Car Rental LLC's (and any other Avis related subsidiary or corporate parent) rental activities and practices related to false reports of car thefts leading to false arrest and imprisonment of Avis customers between January 2021 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession,

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

DATED: April 15, 2025 EVERETT DOREY LLP

By: ______________________

Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Patrick Albasha
Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

File No. 1115-02

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

## PROOF OF SERVICE

**Turner-Gray, Avia v. Avis Budget Group, Inc., et al.**
**USDC (Northern) Case No. 3:23-cv-05507-SI**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 2030 Main Street, Suite 1200, Irvine, CA 92614.

On April 15, 2025, I served true copies of the following document(s) described as

**SUPPLEMENTAL RESPONSES OF DEFENDANT AVIS BUDGET CAR RENTAL, LLC TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF AVIA TURNER-GRAY**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address nshannon@everettdorey.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 15, 2025, at Irvine, California.

Nydia Shannon

File No. 1115-02

**SERVICE LIST**
**Turner-Gray, Avia v. Avis Budget Group, Inc., et al.**
**USDC (Northern) Case No. 3:23-cv-05507-SI**

| | |
|---|---|
| Avia Turner-Gray, Esq.<br>3538 Cumberland Road<br>East Point, GA 30344<br>(404) 444-6561<br>aviaturnergrapyattyatlaw@gmail.com | In Pro Per |

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110