Avia Turner-Gray, Esquire
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AVIA TURNER-GRAY**<br><br>Plaintiff,<br><br>vs.<br><br>**AVIS BUDGET CAR RENTAL LLC,**<br><br>**DOES 1 THROUGH 50.**<br><br>Defendants. | **Case No. 3:23-CV-05507-SI**<br><br>**JOINT STATEMENT ON DISCOVERY DISPUTE RE: PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANT PURSUANT TO FED. R. CIV. P. 26, 34, AND 37(a)(1): REQUEST FOR EMERGENCY HEARING ON DEFENDANT'S REFUSAL/FAILURE TO PROVIDE PLAINTIFF WITH REQUESTED DISCOVERY**<br><br>Hearing Date: October 17, 2025<br>(**Request for an Expedited Hearing Date**)<br>Hearing Time: 10:00 am<br>Judge: Honorable Susan Illston<br>Courtroom: 1 |

The Plaintiff hereby submits to the Court this Joint Statement on Discovery Dispute in compliance with the Court's Order on Discovery issued on October 7, 2025. Defendant disputes Plaintiff's accusations herein (see Defendant's Position below). This dispute centers on

Defendant's willful refusal to hand over documents requested in the Plaintiff's First Request for the Production of Documents served on February 20, 2025. Parties have met and conferred on these issues four times and have been unable to reach an agreement on the outstanding requested documents. We are at impasse. There are also issues surrounding the Defendant's failure to answer interrogatories which will be addressed in a second discovery dispute letter. Plaintiff requests that the Court intervene and rule on these issues in an expedited manner. Time is of the essence.

## PLAINTIFF'S INTRODUCTORY STATEMENT

**Plaintiff's Factual Summary**

In October of 2022, the Plaintiff was unlawfully arrested for driving a rental vehicle that the Defendant, Avis Budget Car Rental, LLC, had falsely reported as stolen to law enforcement authorities after the company, by and through their employees, leadership, vendors, and contractors, intentionally mishandled, mismanaged, and misdocumented the car rental itself.

## DISCOVERY ISSUES AMONG PARTIES

In October 2023, the Plaintiff sued the Defendant for false imprisonment/false arrest, negligence, gross negligence, malicious prosecution, fraud/intentional misrepresentation, intentional infliction of emotional distress, and negligent hiring, retention, supervision, and training. On February 20, 2025, Plaintiff served the Defendant with a Request for Production of Documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (See Appendix A). The requested documents were due on March 21, 2025. On that date, the Defendant wrongfully refused to produce documents based on boilerplate language (See Appendix B). On April 15, 2025, the Defendant submitted supplementary discovery to the Plaintiff with responses that were based on boilerplate language and which were essentially unresponsive to the bulk of

the Plaintiff's Request for the Production of Documents (See Appendix C). As of October 15, 2025, the Defendant willfully has not produced:

1) The police report filed on the allegedly stolen vehicle (RFP 1, 4, 22, 34);

2) Personnel files including applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, and training records for employees (rental counter agents and exit gate employees), team leads, leadership, management, asset recovery personnel, and training personnel and contractors who were employed by the Defendant at the SFO Rental Center on June 26, 2022 (RFP 3, 6, 9, 21, 31);

3) Training materials used to train rental counter agents, exit gate employees, rental center managers, supervisors, leads, and asset recovery personnel at the SFO Rental Center (RFP 32);

4) Policy and procedure manuals governing rental operations at the SFO Rental Center including the correct steps (the standard operating procedures) that should be executed in order to correctly rent a vehicle to and return a vehicle from a customer (RFP 8, 10);

5) Employee handbooks electronic or otherwise (also sometimes called corporate codes of conduct) usually signed by employees upon their initial employment with Avis and usually annually after that. These documents are typically held in the employee's personnel file (RFP 7);

6) Clock in and clock out records of employees working at the SFO Rental Center for the date June 26, 2022 (RFP 5);

7) The complete signed master contract and operating agreement between Avis and AMN Healthcare/AMN Healthcare Interim Solutions, LLC (formerly B.E. Smith) authorizing and governing the rental of Avis vehicles to AMN's interim employees (RFP 14);

8) The organizational chart with leadership roles and department and division heads listed for the entity Avis Budget Car Rental LLC effective during the year 2022 (RFP 18);

9) Documents of any due diligence reports, background checks, hiring records for third party vendors or contractors involved in the management or handling of any aspect of the car rental process that reached the Plaintiff (RFP 21);

10) Other pertinent requested material.

More disturbingly, the Defendant has denied the existence of requested documents which it has in its possession. Plaintiff engaged an investigator on July 14, 2025 who found portions the following relevant and probative requested documents online: 1) Avis's Code of Conduct (the employee handbook), 2) Avis Budget Group Start Date Details (onboarding, policy and procedure, role-based training materials for new Avis employees), 3) Avis's Human Rights Policy Statement, 4) Avis's Third-Party Standards of Conduct, 5) Environmental, Social, and Governance Report. This information was found at https://www.avisbudgetgroup.jobs/start-date-details, https://www.avisbudgetgroup.jobs/start, https://www.avisbudgetgroup.com (See Appendix D). This proves that training, onboarding, policy and procedure materials, and employee handbooks DO EXIST, are easily available, and they are provided to ALL Avis employees online. The Defendant has wrongfully refused to provide this information to the Plaintiff to the detriment of her case.

The Defendant also deceptively asserts that they handed over 1700 pages of requested discovery. In supplemental discovery submitted to the Plaintiff in April of 2025, the Defendant handed over a single file that contained 1700 pages of repetitive emails and human resources documents primarily from AMN Healthcare Interim Solutions LLC, a former Defendant in this case. Many of the pages were duplicates so the file is much smaller than it appears, and that production provided documentary responses to only a small number of Plaintiff's initial requests. That supplemental discovery was essentially unresponsive to the majority of the Plaintiff's documentary requests.

The Defendant, in their defense statement below, mystically alleges that the Plaintiff unilaterally drafted and submitted a Joint Statement on Discovery Dispute out of the clear, blue sky without any input from the Defendant at all. That is a lie. The Plaintiff placed the

Defendant's drafted defense statement verbatim into the Joint Statement. The Defendant then refused to sign it or sign off on it even after the Plaintiff revised it several more times to accommodate the Defendant's requests.

**Avis's History of Wrongfully Withholding Discovery**

The Defendant has also refused to fully answer interrogatories served on them on July 7, 2025. Their responses were nonexistent, incomplete, or nonconforming. Their noncompliance will be the subject of a second discovery dispute letter.

The Defendant will not allow the Plaintiff to submit additional sets of interrogatories. The Defendant is not complying with the Plaintiff's request that they produce their employees for deposition. The Defendant has willfully refused to produce ANY additional discovery, including non-privileged and nonconfidential information, unless the Plaintiff agrees to sign a broad protective agreement covering ALL discovery requested. A broad protective order would give Avis wide latitude and discretion to continue to wrongfully withhold pertinent requested discovery. They would deem EVERY SINGLE DOCUMENT confidential forcing the Plaintiff on a time-consuming and expensive journey to get basic documents pertinent to her case. The Defendant is literally holding all of the discovery hostage including the names of Avis's management, leadership, team leads, and training personnel. The discovery process has come to a screeching halt as a direct result of the Defendant's malfeasance.

## <u>DEFENDANT'S POSITION</u>

Avis' counsel denies the allegations that Plaintiff makes against them and Avis in this Joint Statement. Avis would like to try to resolve this discovery dispute by producing additional documents in response to Plaintiff's recently-delineated demands, pursuant to a standard confidentiality protective order. Therefore, Avis requests that this Court enter the standard order

as set forth on the Court's website https://cand.uscourts.gov/forms/model-protective-orders/; that Avis then produce further responsive documents that hopefully would resolve the dispute; and that the parties continue to meet and confer to determine if there are any outstanding issues. During the most recent meet and confer with Plaintiff , Defendant's counsel attempted to understand Plaintiff's refusal to stipulate to a confidentiality protective order. Defendant's counsel inquired why Plaintiff would desire to share documents produced confidentially in this matter with unrelated third parties, but was unable to obtain a direct response to the question.

On February 19, 2025, Plaintiff served 34 Requests for Production, many of which were objectionable and unintelligible, including whole paragraphs of disparate requests with seeming attempts to intersperse interrogatories as well. On March 21, 2025, Avis responded to the Requests with legal objections. On April 15, 2025, Avis provided supplemental responses to the Requests and produced over 1,700 pages of documents. Most of Avis' responses were statements that a diligent search had been made to locate responsive documents as best could be gleaned from the vague requests, but that no responsive documents could be found.

From April 15, 2025 through July 14, 2025, Plaintiff had only indicated a generalized dissatisfaction with Avis' responses and document production, but the only specific demand for further information was for the identification of all employees working on the date at issue. Throughout that period, in order to address Plaintiff's demand for a list of employees, Avis' counsel requested Plaintiff serve an interrogatory asking for that information, as there was no responsive documents found that had that information. Plaintiff initially agreed, but then insisted on demanding further documents. On July 14, 2025, Avis' counsel was able to have a telephonic meet and confer with Plaintiff. It was only at the July 14, 2025 meet and confer that Avis' counsel obtained an actual description of Plaintiff's specific demands for further documents. As

to Plaintiff's basis for demanding further responses to the requests, even though Avis did respond that it had no documents, Plaintiff's position was that she simply disbelieved Avis.

However, once Plaintiff provided the specific delineation and description of the documents she was looking for, Avis' counsel was better able to work with Avis to try to locate responsive documents. On July 25, 2025, Avis' counsel informed Plaintiff that they intended to produce further documents to try to resolve or at least narrow the discovery dispute, but requested that Plaintiff first agree to a Joint Stipulation for Confidentiality Protective Order of the standard form provided by the Court, as many of the documents, including proprietary business documents and private third-party employee personnel files, are confidential and private. Unfortunately, on July 30, 2025, Plaintiff responded: "I do not agree with the proposed blanket protective order at all. That is a hard no! If you have concerns regarding the confidentiality of any of the discovery that I have asked of your client, most of which I have not received, you will need to bring those concerns, on a case by case basis, before the Court." In response on the same day, Avis' counsel responded again asking that Plaintiff agree to the model protective order to facilitate production of further documents.

Also on July 30, 2025, Avis' counsel returned the agreed-upon Joint Statement for Discovery Dispute for Plaintiff to file. Avis' counsel did not receive any further communication from Plaintiff from July 30, 2025 through September 12, 2025, when Plaintiff filed a new, unapproved, unilaterally drafted "Joint Statement" to this Court (Dkt. 81). Plaintiff had not shown any changes to Avis' counsel or asked for input or approval over the 1.5 month period, before unilaterally filing the document.

Only after filing the document, on September 15, 2025, Plaintiff contacted Avis' counsel to request approval of a new Joint Statement and asked to meet and confer regarding

Interrogatories. The next day, on September 16, 2025, Avis' counsel responded to Plaintiff reiterating the request for a protective order, and asking "Nor is there a reason that information in this lawsuit would or should be treated as not confidential, meaning sharing it with unrelated third parties. Can you please provide the reason that you would need to treat materials in this case as non-confidential?" Plaintiff has never fully answered that question. Avis' counsel also asked Plaintiff to conform the Joint Statement to the Court's Rules, and agreed to meet and confer further.

Plaintiff and Avis' counsel met and conferred remotely on September 19, 2025. Plaintiff indicated that she would review the Model Protective Order and respond whether it was acceptable the next week.

On September 23, 2025, Plaintiff responded that she refused to agree to the Model Protective Order because it gave "even more power to withhold legitimately requested discovery information. The model protective order is too broad."

Upon receipt of this Court's October 7, 2025 Order, Avis' counsel emailed Plaintiff asking to schedule a meet and confer by the October 10, 2025 deadline. Plaintiff did not respond. On October 13, 2025, Avis' counsel reiterated the request to telephonically meet and confer. Plaintiff responded that she was available on October 14, 2025. On October 14, 2025 Plaintiff and Avis' counsel met and conferred. Plaintiff again refused to enter into the model protective order but indicated that she would review again and respond with an alternative proposal for a protective order. Plaintiff has not yet provided said proposal.

**CONCLUSION**

The Plaintiff asks this Court for an expedited hearing to review the Defendant's responses to the Plaintiff's original Request for the Production of Documents for compliance.

Plaintiff would like this Court to issue an order mandating that the Defendant produce all outstanding documents that have been requested of them within seven days.

**CERTIFICATION**

This request is made in good faith, is not unduly burdensome, and seeks relevant materials proportional to the needs of this case.

DATED: This 15th day of October 2025,

Respectfully submitted,

/s/Avia Turner-Gray

______________________________

Avia Turner-Gray, Esquire
Plaintiff In Pro Per
3538 Cumberland Road
East Point, GA 30344
aviaturnergrayattyatlaw@gmail.com

/s/Christopher Lee

______________________________

Christopher Lee, Esquire
Counsel for Defendant Avis
Everett Dorey, LLP
2030 Main Street
Suite 1200
Irvine, CA 92614

# APPENDIX

## APPENDIX A

PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM THE DEFENDANT AVIS BUDGET CAR RENTAL, LLC: FEBRUARY 19, 2025

## APPENDIX B

RESPONSE OF DEFENDANT AVIS  BUDGET CAR RENTAL LLC TO THE PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS: MARCH 21, 2025

## APPENDIX C

SUPPLEMENTAL RESPONSES OF DEFENDANT AVIS BUDGET CAR RENTAL, LLC. TO PLAINTIFF AVIA TURNER-GRAY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS : APRIL 15, 2025

## APPENDIX D

ONLINE DOCUMENTS FROM THE AVIS EMPLOYMENT WEBSITE REFERENCING EMPLOYEE ONBOARDING AND TRAINING MATERIALS, CODES OF CONDUCT (EMPLOYEE HANDBOOKS), POLICY AND PROCEDURE MANUALS AND OTHER MATERIAL THAT THE DEFENSE FALSELY ASSERTED AS NOT BEING IN EXISTENCE AT THE MEET ND CONFER MEETING ON  JULY 14, 2025