Avia Turner-Gray, Esquire
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AVIA TURNER-GRAY**<br><br>Plaintiff,<br><br>vs.<br><br>**AVIS BUDGET CAR RENTAL, LLC**<br><br>**JOHN DOES 1 THROUGH 50,**<br><br>Defendants. | Case No.3:23-CV-05507-SI**:**<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR CONTINUANCE OF ALL CASE DUE DATES TO RESOLVE UNDERLYING DISCOVERY DISPUTE ISSUES**<br><br>*TRIAL DATE: OCTOBER 26, 2026*<br><br>*HONORABLE JUDGE SUSAN ILLSTON*<br><br>*COURTROOM 1* |

**INTRODUCTION**

Plaintiff Avia Turner-Gray respectfully submits this **Motion for Continuance of All Case Deadlines** in the above referenced matter against Defendant(s) Avis Budget Car Rental. LLC et. al ("Avis"). This motion addresses a critical discovery dispute that has rendered the current case schedule unworkable that substantially prejudices the Plaintiff's case by depriving her and her experts of the opportunity to adequately prepare for trial.

The core issue is straightforward: the Defendant has systematically failed to comply with their discovery obligations under the Federal Rules of Civil Procedure and, more significantly, have violated a prior Order of this Court. Defendants have refused to produce documents responsive to Plaintiff's Requests for Production of Documents served pursuant to Federal Rule of Civil Procedure 34 and have failed to provide complete and adequate responses to Plaintiff's Interrogatories served pursuant to Federal Rule of Civil Procedure 33. These failures are not inadvertent oversights or good faith disputes about the scope of discovery; rather, they constitute willful violations of a judicial directive issued on October 16, 2025.

Plaintiff has exhausted all reasonable informal mechanisms to resolve this dispute. Plaintiff has engaged in extensive meet and confer efforts, including written correspondence, telephone conferences, and substantive discussions with Defendant's counsel.

On May 4, 2026, opposing counsel agreed to stipulate to a continuance of deadlines to allow for the resolution of the underlying discovery dispute. Parties will jointly draft and submit a Stipulated Agreement to Continue all Trial Deadlines and another brief discovery dispute letter under separate cover.

**DEFENDANT'S NONCOMPLIANCE HAS SUBSTANTIALLY IMPAIRED THE PLAINTIFF'S CASE**

Defendant has withheld large amounts of discovery documents. The Plaintiff's experts cannot complete their expert reports circumscribing their full opinions and testimony to this Court about Defendant's wrongful actions. Pursuant to the Federal rules of Civil Procedure, experts are typically not allowed to opine on issues beyond the boundary of their expert reports. The Defendant has wrongfully withheld documents to limit and curtail the depth and scope of the

Plaintiff's expert's opinions. This substantially prejudices the Plaintiff's case. They have completely ignored the Court's order. Without enforcement action including a Motion to Compel, penalties, sanctions and oversight (via a discovery referee), the Defendant will not voluntarily hand over discovery that is detrimental to its case.

Plaintiff therefore seeks three specific forms of relief, each of which is independently justified and collectively necessary to facilitate further orderly discovery processes:

**First**, Plaintiff requests a minimum four-month continuance of all case deadlines under Federal Rule of Civil Procedure 6(b) and Rule 16(b)(4). Fed. Rules Civ Proc R 6. This extension is necessary to permit orderly resolution of the discovery dispute, to allow Defendants adequate time to comply with any court order compelling production and to enable the parties to complete remaining discovery and trial preparation on a reasonable timeline.

**Second**, Plaintiff requests enforcement action via the discovery dispute process compelling Defendants to produce all outstanding documents and to provide complete, verified interrogatory responses by a date certain under Federal Rule of Civil Procedure 37(a). This relief is warranted because Defendants have violated Rules 33 and 34 and have failed to comply with the Court's Prior Order. Defendants have not provided any substantially justified basis for their continued noncompliance.

***Plaintiff does understand that the pathway to a motion to compel in this matter begins as a discovery dispute*** per the **Order Re: Discovery** issued by this Court on October 16, 2025. Plaintiff understands that counsel must submit another joint letter brief regarding the discovery dispute. Plaintiff is requesting that the Court allow this process to unfold.

**Third**, Plaintiff requests that the Court appoint a discovery referee pursuant to Federal

Rule of Civil Procedure 53 to manage the discovery dispute, oversee Defendants' compliance with any potential **Order to Compel**, and resolve any disputes regarding the adequacy of responses. Fed. R. Civ. P. 53.

## FACTUAL BACKGROUND

### I. Procedural History and the Prior Court Order

In October of 2022, the Plaintiff was unlawfully arrested for driving a rental vehicle that the Defendant Avis falsely reported as stolen to law enforcement authorities after the company intentionally mishandled, mismanaged, and misdocumented the car rental itself.

## DISCOVERY ISSUES AMONG PARTIES

In October 2023, the Plaintiff sued the Defendant for false imprisonment/false arrest, negligence, gross negligence, malicious prosecution, fraud/intentional misrepresentation, intentional infliction of emotional distress, and negligent hiring, retention, supervision, and training. On February 20, 2025, Plaintiff served the Defendant with a Request for Production of Documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. The requested documents were due on March 21, 2025. On that date, the Defendant wrongfully refused to produce documents based on boilerplate language. On April 15, 2025, the Defendant submitted supplementary discovery to the Plaintiff with responses that were based on boilerplate language and which were essentially unresponsive to the bulk of the Plaintiff's Request for the Production of Documents. As of October 15, 2025, the Defendant willfully had not produced:

1) The police report filed on the allegedly stolen vehicle (RFP 1, 4, 22, 34);
2) Personnel files including applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, and training records for employees (rental counter agents and exit gate employees), team leads, leadership, management, asset recovery personnel, and training personnel and

contractors who were employed by the Defendant at the SFO Rental Center on June 26, 2022 (RFP 3, 6, 9, 21, 31);

3) Training materials used to train exit gate employees, rental center managers, supervisors, leads, and asset recovery/security personnel at the SFO Rental Center (RFP 32);

4) Policy and procedure manuals governing rental operations at the SFO Rental Center (RFP 8, 10);

5) Conforming clock in and clock out records of employees working at the SFO Rental Center for the date June 26, 2022 (RFP 5).

**Prior Order Re: Discovery Issued October 16, 2026**

In October of 2025, parties submitted a heavily contested discovery dispute letter to this Court over the items listed above. Defendant argued that at the time that it was unwilling to produce the discovery requested until the Plaintiff consented to a protective order.

On October 16, 2025, this Court issued a protective order regarding this case. The Court also issued an **Order Re: Discovery** requiring Defendant Avis to respond to all outstanding discovery requests within two weeks of the entry of the protective order. The Court's Order was clear, unambiguous, and provided Defendants with adequate notice of their obligations. The Court further directed parties to cooperate with each other regarding the scheduling of depositions and any other discovery matters.

## II. Defendant's Discovery Violations

Despite the issuance of the **Order Re: Discovery** and the protective order dated October 16, 2025 with clear deadlines established therein, Defendants have failed to comply with their discovery obligations. The majority of the items listed above have still not been submitted to the Plaintiff. Defendants have provided no proper explanation for nonproduction of these

documents, nor have they asserted any valid objection or claim of privilege that would justify withholding the documents.

## LEGAL STANDARDS

Rule 37(b) provides that if a party fails to obey a discovery order, the Court may issue just orders including staying further proceedings until the order is obeyed.Fed. R. Civ. P. 37.

Federal Rule of Civil Procedure 6(b)(1) permits a court to extend time for performing an act when good cause is shown. Fed. R. Civ. P. 6. Additionally, when a case is governed by a scheduling order, Federal Rule of Civil Procedure 16(b)(4) provides that the schedule may be modified for good cause and with the judge's consent. Fed. R. Civ P. 16.

The good cause standard under Rule 16(b)(4) requires the moving party to demonstrate that the scheduling deadlines cannot be met despite the moving party's diligent efforts. Diligence is the primary consideration in good cause analysis. Courts recognize that good cause may be satisfied when circumstances beyond the moving party's control, such as the opposing party's discovery violations, prevent compliance with the original schedule. Martel v. County of Los Angeles, 56 F.3d. 993 (1995).

## ARGUMENT

### III. Meet-and-Confer Efforts

Plaintiff has made extensive good faith efforts to resolve the discovery dispute without court intervention, as required by Federal Rule of Civil Procedure 37(a).

Plaintiff's counsel sent a letter to Defendant’s counsel requesting that Defendants produce the outstanding documents and complete the outstanding interrogatories on January 30, 2026, March 5, 2026, April 16, 2026, and May 1, 2026. The letters identified the specific requests that

remained outstanding. These letters also noted that Defendant's noncompliance violated the prior **Order re: Discovery**.

Parties participated in Meet and Confer teleconferences regarding outstanding discovery issues on February 11, 2026, April 16, 2026, and May 1, 2026. During these discussions, Plaintiff urged the Defendant to submit outstanding requested discovery documents.

The Defendant has provided some limited supplementary discovery in the form of several job descriptions. The Defendant provided five policies and procedures out of the entire Avis policy and procedure manual after Plaintiff complained about the Defendant's submission of altered documents in a prior discovery production run. They did provide some payroll information on employees in a nonconforming format that deceitfully excluded the timestamp information. Defendant produced a list of employees who work for Avis, but the Defendant did not provide the job descriptions, employment statuses, dates of employment, contact information, or the names of the managers of those individuals as requested.

As of today, May 4, 2026, the discovery dispute remains unresolved. Defendants have not produced all of the outstanding documents requested of them and have not provided any credible timeline for compliance. Further meet-and-confer efforts would be futile given Defendant's demonstrated unwillingness or inability to comply with their discovery obligations.

**A. The Original Schedule Cannot Reasonably Be Met Despite Plaintiff's Diligent Efforts**

The original case schedule cannot reasonably be met given Defendant's discovery violations. Plaintiff cannot meaningfully prepare for depositions, complete expert analysis, file dispositive motions, or evaluate settlement without access to the discovery to which Plaintiff is

entitled. The current schedule does not provide sufficient time to resolve the discovery disputes, obtain the withheld materials, and then complete the substantial work necessary for trial preparation.

A four-month extension of all deadlines including the fact discovery cutoff, expert disclosure deadlines, dispositive motion deadlines, and pretrial conference is necessary to allow Plaintiff to obtain the discovery owed, conduct depositions, develop expert opinions, and prepare dispositive motions on a reasonable timeline.

**B. Prejudice Analysis**

The continuance will not unduly prejudice the Defendant. It will instead allow the Defendant to time to comply with the Court's Order regarding Discovery.

Conversely, Plaintiff faces substantial prejudice if the current deadlines remain in effect. Without access to Defendant's complete discovery responses, Plaintiff cannot adequately prepare for depositions or develop factual support for claims. Expert work cannot proceed without the underlying factual record. Dispositive motions cannot be filed with confidence when critical discovery remains outstanding.

The Plaintiff's case is already actively substantially prejudiced by the Defendant's willful noncompliance with the Court's discovery orders. The Defendant has consistently acted in bad faith and has been entirely evasive and deceitful in the discovery process. The Defendant has actively concealed the identity of their involved employees and coconspirators to prevent them from being added as Does to this case. The Defendant has removed multiple pages out of their document production runs to conceal the fact that their employees and managers do not abide the company's rules. The Defendant has actively lied about the existence of a central human

resources or training departmStent altogether. They have lied to the Plaintiff in naming the correct parties in interest in this matter. They have refused to calendar depositions for their employees up to this day. They have attempted to bury the Plaintiff in a mountain of deception a mile deep.

**C. The Court's Inherent Authority and Interests of Judicial Efficiency**

The Court possesses inherent authority to manage its docket and to enter pretrial case management and discovery orders designed to ensure orderly administration of justice. Chambers v. NASCO, Inc., 501 U.S. 32 .This authority supports the requested extension because proceeding on the current schedule would reward Defendant's noncompliance and create a pattern of emergency motion practice that burdens the Court and the parties.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order granting this Motion, or in the alternative, the Joint Stipulation and Agreement of Parties to Continue All Case Deadlines (submitted under separate cover), providing the following relief:

1. **Continuance of All Case Deadlines by four months;**
2. **Allow the Discovery Dispute Process to Continue on a Pathway to Issuing a Motion to Compel;**
3. **Appoint a Discovery Referee.**

This 5th day of May, 2026.

Respectfully submitted,

/s/Avia Turner-Gray, Esquire

Avia Turner-Gray

Plaintiff Pro Per

3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com

**0**

Avia Turner-Gray, Esquire
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**AVIA TURNER-GRAY**

Plaintiff,

vs.

**AVIS BUDGET CAR RENTAL, LLC**

**JOHN DOES 1 THROUGH 50,**

Defendants.

Case No.3:23-CV-05507-SI**:**

**[PROPOSED] ORDER GRANTING MOTION TO CONTINUE ALL CASE DEADLINES TO ALLOW FOR RESOLUTION OF DISCOVERY DISPUTE**

*TRIAL DATE: OCTOBER 26, 2025*

*HONORABLE JUDGE SUSAN ILLSTON*

*COURTROOM 1*

This Court having reviewed Plaintiff's Motion to Continue All Trial Deadlines to accommodate resolution of the underlying discovery dispute issues and Parties' Joint Stipulation to Continue All Trial Deadlines, and finding good cause appearing therefrom,

IT IS HEREBY ORDERED that the Motion and/or Stipulation is GRANTED as follows:

1. Case deadlines are modified:

| | FROM | TO |
|---|---|---|
| Designation of Experts | 05/07/2026 | 09/05/2026 |
| Close of Expert and Fact Discovery | 07/23/2026 | 11/23/2026 |
| Dispositive Motions Due | 08/21/2026 | 12/23/2026 |
| Opposition Due | 09/04/2026 | 01/08/2027 |
| Responses Due | 09/11/2026 | 01/15/2027 |
| Motion Hearing Set At 10:00 am | 09/25/2026 | 01/29/2027 |
| Final Pretrial Conference Set at 01:30 pm | 10/20/2026 | 02/23/2027 |
| Jury Selection and Trial Set at 09:00 am | 10/26/2026 | 03/01/2027 |

IT IS SO ORDERED.

This ____day of May 2026.

_________________________________

Honorable Susan Illston

UNITED STATES DISTRICT COURT JUDGE

**CERTIFICATE OF SERVICE**

**Turner-Gray v Avis Budget car Rental LLC, et. Al.**

**USDC Northern District Vase No. 3:23-CV-05507-SI**

This is to certify that I have this day served the within and foregoing document upon all parties via counsel's email on record with the Court.

**Motion for Continuance of all Trial Deadlines to Resolve Underlying Discovery Dispute**

**Notice sent to Counsel of Record:**

Christopher Lee, Esquire
Clee@everettdorey.com
Patrick Albasha, Esquire
Palbasha@everettdorey.com
Everertt Dorey, LLP
2030 Main Street
Suite 1200
Irvine, CA 92614

This 5th day of May, 2026

Respectfully submitted,

/s/Avia Turner-Gray, Esquire

Avia Turner-Gray
Plaintiff Pro Per

3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com