Avia Turner-Gray, Esquire
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AVIA TURNER-GRAY**<br><br>Plaintiff,<br><br>vs.<br><br>**AVIS BUDGET CAR RENTAL, LLC**<br><br>**JOHN DOES 1 THROUGH 50,**<br><br>Defendants. | Case No.3:23-CV-05507-SI**:**<br><br>**DECLARATION IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONTINUE CASE DEADLINES TO RESOLVE UNDERLYING DISCOVERY DISPUTE ISSUES**<br><br>*TRIAL DATE: OCTOBER 26, 2025*<br><br>*HONORABLE JUDGE SUSAN ILLSTON*<br><br>*COURTROOM 1* |

I, Avia Turner-Gray, declare as follows:

1. I am the Plaintiff In Pro Per in this action. I am familiar with the facts and circumstances set forth in this declaration, and if called as a witness, I could and would testify competently thereto.
2. I submit this declaration in support of the **PLAINTIFF'S ADMINISTRATIVE MOTION FOR CONTINUANCE TO RESOLVE UNDERLYING DISCOVERY**

**DISPUTE ISSUES** requesting a four month extension of all case case/trial deadlines as follows:

| | FROM | TO |
|---|---|---|
| Designation of Experts | 05/07/2026 | 09/05/2026 |
| Close of Expert and Fact Discovery | 07/23/2026 | 11/23/2026 |
| Dispositive Motions Due | 08/21/2026 | 12/23/2026 |
| Opposition Due | 09/04/2026 | 01/08/2027 |
| Responses Due | 09/11/2026 | 01/15/2027 |
| Motion Hearing Set At 10:00 am | 09/25/2026 | 01/29/2027 |
| Final Pretrial Conference Set at 01:30 pm | 10/20/2026 | 02/23/2027 |
| Jury Selection and Trial Set at 09:00 am | 10/26/2026 | 03/01/2027 |

3. Plaintiff has good cause to request a continuance of all trial deadlines as Defendant Avis has wrongfully withheld requested discovery documents in violation of the Court's **Order Re: Discovery** and **Order of Protection** initiated on October 16, 2025. (SEE APPENDIX A: **Order Re: Discovery)**
4. Defendant's subsequent failure to comply with that Court order was not caused by any lack of diligence on Plaintiff's part and not through any action of her own. Instead, Defendants' noncompliance represents a circumstance beyond Plaintiff's control.
5. The original case schedule cannot reasonably be met given Defendant's discovery violations. Plaintiff cannot meaningfully prepare for depositions, complete expert analysis, file dispositive motions, or evaluate settlement without access to the discovery

to which Plaintiff is entitled. The current schedule does not provide sufficient time to resolve the discovery disputes, obtain the withheld materials, and then complete the substantial work necessary for trial preparation.

6. Plaintiff has been diligent in continuing discovery efforts since the **Order Re: Discovery** was initiated on October 16, 2026. Plaintiff sent Defendant notices regarding discovery deficiencies on January 30, 2026, March 5, 2026, April 16, 2026, and May 1, 2026. (SEE APPENDICES B, C, D RESPECTIVELY).
7. Plaintiff Met and Conferred with Defendant on February 11, 2026, April 16, 2026, and May 1, 2026.
8. Defendant continues to retain the bulk of the requested documents requested during the discovery process in violation of this Court's **Order Re: Discovery**
9. The Plaintiff's case has been substantially prejudiced by the Defendant's failure to submit requested discovery documents and by the Defendant's deceptive, incomplete, misleading, and evasive answers to Plaintiff's Requests for Interrogatories.
10. The Defendant has consistently acted in bad faith and has been entirely evasive and deceitful in the discovery process. The Defendant has actively concealed the identity of their involved employees and coconspirators to prevent them from being added as Does to this case.
11. The Defendant has removed multiple pages out of their document production runs to conceal the fact that their employees and managers do not abide by the company's rules.
12. The Defendant has actively lied about the existence of a central human resources or training department altogether.
13. They have lied to the Plaintiff in naming the correct parties in interest in this matter.

14. They refuse to calendar depositions for their employees up to this day.

15. On May 4th, 2026, Defendant agreed to participate in drafting a **Joint Stipulation to Move all Trial Deadlines to Resolve Underlying Discovery Dispute Issues.** That document should be ready for submission later today. Given proximity to the deadline to designate experts without being given requested discovery materials, the Plaintiff shall submit this Administrative Motion for Continuance now just in case some last minute issue arises with submission of the Joint Stipulation.

16. The proposed stipulated schedule advanced in the Joint Stipulation to Continue all Deadlines shall supersede the proposed schedule attached in the Plaintiff's Administrative Motion for Continuance here.

17. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

18. Plaintiff will work with the Defendant to get a finalized discovery dispute letter to the Court by the end of next week.

Executed this 5th day of May, 2026 in Atlanta, Georgia.

Respectfully Submitted,

***/s/Avia Turner-Gray, Esquire***

Plaintiff In Pro Per