**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
severett@everettdorey.com
Samantha E. Dorey, SBN 281006
sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
clee@everettdorey.com
Patrick Albasha, SBN 316610
palbasha@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

AVIA TURNER-GRAY,

Plaintiff,

vs.

AVIS BUDGET GROUP, INC., *et al.*,

Defendants.

**Case No. 3:23-cv-05507-SI**

*[The Honorable Susan Illston, Courtroom 1]*

**DEFENDANT AVIS BUDGET CAR RENTAL, LLC'S RESPONSE TO PLAINTIFF AVIA TURNER-GRAY'S ADMINISTRATIVE MOTION**

Defendant Avis Budget Car Rental, LLC ("Avis") respectfully submits this Response in accordance with the briefing schedule set forth in this Court's Order (Dkt. 96), which sets forth the deadline of May 21, 2026 for this Response.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

# TABLE OF CONTENTS

**Page**

I. AVIS DOES NOT OPPOSE THE REQUEST FOR A TRIAL CONTINUANCE BUT WHOLLY DISAGREES WITH PLAINTIFF'S REPRESENTATIONS REGARDING DISCOVERY ............ 4

II. THE RELEVANT ISSUES IN THIS CASE ARE SIMPLE AND DO NOT WARRANT PLAINTIFF'S BROAD, INTRUSIVE DISCOVERY, WHICH AVIS HAS NONETHELESS TRIED TO COMPLY WITH ........ 4

III. HISTORY OF DISCOVERY DISPUTE IN THIS MATTER ........ 7

A. Plaintiff's Requests For Production And Her Revocation Of The Agreed Extension To Respond, Followed By Avis' Objections To Plaintiff's Overbroad Discovery ........ 7

B. Plaintiff's First Of Many Accusations Of Bad Faith And Threats Of Motions To Compel And Sanctions ........ 8

C. Avis' Good Faith Attempt To Meet And Confer, Supplemental Responses, And 1,894-Page Document Production ........ 8

D. Plaintiff's First Agreement To Meet And Confer Results In Agreement That She Will Serve Interrogatories For Information ........ 10

E. Plaintiff's Failure To Comply With The Agreement And Further Threats Of Motions ........ 11

F. Avis' Further Good Faith Attempts To Meet And Confer And Produce Further Documents ........ 12

G. Avis Requests Agreement To Model Confidentiality Protective Order To Produce Confidential Documents, But Plaintiff Refuses And Accuses "Bad Faith" And Threatens Motions ........ 12

H. Plaintiff Files An Unauthorized Unilateral Discovery Dispute Document To This Court In Violation Of The Court's Rules, Despite Avis Agreeing In Good Faith To A Proposed Joint Filing, And Plaintiff Denigrates Avis' Counsel To This Court's Clerk ........ 14

I. Plaintiff Finally Agrees To File The Authorized Joint Filing, In Which Avis Requests The Model Protective Order, Which This Court Grants, And Avis Produces 1,241 More Pages Of Documents ........ 16

J. Plaintiff Does Nothing On Discovery For Three Months, And Then Continues To Make Further Demands And Threaten Motions ........ 16

K. Avis Produces More Documents But Plaintiff Continues To

Make Further Demands And Accusations And Threaten Motions ...... 17

L. Plaintiff Asks To "Meet And Confer" But Then Threatens To File A Motion To Compel And Refuses To Further Meet And Confer ........ 18

M. The Next Business Day Plaintiff Again Involves This Court's Clerk In The Discovery Dispute ........ 18

N. Avis Agrees To Plaintiff's Requested Continuance And Produces More Documents ........ 19

IV. AVIS HAS ACTED IN GOOD FAITH IN ATTEMPTING TO COMPLY WITH PLAINTIFF'S VAGUE, OVERBROAD, EVER-CHANGING DEMANDS ........ 19

V. PLAINTIFF HAS FAILED TO COMPLY WITH DISCOVERY ........ 20

VI. CONCLUSION ........ 22

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

## I. <u>AVIS DOES NOT OPPOSE THE REQUEST FOR A TRIAL CONTINUANCE BUT WHOLLY DISAGREES WITH PLAINTIFF'S REPRESENTATIONS REGARDING DISCOVERY</u>

As an initial matter, Avis does not oppose Plaintiff Avia Turner-Gray's ("Plaintiff") request for a trial continuance, and indeed, submitted a joint stipulation for a trial continuance. The requested trial continuance would benefit the continued discovery efforts of both parties, not just Plaintiff's. Avis also seeks substantial discovery from Plaintiff and has met and conferred with Plaintiff on several occasions in support thereof.

Plaintiff's Administrative Motion about a trial continuance, improperly contains discovery dispute arguments. This Motion may be moot as to discovery issues, as this Court issued an Order (Dkt. 97) and briefing schedule for Plaintiff's separate discovery motion to be heard on July 10, 2026. It is presumed that the forthcoming discovery motion supersedes this Administrative Motion. Nonetheless, Avis respectfully submits this Response to correct the record regarding Plaintiff's characterization of discovery and her representations regarding Avis and Avis' counsel, which are inaccurate and should not form the basis of any finding by the Court. Avis and its counsel have and continue to participate in discovery in good faith.

## II. <u>THE RELEVANT ISSUES IN THIS CASE ARE SIMPLE AND DO NOT WARRANT PLAINTIFF'S BROAD, INTRUSIVE DISCOVERY, WHICH AVIS HAS NONETHELESS TRIED TO COMPLY WITH</u>

Plaintiff's allegations in this case are relatively simple. On June 26, 2022, Plaintiff went to Avis' San Francisco Airport location to exchange a rental vehicle she was using for a new one. She was assigned a new vehicle by an Avis rental counter agent (unknown identity). When she went to obtain the new vehicle, she was dissatisfied with the smell (allegedly marijuana odor). She encountered an alleged manager (unknown identity) in the parking lot and demanded a new

replacement vehicle. The manager allegedly allowed her to take a different vehicle, a Nissan, which she then took and drove out of the parking lot. She was allegedly "waived through" by the exit gate employee (unknown identity) without confirmation of the rental.

Somehow, the Nissan was not registered as rented to Plaintiff in Avis' system, seemingly by mistake. Avis does not dispute that the failure to register the rental and "waiving through" at the gate are against its policies and procedures.

Without the Nissan being registered as rented, it showed up as missing in Avis' system. Without the Nissan being connected to Plaintiff in the system, Avis did not know who to try to contact to determine its location. After waiting some months and making efforts to see if the Nissan could be located, it could not, and on or about October 25, 2022, Avis reported the Nissan stolen to the police.

The next day, Plaintiff was stopped by police in the Nissan and arrested. She spent the night in jail and was released the next day. Avis thereafter assisted Plaintiff in getting the criminal case against her dismissed and expunged.

All of the known information and documents regarding Plaintiff and her case have already been produced in this case, including her past rental history and files, the missing vehicle checklist, documents regarding the report to the police, and all communications regarding the situation. Even hundreds of pages of information and documents well beyond Plaintiff or her case have been produced, including a list of all employees working on the date in question, numerous policies and procedures, training documents, and private personnel records of individuals who Plaintiff somehow suspect as involved. Avis has produced over 4,200 pages of documents in this matter. [Declaration of Christopher D. Lee ("Lee Decl.") at ¶ 2]

Plaintiff is never satisfied with the production and demands more. However, Plaintiff's demands have been vague, constantly shifting, overbroad and nonproportional. At one point, she will demand "all policies and procedures," and then in meet and confer conference, she will limit her request to the identity of

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

employees working on the day at the site (which Avis produced). There is no dispute that if Plaintiff's version of events is true (i.e., that the Nissan was not registered as rented to Plaintiff and she was "waived through" the exit gate without confirmation), that Avis did not act within its policies and procedures. Despite that, Avis has still produced hundreds of pages of policies and procedures. [Lee Decl. at ¶ 3]

Plaintiff will demand the personnel records for the entire corporate hierarchy from the owner/president down to every individual exit gate employee, and every employee in-between. Then she will agree to send a distinct list of a few names of employees that she wants the personnel records for (which Avis produced). The personnel records of dozens or hundreds of employees has no bearing on Plaintiff's claims, nor are they proportional. But then Plaintiff seemingly backtracks and reverts to the original demands. [Lee Decl. at ¶ 4]

She will demand to depose dozens of employees (with no seeming connection to her case), but the list ever-changes and most recently consisted of four individuals – which Avis' counsel is arranging deposition dates for currently and has offered the first week of June for two of the individuals. Despite the offer to schedule the depositions, Plaintiff has failed to confirm the deposition dates. [Lee Decl. at ¶ 5]

In meet and confer, Plaintiff does not adequately explain the relevance, proportionality or need for the excessive demands. Instead, she consistently denigrates Avis and its counsel, calling them "liars," "evil," "in bad faith," etc. This is despite the fact that whenever she is finally able to specifically articulate a reasonable category of information or documents that she claims is missing and needed, Avis' counsel makes further effort to locate and produce any additional documents and/or confirm no such documents exist. However, Plaintiff simply does not believe when Avis or its counsel explain that documents or information she demands are non-existent and cannot be produced, calling them "liars" and accusing them of acting in "bad faith." [Lee Decl. at ¶ 6]

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

## III. HISTORY OF DISCOVERY DISPUTE IN THIS MATTER

### A. Plaintiff's Requests For Production And Her Revocation Of The Agreed Extension To Respond, Followed By Avis' Objections To Plaintiff's Overbroad Discovery

Plaintiff served her Requests for Production of Documents ("Requests") on February 19, 2025. [See Requests attached as Exhibit "1" to the Lee Decl.] The Requests consisted of 34 separately-numbered Requests, however, many of the Requests contained multiple, disjointed, demands, as well as interrogatory-style demands for written responses. [See id.] They also were overbroad, unintelligible and disproportional to the issues in this case. [See id.]

On March 14, 2025, Avis' counsel requested a two-week extension to respond to the Requests, until April 4, 2025, to which Plaintiff agreed. [March 14, 2025 correspondence attached as Exhibit "2" to the Lee Decl.] The same day, Avis' counsel also sent Plaintiff a meet and confer letter regarding Plaintiff's late and deficient discovery responses to Avis' discovery requests. [See March 14, 2025 Meet and Confer Letter attached as Exhibit "3" to the Lee Decl.] Later that day, Plaintiff then retroactively revoked her previously-granted extension for Avis' discovery responses and demanded responses by the original March 21, 2025 deadline. [Lee Decl. at ¶ 10] Plaintiff's reason given for the revocation was that Avis' counsel had informed Plaintiff that given the expired extension that Avis' counsel had previously granted, her responses to Avis' Requests for Admission were late and that they were deemed admitted by operation of law, and Plaintiff therefore accused Avis' counsel of "acting in bad faith, and based on this, I revoke my consent to extend your discovery deadline to April 4, 2025. The discovery will be due on March 21, 2025 as required under the federal rules. If strict compliance with the federal rules is good enough for me, then it should certainly be good enough for you as well." [See Plaintiff's March 14, 2025 correspondence attached as Exhibit "4" to the Lee Decl.]

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

Given this inappropriate revocation of the agreed extension, on March 21, 2025, Avis served objections to Plaintiff's Requests, including because of the improper and objectionable nature of the Requests. [See Avis' March 21, 2025 Responses to Requests attached as Exhibit "5" to the Lee Decl.]

**B. Plaintiff's First Of Many Accusations Of Bad Faith And Threats Of Motions To Compel And Sanctions**

Avis had noticed Plaintiff's deposition for April 11, 2025, however, a conflict arose and on March 31, 2025, Avis' counsel asked Plaintiff if she had availability the following week (April 14-18) to rescheduled her deposition. [See March 31, 2025 – April 18, 2025 correspondence attached as Exhibit "6" to the Lee Decl.; Lee Decl. at ¶ 13] On April 1, 2025, Plaintiff responded that she did not have availability until the week of May 5. [Id.] There was a court panel mediation scheduled for April 30, 2025, so Avis' counsel asked if Plaintiff was agreeable to continue the mediation until after her deposition. [Id.]

Plaintiff responded, adding the panel mediator, Ms. Kari Levine, to the email chain: "No. I really do not want to push the mediation back. I am not some lawyer representing a client with interests adverse to those of your clients. I am THE VICTIM in this case. I am extremely upset. My life has been on hold since this bullshit happened. I am angry that you guys have not sent me ANY DISCOVERY! . . . You act as if this is a game that we are playing. That is one of the reasons why I hate lawyers. This is not a game. This is my life. You did not respond with any discovery at all on the due date of March 21, 2025. You did that in BAD FAITH! I am not interested in having a deposition until I receive some discovery. When will you produce the discovery? ANY DISCOVERY. Please be advised that I plan to file motion to compel discovery with sanctions by this Friday." [Id.]

**C. Avis' Good Faith Attempt To Meet And Confer, Supplemental Responses, And 1,894-Page Document Production**

On April 3, 2025, Avis' counsel responded to Plaintiff: "We are in the process

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

of preparing supplemental discovery responses, but it would be helpful to meet and confer on the discovery dispute issues on a call, which is also required before any discovery motion is filed." [Id.]

On April 15, 2025, Plaintiff wrote: "There has been no movement on the discovery. I reached out to opposing counsel by phone on Friday [April 11] and left a message for him to call me back by today. I heard nothing yesterday, and I just called and left another message. At this point in time, I have no discovery. I have received zero documents. My plan is to proceed through the Courts to compel." [Id.]

The same day, Avis' counsel responded: "I was out of the office and country last week and apologize for not being available to take a call. We intend to produce supplemental responses and documents today. We also have not received full responses or documents from Ms. Turner-Gray and are awaiting those." [Id.] That day, Avis served Supplemental Responses to the Requests and produced 1894 pages of documents to Plaintiff. [Supplemental Responses attached as Exhibit "6" to the Lee Decl.; Lee Decl. at ¶ 14]

On April 17, 2025, Plaintiff responded: "What kind of lie is this? [Discussion about deposition scheduling.] . . . Just two days ago, opposing counsel produced their first documents. These documents are of limited meaningfulness. Opposing counsel is intentionally, willfully, and in bad faith withholding the more important documents and information that I have requested for superfluous and meaningless reasons. They have not revealed the names of all of the tortfeasors that their clients have employed. They did not provide the name of the manager who walked me over to the car that I rented that they reported stolen. They have not revealed the name of the incompetent employee that failed to rent the allegedly stolen vehicle. . . . Opposing counsel is playing games. They want to withhold discovery in bad faith. . . . This needs to go back to the Court. They must be forced to turn over requested documents. . . . I'm going to circle back to the Court file the motion to compel and

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

we will move on from there. I'm going to forward a copy of this email to the Court to see if I can get an expedited hearing date." [Exhibit "6" to the Lee Decl.]

To note, as of this point, Plaintiff had not engaged in a verbal meet and confer as requested by Avis' counsel. The main complaint in Plaintiff's email seemed to be the lack of interrogatory-style responses to her requests for documents that would identify the alleged "tortfeasors" that Plaintiff claims had wronged her. Avis' counsel would have explained, had she engaged in a meet and confer, and actually subsequently did explain, once the meet and confer occurred, that Avis does not have the information she demanded about the identity of persons Plaintiff allegedly interacted with on a specific day in June 2022. [Lee Decl. at ¶ 15]

On April 18, 2025, Avis' counsel responded: "We are not lying or acting in bad faith. We provided supplemental discovery responses and produced documents. If Ms. Turner-Gray has issues with the responses, we are willing and able to meet and confer to attempt to resolve the dispute. . . . However, since we produced, Ms. Turner-Gray has made no attempt whatsoever to reach out to meet and confer to discuss any perceived deficiencies or dispute after the responses and documents were provided. I am willing and available to so meet and confer, but based on the unwarranted accusations of lying and bad faith, I would feel more comfortable with a third party on the phone/conference." [Exhibit "6" to the Lee Decl.]

### D. <u>Plaintiff's First Agreement To Meet And Confer Results In Agreement That She Will Serve Interrogatories For Information</u>

The same day, Plaintiff responded: "I can do a Meet and Confer with respect to the discovery issues with the mediator present on April 30, 2025. . . . I would appreciate it if you would get me the discovery documents that I requested with respect to the tortfeasors referenced in the Request for Production of Documents that I sent you earlier." [Id.]

Avis' counsel and Plaintiff met and conferred at the April 30, 2025 conference and came to an agreement that Plaintiff would serve a set of

interrogatories to request the information about the identity of the alleged persons at Avis who interacted with her. [Lee Decl. at ¶ 16] During the meet and confer, Plaintiff did not identify any specific deficiencies or demands at the time for further discovery. [Id.] Avis' counsel attempted to explain that the identities were unknown to Avis, as none of the potential employees had any memory of interacting with Plaintiff on the one day in 2022, but Plaintiff has consistently refused to believe Avis' counsel (multiple times calling them liars). [Id.] Up to and through July 2025, Plaintiff failed to serve such interrogatories, but continued to make threats of a motion to compel, inconsistent with the previous agreement reached. [Id.]

### E. **<u>Plaintiff's Failure To Comply With The Agreement And Further Threats Of Motions</u>**

Then, on July 5, 2025, Plaintiff sent a 59-page proposed "joint stipulation" and wrote: "The letter serves as a second Notice/Request to Meet and Confer on the issue of discovery in the case referenced above. Specifically, the Plaintiff takes issue with the improper denial of multiple requested documents in her First Request for Production of Documents served on February 20, 2025. The Plaintiff, as discussed previously, is planning on filing a Motion to Compel with the Court on July 11, 2025. The attached draft Joint Stipulation outlines the Plaintiff's complaints and position on the withheld documents. It is my hope that we can meet and confer on this continuing discovery dispute by the end of day July 11, 2025 at the latest. If we are unable to meet and confer to resolve these issues by that time, the Plaintiff will file the attached draft joint stipulation. The attached document is the Plaintiff's first draft of her position on the improperly withheld documents. Please add your responses to that draft accordingly by July 11, 2025 to be included as part of the Joint Stipulation to the Court. . . . Please note that the Plaintiff is preparing the interrogatories asked of her in prior discussions. Those interrogatories will be served on the Defendant by this weekend." [See July 5 – 11, 2025

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

correspondence attached as Exhibit "8" to the Lee Decl.]

**F. Avis' Further Good Faith Attempts To Meet And Confer And Produce Further Documents**

On July 7, 2025, Avis' counsel responded: "I am available to meet and confer over telephone this week. Please let me know when you are available." [Id.]

On July 10, 2025, Plaintiff responded: "Do you have time to meet and confer by phone tomorrow 7/11/25 preferably after 3pm?" [Id.]

Avis' counsel and Plaintiff agreed to meet and confer on July 14, 2025 and did so, at which point Plaintiff identified some specific documents she was demanding, which Avis' counsel agreed to ask Avis to search for and produce. [Lee Decl. at ¶ 18]

**G. Avis Requests Agreement To Model Confidentiality Protective Order To Produce Confidential Documents, But Plaintiff Refuses And Accuses "Bad Faith" And Threatens Motions**

On July 25, 2025, Avis' counsel wrote: "I plan to send you further document production in response to our meet and confer and your discovery dispute statement, by early next week. I hope that we can resolve or at least narrow the scope of the discovery dispute. In the meantime, will you agree to enter into a standard stipulated confidentiality protective order? These are standard in essentially ever case and the Northern District of California even publishes a Model Stipulated Protective Order for Standard Litigation . . . . The confidentiality means that the parties will not use or disclose information marked confidential outside of this litigation – it can still be used for this litigation." [July 25 – 30, 2025 correspondence attached as Exhibit "9" to the Lee Decl.]

On July 30, 2025, Plaintiff responded: "I do not agree with the proposed blanket protective order at all. That is a hard no! If you have concerns regarding the confidentiality of any of the discovery that I have asked of your client, most of which I have not received, you will need to bring those concerns, on a case by case

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

basis, before the Court. To be honest, I do not believe that your client is going to willfully and fully comply with my request for the production of documents. I do not believe that your client is going to truthfully answers questions asked of them. I fully anticipate a full tilt breach of the orders of the Court. Past behavior is the most reliable indicator of future behavior. Your client has proven that they are willing to lie and cheat when it comes responding to legitimate discovery requests. . . . Also, since I have limited production from you at this time, I need to submit more interrogatories to your client before we go before the Court. Are you willing to stipulate to the submission of additional interrogatories? Up to six sets of 25 questions a piece including subparts? If not, I will go on and put that motion before the Court." [Id.]

Avis' counsel responded: "We intend to produce further documents but would need the confidentiality protective order in place, as many of the documents are private and confidential, including proprietary business documents and third-party personnel files. I would ask that you reconsider your position as the model protective order is standard for essentially all cases and even published by the Court. If not, I have included a request that the Court issue the protective order in Avis' portion of the joint statement for the discovery dispute, attached." [Id.]

On September 12, 2025, Plaintiff, according to her, "did submit my copy of the dispute letter prematurely to the Court [], but I will resubmit it with discovery documents attached and with any additional changes to your section that you require." [See September 15 – 17, 2025 correspondence attached as Exhibit "10" to the Lee Decl.] On September 15, 2025, Plaintiff made complaints about Avis' interrogatory responses, continued to refuse to enter into the confidentiality protective order and stated: "I assume that you are going to withhold any further discovery in bad faith until or unless I agree to this blanket protective order. Thus this discovery dispute must be addressed by the Court." [Id.]

On September 16, 2025, Avis' counsel responded that the model protective

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

order is not a "blanket protective order," and asked Plaintiff to "please provide the reason that you would need to treat materials in this case as non-confidential?" [Id.] Avis' counsel also explained: "We are not withholding discovery in bad faith. I am available to meet and confer . . . ." [Id.]

On September 17, 2025, Plaintiff responded: "I will be very direct in that I believe that you and your client are deliberately withholding documents and information that are directly relevant to this case including information that is absolutely not confidential or protected. . . . Yes, you have given me some information, but you have not provided all of the information that was requested in the Request for Interrogatories. . . . You are deliberately withholding requested documents in order to thwart my case. . . . You are deliberately doing this." [Id.]

The same day, Avis' counsel responded: "We are not acting in bad faith. With respect to the documents, as I have asked you multiple times, we would like to have a confidentiality protective order in place so we can utilize it for the production to ensure that confidential information is protected. I asked you what reason would you need to disclose information outside of this discovery and you have provided no answer." [Id.]

**H. Plaintiff Files An Unauthorized Unilateral Discovery Dispute Document To This Court In Violation Of The Court's Rules, Despite Avis Agreeing In Good Faith To A Proposed Joint Filing, And Plaintiff Denigrates Avis' Counsel To This Court's Clerk**

On September 25, 2025, Plaintiff wrote to Court Clerk, Ms. Chung: "I submitted a Discovery Dispute letter in Pacer/ECF . . . . I have removed opposing counsel's previous drafted and integrated response from my letter as he will not sign the document." [September 25 – October 6, 2025 correspondence attached as Exhibit "11" to the Lee Decl.]

The same day, Avis' counsel responded: "Apologies Ms. Chung to have to include you in an ongoing dispute between the parties, but I must correct the record

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

that we did not refuse to sign any joint discovery dispute document. We are still in the process of meeting and conferring . . . [and] I intend to respond shortly." [Id.]

The same day, Plaintiff continued to correspond to Ms. Chung: "the defense is wrongfully withholding documents and interrogatory responses. Opposing counsel will not even give me the names of the managers, leaders, and trainers involved in this matter. There is no excuse." [Id.] Plaintiff further incorrectly claimed that Avis' counsel refused to sign the joint discovery dispute statement. [Id.]

The same day, Avis' counsel responded: "Ms. Turner-Gray, I sent you an approved joint statement to be filed on July 30, 2025 (see attached email). You never responded to the attached email, you refused to file the draft I sent, and instead you filed unapproved documents with this Court without even circulating or giving notice beforehand . . . ." [Id.]

On October 2, 2025, Plaintiff responded with the excuse: "On July 30, 2025, you sent me a draft of the discovery dispute letter with your defensive position included. Your defensive position included deceptive and misleading statements. I did not accept your draft. I addressed those misleading statements in my response. You clearly do not like the fact that I did that. . . . You are still withholding requested discovery without authority, precedent, and in bad faith. . . . You are withholding ALL documents and information in an attempt to strong are me into signing a broad confidentiality agreement for nonconfidential, relevant information. This is unacceptable. . . . Your actions are the living definition of bad faith." [Id.]

On October 6, 2025, Avis' counsel responded: "I disagree with the accusations of bad faith that you have levied. As I have previously stated, we would like to have the model protective order in place before producing confidential documents with third-party privacy rights implicated." [Id.]

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

**I. Plaintiff Finally Agrees To File The Authorized Joint Filing, In Which Avis Requests The Model Protective Order, Which This Court Grants, And Avis Produces 1,241 More Pages Of Documents**

On October 15, 2025, the parties submitted a joint discovery dispute letter (Dkt. 84).

On October 16, 2025, this Court issued an Order (Dkt. 86) finding the entry of the model protective order appropriate, and directing "Avis to respond to all outstanding discovery requests within two weeks of the entry of the Protective Order." The same day, this Court also issued the Protective Order (Dkt. 87).

On October 29, 2025, Avis' counsel produced another 1,241 pages of documents to Plaintiff under the Protective Order. [Lee Decl. at ¶ 22]

The Order (Dkt. 86) was in response to the parties' joint discovery statement wherein Avis explained that it had documents to produce but was wanting a protective order first. This Court entered the Protective Order, and then Avis produced the documents. Avis does not understand the Order to have been a determination about the scope of discovery or any of the merits of Plaintiff's arguments as to her discovery demands. Plaintiff has nonetheless characterized the Order as somehow a blanket Order that she is entitled to everything she demands in discovery, and accuses Avis of violating the Order by not producing anything and everything she demands at any point. That is not Avis' understanding of this Court's Order. [Lee Decl. at ¶ 23]

**J. Plaintiff Does Nothing On Discovery For Three Months, And Then Continues To Make Further Demands And Threaten Motions**

Plaintiff did not further communicate regarding discovery until January 30, 2026, when she sent correspondence, stating: "I've had an opportunity to review the latest discovery document drop that you made in the above stated case. While I do appreciate the fact that you produced some of the documents that I enumerated in my Request for the Production of Documents and in my Discovery Dispute letter,

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

the fact remains that many of the documents that you submitted are nonconforming and incomplete. A number of pertinent documents in your possession were not sent over. . . . I want to emphasize that my list of issues with the latest discovery drop as enumerated below is incomplete. I will send you a second memo on the other outstanding issues with the document drop. We need to discuss these issues in an upcoming Meet and Confer." [January 30 – February 5, 2026 correspondence attached as Exhibit "12" to the Lee Decl.]

Avis' counsel responded to agree to a meet and confer and schedule with Plaintiff. [Id.] Avis' counsel met and conferred with Plaintiff in on February 11, 2026, during which Avis' counsel requested a specific list of documents that Plaintiff was further demanding be produced and Avis' counsel would make efforts to have Avis locate and produce such documents. [Lee Decl. at ¶ 25]

On March 5, 2026, Plaintiff sent a further demand again with accusations that "I can only assume that your client's failure to produce is willful and complicit. If the requested documents are not submitted to me by March 12, 2026, I will notify the court of your client's willful failure to produce the documents that they were ordered to turn over to me. . . . This list is incomplete. . . . Your client has willfully withheld these documents and others." [March 5 – 11, 2026 correspondence attached as Exhibit "13" to the Lee Decl.]

**K. <u>Avis Produces More Documents But Plaintiff Continues To Make Further Demands And Accusations And Threaten Motions</u>**

Avis attempted to again comply with Plaintiff's demands, and on March 11, 2026, Avis produced 68 further pages of documents that could be located. [Lee Decl. at ¶ 27]

On April 16, 2026, Plaintiff wrote: "I'd like to discuss the items your willful noncompliance with my request for the production of documents and request for interrogatories. . . . And I found you continually willfully noncompliant. It is become exhausting looking through thousands of pages of material to find that your

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

client and your team are removing pages out of critical documents, only providing half of the material., Or [*sic*] simply not producing any of the material at all. You're in willful noncompliance with the courts [*sic*] order. Failure to produce all of the information that I've requested below Will result in a motion to compel production with a request for sanctions sanction. [*sic*]" [April 16 – 28, 2026 correspondence attached as Exhibit "14" to the Lee Decl.]

The accusation that Avis or its counsel "removed pages out of critical documents," is unfounded and false. [Lee Decl. at ¶ 29] Further, Avis and its counsel have continually in good faith made efforts to try to comply with Plaintiff's ever-changing, vague and overbroad demands. [Id.] On April 27, 2026, Avis produced an additional 33 pages of documents. [Lee Decl. at ¶ 30]

**L. Plaintiff Asks To "Meet And Confer" But Then Threatens To File A Motion To Compel And Refuses To Further Meet And Confer**

On April 28, 2026, Plaintiff wrote: "We need to have a another [*sic*] Meet and Confer to follow up the discovery issues . . . ." [Exhibit "14"] A meet and confer was set for May 1, 2026 at 11am. [Lee Decl. at ¶ 31]

After the scheduled meet and confer, at 11:04am, Plaintiff sent a further demand email, making the same accusations, and requesting a stipulation to a continuance. [May 1, 2026 correspondence attached as Exhibit "15" to the Lee Decl.]

A minute later, at 11:05am, Plaintiff called Avis' counsel and demanded the stipulation to continue, threatened a motion to compel, and refused to further meet and confer. [Lee Decl. at ¶ 31]

**M. The Next Business Day Plaintiff Again Involves This Court's Clerk In The Discovery Dispute**

On Monday, May 4, 2026, Plaintiff emailed this Court's Clerk, Ms. Chung, accusing Avis of not responding to the request to stipulate to a trial continuance, which request was made the previous Friday and which Avis did not have time to

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

respond to, and stating that she will be filing a motion for continuance. [Lee Decl. at ¶ 32; see May 4, 2026 correspondence attached as Exhibit "16" to the Lee Decl.] She further accused Avis of "not compl[ying] with [the Court's] order despite multiple requests by this Plaintiff." [Id.] The Order referenced is the October 16, 2025 Order (Dkt. 86), which as described above, did not concern a determination about the scope of discovery or any of the merits of the parties' discovery dispute. Avis does not believe that it has violated this Court's Order in any way. [Id.]

**N. Avis Agrees To Plaintiff's Requested Continuance And Produces More Documents**

The next day, May 5, 2026, Avis agreed to stipulate to Plaintiff's requested continuance. [Lee Decl. at ¶ 33] Despite the agreement, Plaintiff thereafter still filed this Administrative Motion for the continuance. [Id.]

On May 18, 2026, Avis produced 999 additional pages of documents. [Lee Decl. at ¶ 34] Avis' counsel wrote to Plaintiff: "If you believe further documents are needed, please describe them succinctly and specifically, and we will make an effort to further locate and produce, if appropriate." [May 18, 2026 correspondence attached as Exhibit "17" to the Lee Decl.]

**IV. AVIS HAS ACTED IN GOOD FAITH IN ATTEMPTING TO COMPLY WITH PLAINTIFF'S VAGUE, OVERBROAD, EVER-CHANGING DEMANDS**

Avis and its counsel have spent dozens of hours attempting to comply with Plaintiff's demands, despite the fact that Plaintiff's demands are overbroad, nonproportional and unwarranted. Avis and its counsel continue to be willing to meet and confer with Plaintiff, and if she can articulate reasonably specific categories of documents or information that have not already been produced, Avis will make an effort to further locate and produce.

Despite Avis' and its counsel's consistent effort, willingness to meet and confer in good faith, and professionalism, Plaintiff has repeatedly accused them of

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

bad faith, lying, being "evil," willfully violating orders, purposefully removing and withholding documents, etc. There is no basis to Plaintiff's accusations.

One example is Plaintiff's continuing demands for "clock in and clock out records." The demand started as the identities of employees working the day in question. Avis produced the information. Then Plaintiff demanded a schedule. Avis produced the information including hours worked by employees. Then Plaintiff demanded specific "clock in and clock out records." Avis' counsel explained that there are no such records, nor does Avis have such information to provide. She simply disbelieves and continues to make the demands. [Lee Decl. at ¶ 35]

Plaintiff has also repeatedly asked vaguely for any and all training and policies and procedures. Plaintiff has not been able to articulate any need for such documents, especially given that there is no dispute that the alleged conduct, if true, would not be compliant with Avis' training, policies or procedures. Regardless, Avis has produced hundreds of pages of training, policies and procedures. But Plaintiff continues to allege there is more. Avis' counsel explains that there is not more, but Plaintiff simply disbelieves. [Lee Decl. at ¶ 36]

## V. PLAINTIFF HAS FAILED TO COMPLY WITH DISCOVERY

Despite Plaintiff's relentless demands and accusations, Plaintiff has at the same time failed to comply with her discovery obligations. Whereas Avis explains that there are no further documents and cannot produce, Plaintiff admits that there are further documents and information but she simply refuses and/or fails to produce them.

Plaintiff's responses to Avis' initial discovery were late and her objections waived. However, she improperly asserted objections anyway. She also has repeatedly stated that more documents and information are forthcoming but fails to actually provide it. [Lee Decl. at ¶ 37]

Plaintiff's treating doctor produced a declaration by a witness, Judy Johnson,

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

in support of his conclusions. Despite requests to Plaintiff for Ms. Johnson's contact information, Plaintiff acknowledged she had the information but outright refused to provide it. Instead, Plaintiff forced Avis to issue a separate Interrogatory for the contact information, which Plaintiff has refused or failed to timely respond to and remains past due. [Lee Decl. at ¶ 38]

Avis' counsel first requested Plaintiff's Independent Medical Examination for her alleged psychological injuries, on May 6, 2025. More than a year has passed and the examination has not been scheduled due to Plaintiff's continued refusal, despite Avis' counsel's attempts to accommodate her location and schedule. Most recently, Avis' counsel offered to schedule her IME close to the hearing on her forthcoming Motion to Compel in July, but she has refused to respond. [Lee Decl. at ¶ 39]

The crux of Plaintiff's loss of income claims are that she has been repeatedly rejected from applications for similar work. Avis served discovery on January 23, 2025 seeking any type of explanation or proof of this claim. Plaintiff has yet to provide a substantive answer or any documents. In meet and confer, Plaintiff claimed to have had conversations with employers or recruiters that corroborate her claim, but she asserts that she does not know the details or identity of any such person she talked to. She also recently admitted that she took some handwritten notes during these calls, but that these notes are in California so she claims to not be able to produce them, despite having the requests for over a year and being in California during that time. [Lee Decl. at ¶ 40]

During Plaintiff's deposition, she refused to answer multiple questions, threatened to walk out numerous times, and then actually did walk out and refuse to complete her deposition. During her deposition, she also verbally attacked Avis' counsel, calling him "evil," "bad faith," etc. Her deposition has yet to be rescheduled and be completed. [Lee Decl. at ¶ 41]

There are several additional outstanding documents and information, which

Plaintiff continues to refuse or fail to provide.

## VI. CONCLUSION

Based on the foregoing, Avis respectfully requests that Plaintiff's Motion be denied with respect to discovery issues and to the extent she seeks relief regarding discovery.

DATED: May 21, 2026

EVERETT DOREY LLP

By: ______________________

Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Patrick Albasha
Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

File No. 1115-02

# PROOF OF SERVICE

**Turner-Gray, Avia v. Avis Budget, Inc., et al.**
**USDC (Northern) Case No. 3:23-cv-05507-SI**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 2030 Main Street, Suite 1200, Irvine, CA 92614.

On May 21, 2026, I served true copies of the following document(s) described as

**DEFENDANT AVIS BUDGET CAR RENTAL, LLC'S RESPONSE TO PLAINTIFF AVIA TURNER-GRAY'S ADMINISTRATIVE MOTION**

I served the documents on the interested parties in this action as follows:

Avia Turner-Gray, Esq. — In Pro Per
3538 Cumberland Road
East Point, GA 30344
(404) 444-6561
aviaturnergrapvattvatlaw@gmail.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 21, 2026, at Irvine, California.

Nydia Shannon

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110