**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
severett@everettdorey.com
Samantha E. Dorey, SBN 281006
sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
clee@everettdorey.com
Patrick Albasha, SBN 316610
palbasha@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

EVERETT DOREY LLP
2030 MAIN STREET, 12TH FLOOR
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AVIA TURNER-GRAY,<br>Plaintiff,<br>vs.<br>AVIS BUDGET GROUP, INC., *et al.*,<br>Defendants. | **Case No. 3:23-cv-05507-SI**<br>*[The Honorable Susan Illston, Courtroom 1]*<br>**DECLARATION OF CHRISTOPHER D. LEE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION** |

I, Christopher D. Lee, do hereby declare as follows:

1. I am an attorney at law licensed to practice before this Court and all courts of the State of California, and am a Partner with the law firm of Everett Dorey LLP, attorneys of record for Defendant Avis Budget Car Rental, LLC. I am fully familiar with the facts of this case and if called as a witness regarding the matters set forth below, which are within my personal knowledge, I would so testify.

2. All of the known information and documents regarding Plaintiff and her case have already been produced in this case, including her past rental history and files, the missing vehicle checklist, documents regarding the report to the police,

EVERETT DOREY LLP
2030 MAIN STREET, 12TH FLOOR
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

and all communications regarding the situation. Even hundreds of pages of information and documents well beyond Plaintiff or her case have been produced, including a list of all employees working on the date in question, numerous policies and procedures, training documents, and private personnel records of individuals who Plaintiff somehow suspect as involved. Avis has produced over 4,200 pages of documents in this matter.

3. Plaintiff is never satisfied with the production and demands more. However, Plaintiff's demands have been vague, constantly shifting, overbroad and nonproportional. At one point, she will demand "all policies and procedures," and then in meet and confer conference, she will limit her request to the identity of employees working on the day at the site (which Avis produced). There is no dispute that if Plaintiff's version of events is true (i.e., that the Nissan was not registered as rented to Plaintiff and she was "waived through" the exit gate without confirmation), that Avis did not act within its policies and procedures. Despite that, Avis has still produced hundreds of pages of policies and procedures.

4. Plaintiff will demand the personnel records for the entire corporate hierarchy from the owner/president down to every individual exit gate employee, and every employee in-between. Then she will agree to send a distinct list of a few names of employees that she wants the personnel records for (which Avis produced). The personnel records of dozens or hundreds of employees has no bearing on Plaintiff's claims, nor are they proportional. But then Plaintiff seemingly backtracks and reverts to the original demands.

5. She will demand to depose dozens of employees (with no seeming connection to her case), but the list ever-changes and most recently consisted of four individuals – which Avis' counsel is arranging deposition dates for currently and has offered the first week of June for two of the individuals. Despite the offer to schedule the depositions, Plaintiff has failed to confirm the deposition dates.

6. In meet and confer, Plaintiff does not adequately explain the relevance,

EVERETT DOREY LLP
2030 MAIN STREET, 12TH FLOOR
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

proportionality or need for the excessive demands. Instead, she consistently denigrates Avis and its counsel, calling them “liars,” “evil,” “in bad faith,” etc. This is despite the fact that whenever she is finally able to specifically articulate a reasonable category of information or documents that she claims is missing and needed, Avis’ counsel makes further effort to locate and produce any additional documents and/or confirm no such documents exist. However, Plaintiff simply does not believe when Avis or its counsel explain that documents or information she demands are non-existent and cannot be produced, calling them “liars” and accusing them of acting in “bad faith.”

7. Plaintiff served her Requests for Production of Documents ("Requests") on February 19, 2025. Attached hereto as Exhibit “1” is a true and correct copy of the Requests.

8. On March 14, 2025, Avis’ counsel requested a two-week extension to respond to the Requests, until April 4, 2025, to which Plaintiff agreed. Attached hereto as Exhibit “2” is a true and correct copy of the March 14, 2025 correspondence.

9. The same day, Avis’ counsel also sent Plaintiff a meet and confer letter regarding Plaintiff’s late and deficient discovery responses to Avis’ discovery requests. Attached hereto as Exhibit “3” is a true and correct copy of Avis’ March 14, 2025 Meet and Confer Letter.

10. Later that day, Plaintiff then retroactively revoked her previously-granted extension for Avis' discovery responses and demanded responses by the original March 21, 2025 deadline.

11. Plaintiff’s reason given for the revocation was that Avis’ counsel had informed Plaintiff that given the expired extension that Avis’ counsel had previously granted, her responses to Avis’ Requests for Admission were late and that they were deemed admitted by operation of law, and Plaintiff therefore accused Avis’ counsel of “acting in bad faith, and based on this, I revoke my consent to extend your

discovery deadline to April 4, 2025. The discovery will be due on March 21, 2025 as required under the federal rules. If strict compliance with the federal rules is good enough for me, then it should certainly be good enough for you as well." Attached hereto as Exhibit "4" is a true and correct copy of Plaintiff's March 14, 2025 correspondence.

12. Given this inappropriate revocation of the agreed extension, on March 21, 2025, Avis served objections to Plaintiff's Requests, including because of the improper and objectionable nature of the Requests. Attached hereto as Exhibit "5" is a true and correct copy of Avis' March 21, 2025 Responses to Requests.

13. Attached hereto as Exhibit "6" is a true and correct copy of March 31, 2025 – April 18, 2025 correspondence.

14. On April 15, 2025, Avis served Supplemental Responses to the Requests and produced 1894 pages of documents to Plaintiff. Attached hereto as Exhibit "7" is a true and correct copy of Avis' April 15, 2025 Supplemental Responses to the Requests.

15. To note, as of this point, Plaintiff had not engaged in a verbal meet and confer as requested by Avis' counsel. The main complaint in Plaintiff's email seemed to be the lack of interrogatory-style responses to her requests for documents that would identify the alleged "tortfeasors" that Plaintiff claims had wronged her. Avis' counsel would have explained, had she engaged in a meet and confer, and actually subsequently did explain, once the meet and confer occurred, that Avis does not have the information she demanded about the identity of persons Plaintiff allegedly interacted with on a specific day in June 2022.

16. Avis' counsel and Plaintiff met and conferred at the April 30, 2025 conference and came to an agreement that Plaintiff would serve a set of interrogatories to request the information about the identity of the alleged persons at Avis who interacted with her. During the meet and confer, Plaintiff did not identify any specific deficiencies or demands at the time for further discovery. Avis'

EVERETT DOREY LLP
2030 MAIN STREET, 12TH FLOOR
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

counsel attempted to explain that the identities were unknown to Avis, as none of the potential employees had any memory of interacting with Plaintiff on the one day in 2022, but Plaintiff has consistently refused to believe Avis' counsel (multiple times calling them liars). Up to and through July 2025, Plaintiff failed to serve such interrogatories, but continued to make threats of a motion to compel, inconsistent with the previous agreement reached.

17. Then, on July 5, 2025, Plaintiff sent a 59-page proposed "joint stipulation" and wrote: "The letter serves as a second Notice/Request to Meet and Confer on the issue of discovery in the case referenced above. Specifically, the Plaintiff takes issue with the improper denial of multiple requested documents in her First Request for Production of Documents served on February 20, 2025. The Plaintiff, as discussed previously, is planning on filing a Motion to Compel with the Court on July 11, 2025. The attached draft Joint Stipulation outlines the Plaintiff's complaints and position on the withheld documents. It is my hope that we can meet and confer on this continuing discovery dispute by the end of day July 11, 2025 at the latest. If we are unable to meet and confer to resolve these issues by that time, the Plaintiff will file the attached draft joint stipulation. The attached document is the Plaintiff's first draft of her position on the improperly withheld documents. Please add your responses to that draft accordingly by July 11, 2025 to be included as part of the Joint Stipulation to the Court. . . . Please note that the Plaintiff is preparing the interrogatories asked of her in prior discussions. Those interrogatories will be served on the Defendant by this weekend." Attached hereto as Exhibit "8" is a true and correct copy of July 5 – 11, 2025 correspondence.

18. Avis' counsel and Plaintiff agreed to meet and confer on July 14, 2025 and did so, at which point Plaintiff identified some specific documents she was demanding, which Avis' counsel agreed to ask Avis to search for and produce.

19. Attached hereto as Exhibit "9" is a true and correct copy of July 5 – 11, 2025 correspondence.

EVERETT DOREY LLP
2030 MAIN STREET, 12TH FLOOR
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

20. Attached hereto as Exhibit "10" is a true and correct copy of September 15 – 17, 2025 correspondence.

21. Attached hereto as Exhibit "11" is a true and correct copy of September 25 – October 6, 2025 correspondence.

22. On October 29, 2025, Avis' counsel produced another 1,241 pages of documents to Plaintiff under the Protective Order.

23. The Order (Dkt. 86) was in response to the parties' joint discovery statement wherein Avis explained that it had documents to produce but was wanting a protective order first. This Court entered the Protective Order, and then Avis produced the documents. Avis does not understand the Order to have been a determination about the scope of discovery or any of the merits of Plaintiff's arguments as to her discovery demands. Plaintiff has nonetheless characterized the Order as somehow a blanket Order that she is entitled to everything she demands in discovery, and accuses Avis of violating the Order by not producing anything and everything she demands at any point. That is not Avis' understanding of this Court's Order.

24. Attached hereto as Exhibit "12" is a true and correct copy of January 30 – February 5, 2026 correspondence.

25. Avis' counsel met and conferred with Plaintiff in on February 11, 2026, during which Avis' counsel requested a specific list of documents that Plaintiff was further demanding be produced and Avis' counsel would make efforts to have Avis locate and produce such documents.

26. Attached hereto as Exhibit "13" is a true and correct copy of March 5 – 11, 2026 correspondence.

27. Avis attempted to again comply with Plaintiff's demands, and on March 11, 2026, Avis produced 68 further pages of documents that could be located.

28. Attached hereto as Exhibit "14" is a true and correct copy of April 16 – 28, 2026 correspondence.

EVERETT DOREY LLP
2030 MAIN STREET, 12TH FLOOR
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

29. The accusation that Avis or its counsel "removed pages out of critical documents," is unfounded and false. Further, Avis and its counsel have continually in good faith made efforts to try to comply with Plaintiff's ever-changing, vague and overbroad demands.

30. On April 27, 2026, Avis produced an additional 33 pages of documents.

31. A meet and confer was set for May 1, 2026 at 11am. After the scheduled meet and confer, at 11:04am, Plaintiff sent a further demand email, making the same accusations, and requesting a stipulation to a continuance. A minute later, at 11:05am, Plaintiff called Avis' counsel and demanded the stipulation to continue, threatened a motion to compel, and refused to further meet and confer. Attached hereto as Exhibit "15" is a true and correct copy of Plaintiff's May 1, 2026 correspondence.

32. On Monday, May 4, 2026, Plaintiff emailed this Court's Clerk, Ms. Chung, accusing Avis of not responding to the request to stipulate to a trial continuance, which request was made the previous Friday and which Avis did not have time to respond to, and stating that she will be filing a motion for continuance. She further accused Avis of "not compl[ying] with [the Court's] order despite multiple requests by this Plaintiff." The Order referenced is the October 16, 2025 Order (Dkt. 86), which as described above, did not concern a determination about the scope of discovery or any of the merits of the parties' discovery dispute. Avis does not believe that it has violated this Court's Order in any way. Attached hereto as Exhibit "16" is a true and correct copy of May 4, 2026 correspondence.

33. The next day, May 5, 2026, Avis agreed to stipulate to Plaintiff's requested continuance. Despite the agreement, Plaintiff thereafter still filed this Administrative Motion for the continuance.

34. On May 18, 2026, Avis produced 999 additional pages of documents. Avis' counsel wrote to Plaintiff: "If you believe further documents are needed,

EVERETT DOREY LLP
2030 MAIN STREET, 12TH FLOOR
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

please describe them succinctly and specifically, and we will make an effort to further locate and produce, if appropriate." Attached hereto as Exhibit "17" is a true and correct copy of May 18, 2026 correspondence.

35. One example is Plaintiff's continuing demands for "clock in and clock out records." The demand started as the identities of employees working the day in question. Avis produced the information. Then Plaintiff demanded a schedule. Avis produced the information including hours worked by employees. Then Plaintiff demanded specific "clock in and clock out records." Avis' counsel explained that there are no such records, nor does Avis have such information to provide. She simply disbelieves and continues to make the demands.

36. Plaintiff has also repeatedly asked vaguely for any and all training and policies and procedures. Plaintiff has not been able to articulate any need for such documents, especially given that there is no dispute that the alleged conduct, if true, would not be compliant with Avis' training, policies or procedures. Regardless, Avis has produced hundreds of pages of training, policies and procedures. But Plaintiff continues to allege there is more. Avis' counsel explains that there is not more, but Plaintiff simply disbelieves.

37. Plaintiff's responses to Avis' initial discovery were late and her objections waived. However, she improperly asserted objections anyway. She also has repeatedly stated that more documents and information are forthcoming but fails to actually provide it.

38. Plaintiff's treating doctor produced a declaration by a witness, Judy Johnson, in support of his conclusions. Despite requests to Plaintiff for Ms. Johnson's contact information, Plaintiff acknowledged she had the information but outright refused to provide it. Instead, Plaintiff forced Avis to issue a separate Interrogatory for the contact information, which Plaintiff has refused or failed to timely respond to and remains past due.

39. Avis' counsel first requested Plaintiff's Independent Medical

EVERETT DOREY LLP
2030 MAIN STREET, 12TH FLOOR
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, 12TH FLOOR
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Examination for her alleged psychological injuries, on May 6, 2025. More than a year has passed and the examination has not been scheduled due to Plaintiff's continued refusal, despite Avis' counsel's attempts to accommodate her location and schedule. Most recently, Avis' counsel offered to schedule her IME close to the hearing on her forthcoming Motion to Compel in July, but she has refused to respond.

40. The crux of Plaintiff's loss of income claims are that she has been repeatedly rejected from applications for similar work. Avis served discovery on January 23, 2025 seeking any type of explanation or proof of this claim. Plaintiff has yet to provide a substantive answer or any documents. In meet and confer, Plaintiff claimed to have had conversations with employers or recruiters that corroborate her claim, but she asserts that she does not know the details or identity of any such person she talked to. She also recently admitted that she took some handwritten notes during these calls, but that these notes are in California so she claims to not be able to produce them, despite having the requests for over a year and being in California during that time.

41. During Plaintiff's deposition, she refused to answer multiple questions, threatened to walk out numerous times, and then actually did walk out and refuse to complete her deposition. During her deposition, she also verbally attacked Avis' counsel, calling him "evil," "bad faith," etc. Her deposition has yet to be rescheduled and be completed.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this 21st day of May, 2026.



Christopher D. Lee

File No. 1115-02

EVERETT DOREY LLP
2030 MAIN STREET, 12TH FLOOR
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

## PROOF OF SERVICE

**Turner-Gray, Avia v. Avis Budget, Inc., et al.**
**USDC (Northern) Case No. 3:23-cv-05507-SI**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 2030 Main Street, Suite 1200, Irvine, CA 92614.

On May 21, 2026, I served true copies of the following document(s) described as

**DECLARATION OF CHRISTOPHER D. LEE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION**

I served the documents on the interested parties in this action as follows:

| | |
|---|---|
| Avia Turner-Gray, Esq.<br>3538 Cumberland Road<br>East Point, GA 30344<br>(404) 444-6561<br>aviaturnergrapyattyatlaw@gmail.com | In Pro Per |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 21, 2026, at Irvine, California.

Nydia Shannon

Nydia Shannon