# EXHIBIT 1

Avia Turner-Gray, Esquire
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AVIA TURNER-GRAY**<br><br>Plaintiff,<br><br>vs.<br><br>**AVIS BUDGET CAR RENTAL, LLC**<br><br>**JOHN DOES 1 THROUGH 50,**<br><br>Defendants. | Case No.3:23-CV-05507-SI**:**<br><br>**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE DEFENDANT AVIS BUDGET CAR RENTAL LLC**<br><br>*TRIAL DATE: OCTOBER 6, 2025*<br><br>*HONORABLE JUDGE SUSAN ILLSTON*<br><br>*COURTROOM 1* |

**PROPOUNDING PARTY:** AVIA TURNER-GRAY, PLAINTIFF

**RESPONDING PARTY:** AVIS BUDGET CAR RENTAL, LLC, DEFENDANT

**SET NO.:** One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Avia Turner-Gray ("Plaintiff") requests that Avis Budget Car Rental, LLC ("Defendant") produce and permit Plaintiff to inspect, copy, test, or sample the following items in the possession, custody, or control of Defendant. The production and inspection shall take by mail or by email by sending the requested documents to Avia Turner-Gray, 12935 Alcosta Blvd., P. O. Box 3024, San Ramon, CA 94583 or to the Plaintiff's email at aviaturnergrayattyatlaw@gmail.com thirty days after service of these Requests unless alternative mutually agreeable arrangements are made between counsel of record and shall continue for so long as may be reasonably required.

## DEFINITIONS

1. "PERSON(S)" includes any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity or any other form of legal entity.

2. "DOCUMENT" or "DOCUMENTS" or "DOCUMENTATION" shall mean documents, electronically stored information, and tangible things as described in Rule 34 of the Federal Rules of Civil Procedure, including without limitation all written and graphic matter and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending

meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

3. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said

ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes, without limitation, any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

4. "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

5. "DEFENDANT" or "AVIS" shall mean Defendant Avis Budget Car Rental, LLC.

6. "PLAINTIFF," shall mean Plaintiff Avia Turner-Gray.

7. “YOU” or “YOUR” refers to the Defendant, its agents, representatives, employees, contractors, and attorneys.

8. “RELATING TO” means discussing, referencing, supporting, contradicting, or otherwise associated with the subject matter of this litigation as delineated in the Plaintiff’s operative complaint.

9. "COMPLAINT" shall mean PLAINTIFF's operative Complaint on file in the above-captioned matter.

10. "SUBJECT INCIDENT" shall mean the events, issues and actions that

allegedly gave rise to the claims in the Plaintiff's operative COMPLAINT.

**INSTRUCTIONS**

1. Please produce all of the specified DOCUMENTS and ELECTRONIC RECORDS which are in YOUR possession, or available to YOU, or to which YOU may gain access through reasonable effort, including information in the possession of YOUR past and present attorneys, accountants, investigators, consultants, or other persons directly or indirectly employed or retained by YOU, or in connection with YOU, or anyone else otherwise subject to YOUR control who maintains records on YOUR behalf, in YOUR name or otherwise under YOUR control.

2. Any comments, notations or markings appearing on any DOCUMENTS or ELECTRONIC RECORDS, and not a part of the original, are considered a separate DOCUMENT or ELECTRONIC RECORDS, and any draft, preliminary form or superseded version of any DOCUMENT is also considered a separate DOCUMENT or ELECTRONIC RECORDS.

3. All documents and electronic records requested herein should be produced in the same order as they are kept, or maintained, or stored, in the regular course of business.

4. All DOCUMENTS requested herein should be produced in the folder file, envelope, or other container in which the DOCUMENTS are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

5. Any DOCUMENT attached to another DOCUMENT must not be separated.

6. In the event that any DOCUMENT or ELECTRONIC RECORD called for

by these requests has been destroyed, lost, discarded, disposed of or is otherwise unavailable, such DOCUMENT or ELECTRONIC RECORD is to be identified as completely as possible, including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the DOCUMENT or ELECTRONIC RECORD.

7. Whenever possible, the singular form of a word shall be interpreted in the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine shall include the feminine and vice versa.

8. If an objection is made to part or all of any request, the part should be specified together with the reasons for the objection. If a claim of privilege is asserted with respect to part or all of any DOCUMENT on the grounds of attorney-client privilege, the attorney work product doctrine, or any other basis, describe the DOCUMENT with sufficient particularity to make it susceptible to identification by separately stating the following with respect to any such DOCUMENT: (1) the type of DOCUMENT; (2) its date; (3) the name, address, and position of its author(s); (4) the name, address, and position of each recipient of the DOCUMENT; (5) a general description of the subject matter of the DOCUMENT; (6) the basis of any claim of privilege; and (7) if work product immunity is asserted, the proceeding for which the DOCUMENT was prepared.

9. Documents should be provided in native format with metadata unless otherwise agreed.

10. If additional responsive documents are discovered after production, you must supplement your response under FRCP 26(e).

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS identified in your Initial Disclosures in this action. Produce complete copies of any reports referenced in your initial disclosures including copies of all police reports filed by Avis directly or on Avis's behalf by any Avis related company, subsidiary, or outside contractor including (nonexhaustively) the PV Holding Corp., or the Avis Budget Group in relation to this action. Produce the COMPLETE PERSONNEL FILE for any individuals who prepared these reports including the individual's application for employment, background check, performance evaluations, disciplinary records, training record, and if applicable, termination documents.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS, ELECTRONIC OR OTHERWISE, regarding rental agreement number 756086236 (reservation number 15766940-US-0) for the rental of a Black Nissan Altima that was issued to the Plaintiff by an Avis employee ,"KENNETH," on June 26, 2022 at approximately 0930 pm at the Avis Budget Rental Counter in the SFO Rental Center located at 780 McDonnell Road in San Francisco, California. If no records exist regarding this rental, please state this fact in your response.

**REQUEST FOR PRODUCTION NO. 3:**

Please provide the full name, home address, phone number, and email address, and California insurance agent license number for employee "Kenneth" identified in the RFD No. 2 above.

Produce DOCUMENTS comprising this employee's complete personnel file including his application for employment, job description, background check, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Please provide DOCUMENTATION of Kenneth's direct supervisor governing and managing his activities on site on June 26, 2022. Provide DOCUMENTATION listing Kenneth's manager.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**

Produce all records and DOCUMENTS related to the Avis rental vehicle given to the Plaintiff on June 26, 2022 at approximately 0930 pm: a Nissan Altima -CA License Plate 8ZXZ692. Produce DOCUMENTS detailing the entire rental history on the vehicle from the time it was initially placed in service with Avis up through October 27, 2022. Said DOCUMENTS should account for the whereabouts of the vehicle for the entire time that it was in service by the Defendant, Avis. DOCUMENTATION and records should account for any periods of inactivity, theft, or loss, or rental. Records should include all service records for that vehicle. If the vehicle was ever reported, lost or stolen, records should include every single DOCUMENT, record, report, memo, video, or any other documentary evidence with regard to that theft or loss. Records should include all internal and external reports regarding the loss or theft and all internal or external investigatory material. Records should include the identity of and complete personnel record DOCUMENTS for all individuals involved in the investigation of any theft or loss of this vehicle during the entire time that the vehicle was in service up until October 27, 2022.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>**

Produce time clock (punch) records and DOCUMENTS for all Avis employees, managers, and contractors who reported for work or who were working at the Avis Budget rental location at the SFO Rental Center.

Center located 780 Mcdonnell Road in San Francisco, California on June 26, 2022 between 0700 am and 11pm that day. DOCUMENTS should indicate the employee's or contractor's name, title, job description, and the hours they worked that day.

**REQUEST FOR PRODUCTION NO. 6:**

Produce DOCUMENTS listing the names of all leadership personnel, including all directors, managers, assistant managers, supervisors, and team leads, (who would not have been listed in RFP No. 5) who were employed by the Defendant Avis (or its parent company or subsidiaries) to work at the SFO Rental Center site on June 26, 2022. Produce these employees' complete personnel files including DOCUMENTS of their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records,  and if applicable, termination documents. Produce all DOCUMENTS  including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individual were outside or independent contractors. If they were outside contractors or independent contractors, please provide DOCUMENTS  listing the name, address,  and phone number for the agency or company that the person was employed for.

Produce DOCUMENTS listing the name and title of the individual who had overall authority at the highest level for Avis operations at the SFO rental center. Produce DOCUMENTS listing the name and title of that leader's supervisor. Produce DOCUMENTATION of  the name and title of the individual who was number two in command over Avis operations at the SFO rental center.

Provide DOCUMENTATION of the name and title of the individual who managed or supervised Avis rental counter operations on site on the evening of June 26, 2022 from 0830 pm to 1030 pm.

**REQUEST FOR PRODUCTION NO. 7:**

Produce DOCUMENTATION including Avis's complete Employee Handbook in effect during the year 2022.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all policy and procedure DOCUMENTS and manuals governing rental operations at Avis Budget Car Rental LLC d/b/a Avis at the SFO Rental Center in 2022. The policy and procedure manual DOCUMENTS should be complete and list in detail the correct steps necessary in order for an employee to rent and return a vehicle to a customer, and the correct steps for rental car pickups, returns, exchanges, and appropriate entry gate and exit gate procedures.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS listing every employee or contractor who worked for Avis's loss prevention group (car theft prevention or car loss group) during the year 2022. Please include any employee or contractor who had car loss prevention responsibilities even if those employees were directly employed by a Avis related agent, subsidiary, contractor, or corporate parent including the PV Holding Corp. or the Avis Budget Group. Produce DOCUMENTS listing the name, address, phone number, email address, and state license number for each of these individuals. Produce DOCUMENTATION including these employees' complete personnel files including their applications for employment, job descriptions, professional licenses, background

checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individuals were outside or independent contractors. If they were outside contractors or independent contractors, please provide DOCUMENTATION list the name, address, and phone number for the agency or company that the person was employed for.

**REQUEST FOR PRODUCTION NO. 10:**

Produce DOCUMENTS comprising the complete policy and procedure manual without exception governing the step by step management, handling, and investigation of cars alleged to have been stolen or lost by Avis's Loss Prevention Group.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS including contracts, agreements, or communications (ELECTRONIC or otherwise) between you and other Avis entities, subsidiaries, contractors, and corporate parents, related to this matter- that is the alleged theft or loss of Nissan Altima Plate CA Plate #8ZXZ692, the mishandling of the associated rental car exchanges of said vehicle in June of 2022, and the associated false arrest of the Plaintiff AviaTurner-Gray.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS, contracts, agreements, or communications (ELECTRONIC or otherwise) between you, including other Avis entities, subsidiaries, contractors, and corporate parents, to or from the Plaintiff's former employer, AMN Healthcare Interim Solutions, LLC (formerly B.E. Smith) and its corporate parent, AMN Healthcare, Inc related to this matter- that is the alleged theft or loss of Nissan Altima CA Plate #8ZXZ692, the mishandling of the

associated rental car exchange of said vehicle in June of 2022, and the associated false arrest of the Plaintiff Avia Turner-Gray in October 2022. Please include all communications with AMN related entities from January 1, 2021 (the beginning of the Plaintiff's contract with AMN) through December 2024.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS and records of all bills, invoices, payments, or reimbursements made to or from AMN Healthcare, Inc./AMN Healthcare Interim Solutions LLC (formerly B.E.Smith) related to this matter for cars leased by them for Avia Turner-Gray from January 10, 2021 through November 15, 2022.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS including a copy of the COMPLETE signed master contract and operating agreement authorizing/governing corporate car rentals by AMN Healthcare, Inc./AMN Healthcare Interim Solutions lLC (formerly B.E.Smith) for their interim employees in effect during the year 2022.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS listing every single vehicle that was leased by AMN Healthcare, Inc. and/or AMN Healthcare Interim Solutions LLC for the benefit of the Plaintiff, Avia Turner-Gray, from January 9, 2021 through October 27, 2022. List the make, model and year of each vehicle along with the service and repair records for those vehicles.

**REQUEST FOR PRODUCTION NO. 16:**

Produce DOCUMENTS of any internal or external complaints (including customer complaints), grievances, or Human Resource reports filed between January 1, 2021 and December 31, 2022

alleging improper car rental procedures, unsafe vehicle condition, improper maintenance of Avis's rental vehicles, or conditions leading to customer endangerment or the false arrest of customers related to Avis issuing false reports of vehicle theft.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS including all server logs, metadata, or IT records related to the management, rental, repair, tracking and inventory control of the Nissan Altima 8ZXZ692 or other relevant communications.

**REQUEST FOR PRODUCTION NO. 18:**

Produce DOCUMENTS in the form of an organizational chart with leadership roles and department and division heads listed for the entity, Avis Budget Car Rental LLC in effect during the year 2022. Include documentation of Avis Budget Car Rental LLC's relationship with other Avis entities designating and including its corporate parent and its corporate relationship to any and every other Avis subsidiary during the year 2022.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS, reports, emails, communications, and records of townhall meetings, trainings, newsletters, corporate directives sent to leadership and/or employees of Avis Budget Car Rental LLC by officers, directors, and leaders at the Avis Budget Group and/or any other Avis related corporate parent and/or any other Avis related entity related to the the rising number of lawsuits and rental car industry upheaval caused by the Hertz car rental false arrest and imprisonment scandal between January 2021 and December of 2022.

**REQUEST FOR PRODUCTION NO. 20:**

Produce DOCUMENTS and records listing any current and prior lawsuits, claims, or settlements involving similar allegations of false arrest against Avis and Avis related entities filed between January 2020 and December 2024. Produce DOCUMENTATION listing the number of false reports of car theft that Avis or Avis related entities filed against innocent renters in the years 2021, 2022, and 2023.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS of any due diligence reports, background checks, or hiring records for third party vendors or contractors involved in the management or handling of any aspect of the car rental process that reached the Plaintiff during the period January 1, 2021 and October 26, 2022.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all and any DOCUMENTS, reports, or investigations, internal or external, relating to the incident giving rise to this case (the false reporting of a car theft for a 2021 Nissan Altima with a California plate number 8ZXZ692) including any reports or DOCUMENTS filed with law enforcement agencies including the San Francisco Police Department and the San Mateo Sheriffs Department. Identify any specific designated group of law enforcement officers that Avis regularly interfaces with in the management of lost or stolen vehicles. Produce DOCUMENTS including a list of the names of the law enforcement officers that are typically contacted by Avis in these circumstances, along with their badge numbers and contact information.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS, reports, emails, and communications detailing the ***exact moment and time*** that the 2021 Nissan Altima with a California plate number 8ZXZ692 that the Plaintiff

rented from the Defendant Avis (with the manager's permission) on June 26, 2022 was found missing from Avis's car lot. Include the complete inventory tracking log DOCUMENT for the vehicle listed in this request up to and including the date of the Plaintiff's arrest on October 26, 2022 for the entire life of the vehicle.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS, reports, emails, and communications, internal and external, detailing the failures and deficiencies of Avis's vehicle inventory tracking system between January 1, 2020 and December 31, 2022. Include DOCUMENTS of communications that were sent to other Avis entities and subsidiaries, and outside agencies, including law enforcement, detailing problems with Avis's inventory tracking system.

**REQUEST FOR PRODUCTION NO. 25:**

Produce DOCUMENTs and records of a call that Avis customer service received from law enforcement Officers with the City of Dublin, California Police Department on October 26, 2022 at approximately 11pm at night related to the recovery of a 2021 Nissan Altima with a California license plate number 8ZXZ692. Produce DOCUMENTS of that vehicle recovery report. Produce DOCUMENTS with of the name, address, and phone number of the towing company that towed the vehicle. Produce DOCUMENTATION including the name, address, phone number, and license number for the Avis representative who told those police officers that the vehicle that they recovered had been missing since June 2022 and who also told the police officers to arrest the Plaintiff.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS, letters, reports, communications, emails, and notices sent to the Plaintiff, Avia Turner-Gray, and/or her employer at the time, AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc., between June 26, 2022 and October 26, 2022 indicating that the vehicle that she had rented from the Defendant on June 26,2022 was late or had not been returned timely as required under California law. Please include DOCUMENTS of all bills that were sent to the Plaintiff's employers as designated above for the rental of that vehicle (2021 Nissan Altima 8ZXZ692) between June 26, 2022 and October 26, 2022. If no such DOCUMENTATION exists in the system, designate that fact in your discovery response.

**REQUEST FOR PRODUCTION NO. 27:**

Produce DOCUMENTS of all internal communications (emails, memos, texts, chat logs) discussing the inventory, theft, or location of the 2021 Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**REQUEST FOR PRODUCTION NO. 28:**

Produce DOCUMENTS of any surveillance footage, photographs, or audio recordings related the Plaintiff's car rental exchange on June 26, 2022 at the SFO Rental Center between 0830 pm and 1030 pm. Provide video of the Plaintiff's rental car return at the Avis return gate at 0849 pm, her transaction with Avis employee "Kenneth" at the Avis car rental counter around 0941 pm, the Plaintiff's conversation with the Avis manager in Avis car lot around 1015 pm, and the Plaintiff's exit from the Avis exit gate that night around 1030 pm. If no video exists of these transactions, please state this in your discovery response.

**REQUEST FOR PRODUCTION NO. 29:**

Produce a copy of all DOCUMENTS containing the business, occupational, and/or state insurance license for Avis Budget Car Rental, LLC. If there are any licenses, certificates, or agreements that authorize Avis Budget Car Rental, LLC to operate out of the San Francisco airport, please provide a copy of these DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 30:**

Produce DOCUMENTS with the name, address, and phone number of Avis Budget Car Rental LLC's insurance carrier. Provide DOCUMENTATION of insurance covering this claim filed by the Plaintiff.

**REQUEST FOR PRODUCTION NO. 31:**

Produce DOCUMENTS in the form of a list of those individuals who were employed by the Defendant, Avis Budget Car Rental LLC, or its parent company or subsidiaries or an outside contractor, to work at the SFO Rental Center site in the training department and/or in human resources (who had training responsibilities) in 2022. Produce DOCUMENTS including their complete personnel files including their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individual were outside or independent contractors. If they were outside contractors or independent contractors, please provide a DOCUMENT listing the name, address, and phone number for the agency or company that the person was employed for. If training responsibilities were not vested in a training department or with human resources, please state this fact in your discovery response. Please provide a DOCUMENT with a list of the

individuals and the titles of those individuals who were responsible for training rental counter agents, exit gate employees, managers, and supervisors at Avis rental counter at the SFO Rental Center in 2022.

**REQUEST FOR PRODUCTION NO. 32:**

Produce DOCUMENTS including all training materials and inservice education material, ELECTRONIC, online, or otherwise, including the training manuals use to train rental counter agents, exit gate employees, and rental center managers, supervisors, and leads at the Avis Budget Rental counter at SFO rental center.

**REQUEST FOR PRODUCTION NO. 33:**

Produce DOCUMENTS and records for employee 89416 who checked the Plaintiff's vehicle in at the return gate in on June 26, 2022. Produce DOCUMENTS with the employee's name, address, phone number, email address, title, and job description.

**REQUEST FOR PRODUCTION NO. 34:**

Produce DOCUMENTS of any local, state, or federal law enforcement investigations into Avis Budget Car Rental LLC's (and any other Avis related subsidiary or corporate parent) rental activities and practices related to false reports of car thefts leading to false arrest and imprisonment of Avis customers between January 2021 and the present.

**CERTIFICATION**

Pursuant to FRCP 26(g), this request is made in good faith, is not unduly burdensome, and seeks relevant materials proportional to the needs of this case.

DATED: This 19th day of February, 2025

Respectfully submitted,

/s/Avia Turner-Gray

Avia Turner-Gray, Esquire
Plaintiff Pro Per

3538 Cumberland Road
East Point, GA 30344
aviaturnergrayattyatlaw@gmail.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing document upon all parties by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage there on, and/or in the alternative, by sending this request by email to the individuals listed below on the service list to insure delivery to opposing counsel:

Christopher Lee, Esquire
Patrick Albasha, Esquire
Everertt Dorey, LLP
2030 Main Street
Suite 1200
Irvine, CA 92614

This 19TH day of February, 2025

Respectfully submitted,

/s/Avia Turner-Gray___________
Avia Turner-Gray
Plaintiff Pro Per

3538 Cumberland Road
East Point, GA 30344
(404)444-6561

aviaturnergrayattyatlaw@gmail.com

# EXHIBIT 2

**Patrick Albasha**

| | |
|---|---|
| **From:** | Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com> |
| **Sent:** | Friday, March 14, 2025 11:24 AM |
| **To:** | Patrick Albasha |
| **Subject:** | Re: Turner-Gray v. Avis Budget Car Rental LLC: Service of Plaintiff's First Request for the Production of Documents to the Defendant |

Mr. Albasha,

That is fine with me. Discovery will be due on 04/04/25.

Avia Turner-Gray
Attorney-at-Law
aviaturnergrayattyatlaw@gmail.com

On Fri, Mar 14, 2025 at 10:29 AM Patrick Albasha <palbasha@everettdorey.com> wrote:

Good morning Ms. Turner-Gray,

We'd like to request a two-week extension for the below discovery. If agreeable, the new deadline would be April 4, 2025. Please confirm at your earliest.

Best,

Patrick

**PATRICK ALBASHA**

SENIOR ASSOCIATE

EVERETT DOREY LLP

2030 Main Street

Suite 1200

Irvine CA 92614

C: 626.513.5575

D: 949.676.0458

palbasha@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Wednesday, February 19, 2025 1:09 AM
**To:** Christopher Lee <clee@everettdorey.com>; Patrick Albasha <palbasha@everettdorey.com>; Seymour Everett <severett@everettdorey.com>
**Subject:** Turner-Gray v. Avis Budget Car Rental LLC: Service of Plaintiff's First Request for the Production of Documents to the Defendant

Please see the attached Plaintiff's First Request for the Production of Documents to the Defendant Avis Budget Car Rental LLC

--

Avia Turner-Gray
Attorney-at-Law

Plaintiff In pro Per

# EXHIBIT 3

EVERETT DOREY LLP

2030 Main Street, Suite 1200
Irvine, California 92614
www.everettdorey.com

Christopher D. Lee
Patrick Albasha
Main: (949) 771-9233
Direct: (949) 774-2006
Fax: (949) 377-3110
clee@everettdorey.com

March 14, 2025

File No.:1115-02

**VIA ELECTRONIC MAIL ONLY**

Avia Turner-Gray
In Pro Per
3538 Cumberland Road
East Point, GA 30344
aviaturnergrayattyatlaw@gmail.com

Re: ***Avia Turner-Gray v. Avis Budget Group, Inc., et al.***
Meet and Confer re: Plaintiff's Untimely and Noncompliant Discovery Responses

Dear Ms. Turner-Gray,

We are writing on behalf of Defendant Avis Budget Group, Inc. ("Avis") in the above-noted matter. This letter will serve as Avis' good faith effort to meet and confer regarding Plaintiff Avia Turner-Gray's ("Plaintiff") untimely and/or noncompliant responses to Avis' first set of written discovery as follows. Specifically, Plaintiff is deemed to have admitted to all of Avis' Requests for Admission pursuant to Federal Rules of Civil Procedure ("FRCP") § 36(a)(3). Plaintiff also waives any objections in her responses to Avis' Interrogatories and Requests for Production pursuant to FRCP §§ 33(b)(4) and 34(b)(2), respectively.

**Requests for Admission**

FRCP § 36(a)(3) is unambiguous, stating "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection. . ." A mater deemed admitted under this rule "is conclusively established unless the court permits the admission to be withdrawn or amended." Haile v. Santa Rosa Mem. Hosp., 2009 U.S. Dist. LEXIS 122589 (N.D. Cal. 2009)

Plaintiff was served written discovery on January 23, 2025, including the first set of Requests for Admission. Upon Plaintiff's request, Avis extended the response deadline to February 28, 2025. Plaintiff did not serve her responses via e-mail until March 1, 2025. Accordingly, they are late under the FRCP and are deemed admitted.

**Interrogatories**

FRCP § 33(b)(2) states that a responding party to Interrogatories "must serve its answers and any objections within 30 days after being served. . ." FRCP § 33(b)(4) states that "[a]ny ground not stated in a timely objection is waived. . ."

Plaintiff was served written discovery on January 23, 2025, including the first set of Interrogatories. Upon Plaintiff's request, Avis extended the response deadline to February 28, 2025. Plaintiff did not serve her responses via e-mail until March 4, 2025. Accordingly, they are late under the FRCP and all objections are waived.

Additionally, FRCP § 33(b)(3) states that each Interrogatory must "to the extent it is not objected to, be answered separately and fully in writing under oath." (emphasis added). Several of Plaintiff's responses improperly reference the Complaint as the substantive responses. Specifically, the responses for Interrogatories 1-7 are limited to "Responses to Interrogatories 1 through 7 are listed in detailed in the facts section within the operative complaint itself." These answers are deficient.

**Requests for Production**

FRCP § 34(b)(2)(A) states that "[t]he party to whom the request is directed must respond in writing within 30 days after being served. . ." FRCP § 34(b)(2)(B) states that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection."

Plaintiff was served written discovery on January 23, 2025, including the first set of Requests for Production. Upon Plaintiff's request, Avis extended the response deadline to February 28, 2025. Plaintiff did not serve her responses via e-mail until March 4, 2025. Significantly, Plaintiff did not serve responses at all. Instead, Plaintiff served an e-mail with documents which Avis presumes are documents responsive to the Requests for Production. This type of response is improper and inconsistent with the FRCP. Objections were not provided but are nonetheless waived. However,

Plaintiff is still required to provide actual responses to the Requests for Production consistent with the FRCP.

**Conclusion**

As stated, the Requests for Admission are all deemed admitted in accordance with FRCP § 36(a)(3). You have also waived all objections to the Requests for Admission, Interrogatories, and Requests for Production. Please provide substantive responses to the deficient Interrogatories identified and responses compliant with the Federal Rules for the Requests for Production of Documents by **March 21, 2025**.

Sincerely,

Christopher D. Lee
Patrick Albasha
EVERETT DOREY, LLP

# EXHIBIT 4

**Patrick Albasha**

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Friday, March 14, 2025 9:12 PM
**To:** Christopher Lee; Patrick Albasha
**Subject:** Turner-Gray v Avis: Correspondence Notice to Meet and Confer on the Defendant's Bad Faith with Respect to Alleged Noncompliance with Discovery Responses in the Below Referenced case

Avia Turner-Gray
Plaintiff In Pro Per
3538 Cumberland Road
East Point, GA 30344
aviaturnergrayattyatlaw@gmail.com

March 14, 2025

Christopher Lee, Esq.
Patrick Albasha, Esq.
2030 Main Street
Suite 1200
Irvine, CA 92614

RE: **Avia Turner-Gray v. Avis Budget Car Rental LLC, et. al**
**Case No 3:23-CV-05507-SI**
**Re: Notice to Meet and Confer on the Defendant's Bad Faith with Respect to Alleged Noncompliance with Discovery Responses in the Above Referenced case**

Dear Counsel,

On February 21, 2025, I sent you an e-mail requesting a one week extension to submit discovery based on the fact that I was ill for two weeks during the month of February. It was during this period that I was tasked to obtain documents that you requested under discovery. I was simply too weak to do it. I was sick with a respiratory illness for two weeks, and still weak from that illness for an additional week. It was not

unreasonable for me to ask for a one week extension. In truth, based on the amount of time that I was sick and down, I should have asked for an additional 21 days to comply with your discovery request. I could have simply petitioned the Court for a continuance on the discovery for that additional time, but instead I depended on you and your good faith to grant it. That was clearly my error.

According to FRCP 6, the timer for the production of documents begins the day after the service is made. You served me by e-mail on January the 23rd, 2025. That discovery would have been due on February 22, 2025. That day fell on a Saturday. Again according to FRCP 6, that discovery would have been due on Monday, March 3, 2025 because FRCP 6 does not require service on a Saturday or Sunday. I asked for a one week extension from the 22nd that would have made the discovery due on March 1, 2025. While it was my goal as stated in that e-mail to get it to you by February 28, 2025, a one week extension would have placed the due date on March 1, 2025. The e-mail sending you the request for admissions (RFAs) was sent at 0023(AM) on March 1, 2025. That's well within the seven day extension that I asked for.

Even if I were late in complying with that initial request for discovery and in submitting my responses to your RFA's, the fact remains that with my sickness, I could have asked for a continuance on discovery directly from the Court. In the future, if this happens again, that is exactly what I will do. My sickness would have been called excusable neglect under FRCP 60. I have no doubt that the Court would certainly have granted me some measure of grace in submitting the documents a little later.

So while you would like to quote verbiage from Haile v. Santa Rosa to deem all of my RFA denials as admitted, I suggest that this matter falls outside the purview of that case. There were demonstrable extenuating circumstances here.

I am particularly troubled by the fact that you sent me a meet and confer notice this afternoon at the close of business after you called me this morning at 11:20 am specifically asking for a two week extension to comply with my request for the production of documents (RFPs) from you. It seems incredibly hypocritical. You state that this is a meet and confer notice that you're giving me, but we had an opportunity to meet and confer on the telephone right then on the issues at hand in this case. You said nothing. I submit that you are not meeting and conferring in good faith. You are acting in bad faith, and based on this, I revoke my consent to extend your discovery deadline to April 4, 2025. The discovery will be due on March 21, 2025 as required under the federal rules. If strict compliance with the federal rules is good enough for me, then it should certainly be good enough for you as well.

I'm also troubled by your actions because we do have a mediation coming up. You have now endangered that meeting with your bad faith. As I discover more documents, and as I speak to more police officers, I realize how egregious my false arrest was. I've been nothing but civil with respect to you and your firm. I have not yet

released the video and the documents showing your client's malfeasance to the public, but it appears that I'm going to have to get a publicist to distribute all of that video to news outlets nationwide along with all of the documents. While you may not care about this, I've had discussions in the past with counsel for Avis. They do Care.

So to be clear, your discovery is due on the original date under the federal rules which will be March 21, 2025 in approximately 7 days. I am willing to speak to you in good faith in a real meet and confer on delaying that date. What will not happen here is that you will call me in the morning asking for a two week extension and then send me an e-mail in the afternoon complaining about a document that got to you 23 minutes late, according to your guidelines, and on time, according to mine.

I am also in receipt of your statement that RFAs that are submitted late are deemed as admitted. As you know, my response to your RFAs was received on time and specifically and categorically denied every single one of your RFAs. I also believe that this matter falls outside of the purview of Haile v. Santa Rosa Memorial Hospital, and any alleged delay in responding to your request for discovery would be deemed excusable neglect under FRCP 60. Therefore, the admissions denied in the RFAs remain denied.

CONCLUSION

To be clear, I will work to fix any perceived deficits in the discovery sent or received so far. To be clear, I am still willing to give you a reasonable extension to submit discovery documents to me, but we need to have a conversation, a real meet and confer in good faith, before any of this happens.

Please advise.

Avia Turner-Gray,

/s/ Avia Turner-Gray

Plaintiff In Pro Per

--
Avia Turner-Gray
(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

# EXHIBIT 5

**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
severett@everettdorey.com
Samantha E. Dorey, SBN 281006
sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
clee@everettdorey.com
Patrick Albasha, SBN 316610
palbasha@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendant
AVIS BUDGET GROUP, INC.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

AVIA TURNER-GRAY,

Plaintiff,

vs.

AVIS BUDGET GROUP, INC., AMN HEALTHCARE SERVICES, INC., B.E. SMITH,

Defendants.

**Case No. 3:23-cv-05507-SI**

*[The Hon. Honorable Susan Illston, Courtroom 1]*

**RESPONSES OF DEFENDANT AVIS BUDGET GROUP, INC. TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF AVIA TURNER-GRAY**

Trial Date: January 20, 2026

PROPOUNDING PARTY: Plaintiff AVIA TURNER-GRAY

RESPONDING PARTY: Defendant AVIS BUDGET GROUP, INC.

SET NO.: One

Pursuant to Federal Rule of Civil Procedure 34, Defendant AVIS BUDGET GROUP, INC. ("Responding Party") submits these responses and objections to the First Set of Requests for Production propounded by Plaintiff AVIA TURNER-GRAY ("Propounding Party").

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

## PRELIMINARY STATEMENT

Responding Party has not completed its investigation of the facts relating to this case, its discovery or its preparation for trial. All responses and objections contained herein are based only upon information that is presently available to and specifically known by Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein.

These responses, while based on diligent inquiry and investigation by Responding Party, reflect only the current state of Responding Party's knowledge, understanding, and belief, based upon the information reasonably available to it at this time. As this action proceeds, and further investigation and discovery are conducted, additional or different facts and information could be revealed to Responding Party. Moreover, Responding Party anticipates that Propounding Party may make legal or factual contentions presently unknown to and unforeseen by Responding Party which may require Responding Party to adduce further facts in rebuttal to such contentions. Consequently, Responding Party may not yet have knowledge and may not fully understand the significance of information potentially pertinent to these responses. Accordingly, these responses are provided without prejudice to Responding Party's right to rely upon and use any information that it subsequently discovers, or that was omitted from these responses as a result of mistake, inadvertence, surprise, or excusable neglect. Without in any way obligating itself to do so, Responding Party reserves the right to modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, in light of the information that Responding Party may subsequently obtain or discover.

Nothing in this response should be construed as an admission by Responding

Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's requests.

Each of the following responses is made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved and may be interposed at the time of trial, hearing, or otherwise. Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response.

The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered information. Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine. To the extent any request may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such request is hereby interposed.

**GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

Responding Party generally objects to the Requests for Production as follows:

A. Responding Party objects generally to the Requests for Production to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

B. Responding Party objects generally to the Requests for Production to

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information.

C. Responding Party objects generally to the Requests for Production to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to produce documents in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party.

D. Responding Party objects generally to the Requests for Production to the extent that they are vague, uncertain, overbroad, and without limitation as to time or specific subject matter.

E. Responding Party objects generally to the Requests for Production to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both.

F. Responding Party objects generally to the Requests for Production to the extent that they seek to have Defendant furnish information and identify documents that are a matter of the public record, and therefore are equally available to the Propounding Party as they are to Responding Party.

G. Responding Party objects generally to the Requests for Production to the extent that they seek to have Responding Party furnish information and identify documents that are proprietary to Responding Party and contain confidential information.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Without waiver of the foregoing, Responding Party further responds as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS identified in your Initial Disclosures in this action. Produce complete copies of any reports referenced in your initial disclosures including copies of all police reports filed by Avis directly or on Avis's behalf by any Avis related company, subsidiary, or outside contractor including (nonexhaustively) the PV Holding Corp., or the Avis Budget Group in relation to this action. Produce the COMPLETE PERSONNEL FILE for any individuals who prepared these reports including the individual's application for employment, background check, performance evaluations, disciplinary records, training record, and if applicable, termination documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS, ELECTRONIC OR OTHERWISE, regarding rental agreement number 756086236 (reservation number 15766940-US-0) for the rental of a Black Nissan Altima that was issued to the Plaintiff by an Avis employee, "KENNETH," on June 26, 2022 at approximately 0930 pm at the Avis Budget Rental Counter in the SFO Rental Center located at 780 McDonnell Road in San

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Francisco, California. If no records exist regarding this rental, please state this fact in your response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 3:**

Please provide the full name, home address, phone number, and email address, and California insurance agent license number for employee "Kenneth" identified in the RFD No. 2 above. Produce DOCUMENTS comprising this employee's complete personnel file including his application for employment, job description, background check, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Please provide DOCUMENTATION of Kenneth's direct supervisor governing and managing his activities on site on June 26, 2022. Provide DOCUMENTATION listing Kenneth's manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

product doctrine. Further, the Request seeks confidential and private third-party information.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:**

Produce all records and DOCUMENTS related to the Avis rental vehicle given to the Plaintiff on June 26, 2022 at approximately 0930 pm: a Nissan Altima - CA License Plate 8ZXZ692. Produce DOCUMENTS detailing the entire rental history on the vehicle from the time it was initially placed in service with Avis up through October 27, 2022. Said DOCUMENTS should account for the whereabouts of the vehicle for the entire time that it was in service by the Defendant, Avis. DOCUMENTATION and records should account for any periods of inactivity, theft, or loss, or rental. Records should include all service records for that vehicle. If the vehicle was ever reported, lost or stolen, records should include every single DOCUMENT, record, report, memo, video, or any other documentary evidence with regard to that theft or loss. Records should include all internal and external reports regarding the loss or theft and all internal or external investigatory material. Records should include the identity of and complete personnel record DOCUMENTS for all individuals involved in the investigation of any theft or loss of this vehicle during the entire time that the vehicle was in service up until October 27, 2022.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4</u>:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**REQUEST FOR PRODUCTION NO. 5:**

Produce time clock (punch) records and DOCUMENTS for all Avis employees, managers, and contractors who reported for work or who were working at the Avis Budget rental location at the SFO Rental Center. Center located 780 Mcdonnell Road in San Francisco, California on June 26, 2022 between 0700 am and 11pm that day. DOCUMENTS should indicate the employee's or contractor's name, title, job description, and the hours they worked that day.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS listing the names of all leadership personnel, including all directors, managers, assistant managers, supervisors, and team leads, (who would not have been listed in RFP No. 5) who were employed by the Defendant Avis (or its parent company or subsidiaries) to work at the SFO Rental Center site on June 26, 2022. Produce these employees' complete personnel files including DOCUMENTS of their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individual were outside or independent contractors. If they were outside contractors or independent contractors,

please provide DOCUMENTS listing the name, address, and phone number for the agency or company that the person was employed for. Produce DOCUMENTS listing the name and title of the individual who had overall authority at the highest level for Avis operations at the SFO rental center. Produce DOCUMENTS listing the name and title of that leader's supervisor. Produce DOCUMENTATION of the name and title of the individual who was number two in command over Avis operations at the SFO rental center. Provide DOCUMENTATION of the name and title of the individual who managed or supervised Avis rental counter operations on site on the evening of June 26, 2022 from 0830 pm to 1030 pm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 7:**

Produce DOCUMENTATION including Avis's complete Employee Handbook in effect during the year 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all policy and procedure DOCUMENTS and manuals governing rental operations at Avis Budget Car Rental LLC d/b/a Avis at the SFO Rental Center in 2022. The policy and procedure manual DOCUMENTS should be complete and list in detail the correct steps necessary in order for an employee to rent and return a vehicle to a customer, and the correct steps for rental car pickups, returns, exchanges, and appropriate entry gate and exit gate procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS listing every employee or contractor who worked for Avis's loss prevention group (car theft prevention or car loss group) during the year 2022. Please include any employee or contractor who had car loss prevention responsibilities even if those employees were directly employed by a Avis related agent, subsidiary, contractor, or corporate parent including the PV Holding Corp. or the Avis Budget Group. Produce DOCUMENTS listing the name, address, phone number, email address, and state license number for each of these individuals. Produce DOCUMENTATION including these employees' complete personnel files including their applications for employment, job descriptions, professional licenses,

background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individuals were outside or independent contractors. If they were outside contractors or independent contractors, please provide DOCUMENTATION list the name, address, and phone number for the agency or company that the person was employed for.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 10:**

Produce DOCUMENTS comprising the complete policy and procedure manual without exception governing the step by step management, handling, and investigation of cars alleged to have been stolen or lost by Avis's Loss Prevention Group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS including contracts, agreements, or communications (ELECTRONIC or otherwise) between you and other Avis entities, subsidiaries, contractors, and corporate parents, related to this matter- that is the alleged theft or loss of Nissan Altima Plate CA Plate #8ZXZ692, the mishandling of the associated rental car exchanges of said vehicle in June of 2022, and the associated false arrest of the Plaintiff Avia Turner-Gray.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS, contracts, agreements, or communications (ELECTRONIC or otherwise) between you, including other Avis entities, subsidiaries, contractors, and corporate parents, to or from the Plaintiff's former employer, AMN Healthcare Interim Solutions, LLC (formerly B.E. Smith) and its corporate parent, AMN Healthcare, Inc related to this matter- that is the alleged theft or loss of Nissan Altima CA Plate #8ZXZ692, the mishandling of the associated rental car exchange of said vehicle in June of 2022, and the associated false arrest of the Plaintiff Avia Turner-Gray in October 2022. Please include all communications with AMN related entities from January 1, 2021 (the beginning of the Plaintiff's

contract with AMN) through December 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS and records of all bills, invoices, payments, or reimbursements made to or from AMN Healthcare, Inc./AMN Healthcare Interim Solutions LLC (formerly B.E.Smith) related to this matter for cars leased by them for Avia Turner-Gray from January 10, 2021 through November 15, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS including a copy of the COMPLETE signed master contract and operating agreement authorizing/governing corporate car rentals by AMN Healthcare, Inc./AMN Healthcare Interim Solutions lLC (formerly B.E.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Smith) for their interim employees in effect during the year 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS listing every single vehicle that was leased by AMN Healthcare, Inc. and/or AMN Healthcare Interim Solutions LLC for the benefit of the Plaintiff, Avia Turner-Gray, from January 9, 2021 through October 27, 2022. List the make, model and year of each vehicle along with the service and repair records for those vehicles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 16:**

Produce DOCUMENTS of any internal or external complaints (including customer complaints), grievances, or Human Resource reports filed between

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

January 1, 2021 and December 31, 2022 alleging improper car rental procedures, unsafe vehicle condition, improper maintenance of Avis's rental vehicles, or conditions leading to customer endangerment or the false arrest of customers related to Avis issuing false reports of vehicle theft.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS including all server logs, metadata, or IT records related to the management, rental, repair, tracking and inventory control of the Nissan Altima 8ZXZ692 or other relevant communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 18:**

Produce DOCUMENTS in the form of an organizational chart with leadership

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

roles and department and division heads listed for the entity, Avis Budget Car Rental LLC in effect during the year 2022. Include documentation of Avis Budget Car Rental LLC's relationship with other Avis entities designating and including its corporate parent and its corporate relationship to any and every other Avis subsidiary during the year 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS, reports, emails, communications, and records of townhall meetings, trainings, newsletters, corporate directives sent to leadership and/or employees of Avis Budget Car Rental LLC by officers, directors, and leaders at the Avis Budget Group and/or any other Avis related corporate parent and/or any other Avis related entity related to the rising number of lawsuits and rental car industry upheaval caused by the Hertz car rental false arrest and imprisonment scandal between January 2021 and December of 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 20:**

Produce DOCUMENTS and records listing any current and prior lawsuits, claims, or settlements involving similar allegations of false arrest against Avis and Avis related entities filed between January 2020 and December 2024. Produce DOCUMENTATION listing the number of false reports of car theft that Avis or Avis related entities filed against innocent renters in the years 2021, 2022, and 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS of any due diligence reports, background checks, or hiring records for third party vendors or contractors involved in the management or handling of any aspect of the car rental process that reached the Plaintiff during the period January 1, 2021 and October 26, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**<u>REQUEST FOR PRODUCTION NO. 22</u>:**

Produce all and any DOCUMENTS, reports, or investigations, internal or external, relating to the incident giving rise to this case (the false reporting of a car theft for a 2021 Nissan Altima with a California plate number 8ZXZ692) including any reports or DOCUMENTS filed with law enforcement agencies including the San Francisco Police Department and the San Mateo Sheriffs Department. Identify any specific designated group of law enforcement officers that Avis regularly interfaces with in the management of lost or stolen vehicles. Produce DOCUMENTS including a list of the names of the law enforcement officers that are typically contacted by Avis in these circumstances, along with their badge numbers and contact information.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 22</u>:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**<u>REQUEST FOR PRODUCTION NO. 23</u>:**

Produce all DOCUMENTS, reports, emails, and communications detailing the ***exact moment and time*** that the 2021 Nissan Altima with a California plate number 8ZXZ692 that the Plaintiff rented from the Defendant Avis (with the

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

manager's permission) on June 26, 2022 was found missing from Avis's car lot. Include the complete inventory tracking log DOCUMENT for the vehicle listed in this request up to and including the date of the Plaintiff's arrest on October 26, 2022 for the entire life of the vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS, reports, emails, and communications, internal and external, detailing the failures and deficiencies of Avis's vehicle inventory tracking system between January 1, 2020 and December 31, 2022. Include DOCUMENTS of communications that were sent to other Avis entities and subsidiaries, and outside agencies, including law enforcement, detailing problems with Avis's inventory tracking system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

information.

**REQUEST FOR PRODUCTION NO. 25:**

Produce DOCUMENTs and records of a call that Avis customer service received from law enforcement Officers with the City of Dublin, California Police Department on October 26, 2022 at approximately 11pm at night related to the recovery of a 2021 Nissan Altima with a California license plate number 8ZXZ692. Produce DOCUMENTS of that vehicle recovery report. Produce DOCUMENTS with of the name, address, and phone number of the towing company that towed the vehicle. Produce DOCUMENTATION including the name, address, phone number, and license number for the Avis representative who told those police officers that the vehicle that they recovered had been missing since June 2022 and who also told the police officers to arrest the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS, letters, reports, communications, emails, and notices sent to the Plaintiff, Avia Turner-Gray, and/or her employer at the time, AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc., between June 26, 2022 and October 26, 2022 indicating that the vehicle that she had rented from the Defendant on June 26,2022 was late or had not been returned timely as required under California law. Please include DOCUMENTS of all bills that were sent to the

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Plaintiff's employers as designated above for the rental of that vehicle (2021 Nissan Altima 8ZXZ692) between June 26, 2022 and October 26, 2022. If no such DOCUMENTATION exists in the system, designate that fact in your discovery response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Produce DOCUMENTS of all internal communications (emails, memos, texts, chat logs) discussing the inventory, theft, or location of the 2021 Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**REQUEST FOR PRODUCTION NO. 28:**

Produce DOCUMENTS of any surveillance footage, photographs, or audio recordings related the Plaintiff's car rental exchange on June 26, 2022 at the SFO Rental Center between 0830 pm and 1030 pm. Provide video of the Plaintiff's rental car return at the Avis return gate at 0849 pm, her transaction with Avis employee "Kenneth" at the Avis car rental counter around 0941 pm, the Plaintiff's conversation with the Avis manager in Avis car lot around 1015 pm, and the Plaintiff's exit from the Avis exit gate that night around 1030 pm. If no video exists of these transactions, please state this in your discovery response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Produce a copy of all DOCUMENTS containing the business, occupational, and/or state insurance license for Avis Budget Car Rental, LLC. If there are any licenses, certificates, or agreements that authorize Avis Budget Car Rental, LLC to operate out of the San Francisco airport, please provide a copy of these DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding

Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 30:**

Produce DOCUMENTS with the name, address, and phone number of Avis Budget Car Rental LLC's insurance carrier. Provide DOCUMENTATION of insurance covering this claim filed by the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS in the form of a list of those individuals who were employed by the Defendant, Avis Budget Car Rental LLC, or its parent company or subsidiaries or an outside contractor, to work at the SFO Rental Center site in the training department and/or in human resources (who had training responsibilities) in 2022. Produce DOCUMENTS including their complete personnel files including their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individual were outside or independent contractors. If they were outside contractors or independent contractors, please provide a DOCUMENT listing the name, address, and phone number for the agency or company that the person was employed for. If training responsibilities were not vested in a training department or with human resources, please state this fact in your discovery response. Please provide a DOCUMENT with a list of the individuals and the titles of those individuals who were responsible for training rental counter agents, exit gate employees, managers, and supervisors at Avis rental counter at the SFO Rental Center in 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Produce DOCUMENTS including all training materials and in service education material, ELECTRONIC, online, or otherwise, including the training manuals use to train rental counter agents, exit gate employees, and rental center managers, supervisors, and leads at the Avis Budget Rental counter at SFO rental center.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. This Request is oppressively burdensome and overbroad.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

Produce DOCUMENTS and records for employee 89416 who checked the Plaintiff's vehicle in at the return gate in on June 26, 2022. Produce DOCUMENTS with the employee's name, address, phone number, email address, title, and job description.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

Produce DOCUMENTS of any local, state, or federal law enforcement investigations into Avis Budget Car Rental LLC's (and any other Avis related subsidiary or corporate parent) rental activities and practices related to false reports of car thefts leading to false arrest and imprisonment of Avis customers between

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

January 2021 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

DATED: March 21, 2025

EVERETT DOREY LLP

By: ______________________

Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Patrick Albasha
Attorneys for Defendant
AVIS BUDGET GROUP, INC.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

File No. 1115-02

**PROOF OF SERVICE**

**Turner-Gray, Avia v. Avis Budget, Inc., et al.**
**USDC (Northern) Case No. 3:23-cv-05507-SI**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 2030 Main Street, Suite 1200, Irvine, CA 92614.

On March 21, 2025, I served true copies of the following document(s) described as

**RESPONSES OF DEFENDANT AVIS BUDGET GROUP, INC. TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF AVIA TURNER-GRAY**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address pupadhyaya@everettdorey.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 21, 2025, at Irvine, California.

/s/ Prasiddhi Upadhyaya
Prasiddhi Upadhyaya

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

File No. 1115-02

**SERVICE LIST**
**Turner-Gray, Avia v. Avis Budget, Inc., et al.**
**USDC (Northern) Case No. 3:23-cv-05507-SI**

Avia Turner-Gray, Esq.
3538 Cumberland Road
East Point, GA 30344
(404) 444-6561
aviaturnergrapyattyatlaw@gmail.com

In Pro Per

.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

# EXHIBIT 6

**Patrick Albasha**

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Friday, April 18, 2025 9:32 AM
**To:** Christopher Lee; Patrick Albasha; Kari Erickson Levine
**Cc:** SI CRD
**Subject:** Re: Case No. 3:23-CV-05507 Response -Mediator Assistance - Meet and Confer on Turner Gray v. Avis matter - Failure to provide requested discovery and violation of the FRCP, Plaintiff's deposition: Response to Request to Move date

Mr. Lee,

I can do a Meet and Confer with respect to the discovery issues with the mediator present on April 30, 2025. I will work on a new deposition date, and I would appreciate it if you would get me the discovery documents that I requested with respect to the tortfeasors referenced in the Request for the Production of Documents that I sent you earlier.

Thank you,

Avia Turner-Gray
Plaintiff Pro Se
(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

On Fri, Apr 18, 2025 at 01:46 Christopher Lee <clee@everettdorey.com> wrote:

Ms. Turner-Gray and Ms Levine,

We are not lying or acting in bad faith. We provided supplemental discovery responses and produced documents. If Ms. Turner-Gray has issues with the responses, we are willing and able to meet and confer to attempt to resolve the dispute. While Ms. Turner-Gray did call me before we produced the responses and documents to demand that we do so, we subsequently did. However, since we produced, Ms. Turner-Gray has made no attempt whatsoever to reach out to meet and confer to discuss any perceived deficiencies or dispute after the responses and documents were provided. I am willing and available to so meet and confer, but based on the unwarranted accusations of lying and bad faith, I would feel more comfortable with a third party on the phone/conference. Thus, I would ask that part of the mediation budget be devoted to facilitating meeting and conferring on the discovery disputes.

With regard to Ms. Turner-Gray's deposition, we noticed it properly for April 11, 2025. We attempted to reschedule for a later date due to a conflict, but before we could do so, Ms. Turner-Gray expressed that she was "not interested in having a deposition until I receive some discovery." I responded: "Additionally, to clarify, are

you refusing to comply with giving your deposition at this time? I want to make sure I understand your statement that: 'I am not interested in having a deposition until I receive some discovery.'" I did not receive a response to my inquiry and I still don't know Ms. Turner-Gray's position as to compliance with her deposition. I would like to meet and confer on that issue as well.

With regard to mediation, as we have consistently expressed, we are interested and want to participate in mediation. We have also consistently expressed that we would like to conduct Ms. Turner-Gray's deposition prior to said mediation to make it as productive as possible. We still have those desires.

Thank you very much for your consideration.

**CHRISTOPHER LEE**

PARTNER

EVERETT DOREY LLP

2030 Main Street

Suite 1200

Irvine CA 92614

D: 949.774.2006

M: 818.571.5085

F: 949.377.3110

E: clee@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Thursday, April 17, 2025 4:59 PM
**To:** Kari Erickson Levine <kari@ericksonlevinelaw.com>
**Cc:** Patrick Albasha <palbasha@everettdorey.com>; Christopher Lee <clee@everettdorey.com>; SI CRD <SICRD@cand.uscourts.gov>
**Subject:** Re: Case No. 3:23-CV-05507 Response -Mediator Assistance - Meet and Confer on Turner Gray v. Avis matter - Failure to provide requested discovery and violation of the FRCP, Plaintiff's deposition: Response to Request to Move date

Hello all,

What kind of lie is this? Mr. Albasha contacted me on March 31, 2025 to say that our agreed upon deposition date of April 11th could not go forward because of some conflict on the defense side. At that time, I told him the that the earliest availability that I had would be during the week of May 5th, 2025. That was then. My availability would be even later now. So lets get this straight. It was opposing counsel who cancelled that deposition.

Just two days ago, opposing counsel produced their first documents. These documents are of limited meaningfulness. Opposing counsel is intentionally, willfully, and in bad faith withholding the more important documents and information that I have requested for superfluous and meaningless reasons. They have not revealed the names of all of the tortfeasors that their clients have employed. They did not provide the name of the manager who walked me over to the car that I rented that they reported stolen. They have not revealed the name of the incompetent employee that failed to rent the allegedly stolen vehicle. They have not given me the names of the exit gate employees who failed to initiate appropriate exit gate rental car check out procedures. They have not given me their policy, procedure, and training manuals. Opposing counsel is playing games. They want to withhold discovery in bad faith. I can't even call for depositions of the wrongdoers employed by Avis because they have not identified the names of all of the tortfeasors contained in their documents and files as requested.

This needs to go back to the Court. They must be forced to turn over requested documents. While I appreciate your assistance, Miss Levine, I do not want to waste your time or mine. You have to have two willing parties in order to mediate. Opposing counsel does not really appear to be interested in mediating. I'm going to circle back to the Court file the motion to compel and we will move on from there. I'm going to forward a copy of this email to the Court to see if I can get an expedited hearing date. Once the more critical Avis employed tortfeasors have been identified, located, investigated, and deposed, maybe we can circle back into the mediation process. Thank you for your time and assistance.

Avia Turner-Gray
Attorney-at-Law

(703)819-9682 C
aviaturnergrayattyatlaw@

On Tue, Apr 15, 2025 at 12:12 Kari Erickson Levine <kari@ericksonlevinelaw.com> wrote:

Do we want to use April 30 as a discovery discussion and set another day to mediate?

**Kari Erickson Levine** [Mediator|
| **Erickson Levine Law** | **415.722.7285** |
| kari@ericksonlevinelaw.com | karilevinelaw.com |

| Linkedin:Kari Erickson Levine |

On Tue, Apr 15, 2025 at 10:27 AM Christopher Lee <clee@everettdorey.com> wrote:

I was out of the office and country last week and apologize for not being available to take a call. We intend to produce supplemental responses and documents today. We also have not received full responses or documents from Ms. Turner-Gray and are awaiting those.

The mediation is scheduled for April 30. The initial scheduling concern was to take Ms. Turner-Gray's deposition beforehand, which was scheduled for April 11. However, she did not respond to my last inquiry whether she would comply with her deposition. Thus, it seems she will not and her deposition did not go forward. If the deposition can proceed beforehand we are fine to keep the April 30 mediation date.

---

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Tuesday, April 15, 2025 10:11:31 AM
**To:** Kari Erickson Levine <kari@ericksonlevinelaw.com>
**Cc:** Patrick Albasha <palbasha@everettdorey.com>; Christopher Lee <clee@everettdorey.com>
**Subject:** Re: Mediator Assistance - Meet and Confer on Turner Gray v. Avis matter - Failure to provide requested discovery and violation of the FRCP, Plaintiff's deposition: Response to Request to Move date

Good morning Miss Levine,

There has been no movement on the discovery. I reached out to opposing counsel by phone on Friday and left a message for him to call me back by today. I heard nothing yesterday, and I just called and left another message.

At this point in time, I have no discovery. I have received zero documents. My plan is to proceed through the Courts to compel.

I am aware that we do have a mediation scheduled for the 28th. My preference is to keep that date. Even without discovery documents from opposing counsel. I have some pretty substantial documents already in my possession.I can proceed on those documents alone. I am pretty certain that opposing counsel wants to push the mediation date out. I am opposed to that. Perhaps we can turn the April 28 mediation date into a meet and confer date with you as mediator in that discussion. Please advise.

Thank you,

Avia

Avia Turner-Gray
Attorney-at-Law

(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

On Mon, Apr 14, 2025 at 10:55 AM Kari Erickson Levine <kari@ericksonlevinelaw.com> wrote:

How are we doing on the discovery front? Do we need to discuss a new mediation date?

**Kari Erickson Levine** [Mediator|
| **Erickson Levine Law** | **415.722.7285** |
| kari@ericksonlevinelaw.com | karilevinelaw.com **|**

| Linkedin:Kari Erickson Levine |

On Mon, Apr 7, 2025 at 1:30 PM Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com> wrote:

Ms. Levine,

I hope that you are doing well. I appreciate you for reaching out. I would like to take advantage of that offer. Maybe you could take a couple of hours to try to mediate the discovery. First, I'm going to reach back out to opposing counsel to see if we can have a verbal discussion on some of the discovery issues. Hopefully, we will be able to touch base by tomorrow or sometime later this week. If we're not able to resolve things during that conversation, I think it would be appropriate for you to step in. I will circle back around to you in a couple of days.

Thank you,

Avia Turner-Gray
Attorney-at-Law

(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

On Thu, Apr 3, 2025 at 11:10 Kari Erickson Levine <kari@ericksonlevinelaw.com> wrote:

As part of my 4 hours donated to the court, I am happy to mediate the discovery issues.

**Kari Erickson Levine** [Mediator|
| **Erickson Levine Law** | **415.722.7285** |
| kari@ericksonlevinelaw.com | karilevinelaw.com |

| Linkedin:Kari Erickson Levine |

On Thu, Apr 3, 2025 at 11:08 AM Christopher Lee <clee@everettdorey.com> wrote:

Ms. Turner-Gray,

We are in the process of preparing supplemental discovery responses, but it would be helpful to meet and confer on the discovery dispute issues on a call, which is also required before any discovery motion is filed.

Additionally, to clarify, are you refusing to comply with giving your deposition at this time? I want to make sure I understand your statement that: "I am not interested in having a deposition until I receive some discovery."

Thank you,

**CHRISTOPHER LEE**

PARTNER

EVERETT DOREY LLP

2030 Main Street

Suite 1200

Irvine CA 92614

D: 949.774.2006

M: 818.571.5085

F: 949.377.3110

E: clee@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Tuesday, April 1, 2025 9:15 PM
**To:** Patrick Albasha <palbasha@everettdorey.com>
**Cc:** Christopher Lee <clee@everettdorey.com>; Kari Erickson Levine <kari@ericksonlevinelaw.com>
**Subject:** Re: Meet and Confer on Turner Gray v. Avis matter - Failure to provide requested discovery and violation of the FRCP, Plaintiff's deposition: Response to Request to Move date

Dear Mr. Albasha,

No. I really do not want to push the mediation back. I am not some lawyer representing a client with interests adverse to those of your clients. I am THE VICTIM in this case. I am extremely upset. My life has been on hold since this bullshit happened.

I am angry that you guys have  not sent me ANY DISCOVERY! The only thing that you have responded to since the beginning of this case is an admission that states that you agree that I returned the car on the night of June 26, 2022. You act as if this is a game that we are playing. That is one of the reasons why I hate lawyers. This is not a game. This is my life.

You did not respond with any discovery at all on the due date of March 21, 2025. You did that in BAD FAITH!  I am not interested in having a deposition until I receive some discovery. When will you produce the discovery? ANY DISCOVERY.

Please be advised that I plan to file motion to compel discovery with sanctions by this Friday.

I await your response.

Avia

Avia Turner-Gray
Attorney-at-Law

(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

On Tue, Apr 1, 2025 at 16:49 Patrick Albasha <palbasha@everettdorey.com> wrote:

> Hi Ms. Turner-Gray,
>
> That is understandable. Are you agreeable to continue the mediation to mid-May to allow for us to take your deposition? Please advise.
>
> **PATRICK ALBASHA**
> ATTORNEY
> 2030 Main Street
> Suite 1200
> Irvine CA 92614
> C: 626.513.5575
> D: 949.676.0458
> palbasha@everettdorey.com
> www.EverettDorey.com
>
> EVERETT DOREY LL
>
> This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender,

then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Tuesday, April 1, 2025 4:22 PM
**To:** Patrick Albasha <palbasha@everettdorey.com>
**Subject:** Re: Turner Gray v. Avis matter - Plaintiff's deposition: Response to Request to Move date

Mr. Albasha,

I do not have availability for a new deposition date until the week of May 5th. Please advise.

Avia Turner-Gray

(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

On Mon, Mar 31, 2025 at 11:36 Patrick Albasha <palbasha@everettdorey.com> wrote:

Thank you. Please let us know by end of the day tomorrow, if possible. Much appreciated.

**PATRICK ALBASHA**

SENIOR ASSOCIATE

EVERETT DOREY LLP

2030 Main Street

Suite 1200

Irvine CA 92614

C: 626.513.5575

D: 949.676.0458

palbasha@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Monday, March 31, 2025 11:32 AM
**To:** Patrick Albasha <palbasha@everettdorey.com>
**Subject:** Re: Turner Gray v. Avis matter - Plaintiff's deposition

I will check my schedule and get back to you.

Avia Turner-Gray

(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

On Mon, Mar 31, 2025 at 10:00 Patrick Albasha <palbasha@everettdorey.com> wrote:

> Good morning Ms. Turner-Gray,
>
> I hope you are well.  We encountered a conflict on the current date of 4/11 for your deposition. Do you have availability the following week (April 14-18)? Thank you in advance.

**PATRICK ALBASHA**

SENIOR ASSOCIATE

2030 Main Street

Suite 1200

Irvine CA 92614

C: 626.513.5575

D: 949.676.0458

palbasha@everettdorey.com

www.EverettDorey.com

EVERETT DOREY LLP

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

# EXHIBIT 7

**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
severett@everettdorey.com
Samantha E. Dorey, SBN 281006
sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
clee@everettdorey.com
Patrick Albasha, SBN 316610
palbasha@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AVIA TURNER-GRAY,<br><br>Plaintiff,<br><br>vs.<br><br>AVIS BUDGET GROUP, INC., AMN HEALTHCARE SERVICES, INC., B.E. SMITH,<br><br>Defendants. | **Case No. 3:23-cv-05507-SI**<br><br>*[The Hon. Honorable Susan Illston, Courtroom 1]*<br><br>**SUPPLEMENTAL RESPONSES OF DEFENDANT AVIS BUDGET CAR RENTAL, LLC TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF AVIA TURNER-GRAY**<br><br>Trial Date: January 20, 2026 |

PROPOUNDING PARTY: Plaintiff AVIA TURNER-GRAY

RESPONDING PARTY: Defendant AVIS BUDGET CAR RENTAL, LLC

SET NO.: One

Pursuant to Federal Rule of Civil Procedure 34, Defendant AVIS BUDGET CAR RENTAL, LLC ("Responding Party") submits these supplemental responses and objections to the First Set of Requests for Production propounded by Plaintiff AVIA TURNER-GRAY ("Propounding Party").

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

## PRELIMINARY STATEMENT

Responding Party has not completed its investigation of the facts relating to this case, its discovery or its preparation for trial. All responses and objections contained herein are based only upon information that is presently available to and specifically known by Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein.

These responses, while based on diligent inquiry and investigation by Responding Party, reflect only the current state of Responding Party's knowledge, understanding, and belief, based upon the information reasonably available to it at this time. As this action proceeds, and further investigation and discovery are conducted, additional or different facts and information could be revealed to Responding Party. Moreover, Responding Party anticipates that Propounding Party may make legal or factual contentions presently unknown to and unforeseen by Responding Party which may require Responding Party to adduce further facts in rebuttal to such contentions. Consequently, Responding Party may not yet have knowledge and may not fully understand the significance of information potentially pertinent to these responses. Accordingly, these responses are provided without prejudice to Responding Party's right to rely upon and use any information that it subsequently discovers, or that was omitted from these responses as a result of mistake, inadvertence, surprise, or excusable neglect. Without in any way obligating itself to do so, Responding Party reserves the right to modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, in light of the information that Responding Party may subsequently obtain or discover.

Nothing in this response should be construed as an admission by Responding

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's requests.

Each of the following responses is made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved and may be interposed at the time of trial, hearing, or otherwise. Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response.

The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered information. Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine. To the extent any request may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such request is hereby interposed.

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

Responding Party generally objects to the Requests for Production as follows:

A. Responding Party objects generally to the Requests for Production to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

B. Responding Party objects generally to the Requests for Production to

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information.

C. Responding Party objects generally to the Requests for Production to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to produce documents in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party.

D. Responding Party objects generally to the Requests for Production to the extent that they are vague, uncertain, overbroad, and without limitation as to time or specific subject matter.

E. Responding Party objects generally to the Requests for Production to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both.

F. Responding Party objects generally to the Requests for Production to the extent that they seek to have Defendant furnish information and identify documents that are a matter of the public record, and therefore are equally available to the Propounding Party as they are to Responding Party.

G. Responding Party objects generally to the Requests for Production to the extent that they seek to have Responding Party furnish information and identify documents that are proprietary to Responding Party and contain confidential information.

Without waiver of the foregoing, Responding Party further responds as follows:

**SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS identified in your Initial Disclosures in this action. Produce complete copies of any reports referenced in your initial disclosures including copies of all police reports filed by Avis directly or on Avis's behalf by any Avis related company, subsidiary, or outside contractor including (nonexhaustively) the PV Holding Corp., or the Avis Budget Group in relation to this action. Produce the COMPLETE PERSONNEL FILE for any individuals who prepared these reports including the individual's application for employment, background check, performance evaluations, disciplinary records, training record, and if applicable, termination documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession as to DOCUMENTS identified in Initial Disclosures.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS, ELECTRONIC OR OTHERWISE, regarding rental agreement number 756086236 (reservation number 15766940-US-0) for the rental of a Black Nissan Altima that was issued to the Plaintiff by an Avis employee, "KENNETH," on June 26, 2022 at approximately 0930 pm at the Avis Budget Rental Counter in the SFO Rental Center located at 780 McDonnell Road in San Francisco, California. If no records exist regarding this rental, please state this fact in your response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding rental agreement number 756086236 (reservation number 15766940-US-0).

**REQUEST FOR PRODUCTION NO. 3:**

Please provide the full name, home address, phone number, and email address, and California insurance agent license number for employee "Kenneth" identified in the RFD No. 2 above. Produce DOCUMENTS comprising this employee's complete personnel file including his application for employment, job

description, background check, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Please provide DOCUMENTATION of Kenneth's direct supervisor governing and managing his activities on site on June 26, 2022. Provide DOCUMENTATION listing Kenneth's manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered. There are no records of a current employee named "Kenneth" at Avis SFO.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all records and DOCUMENTS related to the Avis rental vehicle given to the Plaintiff on June 26, 2022 at approximately 0930 pm: a Nissan Altima - CA License Plate 8ZXZ692. Produce DOCUMENTS detailing the entire rental history on the vehicle from the time it was initially placed in service with Avis up

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

through October 27, 2022. Said DOCUMENTS should account for the whereabouts of the vehicle for the entire time that it was in service by the Defendant, Avis. DOCUMENTATION and records should account for any periods of inactivity, theft, or loss, or rental. Records should include all service records for that vehicle. If the vehicle was ever reported, lost or stolen, records should include every single DOCUMENT, record, report, memo, video, or any other documentary evidence with regard to that theft or loss. Records should include all internal and external reports regarding the loss or theft and all internal or external investigatory material. Records should include the identity of and complete personnel record DOCUMENTS for all individuals involved in the investigation of any theft or loss of this vehicle during the entire time that the vehicle was in service up until October 27, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding Nissan Altima - CA License Plate 8ZXZ692 from June 2022 to October 2022.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**REQUEST FOR PRODUCTION NO. 5:**

Produce time clock (punch) records and DOCUMENTS for all Avis employees, managers, and contractors who reported for work or who were working at the Avis Budget rental location at the SFO Rental Center. Center located 780 Mcdonnell Road in San Francisco, California on June 26, 2022 between 0700 am and 11pm that day. DOCUMENTS should indicate the employee's or contractor's name, title, job description, and the hours they worked that day.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS listing the names of all leadership personnel, including all directors, managers, assistant managers, supervisors, and team leads, (who would not have been listed in RFP No. 5) who were employed by the Defendant Avis (or

its parent company or subsidiaries) to work at the SFO Rental Center site on June 26, 2022. Produce these employees' complete personnel files including DOCUMENTS of their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individual were outside or independent contractors. If they were outside contractors or independent contractors, please provide DOCUMENTS listing the name, address, and phone number for the agency or company that the person was employed for. Produce DOCUMENTS listing the name and title of the individual who had overall authority at the highest level for Avis operations at the SFO rental center. Produce DOCUMENTS listing the name and title of that leader's supervisor. Produce DOCUMENTATION of the name and title of the individual who was number two in command over Avis operations at the SFO rental center. Provide DOCUMENTATION of the name and title of the individual who managed or supervised Avis rental counter operations on site on the evening of June 26, 2022 from 0830 pm to 1030 pm.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 6</u>:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 7:**

Produce DOCUMENTATION including Avis's complete Employee Handbook in effect during the year 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all policy and procedure DOCUMENTS and manuals governing rental operations at Avis Budget Car Rental LLC d/b/a Avis at the SFO Rental Center in 2022. The policy and procedure manual DOCUMENTS should be complete and list in detail the correct steps necessary in order for an employee to rent and return a vehicle to a customer, and the correct steps for rental car pickups, returns, exchanges, and appropriate entry gate and exit gate procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS listing every employee or contractor who worked for Avis's loss prevention group (car theft prevention or car loss group) during the year 2022. Please include any employee or contractor who had car loss prevention

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

responsibilities even if those employees were directly employed by a Avis related agent, subsidiary, contractor, or corporate parent including the PV Holding Corp. or the Avis Budget Group. Produce DOCUMENTS listing the name, address, phone number, email address, and state license number for each of these individuals. Produce DOCUMENTATION including these employees' complete personnel files including their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individuals were outside or independent contractors. If they were outside contractors or independent contractors, please provide DOCUMENTATION list the name, address, and phone number for the agency or company that the person was employed for.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain

ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 10:**

Produce DOCUMENTS comprising the complete policy and procedure manual without exception governing the step by step management, handling, and investigation of cars alleged to have been stolen or lost by Avis's Loss Prevention Group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS including contracts, agreements, or communications (ELECTRONIC or otherwise) between you and other Avis entities, subsidiaries, contractors, and corporate parents, related to this matter- that is the alleged theft or loss of Nissan Altima Plate CA Plate #8ZXZ692, the mishandling of the associated rental car exchanges of said vehicle in June of 2022, and the associated false arrest of the Plaintiff Avia Turner-Gray.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS, contracts, agreements, or communications (ELECTRONIC or otherwise) between you, including other Avis entities, subsidiaries, contractors, and corporate parents, to or from the Plaintiff's former employer, AMN Healthcare Interim Solutions, LLC (formerly B.E. Smith) and its corporate parent, AMN Healthcare, Inc related to this matter- that is the alleged theft or loss of Nissan Altima CA Plate #8ZXZ692, the mishandling of the associated rental car exchange of said vehicle in June of 2022, and the associated false arrest of the Plaintiff Avia Turner-Gray in October 2022. Please include all communications with AMN related entities from January 1, 2021 (the beginning of the Plaintiff's contract with AMN) through December 2024.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS and records of all bills, invoices, payments, or reimbursements made to or from AMN Healthcare, Inc./AMN Healthcare Interim Solutions LLC (formerly B.E.Smith) related to this matter for cars leased by them for Avia Turner-Gray from January 10, 2021 through November 15, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS including a copy of the COMPLETE signed master contract and operating agreement authorizing/governing corporate car rentals by AMN Healthcare, Inc./AMN Healthcare Interim Solutions lLC (formerly B.E. Smith) for their interim employees in effect during the year 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS listing every single vehicle that was leased by AMN Healthcare, Inc. and/or AMN Healthcare Interim Solutions LLC for the

benefit of the Plaintiff, Avia Turner-Gray, from January 9, 2021 through October 27, 2022. List the make, model and year of each vehicle along with the service and repair records for those vehicles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 16:**

Produce DOCUMENTS of any internal or external complaints (including customer complaints), grievances, or Human Resource reports filed between January 1, 2021 and December 31, 2022 alleging improper car rental procedures, unsafe vehicle condition, improper maintenance of Avis's rental vehicles, or conditions leading to customer endangerment or the false arrest of customers related to Avis issuing false reports of vehicle theft.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS including all server logs, metadata, or IT records related to the management, rental, repair, tracking and inventory control of the Nissan Altima 8ZXZ692 or other relevant communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession.

**REQUEST FOR PRODUCTION NO. 18:**

Produce DOCUMENTS in the form of an organizational chart with leadership roles and department and division heads listed for the entity, Avis Budget Car Rental LLC in effect during the year 2022. Include documentation of Avis Budget Car Rental LLC's relationship with other Avis entities designating and including its corporate parent and its corporate relationship to any and every other Avis subsidiary during the year 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain

ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS, reports, emails, communications, and records of townhall meetings, trainings, newsletters, corporate directives sent to leadership and/or employees of Avis Budget Car Rental LLC by officers, directors, and leaders at the Avis Budget Group and/or any other Avis related corporate parent and/or any other Avis related entity related to the rising number of lawsuits and rental car industry upheaval caused by the Hertz car rental false arrest and imprisonment scandal between January 2021 and December of 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**<u>REQUEST FOR PRODUCTION NO. 20</u>:**

Produce DOCUMENTS and records listing any current and prior lawsuits, claims, or settlements <u>involving</u> similar allegations of false arrest against Avis and Avis related entities filed between January 2020 and December 2024. Produce DOCUMENTATION listing the number of false reports of car theft that Avis or Avis related entities filed against innocent renters in the years 2021, 2022, and 2023.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20</u>:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20</u>:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**<u>REQUEST FOR PRODUCTION NO. 21</u>:**

Produce all DOCUMENTS of any due diligence reports, background checks, or hiring records for third party vendors or contractors involved in the management or handling of any aspect of the car rental process that reached the Plaintiff during the period January 1, 2021 and October 26, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all and any DOCUMENTS, reports, or investigations, internal or external, relating to the incident giving rise to this case (the false reporting of a car theft for a 2021 Nissan Altima with a California plate number 8ZXZ692) including any reports or DOCUMENTS filed with law enforcement agencies including the San Francisco Police Department and the San Mateo Sheriffs Department. Identify any specific designated group of law enforcement officers that Avis regularly interfaces with in the management of lost or stolen vehicles. Produce DOCUMENTS including a list of the names of the law enforcement officers that are typically contacted by Avis in these circumstances, along with their badge numbers and contact information.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS, reports, emails, and communications detailing the ***exact moment and time*** that the 2021 Nissan Altima with a California plate number 8ZXZ692 that the Plaintiff rented from the Defendant Avis (with the manager's permission) on June 26, 2022 was found missing from Avis's car lot. Include the complete inventory tracking log DOCUMENT for the vehicle listed in this request up to and including the date of the Plaintiff's arrest on October 26, 2022 for the entire life of the vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS, reports, emails, and communications, internal and external, detailing the failures and deficiencies of Avis's vehicle inventory tracking system between January 1, 2020 and December 31, 2022. Include DOCUMENTS of communications that were sent to other Avis entities and subsidiaries, and outside agencies, including law enforcement, detailing problems with Avis's inventory tracking system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to and without waiving the foregoing objections, Responding Party

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 25:**

Produce DOCUMENTs and records of a call that Avis customer service received from law enforcement Officers with the City of Dublin, California Police Department on October 26, 2022 at approximately 11pm at night related to the recovery of a 2021 Nissan Altima with a California license plate number 8ZXZ692. Produce DOCUMENTS of that vehicle recovery report. Produce DOCUMENTS with of the name, address, and phone number of the towing company that towed the vehicle. Produce DOCUMENTATION including the name, address, phone number, and license number for the Avis representative who told those police officers that the vehicle that they recovered had been missing since June 2022 and who also told the police officers to arrest the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to and without waiving the foregoing objections, Responding Party

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS, letters, reports, communications, emails, and notices sent to the Plaintiff, Avia Turner-Gray, and/or her employer at the time, AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc., between June 26, 2022 and October 26, 2022 indicating that the vehicle that she had rented from the Defendant on June 26,2022 was late or had not been returned timely as required under California law. Please include DOCUMENTS of all bills that were sent to the Plaintiff's employers as designated above for the rental of that vehicle (2021 Nissan Altima 8ZXZ692) between June 26, 2022 and October 26, 2022. If no such DOCUMENTATION exists in the system, designate that fact in your discovery response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 27:**

Produce DOCUMENTS of all internal communications (emails, memos, texts, chat logs) discussing the inventory, theft, or location of the 2021 Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Without admitting or conceding the factual premise of the request, Responding Party is producing herewith all non-privileged, relevant, responsive documents in Responding Party's possession regarding Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**REQUEST FOR PRODUCTION NO. 28:**

Produce DOCUMENTS of any surveillance footage, photographs, or audio recordings related the Plaintiff's car rental exchange on June 26, 2022 at the SFO

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

Rental Center between 0830 pm and 1030 pm. Provide video of the Plaintiff's rental car return at the Avis return gate at 0849 pm, her transaction with Avis employee "Kenneth" at the Avis car rental counter around 0941 pm, the Plaintiff's conversation with the Avis manager in Avis car lot around 1015 pm, and the Plaintiff's exit from the Avis exit gate that night around 1030 pm. If no video exists of these transactions, please state this in your discovery response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 29:**

Produce a copy of all DOCUMENTS containing the business, occupational, and/or state insurance license for Avis Budget Car Rental, LLC. If there are any licenses, certificates, or agreements that authorize Avis Budget Car Rental, LLC to

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

operate out of the San Francisco airport, please provide a copy of these DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 30:**

Produce DOCUMENTS with the name, address, and phone number of Avis Budget Car Rental LLC's insurance carrier. Provide DOCUMENTATION of insurance covering this claim filed by the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS in the form of a list of those individuals who were employed by the Defendant, Avis Budget Car Rental LLC, or its parent company or subsidiaries or an outside contractor, to work at the SFO Rental Center site in the training department and/or in human resources (who had training responsibilities) in 2022. Produce DOCUMENTS including their complete personnel files including their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individual were outside or independent contractors. If they were outside contractors or independent contractors, please provide a DOCUMENT listing the name, address, and phone number for the agency or company that the person was employed for. If training responsibilities were not vested in a training department or with human resources, please state this fact in your discovery response. Please provide a DOCUMENT with a list of the

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

individuals and the titles of those individuals who were responsible for training rental counter agents, exit gate employees, managers, and supervisors at Avis rental counter at the SFO Rental Center in 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 32:**

Produce DOCUMENTS including all training materials and in service education material, ELECTRONIC, online, or otherwise, including the training manuals use to train rental counter agents, exit gate employees, and rental center managers, supervisors, and leads at the Avis Budget Rental counter at SFO rental center.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 33:**

Produce DOCUMENTS and records for employee 89416 who checked the Plaintiff's vehicle in at the return gate in on June 26, 2022. Produce DOCUMENTS with the employee's name, address, phone number, email address, title, and job description.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

**REQUEST FOR PRODUCTION NO. 34:**

Produce DOCUMENTS of any local, state, or federal law enforcement investigations into Avis Budget Car Rental LLC's (and any other Avis related subsidiary or corporate parent) rental activities and practices related to false reports of car thefts leading to false arrest and imprisonment of Avis customers between January 2021 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession,

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

custody or control responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to and without waiving the foregoing objections, Responding Party responds as follows: After a diligent search and a reasonable inquiry were made in an effort to comply with this request by search all reasonably available records, there are no non-privileged, relevant, responsive materials within Responding Party's possession, custody, or control. Discovery and investigation remain ongoing. Responding Party reserves the right to amend this response when and if relevant materials are discovered.

DATED: April 15, 2025 EVERETT DOREY LLP

By: ______________________________
Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Patrick Albasha
Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

File No. 1115-02

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

# PROOF OF SERVICE

**Turner-Gray, Avia v. Avis Budget Group, Inc., et al.**
**USDC (Northern) Case No. 3:23-cv-05507-SI**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 2030 Main Street, Suite 1200, Irvine, CA 92614.

On April 15, 2025, I served true copies of the following document(s) described as

**SUPPLEMENTAL RESPONSES OF DEFENDANT AVIS BUDGET CAR RENTAL, LLC TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF AVIA TURNER-GRAY**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address nshannon@everettdorey.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 15, 2025, at Irvine, California.

Nydia Shannon

Nydia Shannon

File No. 1115-02

**SERVICE LIST**
**Turner-Gray, Avia v. Avis Budget Group, Inc., et al.**
**USDC (Northern) Case No. 3:23-cv-05507-SI**

Avia Turner-Gray, Esq. — In Pro Per
3538 Cumberland Road
East Point, GA 30344
(404) 444-6561
aviaturnergrapyattyatlaw@gmail.com

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

# EXHIBIT 8

**Patrick Albasha**

**From:** Christopher Lee
**Sent:** Friday, July 11, 2025 10:16 AM
**To:** Avia Turner-Gray
**Cc:** Nydia Shannon; Patrick Albasha
**Subject:** RE: Turner-Gray v. Avis: Notice to Meet and Confer- Discovery Dispute vs a Motion to Compel- Plaintiff's Motion to Compel Defendant Avis to Produce Document Requested and to Answer Questions Asked; Notice to Meet and Confer Second Meeting

Yes, please call me at 949-774-2006 at that time.

**CHRISTOPHER LEE**
PARTNER
EVERETT DOREY LLP
2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Thursday, July 10, 2025 8:20 PM
**To:** Christopher Lee <clee@everettdorey.com>
**Subject:** Re: Turner-Gray v. Avis: Notice to Meet and Confer- Discovery Dispute vs a Motion to Compel- Plaintiff's Motion to Compel Defendant Avis to Produce Document Requested and to Answer Questions Asked; Notice to Meet and Confer Second Meeting

Can we meet and confer at 1530 on Monday?

Avia Turner-Gray
Attorney-at-Law
(404)444-6561 O
(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

On Thu, Jul 10, 2025 at 19:08 Christopher Lee <clee@everettdorey.com> wrote:

> The discovery dispute requirements are pre-requisites before bringing any motion to compel.
>
> I am available Monday afternoon after 2pm.

**CHRISTOPHER LEE**

PARTNER

EVERETT DOREY LLP

2030 Main Street

Suite 1200

Irvine CA 92614

D: 949.774.2006

M: 818.571.5085

F: 949.377.3110

E: clee@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Thursday, July 10, 2025 5:36 PM
**To:** Christopher Lee <clee@everettdorey.com>
**Subject:** Re: Turner-Gray v. Avis: Notice to Meet and Confer- Discovery Dispute vs a Motion to Compel- Plaintiff's Motion to Compel Defendant Avis to Produce Document Requested and to Answer Questions Asked; Notice to Meet and Confer Second Meeting

Counsel,

So I looked at the local rules on the discovery dispute process that you attached. My understanding is that discover disputes and motions to compel are similar, but not the same. The discovery dispute process is much more of an informal process, hence the abbreviated drafting requirements. What I really want here is a motion to compel you to turn over the documents that I am entitled to in this case - documents that I believe that you are and have been wrongfully withholding. I really don't want to go through an informal process.

I will contact the court (I will cc you on that communication) to find out whether or not I have to start this process as a discovery dispute.

I'll send that email out tomorrow. Whatever the court tells me to do, I will do. If I can skip the discovery dispute process and go straight to a motion to compel, then I will do a motion to compel. In a motion to compel, I have to detail every single item in my request for the production of documents that I have an issue with and your response.

I am available to meet and confer on Monday, July 14, 2025. What time are you available?

Avia Turner-Gray
Attorney-at-Law
(404)444-6561 O

(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

On Thu, Jul 10, 2025 at 16:50 Christopher Lee <clee@everettdorey.com> wrote:

Ms. Turner-Gray,

I am not available tomorrow. I have availability next week, please let me know when works for you.

**CHRISTOPHER LEE**
PARTNER
EVERETT DOREY LLP

2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110

E: clee@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Thursday, July 10, 2025 4:37 PM
**To:** Christopher Lee <clee@everettdorey.com>; Patrick Albasha <palbasha@everettdorey.com>
**Subject:** Re: Turner-Gray v. Avis: First Draft Joint Stipulation Plaintiff's Motion to Compel Defendant Avis to Produce Document Requested and to Answer Questions Asked; Notice to Meet and Confer Second Meeting

Counsel,

I will take a look at the local rules and conform to them as necessary. Do you have time to meet and confer by phone tomorrow 7/11/25 preferably after 3 pm? If not, when are you available? Please advise.

Avia Turner-Gray

Attorney-at-Law
(404)444-6561 O

(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

On Mon, Jul 7, 2025 at 12:27 Christopher Lee <clee@everettdorey.com> wrote:

> Ms. Turner-Gray,
>
> I am available to meet and confer over telephone this week. Please let me know when you are available.

Further, please note that the Court's Standing Order (language cited below and linked below) is that a joint statement needs to be 5 pages or less. The draft you sent is 59 pages. Please send a revised proposed draft of 3 pages or less (leaving at least 2 pages for our portion).

3. Discovery Disputes: The parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer. If, after a good faith effort, the parties have not resolved their dispute, they **shall prepare a concise joint statement of 5 pages or less**, stating the nature and status of their dispute. Absent an order of this Court, parties shall not file affidavits or exhibits, other than copies of the written requests for discovery and the answers or objections thereto.

If a joint statement is not possible, each side may submit a brief individual statement of 2 pages or less. The joint statement or individual statements shall be filed or e-filed, if in an e-filing case, and courtesy copies submitted as provided in this Standing Order.

The Court will advise the parties regarding the need, if any, for more formal briefing or a hearing, pursuant to Civil Local Rule 7-1(b).

https://www.cand.uscourts.gov/wp-content/uploads/judges/illston-si/2023-05-31_SI_Standing-Order.pdf

**CHRISTOPHER LEE**

PARTNER

EVERETT DOREY LLP

2030 Main Street

Suite 1200

Irvine CA 92614

D: 949.774.2006

M: 818.571.5085

F: 949.377.3110

E: clee@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Saturday, July 5, 2025 12:43 AM
**To:** Christopher Lee <clee@everettdorey.com>; Patrick Albasha <palbasha@everettdorey.com>
**Subject:** Turner-Gray v. Avis: First Draft Joint Stipulation Plaintiff's Motion to Compel Defendant Avis to Produce Document Requested and to Answer Questions Asked; Notice to Meet and Confer Second Meeting

Dear Counsel,

The letter serves as a second Notice/Request to Meet and Confer on the issue of discovery in the case referenced above. Specifically, the Plaintiff takes issue with the improper denial of multiple requested documents in her First Request for the Production of Documents served on February 20, 2025.The Plaintiff, as discussed previously, is planning on filing a Motion to Compel with the Court on July 11, 2025. The attached draft Joint Stipulation outlines the Plaintiff's complaints and position on the withheld documents. It is my hope that we can meet and confer on this continuing discovery dispute by end of day July 11, 2025 at the latest. If we are unable to meet and confer to resolve these issues by that time, the Plaintiff will file the attached draft joint stipulation. The attached document is the Plaintiff's first draft of her position on the improperly withheld documents. Please add your responses to that draft accordingly by July 11, 2025 to be included as part of the Joint Stipulation to the Court. Please respond by Friday, July 11, 2025 or the Plaintiff's Joint Stipulation will be filed that evening.

Please note that the Plaintiff is preparing the interrogatories asked of her in prior discussions.Those interrogatories will be served on the Defendant by this weekend. However, it is the Plaintiff's position that she is still due the documents requested of the Defendant as the requested documents are relevant, probative, nonprivileged, and proportional in accordance with the needs of the case. Your failure to produce these documents has hampered the Plaintiff's ability to prepare for trial. Accordingly, the Plaintiff will ask the Court to push back current deadlines in the case and will request a six fold increase in the number of interrogatories allowed.

Please advise.

Thank you,

Avia Turner-Gray
Attorney-at-Law
(404)444-6561 O

(703)819-9682 C
aviaturnergrayattyatlaw@gmail

# EXHIBIT 9

**Patrick Albasha**

**From:** Christopher Lee
**Sent:** Wednesday, July 30, 2025 8:30 PM
**To:** Avia Turner-Gray
**Cc:** Patrick Albasha; Nydia Shannon
**Subject:** RE: Response: Proposed Joint Application and Stipulation to Continue Mediation/Trial Dates/Deadlines on pproval of Joint Stip and Order Avia Turner-Gray v. Avis Budget Car Rental, LLC--Case No. 23-cv-05507-SI-MED
**Attachments:** Revised TURNER-GRAYVAVISJOINT STATEMENTDISCOVERYDISPUTE0725 copy copy copy.docx; Turner-Gray - 7.25.2025 Joint Stipulation To Continue Trial And All Related Deadlines.docx

Ms. Turner-Gray,

Thank you for your response. Given your agreement to the stipulation to continue, we will add your electronic signature and file the Stipulation.

We intend to produce further documents but would need the confidentiality protective order in place, as many of the documents are private and confidential, including proprietary business documents and third-party personnel files. I would ask that you reconsider your position, as the model protective order is standard for essentially all cases and even published by the Court. If not, I have included a request that the Court issue the protective order in Avis' portion of the joint statement for the discovery dispute, attached.

With respect to additional interrogatories, if, as I understand from your comment below, the interrogatories are designed to substitute for the lack of document production, I would suggest that you wait until receiving the additional document production and the discovery dispute is resolved, before serving additional interrogatories. I cannot agree to increase the limit on interrogatories at this time, but if you would like to meet and confer on the scope of the intended additional interrogatories, I would be willing to do so.

Thank you,

**CHRISTOPHER LEE**
PARTNER
EVERETT DOREY LLP
2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Wednesday, July 30, 2025 4:15 PM
**To:** Christopher Lee <clee@everettdorey.com>; Patrick Albasha <palbasha@everettdorey.com>
**Subject:** Re: Response: Proposed Joint Application and Stipulation to Continue Mediation/Trial Dates/Deadlines on pproval of Joint Stip and Order Avia Turner-Gray v. Avis Budget Car Rental, LLC--Case No. 23-cv-05507-SI-MED

Mr. Lee,

I have reviewed the drafted Joint Application and Stipulation to Continue Mediation Date, Trial Date, and Continue All Related Deadlines. It is sufficient. I do not agree with the proposed blanket protective order at all. That is a hard no! If you have concerns regarding the confidentiality of any of the discovery that I have asked of your client, most of which I have not received, you will need to bring those concerns, on a case by case basis, before the Court.

To be honest, I do not believe that your client is going to willfully and fully comply with my request for the production of documents. I do not believe that your client is going to truthfully answers questions asked of them. I fully anticipate a full tilt breach of the orders of the Court. Past behavior is the most reliable indicator of future behavior. Your client has proven that they are willing to lie and cheat when it comes responding to legitimate discovery requests.

I am, of course, willing to give you a nondisclosure agreement upon settlement.

Have you had an opportunity to complete your section of the Proposed Joint Statement of Discovery Dispute? I need to get that submitted.

Also, since I have limited production from you at this time, I need to submit more interrogatories to your client before we go before the Court. Are you willing to stipulate to the submission of additional interrogatories? Up to six sets of 25 questions a piece including subparts? If not, I will go on and put that motion before the Court.

Finally, I need to begin depositions. I want to start with the employees in the SFO based Avis vehicle loss/recovery group. I want to start depositions next month. I will send you a list of the people that I need to depose shortly.

Thank you,

ATG

Avia Turner-Gray
Attorney-at-Law
(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

On Tue, Jul 29, 2025 at 22:32 Christopher Lee <clee@everettdorey.com> wrote:

> Ms. Turner-Gray,
>
> I am following up on the below emails and attached stipulations. If approved, please confirm that we can add your electronic signature. If you would like to further discuss, please let me know.

Thank you,

**CHRISTOPHER LEE**

PARTNER

EVERETT DOREY LLP

2030 Main Street

Suite 1200

Irvine CA 92614

D: 949.774.2006

M: 818.571.5085

F: 949.377.3110

E: clee@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Christopher Lee
**Sent:** Monday, July 28, 2025 1:15 PM
**To:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Cc:** Patrick Albasha <palbasha@everettdorey.com>; Nydia Shannon <nshannon@everettdorey.com>; Kari Erickson Levine <kari@ericksonlevinelaw.com>
**Subject:** FW: Response: Further Mediation CONTINGENT on court's approval of Joint Stip and Order Avia Turner-Gray v. Avis Budget Car Rental, LLC--Case No. 23-cv-05507-SI-MED

Hello Ms. Turner-Gray,

I am following up on the below email and attached stipulations. If approved, please confirm that we can add your electronic signature. If you would like to further discuss, please let me know.

Thank you,

**CHRISTOPHER LEE**

PARTNER

EVERETT DOREY LLP

2030 Main Street

Suite 1200

Irvine CA 92614

D: 949.774.2006

M: 818.571.5085

F: 949.377.3110

E: clee@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Christopher Lee <clee@everettdorey.com>
**Sent:** Friday, July 25, 2025 3:43 PM
**To:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Cc:** Patrick Albasha <palbasha@everettdorey.com>; Kari Erickson Levine <kari@ericksonlevinelaw.com>; Nydia Shannon <nshannon@everettdorey.com>
**Subject:** RE: Response: Further Mediation CONTINGENT on court's approval of Joint Stip and Order Avia Turner-Gray v. Avis Budget Car Rental, LLC--Case No. 23-cv-05507-SI-MED

Ms. Turner-Gray,

I plan to send you further document production in response to our meet and confer and your discovery dispute statement, by early next week. I hope that we can resolve or at least narrow the scope of the discovery dispute. In the meantime, will you agree to enter into a standard stipulated confidentiality protective order? These are standard in essentially ever case and the Northern District of California even publishes a Model Stipulated Protective Order for Standard Litigation at https://cand.uscourts.gov/forms/model-protective-orders/

I used that Model Form without change (except to fill in the caption and signature lines) and attach a draft here. The confidentiality means that the parties will not use or disclose information marked confidential outside

of this litigation – it can still be used for this litigation. If you will agree, please approve adding your electronic signature and we can file.

Further, I attach a joint stipulation to continue trial as we discussed last, asking the Court for a 3-month continuance on all dates. If you will approve adding your electronic signature, we can file.

Thank you,

EVERETT DOREY LLP

**CHRISTOPHER LEE**

PARTNER

2030 Main Street

Suite 1200

Irvine CA 92614

D: 949.774.2006

M: 818.571.5085

F: 949.377.3110

E: clee@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

# EXHIBIT 10

**Patrick Albasha**

**From:** Christopher Lee
**Sent:** Wednesday, September 17, 2025 5:42 PM
**To:** Avia Turner-Gray
**Cc:** Patrick Albasha; Nydia Shannon
**Subject:** RE: Turner-Gray v. Avis 3:23-CV-05507-SI, Discovery Dispute Letter, Meet and Confer on Interrogatories

I will send a link for remote meet and confer on Friday September 19, 2025 at 3:30 pm Pacific.

We are not acting in bad faith. With respect to the documents, as I have asked you multiple times, we would like to have a confidentiality protective order in place so we can utilize it for the production to ensure that confidential information is protected. I asked you what reason would you need to disclose information outside of this discovery and you have provided no answer.

With respect to the joint report, I asked that you conform to the rules first (the page limit and removing the material about the interrogatories as it is premature) and then once you do that, I can respond with any additional statements on our side and sign it. I never said I had nothing more to add or that I would not sign it, I am waiting for a document that complies with the Court's Rules.

**CHRISTOPHER LEE**
PARTNER
EVERETT DOREY LLP
2030 Main Street
Suite 1200
Irvine CA 92614
D: 949.774.2006
M: 818.571.5085
F: 949.377.3110
E: clee@everettdorey.com
www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Wednesday, September 17, 2025 5:18 PM
**To:** Christopher Lee <clee@everettdorey.com>
**Cc:** Patrick Albasha <palbasha@everettdorey.com>
**Subject:** Re: Turner-Gray v. Avis 3:23-CV-05507-SI, Discovery Dispute Letter, Meet and Confer on Interrogatories

Mr Lee,

I will be very direct in that I believe that you and your client are deliberately withholding documents and information that are directly relevant to this case including information that is absolutely not confidential or protected. With respect to the interrogatories, you have provided some information in the form of that list of names of employees without designating their terms of employment or job descriptions. Yes, you have given me some information, but you have not provided all of the information that was requested in the Request for Interrogatories. Management and leadership names are still missing as are their job

descriptions and terms of employment. You are deliberately withholding requested documents in order to thwart my case.

I can meet and confer with you Friday, September 19, 2025 at 1530 PST. We will discuss these outstanding discovery issues then.

With respect to the discovery dispute letter, are you saying that you have nothing more to say on it and that you will not sign it? We are not dealing with one incident of you wrongfully withholding discovery. We are dealing with multiple incidents of you wrongfully withholding discovery. First, we were dealing with a number of documents that I requested that you did not turn over. We met and conferred on July 14, 2025, and at that time, you promised to forward to me some files and information. We are now over 60 days out from that meeting, and you have produced none of the documents that you promised. I received your response to my Request for Interrogatories on August 6, 2025. Your answers were nonresponsive and nonconforming. Of course, that is going to make it more difficult to whittle the discovery dispute letter down to five pages. Every time you wrongfully withhold documents and information, you make the discovery process for me even longer, more burdensome and convoluted. You are deliberately doing this. Perhaps I should submit two discovery dispute letters instead of one: one for your failure to produce documents as requested and one for your failure to answer my Request for Interrogatories as requested. That should solve a portion of the problems that you have raised here. It will not make the first letter much shorter than it is, but the second letter will come in at less than 5 pages.

Please advise.

Avia Turner-Gray

On Tue, Sep 16, 2025 at 2:10 PM Christopher Lee <clee@everettdorey.com> wrote:

> Ms. Turner-Gray,
>
> With respect to the model protective order that we asked you to agree to, it is not a “blanket protective order.” You can read it and see that it allows designation of confidential material, it does not automatically make everything in the lawsuit confidential. It is the type of standard agreement that I and opposing parties enter into in almost every case. Nor is there a reason that information in this lawsuit would or should be treated as not confidential, meaning sharing it with unrelated third parties. Can you please provide the reason that you would need to treat materials in this case as non-confidential?
>
> With respect to the joint statement, you already submitted an unauthorized document to the Court. I asked that you conform the statement to the Court’s rules, including the length, but you have not done so. You have included issues regarding interrogatories, which you have not even sought to meet and confer about beforehand, which is improper and against the Rules as well.

We are not withholding discovery in bad faith. I am available to meet and confer September 18 or 19 any time between 10:30am to 4pm. Please let me know when you are available.

**CHRISTOPHER LEE**

PARTNER

EVERETT DOREY LLP

2030 Main Street

Suite 1200

Irvine CA 92614

D: 949.774.2006

M: 818.571.5085

F: 949.377.3110

E: clee@everettdorey.com

www.EverettDorey.com

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
**Sent:** Monday, September 15, 2025 5:26 PM
**To:** Christopher Lee <clee@everettdorey.com>
**Cc:** Patrick Albasha <palbasha@everettdorey.com>
**Subject:** Turner-Gray v. Avis 3:23-CV-05507-SI, Discovery Dispute Letter, Meet and Confer on Interrogatories

Mr. Lee,

Attached is my copy of the discovery dispute letter that we discussed last month. I added in the section that you gave me. Please review it and sign it if it is acceptable to you. I did submit my copy of the dispute letter prematurely to the Court on Friday, but I will resubmit it with discovery documents attached and with any additional changes to your section that you require.

I am disappointed that your response to my request for interrogatories was deficient. First of all, I don't even know what questions you responded to. I received a list of employees and titles, but I do not have their dates of employment nor contact information as requested. I do not see any managers or team leaders identified on that list as requested. My understanding is that you want me to sign a blanket protective order covering all of the discovery that I have requested of your client including information that is not confidential, sensitive, nor protected. The names of the managers are not confidential. Their job descriptions are not confidential. Their dates of employment are not confidential. I assume that you are going to withhold any further discovery in bad faith until or unless I agree to this blanket protective order. Thus this discovery dispute must be addressed by the Court.

I'm also in receipt of your communication where you would consider agreeing to additional sets of interrogatories so long as they were limited in scope. The interrogatories that I submitted to you were narrowly tailored to get the information that I need to develop this case. Even narrowly tailored requests are routinely ignored by your team. I am willing to have a meet and confer to discuss the issue. I am available on Thursday, Friday, or Monday, September 18th, September 19th, or September 22nd respectively to discuss the issue. I'm flexible on timeframes. Do you have availability to speak?

Please advise

Avia Turner-Gray
Plaintiff Pro Se

(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com

--

Avia Turner-Gray
Attorney-at-Law
(404)444-6561 O
(703)819-9682 C
aviaturnergrayattyatlaw@gmail.com