Avia Turner-Gray, Esquire
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AVIA TURNER-GRAY**<br><br>Plaintiff,<br><br>vs.<br><br>**AVIS BUDGET CAR RENTAL, LLC;**<br><br>**JOHN DOES 1 THROUGH 50,**<br><br>Defendants. | Case No. 3:23-CV-05507-SI**:**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**<br><br>**HEARING DATE: July 10, 2026**<br>**HEARING TIME: 1000 am**<br><br>*TRIAL DATE: OCTOBER 26, 2026*<br><br>*HONORABLE JUDGE SUSAN ILLSTON*<br><br>*COURTROOM 1* |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS AND FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**

## I. INTRODUCTION

This motion arises from a pattern of discovery misconduct that has persisted for over a year and which threatens to deny Plaintiff a fair opportunity to present her case. Plaintiff Avia Turner-

Gray is a licensed nursing executive and attorney who was wrongfully arrested at gunpoint on October 26, 2022 based on a false stolen vehicle report filed by Defendant's Operations Manager Armando Cruz. The arrest has been the subject of a California Penal Code Section 851.8 Finding of Factual Innocence — the highest available declaration of innocence under California law — signed by the Chief of Police. A federal civil action alleging false imprisonment, malicious prosecution, fraud, negligence, and intentional infliction of emotional distress has been pending since 2023.

Defendant's discovery conduct has been systematic, deliberate, and inexcusable. After 6 months, Defendant has refused to produce the two most important witnesses in the case for deposition. Defendant has purged disciplinary records from employee files before production. Defendant has refused to produce security footage, Wizard system metadata, and training records that are central to Plaintiff's fraud claims. Defendant has failed to produce its stolen vehicle reporting policies — the very policies that were violated when Cruz filed his false CHP 180. And Defendant has refused to disclose the identities of the management chain that authorized the false report.

The reason for this stonewalling is transparent. The depositions of Armando Cruz and Airene Laylo — and the documents surrounding their conduct — go directly to the heart of Plaintiff's punitive damages case. The evidence will show that Defendant's employees deliberately terminated a valid corporate mini-lease contract to generate fraudulent commission credit, handed Plaintiff fabricated documentation, and then filed a false stolen vehicle report concealing the internal fraud. This is exactly the kind of conscious disregard for another's rights that supports punitive damages under California Civil Code Section 3294. Defendant knows this. That is why these witnesses have not been produced in 6 months.

## II. FACTUAL BACKGROUND

### A. The Underlying Action

On June 26, 2022, Turner-Gray returned to the Avis rental car facility at San Francisco International Airport to exchange her corporate vehicle under an active, perpetual B.E. Smith Inc. mini-lease corporate account (AWD No. G0079000, in effect since January 15, 2007). An Avis counter agent deliberately terminated the existing corporate contract in violation of Avis's own written company policy, failed to initiate a replacement contract, and handed Turner-Gray fabricated documentation that appeared to be a valid rental agreement, but which corresponded to nothing in Avis's system. An Avis manager accompanied Turner-Gray to select a black 2022 Nissan Altima. An Avis gate employee reviewed her documentation and cleared her through the security exit at 21:53 hours.

For four months, Avis investigated the missing vehicle while possessing GPS data showing its precise locations, voicemail records left for the 'last renter' at a specific phone number, and internal communications acknowledging the person likely possessed the vehicle as a 'good customer.' On October 25, 2022, Defendant's Operations Manager Armando Cruz — under pressure from Regional Security Manager Gary Russell who wrote 'time has expired — report today' — filed a stolen vehicle report with SFPD and signed a CHP 180 under penalty of perjury certifying: (1) 'THE NISSAN ALTIMA IS NOT RENTED TO ANYONE AT THIS TIME'; (2) the last driver was 'UNKNOWN'; and (3) he had 'no other information.' All three statements were false and known to be false based on Defendant's own internal records.

On October 26, 2022, Turner-Gray was arrested at gunpoint by six Dublin Police officers responding to a TAS alert generated by the SVS entry. She was handcuffed in a public parking lot, subjected to derogatory conduct, transported to Santa Rita Jail, physically assaulted by an inmate,

and released the following day. The Alameda County District Attorney dismissed the case in ten minutes on October 28, 2022. On August 23, 2024, a Section 851.8 Finding of Factual Innocence was signed by the Chief of Police.

**B. Defendant's Discovery Misconduct — 6 Months of Delay**

Defendant has engaged in a systematic pattern of discovery obstruction that has continued for the duration of this litigation. The following categories of misconduct are addressed in this motion:

## III. THE SPECIFIC DISCOVERY FAILURES

### A. Failure to Produce Armando Cruz and Airene Laylo for Deposition — 6 Months

Armando Cruz is Defendant's SFO Production Manager who filed the false stolen vehicle report on October 25, 2022. He signed the CHP 180 under penalty of perjury containing material false statements that directly caused Plaintiff's wrongful arrest. He is the most important deponent in this case. Plaintiff has repeatedly noticed his deposition. Defendant has refused to produce him for approximately 6months.

Airene Laylo is Defendant's current Station Manager at Avis SFO who, in her prior role as a corporate lease agent, initiated the B.E. Smith mini-lease — her name appears on a 11 pre-printed 30-day contracts as the originating agent — and who told investigators on August 2, 2022 that this account was 'not a mini-lease,' a statement that is demonstrably false given the ML/ prefix designation in Defendant's own Wizard system records. She has since been promoted to Station Manager. Plaintiff has noticed her deposition. Defendant has refused to produce her.

The refusal to produce Cruz and Laylo is not inadvertent. Their depositions will establish: (1) Cruz's deliberate false statements to law enforcement; (2) Laylo's false statement to investigators concealing the mini-lease status; (3) the commission fraud scheme by which Defendant's employees deliberately terminated and re-initiated corporate contracts to generate

unauthorized commissions; (4) Defendant's knowledge of the systemic 'bad paper' problem documented in its own 2009 VP HR confidential memorandum; and (5) the direct link between Defendant's corporate parent ABG and the conduct giving rise to punitive damages. Defendant has prevented these depositions precisely because of the testimony they will yield.

Under FRCP 30 and 37(d), Defendant's failure to produce these witnesses after proper notice constitutes sanctionable misconduct. The 6-month delay is itself evidence of willful obstruction. Terminating sanctions, evidentiary sanctions deeming relevant facts established, and monetary sanctions are all appropriate.

**B. Incomplete and Purged Personnel Records — Armando Cruz**

Defendant produced personnel records for Armando Cruz from which disciplinary records covering approximately ten years have been removed. Plaintiff has reason to believe, based on the pattern of conduct reflected in the documentary record — including Cruz's false statements to law enforcement, his concealment of internal investigation records, and his familiarity with the commission fraud scheme documented in Defendant's 2009 VP HR memorandum — that disciplinary records exist in Cruz's file that reflect prior misconduct directly relevant to this action.

The selective purging of personnel records before production constitutes spoliation of evidence. FRCP 37(e) provides for sanctions where electronically stored information or documents are destroyed, lost, or altered when a party had a duty to preserve them. Defendant was on notice of this litigation and had a duty to preserve all relevant records. The removal of disciplinary records from a production of personnel files that are directly relevant to the case is not an administrative oversight — it is deliberate concealment.

Plaintiff requests production of Armando Cruz's complete, unredacted, unaltered personnel file including all disciplinary records, performance reviews, counseling records, and any records

related to prior complaints or incidents involving stolen vehicle reports, commission practices, or customer complaints, going back ten years from the date of the incident.

**C. Failure to Produce SFO Security and Surveillance Footage — June 26, 2022**

The SFO Rental Car Center at 780-782 North McDonnell Road is a major airport facility with comprehensive security and surveillance coverage. Security camera footage from June 26, 2022, specifically from the hours of 20:00 to 22:00, would show: (1) Turner-Gray returning the Toyota Camry at the counter; (2) the counter agent handling the vehicle exchange transaction; (3) the Avis manager accompanying Turner-Gray to the vehicle holding area; (4) Turner-Gray presenting her documentation at the exit gate; and (5) the gate employee clearing the vehicle through. This footage would directly corroborate Turner-Gray's account, identify the employees involved, and demonstrate that the vehicle was given to Turner-Gray by Avis's own employees with Avis's own consent.

Plaintiff has requested this footage. Defendant has not produced it and has not provided any explanation for its absence. If the footage has been destroyed or overwritten after Defendant was on notice of this litigation, that constitutes spoliation. If the footage exists and has been withheld, its immediate production is compelled. Defendant must either produce the footage or provide a declaration under penalty of perjury explaining its current status, the date it was destroyed or overwritten, and the identity of the person who authorized its destruction.

**D. Failure to Produce Wizard System Metadata and Employee Login Records**

The Avis Wizard fleet management system is a computerized database that logs every transaction, every system entry, every agent login and logout, and every action taken in connection with each rental vehicle and customer account. The Wizard system metadata for June 26, 2022 — specifically the login records, transaction logs, and agent ID entries for the SFO rental center

location between 20:00 and 22:00 — would identify: (1) which agent ID was used to process Turner-Gray's vehicle exchange; (2) whether the existing B.E. Smith mini-lease contract was terminated during that period and by whom; (3) whether any agent ID was used to generate the Malibu rental agreement (RA 756086236) or any other documentation for Turner-Gray's transaction; and (4) who processed or failed to process the Nissan Altima exchange.

This metadata is critical to establishing which of Defendant's employees deliberately terminated the corporate contract for fraudulent commission purposes. It cannot be reconstructed from other sources. Defendant's refusal to produce it is consistent with an intent to conceal the identity of the employee responsible for the fraudulent transaction. Plaintiff requests immediate production of all Wizard system logs, agent ID records, transaction logs, and metadata for the B.E. Smith account and MVA 98978342 (Nissan Altima) for the period June 26, 2022.

**E. Incomplete Training Records**

Plaintiff requested training records for the following categories of Defendant's employees: (1) Rental Sales Agents; (2) Airport Managers; (3) Production Managers; (4) Security and Loss Prevention Personnel; and (5) Rental Gate Agents. Defendant's production of training materials has been incomplete. Specifically, Defendant has not produced complete training records for gate agents — whose training on verifying rental documentation at exit would directly address whether the gate agent on June 26, 2022 followed proper procedure in clearing Turner-Gray through — nor complete training records for security and loss prevention personnel on the procedures governing when and how to report a vehicle stolen to law enforcement.

The training records are directly relevant to Plaintiff's negligent supervision and negligence claims, as well as to the question of whether Cruz's false stolen vehicle report reflected individual

deviation from policy or systematic institutional failure. The Court should compel their complete production.

**F. Failure to Produce Stolen Vehicle Reporting Policies**

Plaintiff has requested Defendant's written policies governing the reporting of vehicles as stolen to law enforcement — including the criteria, procedures, required approvals, and documentation requirements for filing a stolen vehicle report with police. These policies are central to this case. If Defendant's policies required verification that a rental agreement had actually expired before reporting a vehicle stolen — as California Vehicle Code Section 10855 (2022) requires — then Cruz's decision to file a report without verifying the status of the B.E. Smith corporate account violated both California law and Defendant's own policies.

Defendant has refused to produce these policies. This refusal has no legitimate basis. The policies are directly relevant to whether Cruz's conduct was consistent with or in violation of Defendant's own standards, and they are relevant to the question of whether Defendant's management chain — specifically Gary Russell — authorized a report that violated Defendant's own written procedures.

**G. Failure to Identify Employees, HR Executives, and Private Contractors**

Plaintiff has requested: (1) a complete list of all employees who worked at the SFO RAC on June 26, 2022, with clock-in and clock-out times; (2) identification of the HR executives at Avis Budget Group who manage or managed employees at the SFO counter; and (3) identification of any private contractors who performed services at the SFO RAC on or around June 26, 2022. Defendant has failed to provide any of this information.

The employee roster for June 26, 2022 is essential to identify: the agent who handled Turner-Gray's vehicle exchange; the manager who accompanied her to select the Nissan Altima;

the gate agent who cleared her through; and any witness to the transaction. The HR executive identification is relevant to the corporate parent liability argument and to the question of who at ABG had authority over the compensation and discipline of the employees involved. Private contractor identification is relevant because contractors performing work at the counter may have been involved in the transaction.

### H. Failure to Produce Records of Prior False Stolen Vehicle Reports

Plaintiff has requested records of all prior incidents in which Avis Budget Car Rental, Avis Budget Group, or any of their subsidiaries or related entities reported vehicles as stolen where the vehicle was subsequently determined to have been legitimately possessed by the renter, including all such incidents at the SFO location and nationwide. This request is directly relevant to Plaintiff's punitive damages claims.

Defendant's own internal email of August 21, 2022 — already in evidence in this case — states 'WE HAVE HAD A FEW ISSUES WITH CARS ON BAD PAPER IN THE PAST,' and Gary Russell's October 11, 2022 email refers to prior incidents. The 2009 VP HR confidential memorandum from Gina Bruzzichesi acknowledges a systemic pattern of commission fraud that produced exactly the documentation failures at issue here. The pattern evidence — prior similar incidents — is directly relevant to establishing that Defendant acted with conscious disregard of the rights of its customers. The production of prior incident records is compelled.

### I. Expert Witness Prejudice: Cannot Complete Expert Report

Defendant's discovery obstruction has directly and materially prejudiced Plaintiff's ability to present expert testimony. Plaintiff's car rental industry expert has been retained to provide expert analysis of Avis Budget Group's failures, including its negligence, fraud, breach of corporate policies, and the systemic nature of the misconduct at issue. The expert cannot complete his expert

report because Defendant has withheld the core documents and depositions necessary for his analysis, including: the Wizard system metadata establishing what actually occurred on June 26, 2022; the complete training records for all relevant employee categories; the stolen vehicle reporting policies; the personnel files including disciplinary records; and the depositions of Armando Cruz and Airene Laylo.

Expert witness preparation depends on access to foundational documents and deposition testimony. Defendant's deliberate withholding of these materials has made it impossible for the expert to complete a thorough and reliable expert report. The prejudice to Plaintiff from this obstruction cannot be understated — expert testimony on industry standards, corporate negligence, and the systemic nature of the fraud is central to establishing both liability and the basis for punitive damages. The Court should compel complete production immediately and extend any applicable expert report deadline to account for Defendant's delay.

## IV. DEFENDANT'S CORPORATE STRUCTURE — IMPROPER REPRESENTATION BY OPPOSING COUNSEL

Plaintiff respectfully directs the Court's attention to a matter that has materially affected this litigation and that Plaintiff intends to address through a separate motion to amend the complaint. When this action was initially filed, Plaintiff named as defendants Avis Budget Group, Inc. and PV Holding Corp, in addition to the operating subsidiary. Opposing counsel sent a meet and confer communication representing that the correct defendant was Avis Budget Car Rental, LLC — the subsidiary holding the airport contract. In reliance on that representation, Plaintiff amended the complaint to name Avis Budget Car Rental, LLC as the primary defendant and removed Avis Budget Group, Inc. and PV Holding Corp.

Subsequent discovery has revealed that this representation was misleading and that the original naming was correct. Specifically: (1) Defendant's own 2022, 2023, and 2024 Short-Term Incentive Plan documents (AVIA003004-003021) identify the process level for SFO Production Manager Armando Cruz as 'ABG' — Avis Budget Group, Inc., the parent corporation; (2) the 2009 VP HR confidential memorandum (AVIA002409-2411) was issued by Gina Bruzzichesi, VP Human Resources, Avis Budget Group headquarters, and expressly states it covers both parent and subsidiary employees; (3) the Work Rules documents expressly cover employees of Avis Budget Group, Inc. and all its subsidiaries collectively; and (4) the vehicle is registered to PV Holding Corp, which filed the stolen vehicle report through its authorized representative Cruz.

The effect of opposing counsel's representation was to remove from the complaint the very corporate entities whose documents and management chain are now central to Plaintiff's punitive damages case. Plaintiff will file a separate motion to amend the complaint to re-add Avis Budget Group, Inc. and PV Holding Corp as defendants based on newly discovered evidence. The Court is advised of this issue as context for the current motion, because the discovery failures addressed herein are connected to Defendant's interest in preventing the re-establishment of the corporate parent as a defendant.

## V. LEGAL STANDARDS

### A. Motion to Compel — FRCP 37(a)

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production of documents or answers to deposition questions. If the motion is granted or if the requested disclosure is provided after the motion was filed, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the opposing party's

noncompliance was substantially justified or other circumstances make an award of expenses unjust. FRCP 37(a)(5)(A).

**B. Sanctions for Failure to Comply With Discovery — FRCP 37(b) and 37(d)**

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to obey a discovery order, the court may issue just orders including: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment; or (vii) treating the failure as contempt of court. FRCP 37(d) provides for sanctions where a party fails to appear for deposition after proper notice.

**C. Spoliation Sanctions — FRCP 37(e)**

Federal Rule of Civil Procedure 37(e) provides that if electronically stored information or documents that should have been preserved are lost or destroyed, the court may upon finding prejudice order measures no greater than necessary to cure the prejudice, or if the court finds intent to deprive another party of the information, may presume the information was unfavorable, instruct the jury that it may or must presume the information was unfavorable, or dismiss the action or enter default judgment. The removal of disciplinary records from Cruz's personnel file before production triggers this provision.

**D. Scope of Discovery — FRCP 26(b)(1)**

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. All categories of discovery sought herein satisfy these criteria. The documents and testimony requested are directly relevant to Plaintiff's claims and to Defendant's liability for fraud, malicious prosecution, and punitive damages. The burden of production falls on the party with far greater resources.

## VI. SANCTIONS — THE APPROPRIATE REMEDY

Defendant's discovery conduct has not been the result of mistake, inadvertence, or good faith disagreement about the scope of Plaintiff's requests. It has been a calculated, sustained, 46-month effort to prevent the deposition of the witnesses who will link Avis Budget Group's corporate management to the fraud that caused Turner-Gray's wrongful arrest. The following sanctions are appropriate:

### A. Terminating Sanctions or Issue Preclusion

Given the 6-month refusal to produce Cruz and Laylo, and the removal of disciplinary records from Cruz's personnel file, the Court should consider entering terminating sanctions or issue preclusion sanctions deeming the following facts established for all purposes in this action:

- Armando Cruz filed the October 25, 2022 stolen vehicle report knowing it contained material false statements;
- Cruz knew the last driver of the Nissan Altima was not unknown — he possessed the renter's contact information;
- The B.E. Smith mini-lease corporate account was active and had not expired at the time the stolen vehicle report was filed;
- The absence of a contract in Avis's system was caused by an Avis employee's deliberate termination of the existing contract, not by any unauthorized taking by Turner-Gray;

- Airene Laylo's statement that the account was 'not a mini-lease' was false and was made to conceal Defendant's internal fraud;

- Defendant's management authorized the false stolen vehicle report knowing it would result in the arrest of an innocent person;

**B. Evidentiary Sanctions**

The Court should preclude Defendant from: (1) offering any evidence or testimony at trial that contradicts facts established through the documents already produced; (2) offering any expert testimony that relies on documents Defendant has withheld in discovery; and (3) offering any testimony from Armando Cruz or Airene Laylo at trial if Defendant continues to refuse their depositions.

**C. Monetary Sanctions**

The Court should award Plaintiff her reasonable expenses, including attorney-equivalent fees at the pro se federal court rate, incurred in investigating and briefing Defendant's discovery violations, meeting and conferring regarding same, and preparing this motion. Given the 6-month duration of this obstruction, the award should reflect the cumulative cost to Plaintiff of pursuing discovery that Defendant has systematically refused to provide. Additionally, the Court should impose daily monetary sanctions for each day that Defendant continues to refuse to produce Cruz and Laylo for deposition after the date of the Court's order.

**D. Extension of Expert Deadlines**

The Court should extend all expert report deadlines by a period sufficient to allow Plaintiff's expert to complete his analysis after receipt of the compelled documents and depositions. The extension should be calculated from the date complete production is made and the depositions of Cruz and Laylo are taken.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion in its entirety, order immediate production of the identified documents and witnesses, impose appropriate sanctions for Defendant's 6 months of intentional discovery delay and evidence concealment, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

This May 29, 2026

AVIA TURNER-GRAY, ESQ.
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing document upon all parties by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage there on to insure delivery thereof and/or by sending a copy by email to the email addresses of and to opposing counsel for Avis Budget Car Rental, LLC as follows :

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AVIS BUDGET CAR RENTAL, LLC**

Christopher Lee, Esquire
clee@everettdorey.com
Patrick Albasha, Esquire
palbasha@everettdorey.com
Counsel for Defendant
Avis Budget Car Rental, LLC
Everett Dorey, LLP
2030 Main Street
Suite 1200
Irvine, CA 92614

This 29th day of May 2025

Respectfully submitted,

/s/Avia Turner-Gray___________
Avia Turner-Gray, Esquire
Plaintiff In Pro Per

3538 Cumberland Road
East Point, GA 30344
(404)444-6561

aviaturnergrayattyatlaw@gmail.com