Christopher J. Beeman: SBN 121194
cbeeman@clappmoroney.com
Ashley N. Meyers: SBN 274072
ameyers@clappmoroney.com
CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 Owens Drive, Suite 410
Pleasanton, California 94588
Telephone: (925) 734-0990
Facsimile: (925) 734-0888

Attorney for Defendant
AVIS BUDGET CAR RENTAL, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND**

| | |
|---|---|
| AVIA TURNER-GRAY,<br><br>Plaintiff,<br><br>v.<br><br>AVIS BUDGET GROUP INC., AMN HEALTHCARE SERVICES, INC., and B.E. SMITH,<br><br>Defendants. | Case No.: 3:23-cv-05507-SI<br><br>**DEFENDANT AVIS BUDGET CAR RENTAL, LLC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Trial Date: October 26, 2026 |

Defendant Avis Budget Car Rental, LLC ("Avis") respectfully submits this Opposition in accordance with the briefing schedule set forth in this Court's Order (Dkt. 97), which sets forth the deadline of June 12, 2026 for this Opposition. Defendant notes that Plaintiff's Motion was filed on May 30, 2026, after the deadline set by this Court. (Id.) Avis substituted in new Defense counsel on June 8, 2026. (Dkt. 101) Given the timing of this Motion and Opposition as well as the fact the prior counsel had firsthand knowledge of all discovery conduct to date, this Opposition cites to and references the DECLARATION OF CHRISTOPHER D. LEE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION (Dkt. 98-1) and the exhibits to that Declaration. (Dkt 98-2 and 98-3.)



CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

## I. INTRODUCTION

The underlying facts in this case are straight forward. On June 26, 2022, Plaintiff went to Avis's San Francisco Airport location to exchange a rental vehicle for another vehicle. An Avis counter agent, whose identity is unknown, assigned her a replacement vehicle. After locating the vehicle, Plaintiff became dissatisfied with an alleged marijuana odor. She then encountered an individual she believed to be a manager, whose identity is also unknown, and requested a different vehicle. According to Plaintiff, the individual permitted her to take a Nissan, which she drove out of the lot. Plaintiff alleges that an exit gate employee, also unidentified, allowed her to leave without verifying the rental.

For reasons that remain unclear, the Nissan was never properly registered to Plaintiff in Avis's system. Avis does not dispute that the failure to register the rental and the authorization to exit the lot without verification were contrary to its policies and procedures. Because the vehicle was not associated with Plaintiff, it appeared in Avis's records as missing, and Avis had no means of identifying or contacting the person in possession of the vehicle. After several months and unsuccessful efforts to locate the Nissan, Avis reported it stolen to law enforcement on or about October 25, 2022.

The following day, Plaintiff was stopped by police while driving the Nissan and was arrested. She spent one night in custody and was released the next day. Avis subsequently assisted Plaintiff in obtaining dismissal and expungement of the criminal charges arising from the incident.

## II. AVIS HAS FULLY COMPLIED WITH ITS DISCOVERY OBLIGATIONS AND THIS MOTION IS WITHOUT MERIT

### A. Plaintiff's Allegations related to Production of Witnesses for Deposition.

Plaintiff has never served a single Notice of Deposition. Plaintiff has made informal deposition demands for dozens of witnesses, however, that list has changed and dates which were offered in June by prior counsel were not accepted. With the substitution of counsel, there will be an assessment of availability based on new counsel's calendar, however, this issue is not ripe for Motion given the lack of any prior notices. (Federal Rule of Civil Procedure 30(b)(1).)

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

**B. Plaintiff's Speculation that Records she Believes were Removed from Personnel Files lacks any Evidence or Basis.**

Plaintiff's Motion argues that documents were removed from an employee's personnel file. The basis for this argument is that she believes this employee must have had a discipline record because of the alleged conduct she has made against him in this case. (Dkt. 99-1 at p. 5) This is pure speculation with no evidentiary basis. Mere speculation that other deleted documents may exist that might be helpful to a party's case is also an insufficient basis for a finding of spoliation. (Tri-County Motors, Inc. v. American Suzuki Motor Corp., (E.D. N.Y. 2007) 494 F. Supp. 2d 161, 177)

**C. Avis has Provided Plaintiff with Compliant Discovery Responses and is not Withholding any Responsive Documents.**

Defendant has produced all documents evidencing the employees present on the day of the rental. (Lee Decl., ¶ 35.) Defendant has produced all training and policy documents. (Lee Decl., ¶ 36.)

Throughout this litigation, Avis and its counsel have devoted substantial time and effort to responding to Plaintiff's discovery requests and attempting to address her concerns, notwithstanding the fact that many of her demands are overbroad, disproportionate, or unsupported by the needs of the case.

Despite these efforts, Plaintiff has repeatedly accused Avis and its counsel of acting in bad faith, intentionally withholding documents, violating court orders, and engaging in other misconduct based on nothing but pure speculation. Those accusations are unfounded. The discovery record reflects consistent efforts by Avis and its counsel to respond to Plaintiff's requests, explain the information available, and engage in the meet-and-confer process in a professional manner.

One example concerns Plaintiff's repeated requests for employee time records. Plaintiff initially sought the identities of employees working on the date in question, and Avis produced that information. Plaintiff then requested schedules, and Avis provided the employees' scheduled hours. Plaintiff subsequently demanded specific "clock-in" and "clock-out" records. Avis' counsel explained that no such records exist and that Avis possesses no additional information of that nature.

///

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

Nevertheless, Plaintiff continues to insist that such records exist and should be produced. (Lee Decl., ¶ 35.)

Similarly, Plaintiff has repeatedly demanded broad categories of training materials and policies and procedures without articulating why additional documents are necessary, particularly where there is no dispute that the conduct alleged by Plaintiff, if true, would not have complied with Avis' policies or training. Even so, Avis has produced hundreds of pages of policies, procedures, and training materials. Plaintiff nevertheless maintains that additional documents must exist. Avis' counsel has explained that no further responsive documents have been identified, but Plaintiff simply refuses to accept those representations. (Lee Decl., ¶ 36.)

**D. Plaintiff's Demand for Records of all Similar Incidents Nationwide.**

Plaintiff's Motion seeks records of all prior incidents in which Avis, any of their subsidiaries or related entities reported vehicles as stolen where it was subsequently determined to have been possessed by a valid renter. This pertains to Plaintiff's Request for Production 16 which states:

**REQUEST FOR PRODUCTION NO. 16:**

> Produce DOCUMENTS of any internal or external complaints (including customer complaints), grievances, or Human Resource reports filed between January 1, 2021 and December 31, 2022 alleging improper car rental procedures, unsafe vehicle condition, improper maintenance of Avis's rental vehicles, or conditions leading to customer endangerment or the false arrest of customers related to Avis issuing false reports of vehicle theft.

This Request is overly broad. It is vague as written and it would require Defendant to divulge third-party information. While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). A party seeking discovery bears the burden of establishing that its request satisfies the relevancy and proportionality requirements under Rule

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

26(b)(1). *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 3845984, at *2 (N.D. Cal. Aug. 13, 2018); *Hegarty v. Transamerica Life Ins. Co.*, 2021 WL 4899482, at *2 (N.D. Cal. Oct. 21, 2021). "[C]ourts are required to limit discovery if its burden or expense outweighs its likely benefit; this is 'the essence of proportionality,' a frequently ignored or overlooked discovery principle." *Hegarty*, 2021 WL 4899482 at *2 (citation omitted).

This request as it stands are entirely disproportional to the allegations of this case. It would include all Avis and Budget Car Rentals throughout the United States, all complaints about car rental procedures and all dangerous conditions. Aside from being disproportional, it's unclear what is being sought by this request. This portion of Plaintiff's Motion should be denied with prejudice.

**E. Defendant's Corporate Structure is Irrelevant.**

Defendant sought and obtained dismissals of certain holding companies and affiliates which were not prior Defendants in the Plaintiff's action. To the extent that those entities may have documents responsive to the Plaintiff's Requests they would be in the control of Avi. All documents in the possession, custody or control of Avis have been subject to searches pursuant to Defendant's discovery obligations.

## III. <u>PLAINTIFF HAS FAILED TO PRESENT ANY SPECIFIC DISPUTES</u>

In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

Plaintiff has failed to do this in their Motion. Similar to the ongoing tone of the discovery disputes initiated by Plaintiff, this Motion is a non-particularized summary of things that the Plaintiff believes Defendant has done wrong. Plaintiff's tactics are inconsistent with the spirit and admonitions of the Federal Rules of Civil Procedure. Despite numerous additional productions of documents, Plaintiff's arguments continue to be vague accusations of wrongdoing and failure to comply.

///

## IV. EVIDENTIARY, TERMINATING AND/OR MONETARY SANCTIONS AGAINST DEFENDANT ARE CLEARLY NOT WARRANTED

All of the known information and documents regarding Plaintiff and her case have already been produced in this case, including her past rental history and files, the missing vehicle checklist, documents regarding the report to the police, and all communications regarding the situation. Even hundreds of pages of information and documents well beyond Plaintiff or her case have been produced, including a list of all employees working on the date in question, numerous policies and procedures, training documents, and private personnel records of individuals who Plaintiff somehow suspect as involved. Avis has produced over 4,200 pages of documents in this matter. [Lee Decl. at ¶ 2]

Avis served Responses on March 21, 2025. [Lee Decl. at ¶ 12] On April 15, 2025, Avis served Supplemental Responses to the Requests and produced 1894 pages of documents to Plaintiff. [Lee Decl. at ¶ 14] Following the court's entry of a Protective Order, On October 29, 2025, Avis' counsel produced another 1,241 pages of documents to Plaintiff under the Protective Order. [Lee Decl. at ¶ 22] On May 18, 2026, Avis produced 999 additional pages of documents. [Lee Decl. at ¶ 34]

Defendant has not violated any court order. Defendant has made continued efforts to meet and confer with Plaintiff and produce documents even when the requests lack any particularity. The record clearly shows that Defendant has engaged in the discovery process in good faith and has continually supplemented its responses and production in compliance with the Court's order. Sanctions are unwarranted. (*Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) ("Dismissal under Rule 37(b) is appropriate only for failure to comply with a court order compelling discovery."); *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012) ("[E]evidence exclusion is, or at least can be, a harsh sanction."). An adverse inference instruction is "an extreme sanction and should not be taken lightly." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 219 (S.D.N.Y. 2003).

Plaintiff has provided no evidence of any improper conduct on the part of defendant. The allegations of misconduct are based on her unfounded suspicions and beliefs. On the other hand, the Plaintiff has personally engaged in discovery abuse, sending numerous emails personally attacking prior counsel. During her deposition, she called him evil and left prior to completion. [Lee Decl. at ¶

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

41] For the reasons stated herein, Defendant asks that this Court deny this Motion in its entirety with prejudice.

Dated: June 12, 2026

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY

By: [signature]
Christopher J. Beeman
Ashley N. Meyers
Attorney for Defendant,
AVIS BUDGET CAR RENTAL, LLC

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

**Avia Turner-Gray v. Avis Budget Group, Inc., et al.**
United States District Court, Northern District of California Case No. 3:23-cv-05507

**PROOF OF SERVICE**
[*Code of Civ. Proc. §§ 1011, 1013, 1031a, 2015.5*]

**METHOD OF SERVICE:**

☐ By Personal Service ☐ By Mail ☐ By Overnight Delivery
☐ By Messenger Service ☐ By Facsimile ☒ By E-Mail/Electronic Transmission

1. I am a citizen of the United States and am employed in the County of Alameda, State of CALIFORNIA. I am over the age of 18 years and not a party to the within action.

2. My place of employment is 5860 Owens Drive, Suite 410, Pleasanton, California 94588.

3. On the date set forth below, I caused to be served a true and correct copy of the document described as follows:

**DEFENDANT AVIS BUDGET CAR RENTAL LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

I served the documents on the persons below, as follows:

| | |
|---|---|
| Avia Turner-Gray, Esq.<br>Plaintiff in Pro Per<br>3538 Cumberland Road<br>East Point, GA 30344<br>Tel: 404-444-6561<br>Email: aviaturnergrayattyatlaw@gmail.com | |

4. The document(s) was served by the following means (specify):

a. ☐ **BY OVERNIGHT DELIVERY**. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I place the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

b. ☐ **BY MESSENGER SERVICE**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service.

c. ☐ **BY FAX TRANSMISSION**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

d. ☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION**. Based on an agreement or Case Management Order, I caused all of the above-entitled document(s) to be sent to the recipients listed by electronic mail. This service complies with C.C.P. §1010.6. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(Federal)** declare that I am employed in the offices of a member of the bar of this court at whose direction this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2026 at Pleasanton, California.

*/s/ Richean Martin*
Richean Martin

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588