**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**AVIA TURNER-GRAY**

Plaintiff,

vs.

**AVIS BUDGET CAR RENTAL LLC,**

**JOHN DOES 1 THROUGH 50,**

Defendants.

**Case No. 3:23-CV-05507-SI**

**PLAINTIFF'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL LISTING ALL DISCOVERY DEFECIENCIES(CIVIL LOCAL RULE 37-2)**

Hearing Date: July 10, 2026
Hearing Time: 10:00 am
Judge: Honorable Susan Illston
Courtroom: 1

*Trial Date: October 26, 2026*

**PLAINTIFF'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL (CIVIL LOCAL RULE 37-2)**

Pursuant to Civil Local Rule 37-2, Plaintiff sets forth below each discovery request in dispute, Defendant's verbatim response, and the reason a further response is required. The verbatim text of the requests and responses should be confirmed against the originals before filing. The defendant served its responses to the Requests for Production in the name of "Avis Budget Group, Inc." and its responses to the Interrogatories in the name of "Avis Budget Car Rental, LLC."

**PART ONE — REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

**Request:** Produce all DOCUMENTS identified in your Initial Disclosures in this action. Produce complete copies of any reports referenced in your initial disclosures including copies of all police reports filed by Avis directly or on Avis's behalf by any Avis related company, subsidiary, or outside contractor including (nonexhaustively) the PV Holding Corp., or the Avis Budget Group in relation to this action. Produce the COMPLETE PERSONNEL FILE for any individuals who prepared these reports including the individual's application for employment, background check, performance evaluations, disciplinary records, training record, and if applicable, termination documents.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** The Request seeks Avis's own initial-disclosure documents and the police/theft reports at the center of this case, which are plainly relevant. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request. The CHP 180 and SFPD report identify PV Holding Corp. (Avis/Budget) as the reporting party and Armando Cruz as the reporting manager, so responsive reports exist.

**REQUEST FOR PRODUCTION NO. 2**

**Request:** Produce all DOCUMENTS, ELECTRONIC OR OTHERWISE, regarding rental agreement number 756086236 (reservation number 15766940-US-0) for the rental of a Black Nissan Altima that was issued to the Plaintiff by an Avis employee, “KENNETH,” on June 26, 2022 at approximately 0930 pm at the Avis Budget Rental Counter in the SFO Rental Center located at 780 McDonnell Road in San Francisco, California. If no records exist regarding this rental, please state this fact in your response.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client

privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** This Request seeks the electronic rental records for the transaction at the center of the case. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request. The Request expressly asked Avis to state if no records exist; Avis did not do so, leaving its response non-compliant.

**REQUEST FOR PRODUCTION NO. 3**

**Request:** Please provide the full name, home address, phone number, and email address, and California insurance agent license number for employee “Kenneth” identified in the RFD No. 2 above. Produce DOCUMENTS comprising this employee's complete personnel file including his application for employment, job description, background check, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Please provide DOCUMENTATION of Kenneth's direct supervisor governing and managing his activities on site on June 26, 2022. Provide DOCUMENTATION listing Kenneth's manager.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** The employee “Kenneth” is the agent who issued Plaintiff's rental. In response to Interrogatory No. 1, Avis identified this employee as Kenneth Leung, Rental Sales Associate, demonstrating that Avis can identify him and undermining its “vague” and “unintelligible” objections. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4**

**Request:** Produce all records and DOCUMENTS related to the Avis rental vehicle given to the Plaintiff on June 26, 2022 at approximately 0930 pm: a Nissan Altima - CA License Plate 8ZXZ692. Produce DOCUMENTS detailing the entire rental history on the vehicle from the time it was initially placed in service with Avis up through October 27, 2022. Said DOCUMENTS should account for the whereabouts of the vehicle for the entire time that it was in service by the Defendant, Avis. DOCUMENTATION and records should account for any periods of inactivity, theft, or loss, or rental. Records should include all service records for that vehicle. If the vehicle was ever reported, lost or stolen, records should include every single DOCUMENT, record, report, memo, video, or any other documentary evidence with regard to that theft or loss. Records should include all internal and external reports regarding the loss or theft and all internal or external investigatory material. Records should include the identity of and complete personnel record DOCUMENTS for all individuals involved in the investigation of any theft or loss of this vehicle during the entire time that the vehicle was in service up until October 27, 2022.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** This Request seeks the inventory and theft-report history of the very vehicle Plaintiff was arrested for driving, which is central to liability. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5**

**Request:** Produce time clock (punch) records and DOCUMENTS for all Avis employees, managers, and contractors who reported for work or who were working at the Avis Budget rental location at the SFO Rental Center located 780 Mcdonnell Road in San Francisco, California on June 26, 2022 between 0700 am and 11pm that day. DOCUMENTS should indicate the employee's or contractor's name, title, job description, and the hours they worked that day.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent

the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** In response to Interrogatory No. 2, Avis admitted that it "pays its employees and maintains required payroll records." Avis cannot admit the time records exist and then withhold them. The records identify who was working when Plaintiff's transaction was mishandled, are relevant, and privacy is fully addressed by the protective order. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6**

**Request:** DOCUMENTS listing the names of all leadership personnel, including all directors, managers, assistant managers, supervisors, and team leads, (who would not have been listed in RFP No. 5) who were employed by the Defendant Avis (or its parent company or subsidiaries) to work at the SFO Rental Center site on June 26, 2022. Produce these employees' complete personnel files including DOCUMENTS of their applications for employment, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and if applicable, termination documents. Produce all DOCUMENTS including employment contracts, agreements, or offer letters for any individual referenced above. Identify whether or not any of these individuals were outside or independent contractors. If they were outside or independent contractors, please provide DOCUMENTS listing the name, address, and phone number for the agency or company that the person was employed for. Produce DOCUMENTS listing the name and title of the individual who had overall authority at the highest level for Avis operations at the SFO rental center, that leader's supervisor, the number two in command, and the individual who managed or supervised Avis rental counter operations on site on the evening of June 26, 2022 from 0830 pm to 1030 pm.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client

privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** This Request seeks the identity and files of the SFO leadership, including the on-duty manager who personally assisted Plaintiff. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request. Avis's production of a partial personnel file for manager Armando Cruz (Bates AVIA04046-04131) confirms such files are within its control.

**REQUEST FOR PRODUCTION NO. 7**

**Request:** Produce DOCUMENTATION including Avis's complete Employee Handbook in effect during the year 2022.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** A single employee handbook is neither burdensome nor unintelligible to identify. Plaintiff's investigator located Avis's code of conduct and related materials posted publicly online, which establishes that the handbook exists and is readily available. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8**

**Request:** Produce all policy and procedure DOCUMENTS and manuals governing rental operations at Avis Budget Car Rental LLC d/b/a Avis at the SFO Rental Center in 2022. The policy and procedure manual DOCUMENTS should be complete and list in detail the correct steps necessary in order for an employee to rent and return a vehicle to a customer, and the

correct steps for rental car pickups, returns, exchanges, and appropriate entry gate and exit gate procedures.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Avis conceded in its Opposition that its employees departed from its policies on June 26, 2022; the policies that were departed from are therefore directly relevant. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**

**Request:** Produce all DOCUMENTS listing every employee or contractor who worked for Avis's loss prevention group (car theft prevention or car loss group) during the year 2022, including any employee or contractor with car loss prevention responsibilities even if employed by an Avis related agent, subsidiary, contractor, or corporate parent including the PV Holding Corp. or the Avis Budget Group. Produce DOCUMENTS listing the name, address, phone number, email address, and state license number for each, and their complete personnel files (applications, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and termination documents), and all employment contracts, agreements, or offer letters. Identify whether any were outside or independent contractors, and if so the agency or company that employed them.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** The loss-prevention personnel are the persons who report vehicles stolen, the conduct at the heart of this case. Avis answered with boilerplate

objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10**

**Request:** Produce DOCUMENTS comprising the complete policy and procedure manual without exception governing the step by step management, handling, and investigation of cars alleged to have been stolen or lost by Avis's Loss Prevention Group.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** The policy governing how Avis decides to report a vehicle stolen is directly relevant to whether the false report of Plaintiff's vehicle was a departure or a practice. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11**

**Request:** Produce all DOCUMENTS including contracts, agreements, or communications (ELECTRONIC or otherwise) between you and other Avis entities, subsidiaries, contractors, and corporate parents, related to this matter, that is the alleged theft or loss of Nissan Altima CA Plate #8ZXZ692, the mishandling of the associated rental car exchanges of said vehicle in June of 2022, and the associated false arrest of the Plaintiff Avia Turner-Gray.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client

privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Communications among Avis entities about this specific vehicle and arrest are core evidence. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request. The inter-entity communications are also relevant to control, as Avis's discovery has been served in the names of different Avis entities.

**REQUEST FOR PRODUCTION NO. 12**

**Request:** Produce all DOCUMENTS, contracts, agreements, or communications (ELECTRONIC or otherwise) between you (including other Avis entities, subsidiaries, contractors, and corporate parents) to or from the Plaintiff's former employer, AMN Healthcare Interim Solutions, LLC (formerly B.E. Smith) and its corporate parent, AMN Healthcare, Inc., related to this matter, including all communications with AMN related entities from January 1, 2021 through December 2024.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** The corporate-account relationship under which Plaintiff's vehicle was rented is directly relevant to how the rental was documented and mis-documented. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13**

**Request:** Produce all DOCUMENTS and records of all bills, invoices, payments, or reimbursements made to or from AMN Healthcare, Inc./AMN Healthcare Interim Solutions LLC (formerly B.E. Smith) related to this matter for cars leased by them for Avia Turner-Gray from January 10, 2021 through November 15, 2022.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Billing records for the corporate rental show whether the rental was active and paid, which is relevant to whether the vehicle was properly reported as missing. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14**

**Request:** Produce all DOCUMENTS including a copy of the COMPLETE signed master contract and operating agreement authorizing/governing corporate car rentals by AMN Healthcare, Inc./AMN Healthcare Interim Solutions LLC (formerly B.E. Smith) for their interim employees in effect during the year 2022.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** The master corporate-account contract governs the very rental arrangement at issue and is central to the case. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within

two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15**

**Request:** Produce all DOCUMENTS listing every single vehicle that was leased by AMN Healthcare, Inc. and/or AMN Healthcare Interim Solutions LLC for the benefit of the Plaintiff, Avia Turner-Gray, from January 9, 2021 through October 27, 2022, including the make, model and year of each vehicle along with the service and repair records.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Plaintiff's rental history under the corporate account is relevant to the pattern of exchanges that led to the mis-documentation. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16**

**Request:** Produce DOCUMENTS of any internal or external complaints (including customer complaints), grievances, or Human Resource reports filed between January 1, 2021 and December 31, 2022 alleging improper car rental procedures, unsafe vehicle condition, improper maintenance of Avis's rental vehicles, or conditions leading to customer endangerment or the false arrest of customers related to Avis issuing false reports of vehicle theft.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Prior complaints and reports of false-theft-report arrests are directly relevant to notice, knowledge, intent, absence of mistake, and the conscious disregard required for punitive damages under California Civil Code section 3294. Avis's own emails reference prior “bad paper” incidents and the risk of a customer “pulled out at gunpoint.” Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17**

**Request:** Produce all DOCUMENTS including all server logs, metadata, or IT records related to the management, rental, repair, tracking and inventory control of the Nissan Altima 8ZXZ692 or other relevant communications.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** The electronic inventory and tracking records for the subject vehicle show when and why it was flagged as missing, which is central to the case and uniquely within Avis's control. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18**

**Request:** Produce DOCUMENTS in the form of an organizational chart with leadership roles and department and division heads listed for the entity, Avis Budget Car Rental LLC in effect during the year 2022. Include documentation of Avis Budget Car Rental LLC's relationship with other Avis entities designating and including its corporate parent and its corporate relationship to any and every other Avis subsidiary during the year 2022.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Avis's objection that this material is "proprietary" concedes that it is within Avis's control. The corporate-structure documents are relevant to control, ratification, and the scope of corporate liability, and are especially material here, where Avis's discovery has been served in the names of different Avis entities and Cruz's file ties him to "Avis Rent A Car System, Inc." Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19**

**Request:** Produce all DOCUMENTS, reports, emails, communications, and records of townhall meetings, trainings, newsletters, corporate directives sent to leadership and/or employees of Avis Budget Car Rental LLC by officers, directors, and leaders at the Avis Budget Group and/or any other Avis related corporate parent and/or any other Avis related entity related to the rising number of lawsuits and rental car industry upheaval caused by the Hertz car rental false arrest and imprisonment scandal between January 2021 and December of 2022.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Avis's communications about the Hertz false-arrest scandal bear directly on Avis's knowledge that false theft reports lead to wrongful arrests, which is relevant to intent and to punitive damages. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order

(Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20**

**Request:** Produce DOCUMENTS and records listing any current and prior lawsuits, claims, or settlements involving similar allegations of false arrest against Avis and Avis related entities filed between January 2020 and December 2024. Produce DOCUMENTATION listing the number of false reports of car theft that Avis or Avis related entities filed against innocent renters in the years 2021, 2022, and 2023.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Prior similar lawsuits and the number of false theft reports Avis filed are the most direct evidence of a pattern and of Avis's knowledge, and are central to punitive damages. The public record reflects multiple comparable Avis incidents nationwide. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21**

**Request:** Produce all DOCUMENTS of any due diligence reports, background checks, or hiring records for third party vendors or contractors involved in the management or handling of any aspect of the car rental process that reached the Plaintiff during the period January 1, 2021 and October 26, 2022.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client

privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Vendor and contractor vetting is relevant to Plaintiff's negligent hiring, retention, and supervision claims. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22**

**Request:** Produce all and any DOCUMENTS, reports, or investigations, internal or external, relating to the incident giving rise to this case (the false reporting of a car theft for a 2021 Nissan Altima with California plate number 8ZXZ692) including any reports or DOCUMENTS filed with law enforcement agencies including the San Francisco Police Department and the San Mateo Sheriff's Department. Identify any specific designated group of law enforcement officers that Avis regularly interfaces with in the management of lost or stolen vehicles, including a list of names, badge numbers, and contact information.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** The reports Avis filed with law enforcement about Plaintiff's vehicle are the core evidence of the false report. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request. The CHP 180 and SFPD report confirm such reports exist.

**REQUEST FOR PRODUCTION NO. 23**

**Request:** Produce all DOCUMENTS, reports, emails, and communications detailing the exact moment and time that the 2021 Nissan Altima with California plate number 8ZXZ692 that the

Plaintiff rented from the Defendant Avis (with the manager's permission) on June 26, 2022 was found missing from Avis's car lot, including the complete inventory tracking log DOCUMENT for the vehicle up to and including the date of the Plaintiff's arrest on October 26, 2022 for the entire life of the vehicle.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** When and why the vehicle was flagged as missing is central to whether Avis's report was false. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24**

**Request:** Produce all DOCUMENTS, reports, emails, and communications, internal and external, detailing the failures and deficiencies of Avis's vehicle inventory tracking system between January 1, 2020 and December 31, 2022, including communications sent to other Avis entities and subsidiaries, and outside agencies including law enforcement, detailing problems with Avis's inventory tracking system.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Documented deficiencies in Avis's inventory system are directly relevant to how Plaintiff's lawfully rented vehicle came to be reported stolen, and to whether the conduct was systemic. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt.

87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25**

**Request:** Produce DOCUMENTS and records of a call that Avis customer service received from law enforcement officers with the City of Dublin, California Police Department on October 26, 2022 at approximately 11pm related to the recovery of a 2021 Nissan Altima with California license plate number 8ZXZ692, the vehicle recovery report, the towing company information, and the name, address, phone number, and license number for the Avis representative who told the officers that the vehicle had been missing since June 2022 and told them to arrest the Plaintiff.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** The communications between Avis and the arresting agency on the night of the arrest are direct evidence of who caused Plaintiff's arrest. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26**

**Request:** Produce all DOCUMENTS, letters, reports, communications, emails, and notices sent to the Plaintiff, Avia Turner-Gray, and/or her employer AMN Healthcare Interim Solutions LLC/AMN Healthcare Inc., between June 26, 2022 and October 26, 2022 indicating that the vehicle she rented on June 26, 2022 was late or had not been returned timely as required under California law, including all bills sent for the rental of that vehicle. If no such DOCUMENTATION exists in the system, designate that fact.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the

discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**Reason a further response is required:** Avis swore, under its discovery obligations, that it has no responsive documents in its possession, custody, or control. If that is accurate, Avis should so state plainly, under oath, and after a diligent search; if it is not, the sworn denial cannot stand. The absence of any late or non-return notice is itself powerful evidence for Plaintiff: it shows Avis reported the vehicle stolen without ever notifying the renter it was overdue. Avis should confirm this denial under oath after a diligent search.

**REQUEST FOR PRODUCTION NO. 27**

**Request:** Produce DOCUMENTS of all internal communications (emails, memos, texts, chat logs) discussing the inventory, theft, or location of the 2021 Nissan Altima with California Plate #8ZXZ692 from June of 2022 through November 1, 2022.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Internal communications about this vehicle's status are core evidence of what Avis knew and when. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28**

**Request:** Produce DOCUMENTS of any surveillance footage, photographs, or audio recordings related to the Plaintiff's car rental exchange on June 26, 2022 at the SFO Rental Center between 0830 pm and 1030 pm, including video of the Plaintiff's rental car return at the Avis return gate at 0849 pm, her transaction with Avis employee “Kenneth” around 0941 pm, the Plaintiff's conversation with the Avis manager in the Avis car lot around 1015 pm, and the Plaintiff's exit

from the Avis exit gate around 1030 pm. If no video exists, please state this in your discovery response.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**Reason a further response is required:** Avis swore, under its discovery obligations, that it has no responsive documents in its possession, custody, or control. If that is accurate, Avis should so state plainly, under oath, and after a diligent search; if it is not, the sworn denial cannot stand. The footage would identify the employees who handled Plaintiff's exchange and corroborate the manager's authorization. If the footage was lost or overwritten after Avis was on notice of this litigation, that bears on spoliation. Avis should be ordered to produce the footage or to state, under oath, its current status, the date and manner of any destruction, who authorized it, and Avis's retention policy.

**REQUEST FOR PRODUCTION NO. 29**

**Request:** Produce a copy of all DOCUMENTS containing the business, occupational, and/or state insurance license for Avis Budget Car Rental, LLC, and any licenses, certificates, or agreements that authorize Avis Budget Car Rental, LLC to operate out of the San Francisco airport.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** The airport concession and licensing documents are relevant to which Avis entity operated at SFO, a contested issue, and are not confidential as to their existence. Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's

confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30**

**Request:** Produce DOCUMENTS with the name, address, and phone number of Avis Budget Car Rental LLC's insurance carrier, and DOCUMENTATION of insurance covering this claim filed by the Plaintiff.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information.

**Reason a further response is required:** Insurance coverage is discoverable under Federal Rule of Civil Procedure 26(a)(1)(A)(iv). The CHP 180 lists the vehicle as “Self-Insured (Avis).” Avis answered with boilerplate objections that do not satisfy Federal Rule of Civil Procedure 34(b)(2)(B)-(C), which require that grounds be stated with specificity and that the response state whether any responsive materials are being withheld on the basis of an objection. Avis did neither. After the Court entered the model protective order (Dkt. 87) and ordered Avis to respond to all outstanding discovery within two weeks (Dkt. 86), Avis's confidentiality objection is moot. Avis's later production of thousands of largely duplicative pages did not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31**

**Request:** DOCUMENTS in the form of a list of those individuals who were employed by the Defendant, Avis Budget Car Rental LLC, or its parent company or subsidiaries or an outside contractor, to work at the SFO Rental Center site in the training department and/or in human resources (who had training responsibilities) in 2022, and their complete personnel files (applications, job descriptions, professional licenses, background checks, performance evaluations, disciplinary records, training records, and termination documents), and all employment contracts, agreements, or offer letters. Identify whether any were outside or independent contractors, and if so the agency or company; and provide a list of the individuals and titles responsible for training rental counter agents, exit gate employees, managers, and supervisors at the SFO Rental Center in 2022.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case.

Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**Reason a further response is required:** Avis swore, under its discovery obligations, that it has no responsive documents in its possession, custody, or control. If that is accurate, Avis should so state plainly, under oath, and after a diligent search; if it is not, the sworn denial cannot stand. Avis's sworn denial is contradicted by its own verified answer to Interrogatory No. 3, which states that "Employees are trained by their respective supervisors," and by the training materials Plaintiff's investigator located on Avis's public websites. A company that trains employees cannot have no training-personnel records.

**REQUEST FOR PRODUCTION NO. 32**

**Request:** Produce DOCUMENTS including all training materials and in-service education material, ELECTRONIC, online, or otherwise, including the training manuals used to train rental counter agents, exit gate employees, and rental center managers, supervisors, and leads at the Avis Budget Rental counter at SFO Rental Center.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**Reason a further response is required:** Avis swore, under its discovery obligations, that it has no responsive documents in its possession, custody, or control. If that is accurate, Avis should so state plainly, under oath, and after a diligent search; if it is not, the sworn denial cannot stand. Avis's sworn denial that it has no training materials is contradicted by Interrogatory No. 3 ("Employees are trained by their respective supervisors") and by Avis's own onboarding and training materials, which Plaintiff's investigator located posted publicly on Avis's websites.

**REQUEST FOR PRODUCTION NO. 33**

**Request:** Produce DOCUMENTS and records for employee 89416 who checked the Plaintiff's vehicle in at the return gate on June 26, 2022, including the employee's name, address, phone number, email address, title, and job description.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the

discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**Reason a further response is required:** Avis swore, under its discovery obligations, that it has no responsive documents in its possession, custody, or control. If that is accurate, Avis should so state plainly, under oath, and after a diligent search; if it is not, the sworn denial cannot stand. The return-gate employee ("89416") appears on Plaintiff's own return receipt, so the employee plainly exists and is identifiable in Avis's systems. Avis's blanket "no documents" response cannot be reconciled with its production of an employee roster in response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 34**

**Request:** Produce DOCUMENTS of any local, state, or federal law enforcement investigations into Avis Budget Car Rental LLC's (and any other Avis related subsidiary or corporate parent) rental activities and practices related to false reports of car thefts leading to false arrest and imprisonment of Avis customers between January 2021 and the present.

**Response:** Objection. This Request is oppressively burdensome and overbroad. Responding Party objects that the Request is vague and unintelligible. Responding Party objects to the extent the Request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the subject matter of this case. Responding Party objects that the Request seeks information protected by the attorney-client privilege and work-product doctrine. Further, the Request seeks confidential and private third-party information. Responding Party does not have any documents in its possession, custody or control responsive to this Request.

**Reason a further response is required:** Avis swore, under its discovery obligations, that it has no responsive documents in its possession, custody, or control. If that is accurate, Avis should so state plainly, under oath, and after a diligent search; if it is not, the sworn denial cannot stand. This Request goes to the pattern of false-theft-report arrests that is central to Plaintiff's punitive-damages claim. Avis cannot simultaneously swear it has no responsive records and object that producing them would be unduly burdensome.

**PART TWO — INTERROGATORIES**

**INTERROGATORY NO. 1**

**Interrogatory:** List all persons who were on duty working at Avis Budget Car Rental at the SFO Rental Center between 0500 am June 26, 2022 and 0700 am on June 27, 2022 as Gate Rental Agents, Exit Booth personnel, Car Rental Return Personnel, onsite

Managers/Supervisors/Team leaders, and Vehicle or Asset Loss and/or Security Personnel, and persons executing similar duties under different titles. Subparts: (A) if unable, state why; (B) provide the same for June 2022; (C) for the year 2022; (D) for June 1-30, 2025; (E) provide contact information, titles, dates of employment, employment status, and official job descriptions for any person listed, including persons employed by any Avis Related Entity.

**Response:** Objection (vague, ambiguous, overbroad, not proportional, privacy, privilege). Subject to and without waiving the objections: "Responding Party will produce concurrently herewith non-privileged information regarding Responding Party employees. Employees can be contacted through Responding Party's counsel of record," followed by a roster of approximately 180 employees and job titles (including "Leung, Kenneth – Rental Sales Associate" and "Laylo, Airene – RO Station Manager").

**Reason a further response is required:** Avis's substantive answer defeats its own "vague" and "burdensome" objections to the parallel Requests, and confirms Kenneth Leung and Airene Laylo by name. The answer is nonetheless incomplete: it omits the contact information, titles, dates of employment, employment status, and job descriptions expressly requested in subpart (E), and channels all contact through counsel. A complete, verified response is required, and the protective order resolves any privacy concern.

## INTERROGATORY NO. 2

**Interrogatory:** Did Avis pay any of the employees working in any of the roles listed in Interrogatory 1? (A) Does Avis have payroll records for those employees as required under IRS rules requiring businesses to retain payroll records for four years? (B) If the Defendant states it had no records of any employees who worked for Avis in June 2022, explain in detail why the Defendant or its payroll processor cannot use payroll records to construct a list of employees for the time periods requested. Plaintiff is not requesting social security numbers.

**Response:** Objection (vague as to "pay," not proportional, privacy, privilege). Subject to and without waiving the objections: "Responding Party pays its employees and maintains required payroll records. Payroll information of Responding Party's employees is irrelevant to Propounding Party's claims and violates third-party privacy rights and thus is not subject to discovery."

**Reason a further response is required:** Avis admitted under oath that it "maintains required payroll records." That admission defeats Avis's refusal to produce the clock-in/out records sought in Request No. 5 and confirms Avis can identify who worked on June 26, 2022. The records are relevant to identifying the employees who mis-documented Plaintiff's rental, and the protective order resolves any privacy concern.

## INTERROGATORY NO. 3

**Interrogatory:** Describe in detail all of the steps involved in renting a vehicle to a customer from arrival at the Avis rental counter at SFO to exit from the security gate, based on Avis

Budget Car Rental's enterprise-level or organizationally endorsed standard operating procedures, protocols, and/or training materials. (A) State the source of your response, i.e., where the rental procedures are inscribed, tangible or electronic. (B) List the name, title, dates of employment, and contact information for the persons responsible for training the individuals listed in Interrogatory 1.

**Response:** Objection (vague, ambiguous, unduly burdensome, unintelligible, not proportional, privacy, privilege). Subject to and without waiving the objections: a general narrative that the rental agent "will answer appropriate questions, facilitate the requested rental, and process the rental," the customer takes paperwork to the vehicle and presents it at the exit, and: "Employees are trained by their respective supervisors."

**Reason a further response is required:** Avis's answer that "Employees are trained by their respective supervisors" directly contradicts its sworn denials in Requests No. 31 and 32 that it has no training materials or training-personnel records. The answer is also non-responsive to subpart (A), which asked where the standard operating procedures are inscribed, and to subpart (B), which asked who trained the employees. A complete, verified response is required.

**INTERROGATORY NO. 4**

**Interrogatory:** Provide the full name, title, dates of employment, employment status, and contact information for current or former employees "KENNETH," "MERLYN," and "AIRENE," all of whom rented vehicles to the Plaintiff during the course of her rentals with Avis Budget Car Rental at the SFO Rental Center.

**Response:** Objection (vague, ambiguous, overbroad, not proportional, privacy, privilege). Subject to and without waiving the objections: "Responding Party will produce under confidential protective order non-privileged information regarding the individuals listed."

**Reason a further response is required:** Avis agreed to produce this information "under confidential protective order." The Court entered the model protective order on October 16, 2025 (Dkt. 87), so the stated condition has been satisfied and the information is now overdue. Avis should be ordered to provide a complete, verified response identifying these three employees.

**INTERROGATORY NO. 5(a)**

**Interrogatory:** Provide the name, contact information, dates of employment, employment status, and official job descriptions for all leadership personnel, including all directors, managers, assistant managers, supervisors, and team leads (not listed in responses to Interrogatories 1 through 4) who were employed by the Defendant Avis (or its parent company, subsidiaries, or an outside vendor or contractor) to work at, or who had leadership authority over any aspect of the car rental process or personnel at, the SFO Rental Center in June 2022. Subparts (A)-(D) request the same information for 2022 and 2025 if June 2022 is unavailable, and an explanation if it cannot be provided.

**Response:** Objection only (vague, ambiguous, overbroad in scope and time, not proportional, privacy, privilege). No substantive response provided.

**Reason a further response is required:** Avis provided no answer at all, only objections. The identity of the SFO leadership, including the manager who personally assisted Plaintiff, is central to liability, supervision, and ratification. Boilerplate objections without an answer are improper under Rule 33(b)(4), and the protective order resolves any privacy concern. A complete, verified response is required.

**INTERROGATORY NO. 5(b)**

**Interrogatory:** Provide the name, titles, contact information, dates of employment, employment status, and job descriptions for Avis Budget Car Rental, LLC's managers and members in 2022, regardless of whether that person or Avis Related Entity is still in that role today. [This interrogatory was also numbered "No. 5" in Plaintiff's set; it is designated 5(b) here for clarity.]

**Response:** Avis did not separately respond to this interrogatory; its single "Response to Interrogatory No. 5" consisted of objections only.

**Reason a further response is required:** The identity of the managers and members of the defendant LLC is relevant to control and corporate liability and is information uniquely within Avis's possession. Avis should be ordered to provide a complete, verified response. To the extent Avis treated the two interrogatories numbered "5" as one, a separate verified answer to each is required.

**INTERROGATORY NO. 6**

**Interrogatory:** Who was responsible for oversight over and/or management of operations and human resources at Avis at the SFO Rental Center at the highest corporate level within Avis Budget Car Rental LLC or any of the Avis Related Entities, including the corporate parent, Avis Budget Group, in 2022? (A) Provide the name, title, contact information, dates of employment, employment status, and job descriptions for this person or persons.

**Response:** Objection only (vague and ambiguous as to "oversight" and "management of operations and human resources," overbroad in scope and time, not proportional, privacy, privilege). No substantive response provided.

**Reason a further response is required:** Avis provided no answer, only objections. The identity of the person or entity with operational and human-resources authority over the SFO employees is directly relevant to Plaintiff's theory that the employees are centrally managed, and to ratification and corporate liability. Avis's refusal to answer is precisely what prevents Plaintiff from establishing the corporate structure, and a complete, verified response is required.

**DEFENDANT'S RULE 33 NUMERICAL OBJECTION FAILS**

Avis lodged a general objection that Plaintiff's interrogatories are "compound" and exceed the 25-interrogatory limit of Rule 33(a)(1). The objection fails. Plaintiff propounded seven primary interrogatories (Nos. 1, 2, 3, 4, 5(a), 5(b), and 6). Their lettered subparts are logically and factually subsumed within and necessarily related to each primary question — chiefly fallback time frames and the contact detail for the same group of employees — and therefore count as part of a single interrogatory under Rule 33(a)(1). Even counted strictly, the set falls well short of 25. Avis also waived the objection by substantively answering Interrogatories 1 through 4. A party cannot answer an interrogatory and simultaneously maintain that it was an improper, over-limit interrogatory.

Respectfully submitted,

This 22nd day of June 2026

/s/ Avia Turner-Gray

________________________________________

Avia Turner-Gray, Esq.
Plaintiff In Pro Per

3538 Cumberland Road
East Point, Georgia 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com

# CERTIFICATE OF SERVICE

**Turner-Gray v. Avis Budget Car Rental, LLC, et al.**
**USDC Northern District of California, Case No. 3:23-CV-05507-SI**

I hereby certify that on the date set forth below, I served the foregoing **TURNER-GRAY V AVIS: DEFENDANT AVIS'S DISCOVERY DEFIENCIES** upon all parties via counsel of record by electronic mail and/or through the Court's CM/ECF system.

Counsel of Record for Defendant:
C. Beeman, Esquire
cbeeman@clappmoroney.com
A. Meyers, Esquire
ameyers@clappmoroney.com
Counsel for Avis Budget Car Rental LLC
Clapp Moroney Vicinich Beeman + Scheley
5860 Owens Drive
Suite 410
Pleasanton, CA 94588

This 22nd day of June 2026,

Respectfully submitted,

/s/Avia Turner-Gray
Avia Turner-Gray, Esquire
Plaintiff In Pro Per

3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com