United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AVIA TURNER-GRAY,
Plaintiff,

v.

AVIS BUDGET CAR RENTAL, LLC,
Defendant.

Case No. 23-cv-05507-SI

**ORDER RE: PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Avia Turner-Gray has filed a motion to compel discovery that is scheduled for a hearing on July 10. The Court has reviewed the parties' papers and directs the parties to supplement the record as follows:

By July 3, plaintiff shall file a statement that identifies the specific interrogatories and requests for production that seek the discovery at issue in the motion to compel. The motion does not link the discovery to specific requests, and the reply brief only connects a few requests for production to discovery sought. *See* Reply at 10; *see also* Civil Local Rule 37-2.[1]

By July 3, defense counsel shall file a declaration addressing: (1) whether the depositions of Armando Cruz, Airene Laylo, and Gary Russell have been scheduled and/or occurred; (2) whether performance evaluations for Armando Cruz for 2016-present exist, and if so why they were not produced to plaintiff in connection with his personnel file; (3) whether the Wizard system

[1] Northern District Civil Local Rule 37-2 requires a party bringing a motion to compel further responses to discovery to "set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." Plaintiff's reply brief attaches as an exhibit a statement containing *all* of her requests for production and interrogatories, along with Avis's objections and plaintiff's explanations about why she is entitled to the discovery sought. However, this statement is deficient in that it does not link any particular request to the specific discovery sought in her motion, and it is overbroad in that many of the requests for production and interrogatories contained in the exhibit seek documents or information not raised in the motion.

metadata discussed at pages 6-7 of plaintiff's motion exists and if so why it has not been produced to plaintiff; (4) plaintiff's request for security camera footage discussed at page 6 of the motion, including whether such footage ever existed and if it no longer exists, what happened to that footage; (5) has Avis produced all written policies governing when and how a vehicle is reported as stolen to law enforcement, and if not, why not; (6) did any HR executives have authority over the compensation and discipline of Avis SFO Rental Car Center employees during the time period of the incident, and if so, what is Avis's objection to identifying those people; (7) were any "private contractors" working at the Avis SFO Rental Car Center on June 26, 2022, and if so, what is Avis's objection to identifying those people; and (8) has Avis produced complete training records for the gate agent(s) who worked on June 26, 2022, as well as complete training records for Armando Cruz (and any other employees involved in the decision to report plaintiff's rental vehicle as stolen) on the procedures governing when and how to report a vehicle stolen to law enforcement?

**IT IS SO ORDERED**.

Dated: June 25, 2026

SUSAN ILLSTON
United States District Judge