Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AVIA TURNER-GRAY**<br><br>Plaintiff,<br><br>vs.<br><br>**AVIS BUDGET CAR RENTAL, LLC;**<br><br>**JOHN DOES 1 THROUGH 50,**<br><br>Defendants. | Case No. 3:23-CV-05507-SI**:**<br><br>**DECLARATION OF AVIA TURNER-GRAY**<br><br>**HEARING DATE: July 10, 2026**<br>**HEARING TIME: 1000 am**<br><br>*TRIAL DATE: OCTOBER 26, 2026*<br><br>*HONORABLE JUDGE SUSAN ILLSTON*<br><br>*COURTROOM 1* |

I, Avia Turner-Gray, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am the Plaintiff in this action. I have personal knowledge of the matters set forth in this declaration, and if called as a witness I could and would testify competently to each fact stated herein.

2. On June 29, 2026, at approximately 5:00 p.m. Eastern Standard Time, while I was at the Atlanta airport rushing to board a flight to California for depositions scheduled the next morning, defense counsel Ashley Meyers telephoned me in a last minute attempt to cancel or delay the deposition of Armando Cruz which I had noticed two weeks in advance. First, she said she could not produce the witness because he works nights and might not be at his best for the deposition. Then she said that she thought the deposition was by Zoom even though the deposition notice clearly stated that the deposition would be in person. She blamed me for the scheduling confusion. When none of those reasons moved me to cancel, counsel asked to move the deposition out of the neutral location I had secured and into her own office. I refused each of these requests, held the date and the neutral venue, boarded my flight at my own expense, and appeared the next morning exactly as noticed. It is of note that the witness appeared on time and alert for the deposition the next day.

3. I have reviewed the document that Defendant produced and identifies as its punch record for the employees working on June 26, 2022. That document contains no clock-in times or clock-out times of any kind. It reflects only pay-category hour totals for each employee. At paragraphs 9 and 10 of her declaration, Chelsea Miller declares under oath that the punch records were produced and that the raw punch data for the evening of June 26, 2022 was pulled and produced to me. That statement is not true. The document Defendant produced and identifies as its punch record contains no punch times.

4. The only clock-in times Defendant has ever produced appear in a separate document produced late in the day on July 2, 2026, which lists fewer than five exit-gate or security personnel with clock-in times for that limited group and nothing more. No clock-in or clock-out times for the rental counter personnel have been produced.

5. Armando Cruz's performance evaluations were not produced until on or about July 2, 2026, after the Court's June 25, 2026 Order (Dkt. 106). They were not produced in Defendant's earlier discovery responses.

6. At her deposition on July 1, 2026, Airene Laylo testified that she was hired as a file clerk and administrative worker, and that as a file clerk she worked Monday through Friday and not on Sundays. She testified that she did not receive overtime pay. The document Defendant produced listing employees working on June 26, 2022 identifies Ms. Laylo as a station manager, hourly, on that date. June 26, 2022 was a Sunday. Defendant's own document therefore places Ms. Laylo in a management role, and on the clock with overtime, on a day its own witness testified she would not have worked and in a pay status she testified did not apply to her.

7. In the depositions I conducted, Armando Cruz testified that he is employed and paid by Avis Budget Group, Inc., the corporate parent. Gary Russell testified that he worked for Avis Budget Car Rental, LLC. Airene Laylo testified that she was unsure who employed her. Armando Cruz further testified that he does not badge in or badge out. These sworn accounts establish a contradiction regarding the true employer of record for the SFO personnel, which can be resolved by Defendant's payroll records, which Defendant admits it maintains.

8. The documents Defendant has produced in this action include disciplinary letters and performance evaluations directed to or copied to human resources personnel, which confirm that human resources receives and retains employee discipline records. Defendant's own production also refers to human-resources business partners by name. These documents establish that human resources is involved in and exercises authority over employee discipline, contrary to the statement at paragraph 8 of the Miller declaration that corporate human-resources had no authority over the discipline of these employees.

9. I have reviewed Avis Budget Group's official careers website, which is hosted on the company's own Workday system, and Avis Budget Group's corporate About Us and leadership pages. Avis Budget Group's published job description for the Human Resources Business Partner position, which is the position Chelsea Miller identifies as her own in her declaration, states that the role is a key member of the human-resources leadership team, provides human-resources support for an assigned field operations location, supports union, non-union, management, and staff in the specified departments and field locations, and ensures human-resources compliance from both a legal and company-policy perspective. Avis Budget Group's corporate leadership pages identify its Executive Vice President and Chief Human Resources Officer as overseeing the company's global human-resources activities, including labor and employee relations. These published materials are inconsistent with the statement at paragraph 8 of Ms. Miller's declaration that corporate human resources had no authority over the discipline of Avis employees at the SFO location.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 3rd day of July, 2026m in San Ramon, California

Respectfully signed and submitted,

/s/ Avia Turner-Gray

Avia Turner-Gray
Plaintiff In Pro Per