United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AVIA TURNER-GRAY,
Plaintiff,

v.

AVIS BUDGET CAR RENTAL, LLC,
Defendant.

Case No. 23-cv-05507-SI

**ORDER RE: PLAINTIFF'S MOTION TO COMPEL**

Re: Dkt. No. 99

Plaintiff's motion to compel discovery was scheduled for a hearing on July 10, 2026. In an order filed June 25, 2026, the Court directed supplemental briefing.[1] The Court has received that briefing and finds that this matter is suitable for resolution without oral argument and VACATES the hearing. The Court will hold a status hearing via zoom on July 10, 2026 at 12:30 p.m. In connection with the parties' request to modify the pretrial schedule and continue the trial date, the Court informed the parties that no trials are being set beyond 2026. Dkt. Nos. 97 & 102. At the status hearing, the parties should be prepared to discuss whether they will agree to reassignment to a magistrate judge of their choice, or whether they wish for the case to be randomly reassigned to a district court judge.

**DISCUSSION**

[1] The Court directed Avis to provide additional information about specific discovery requests and responses and directed Turner-Gray to file by July 3 "a statement that identifies the specific interrogatories and requests for production that seek the discovery at issue in the motion to compel." Dkt. No. 106. On July 4, plaintiff filed a lengthy statement that went beyond the Court's direction by including extensive argument, responded to defendant's July 2 filings, and raised new issues not previously addressed in plaintiff's motion or reply (e.g., "named governing policies and procedures including the mini-lease procedures," Dkt. No. 108 at 4-6, and the issue regarding redacted contact information for witnesses, *Id.* at 17). This was improper. The Court will not consider any issue or argument raised for the first time in plaintiff's supplemental filing, and directs the parties to meet and confer regarding those matters.

**I. October 16, 2025 Order re: Discovery (Dkt. No. 86)**

Turner-Gray's motion to compel asserts several arguments that are premised to some degree on her interpretation of the Court's October 16, 2025 Order re: Discovery. For example, Turner-Gray argues that the Court ordered Avis to "produce all discovery requested by Plaintiff and to schedule depositions of Avis employees requested by Plaintiff," Mtn. at 2, and thus that the Court has already concluded that Turner-Gray is entitled to all of the discovery she seeks and that she was not required to issue Rule 30 deposition notices.

Because plaintiff's interpretation of the October 16, 2025 order is not entirely accurate, the Court clarifies its prior ruling. The parties' October 15, 2025 joint letter brief indicated that a barrier to Avis responding to plaintiff's discovery requests was the absence of a protective order and plaintiff's refusal to agree to the entry of the model protective order. The Court's October 16, 2025 order found that entry of the model protective order was appropriate and stated that the Court would enter such an order, and directed Avis to "to respond to all outstanding discovery requests within two weeks of the entry of the Protective Order" and directed "the parties to cooperate regarding scheduling of depositions, and any other discovery matters."[2] The Court did not order Avis to "produce all discovery requested by plaintiff," nor did the Court review any specific discovery requests. Instead, the Court directed Avis to "respond" to discovery requests – and a response can take the form of providing substantive answers to interrogatories and producing requested documents, as well as responding by raising objections and stating, for example, that no such responsive documents exist. Regarding depositions, the Court directed the parties to cooperate regarding scheduling but the Court did not excuse plaintiff from Rule 30(b)'s requirement to issue a deposition notice.[3] With these clarifications, the Court now turns to the

[2] Turner-Gray's July 4, 2026 filing states that Avis has designated "almost its entire production" as "confidential" and that she reserves the right to challenge those designations. If plaintiff wishes to challenge confidentiality designations made by Avis, plaintiff must first engage in a meet and confer process with Avis, and that process must include at least one telephone conference and cannot consist solely of an exchange of emails/letters.

[3] The parties could agree on an informal procedure for requesting and scheduling depositions without issuing Rule 30(b) deposition notices, but that is a matter for the parties to decide.

United States District Court
Northern District of California

specific issues raised by plaintiff's motion to compel.

**II. Depositions**

Defense counsel's July 2, 2026 declaration states that plaintiff has now taken the depositions of Armando Cruz, Airene Laylo, and Gary Russell. Based upon that representation, it does not appear that there is a live dispute regarding those depositions.

Plaintiff's July 4 filing asserts that defense counsel has attempted to "obstruct" depositions in various ways, including by seeking to change the location of depositions at the last minute or improperly shortening depositions. The Court strongly encourages the parties to cooperate regarding the scheduling and conduct of depositions, and if problems arise, to promptly seek assistance from the court.

**III. "Incomplete and Purged" Personnel Records – Armando Cruz**

Turner-Gray's motion states that Avis produced personnel records for Armando Cruz,[4] "from which disciplinary records covering approximately ten years have been removed." Mtn. at 5. The motion asserts that "Plaintiff has reason to believe, based on the pattern of conduct reflected in the documentary record — including Cruz's false statements to law enforcement, his concealment of internal investigation records, and his familiarity with the commission fraud scheme documented in Defendant's 2009 VP HR memorandum — that disciplinary records exist in Cruz's file that reflect prior misconduct directly relevant to this action." *Id.* Avis's opposition states that plaintiff is simply speculating that disciplinary records have been removed and that there is no basis for plaintiff's assertion that such records existed.

Turner-Gray's reply changed tack and did not mention disciplinary records, and instead focused on Cruz's performance appraisals from 2016-present. The reply states that Avis produced Cruz's personnel records dating back to 1993, "including performance evaluations and reviews

[4] Plaintiff states that Cruz is the Avis employee who reported her rental vehicle as stolen and signed the CHP "180" stolen-vehicle report.

spanning roughly 1993 through 2016," but "omits every performance appraisal from approximately 2016 to the present." Reply at 9. The Court's June 25 order directed Avis to file a declaration stating "whether performance evaluations for Armando Cruz for 2016-present exist, and if so why they were not produced to plaintiff in connection with his personnel file." Dkt. No. 106 at 1.

On July 2, Avis filed the declaration of Chelsea Miller, an HR Business Partner employed by Avis. Miller states that Cruz's "entire personnel file was previously requested in the HR system" and produced to plaintiff prior to the motion to compel. Miller ¶ 3. In response to the Court's June 25 order, "a secondary search was initiated and it was determined that, due to a change in the Workday system, those reviews became subject to a higher level of security and are not maintained in a manner where HR can access them without special security access being granted. That access was obtained and the additional performance review documents have been produced to Plaintiff." *Id.* ¶ 5.

Turner-Gray's July 4 filing again raises the issue of "missing" disciplinary records for Cruz and a new issue of missing signed annual "Rules of the Road" and "Work Rules" acknowledgments for several years. However, defense counsel's July 2 declaration states under penalty of perjury stating that "A heightened review process was undergone with the assistance of Workday to ensure that everything from Armando Cruz's personnel file ha[s] been produced." Meyers Decl. ¶ 4. Turner-Gray has not articulated a non-speculative, factual basis for her assertion that disciplinary records for Cruz must exist that have not been produced. Based on the record before the Court, the Court DENIES the motion to compel additional disciplinary records. With regard to the signed annual acknowledgments, the Court directs the parties to meet and confer about this issue.

## IV. Wizard System Metadata/Shift "Punch Records"

Turner-Gray wants to find out who was working at the Avis counter on June 26, 2022 so she can identify the employee(s) involved in her rental car transaction. Avis states it previously produced records identifying all employees present on June 26, 2022, including scheduled shifts,

and that those employees include both salaried and hourly employees, that "[n]o one has been withheld due to independent contractor status," and that "[u]pon information and belief, without having had the time to review the files of every single individual working on that date, none were independent contractors or private contractors." Meyers Decl. ¶ 6.

Turner-Gray contends that there must be documents showing the "punch times" for hourly employees. She states that the Avis Wizard fleet management system "is a computerized database that logs every transaction, every system entry, every agent login and logout, and every action taken in connection with each rental vehicle and customer account." Mtn. at 6. The motion states that the "Wizard system metadata" for June 26, 2022 – "specifically the login records, transaction logs, and agent ID entries for the SFO rental center location between 20:00 and 22:00 — would identify: (1) which agent ID was used to process Turner-Gray's vehicle exchange; (2) whether the existing B.E. Smith mini-lease contract was terminated during that period and by whom; (3) whether any agent ID was used to generate the Malibu rental agreement (RA 756086236) or any other documentation for Turner-Gray's transaction; and (4) who processed or failed to process the Nissan Altima exchange." *Id.* at 6-7.

The Court's June 25 order directed Avis to determine whether the "Wizard system metadata" discussed in the motion exists and if so why it had not been produced to plaintiff. Defense counsel filed a declaration stating that in response to the Court's order,

> I confirmed that there was a raw punch record for the hourly employees who were working on the evening of June 26, 2022. This would not reflect salaried employees working but would reflect the punch records for the hourly workers. This is the closest thing to metadata and it was produced on July 2. It was not obtained previously because the other records produced more accurately reflect all employees present on June 26, 2022 as it included the salaried and hourly employees.

Meyers Decl. ¶ 6.

Turner-Gray remains unhappy with Avis's production. Her July 4 filing states that what Avis produced is a "payroll-derived hours summary" that does not contain clock-in or clock-out records showing when employees arrived and departed for their shifts, and she questions how Avis can pay its hourly employees (including calculating overtime) without some system or documentation showing actual/exact hours worked. An earlier declaration filed by Avis's prior



United States District Court
Northern District of California

counsel, Christopher Lee, described the materials produced (identities of employees and a schedule) and stated that during the parties' meet and confer efforts he explained to plaintiff that "there are no such [clock-in/clock-out] records." Lee Decl. ¶ 35. The Court cannot compel the production of documents that do not exist, and thus plaintiff's request is DENIED. Further, plaintiff's request for payroll records[5] and information about how hours worked are calculated are not likely to result in the discovery of what plaintiff seeks, which is the identity of the employee(s) who processed her rental car transaction.

However, the Meyers declaration does not specifically address the "Wizard system" and thus it is not clear to the Court whether plaintiff's description of that system – and her claim that the system would contain data showing which employee was involved in her rental car transaction – is accurate. The Court directs Avis to determine whether it has any information, in the Wizard system or elsewhere, that would identify the employee or employees who were involved in plaintiff's rental car transaction on June 26, 2022. By July 17, Avis shall produce all responsive documents and shall identify the employee(s), and if Avis does not have any documents and/or cannot identify the employee, Avis shall provide a written explanation to plaintiff detailing the search undertaken and explaining why it is not possible to identify who processed plaintiff's rental car transaction.

## V. Identification of HR Employees

Turner-Gray has requested that Avis identify the human resources executives who have authority over the SFO rental center employees. Her motion to compel asserted that this information was relevant "to the corporate parent liability argument and to the question of who at ABG had authority over the compensation and discipline of the employees involved." Mtn. at 9. The Court's June 25 order directed Avis to answer whether any HR executives had authority over

[5] Plaintiff's July 4 filings assert, for the first time, that payroll records are also relevant to determining which Avis entity employed the SFO Avis employees, and she states that she may be filing a motion to amend to re-add the previously dismissed corporate entities. The Court directs the parties to meet and confer regarding which entity employs the SFO Avis employees and the proper corporate defendants.

United States District Court
Northern District of California

compensation and discipline of Avis SFO Rental Car Center employees during the time period of the incident. The Miller declaration states that during the relevant time period, "Corporate HR Executives would not have had authority over compensation and discipline of Avis' employees at SFO. The individuals who would have had this authority were the Airport Manager, the District Manager and the Area Manager, all of whom have been identified" in a prior production. Miller Decl. ¶ 8.

Plaintiff's July 2 filing states that the Miller declaration must be untrue because Avis's public materials describe executive human resources positions as being responsible for "compliance" and overseeing labor and employee relations. The Court does not find any inconsistency between the public materials as described in plaintiff's July 2 filing and the Miller declaration. The Court DENIES plaintiff's request for further information about Avis's corporate human resources executives, absent a specific showing of relevance.

## VI. June 26, 2022 SFO Rental Car Security Camera Footage

Turner-Gray's request for production #28 seeks "documents" of security camera footage, photographs or audio from the SFO Rental Car Center on June 26, 2022. Avis responded with various objections, and also stated that it did not have any footage. Turner-Gray continues to request the footage and her motion requests that either Avis produce the footage or provide a declaration under penalty of perjury "explaining its current status, the date it was destroyed or overwritten, and the identity of the person who authorized its destruction." Mtn. at 11.

In response to the Court's June 25 order, Avis filed the declaration of Gary Russell, the Northwest Regional Security Manager for Avis Budget Car Rental, LLC. Russell states that the "security footage for the Avis rental lot at SFO has a maximum data capacity of approximately 30 days and after 30 days the data is overwritten with newer footage." Russell Decl. ¶ 3. Russell states that by the time the rental vehicle was reported stolen (in October 2022), any relevant security footage had already been overwritten. *Id.* ¶ 4.

The Court is satisfied with Avis's explanation of why there is no security footage for June 6, 2022, and thus DENIES this aspect of plaintiff's motion to compel.

**VII. Employee Training Records**

Plaintiff's motion stated that Avis has not produced complete training records for gate agents and "security and loss personnel." Mtn. at 7. The Court's June 25 order directed Avis to answer whether it had produced complete training records for the gate agent(s) who worked on June 26, 2022, as well as for Armando Cruz and any other employees involved in the decision to report plaintiff's rental vehicle as stolen. Defendant's July 2 declarations state that (1) Avis has produced all trainings given to anyone in the Gate Agent role working in June 2022 but that defendant's records do not state who was the acting gate agent on June 26, 2022 and "despite diligent efforts, Defendant has been unable to identify the specific individual; (2) Avis has produced all training records for Cruz; and (3) Avis previously produced all training documents related to a number of subjects, including related to stolen vehicle forms, security and loss prevention, and investigating a missing vehicle.

Plaintiff's supplemental filing states that Avis has not identified its "loss-prevention" (or "training") personnel and produced their personnel files (which would include training records) and contact information. Dkt. No. 108 at 13. The issue as framed in plaintiff's supplemental filing is broader than what was initially raised in the motion (which was limited to "training records"). The Court directs the parties to meet and confer on the specific issues of (1) identification of "training" and "loss prevention" personnel at and (2) production of contact information and personnel files for those individuals.

**VIII. Policies Governing Reporting Vehicles as Stolen**

Turner-Gray's request for production #10 seeks "documents comprising the complete policy and procedure manual without exception governing the step by step management, handling, and investigation of cars alleged to have been stolen or lost by Avis's Loss Prevention Group." The Meyers declaration states that Avis "has produced all written policies governing when and how a vehicle is reported as stolen to law enforcement." Meyers Decl. ¶ 7. Plaintiff's supplemental filing states that Avis produced "copies of training and system-entry PowerPoint



United States District Court
Northern District of California

images describing how a stolen-vehicle report is entered," but that Avis did not produce the "governing policy and procedures manual" that she asserts must exist. However, Turner-Gray does not articulate a non-speculative reason why she believes such a manual exists – for example, Turner-Gray does not cite an interrogatory response or deposition testimony identifying such a manual. Based upon defense counsel's sworn statement and the absence of any evidence that such a manual exists, the Court is satisfied that Avis has produced all responsive documents, and thus DENIES this aspect of plaintiff's motion to compel.

## IX. Requests for Production 16, 20 and 34

Plaintiff's papers frame this issue as a request for "records of prior false stolen vehicle reports," but as Avis notes, the requests are broader. Request #16 seeks:

> Produce DOCUMENTS of any internal or external complaints (including customer complaints), grievances, or Human Resource reports filed between January 1, 2021 and December 31, 2022 alleging improper car rental procedures, unsafe vehicle condition, improper maintenance of Avis's rental vehicles, or conditions leading to customer endangerment or the false arrest of customers related to Avis issuing false reports of vehicle theft.

Requests #20 and 34 are narrower, seeking for example "documents and records listing any current and prior lawsuits, claims, or settlements involving similar allegations of false arrest against Avis and Avis related entities filed between January 2020 and December 2024" and "DOCUMENTS of any local, state, or federal law enforcement investigations into Avis Budget Car Rental LLC's (and any other Avis related subsidiary or corporate parent) rental activities and practices related to false reports of car thefts leading to false arrest and imprisonment of Avis customers between January 2021 and the present."

The Court finds that Request #16 is overbroad, vague and burdensome because that request would encompass, for example, any consumer complaint about Avis's "improper" rental car procedures or the condition or maintenance of vehicles, without any connection to false reports of stolen vehicles. However, the Court agrees with plaintiff that documents (complaints, Human Resource reports, lawsuits, claims, settlements, law enforcement investigations, documents listing the number of false reports of stolen vehicles) related to other incidents in which Avis has reported



United States District Court
Northern District of California

a rental vehicle as stolen when the vehicle was not actually stolen are relevant to plaintiff's claims and therefore within the scope of Rule 26(b)(1). Such discovery would be relevant to issues such as notice and the reasonableness of Avis's procedures, and Avis has not shown that the burden or expense of that narrowed discovery outweighs its likely benefit. Avis is ordered to produce the requested discovery, as narrowed by this order, by July 17.

**X. Sanctions and Attorneys' Fees**

Plaintiff's motion seeks evidentiary and monetary sanctions, as well as "attorney-equivalent fees at the pro se federal rate." Mtn. at 14. The Court DENIES these requests. *See* Civil Local Rule 7-8 (motions for sanctions "must be separately filed . . ."); Civil Local Rule 37-4 (motions for sanctions pursuant to Rule 37 must comply with Civil Local Rules 7-8 and 7-2); *see also Pickholtz v. Rainbow Tech., Inc.*, 284 F.3d 1365, 1374-78 (9th Cir. 2002) (holding attorneys' fees for pro se litigants are not available under Rule 37 but are available as a sanction under the court's inherent power only "when there has been: (1) willful disobedience of a court order and (2) conduct that is in bad faith, vexatious, wanton, or for oppressive reasons.").

**CONCLUSION**

For the reasons set forth above, plaintiff's motion is DENIED in part and GRANTED in part, and on some issues, the parties must engage in a further meet and confer. Any discovery ordered produced in this order must be provided by July 17.

**IT IS SO ORDERED**.

Dated: July 9, 2026

Susan Illston
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California