Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
Plaintiff In Pro Per

Christopher J. Beeman: SBN 121194
cbeeman@clappmoroney.com
Ashley N. Meyers: SBN 274072
ameyers@clappmoroney.com
CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 Owens Drive, Suite 410
Pleasanton, California 94588
Telephone: (925) 734-0990
Facsimile: (925) 734-0888

Attorney for Defendant
AVIS BUDGET CAR RENTAL, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AVIA TURNER-GRAY**<br><br>Plaintiff,<br><br>vs.<br><br>**AVIS BUDGET CAR RENTAL LLC,**<br><br>**JOHN DOES 1 THROUGH 50,**<br><br>Defendants. | **Case No. 3:23-CV-05507-TSH**<br><br>**JOINT STATUS REPORT PURSUANT TO DKT. 122**<br><br>The Honorable Thomas S. Hixson<br><br>Discovery Hearing Date: August 21, 2026<br>Discovery Hearing Time: 02:00 PM PST |

## JOINT STATUS REPORT PURSUANT TO DKT. 122

Plaintiff Avia Turner-Gray submits this status report pursuant to the Court's August 14, 2026 Status Order (Dkt. 122). The parties' positions on case status were set out in the Joint Further Case Management Statement at Dkt. 123. This report is brief and supplements that statement with the current discovery posture. Plaintiff provided this report to Defendant's counsel for joinder; it is filed jointly.

### 1. THE AUGUST 14 JOINT STATEMENT

The joint case management statement for the vacated August 20 conference was not timely filed. For the record: Plaintiff timely provided her portions and final edits to Defendant's counsel on August 13, 2026. The joint statement was filed by Defendant on August 14, 2026 (Dkt. 123). Plaintiff thanks the Court for the Case Management Order at Dkt. 125 and will comply with its schedule.

Defendant adds that Plaintiff's additions were not received until after 6pm PST on August 13 and Defendant's office was closed so the Joint Case Management Statement needed to be filed the following day. Defendant apologizes to the Court for the lateness of that filing.

### 2. STATUS OF DISCOVERY

#### a. Dkt. 110 Compliance.

Defendant's production in response to Section IX of the July 9, 2026 Order (Dkt. 110) remains deficient. The Order's deadline was initially July 17. It was extended by stipulated agreement among parties to a date certain of August 5. The production, Bates AVIA004239 through AVIA005185, contains no document stating any number of false stolen vehicle reports, a category the Order expressly compels without time limitation. It omits matters within the Order's stated period; omits Defendant's own alarm clearance, investigation, and checklist records; and

includes some redaction with no privilege log. The parties met and conferred on these issues on August 11, 2026. Plaintiff served a written deficiency analysis on August 11, 2026, requesting Defendant's positions by August 13 consistent with the Court's Discovery Standing Order. Plaintiff has prepared her portions of a joint statement under the Court's Discovery Standing Order and stands ready to submit it on whatever schedule the Court directs. Plaintiff will seek any further relief, including under Rule 37(b), only as the Court permits and in compliance with Civil Local Rules 7-8 and 37-4. On the August 11 conference, Defendant's counsel stated that she would provide an update on the outstanding production by Tuesday, August 18. As of this filing, no update, no response to the deficiency analysis, and no supplemental production has been received. Plaintiff's August 10, 2026 meet and confer letter requesting a stipulation to additional depositions, likewise, remains pending. Plaintiff is prepared to address these issues at the August 21 discovery conference (Dkt. 124) and will proceed as the Court directs.

Defendant engaged in a meet and confer call with plaintiff's counsel and advised that Defendant believed all discovery obligations under the prior Order to be met as of the timely production of Documents. Defendant understood Plaintiff to be expanding the universe of what was being sought and Plaintiff then served 2 additional sets of Requests for Production. Defendant understood that Plaintiff would be seeking the additional documents through those two new sets of Request for Production which were only served on August 11, 2026.

**b. Party Discovery.**

Plaintiff has served Requests for Production, Set One (dated February 19, 2025), Interrogatories, Set One (dated July 7, 2025), Requests for Production, Set Two (served August 11, 2026), which seeks the operational reports through which Defendant counts and tracks vehicles reported stolen, and Requests for Production, Set Three (served August 11, 2026), directed to insurance

agreements (the insurance tower). Additional written discovery, including Requests for Admission and a further set of Interrogatories, will be served shortly. It is of note that Defendant Avis failed to satisfy its mandatory initial disclosure obligations under Rule 26(a)(1)(A)(iv) by merely stating that it was "self-insured." Although this information must be produced automatically, opposing counsel refused to provide the necessary insurance tower documentation unless Plaintiff served a formal Request for Production, creating another unnecessary discovery hurdle.

Defendant strongly denies any deficiency in meeting its discovery obligations and only received requests for further documents last week and will be addressing these requests timely.

**c. Third Party Discovery.**

Subpoenas to AMN Healthcare and its employee Ben Harber, served in June 2026, remain outstanding after multiple meet and confer sessions. Absent compliance, Plaintiff will proceed under the Court's Discovery Standing Order, which by its terms applies to discovery involving non-parties, and will seek leave for any further relief. Related depositions await the production.

**3. ANTICIPATED MOTIONS**

Pursuant to the meet and confer directed at Dkt. 110 footnote 5, Plaintiff intends to move for leave to amend to restore Avis Budget Group, Inc. and PV Holding Corp. as defendants and to name individual defendants established in the deposition record.

Respectfully submitted,

This August 20th, 2026

/s/ Avia Turner-Gray
Avia Turner-Gray
Plaintiff In Pro Per
3538 Cumberland Road
East Point, GA 30344

(404) 444-6561

Dated: August 20, 2026

CLAPP, MORONEY, VUCINICH,
BEEMAN+SCHELEY

By: ______________________________
Christopher J. Beeman
Ashley N. Meyers
Attorney for Defendant,
AVIS BUDGET CAR RENTAL, LLC

## CERTIFICATE OF SERVICE

**Turner-Gray v. Avis Budget Car Rental, LLC, et al.**
**USDC Northern District of California, Case No. 3:23-CV-05507-TSH**

I hereby certify that on the date set forth below, I served the foregoing **JOINT STATUS REPORT PURSUANT TO DKT. 122** upon all parties via counsel of record by electronic mail.

Counsel of Record for Defendant:

C. Beeman, Esquire
cbeeman@clappmoroney.com
A. Meyers, Esquire
ameyers@clappmoroney.com
Counsel for Defendant
Avis Budget Car Rental LLC
Clapp Moroney Vicinich Beeman + Scheley
5860 Owens Drive
Suite 410
Pleasanton, CA 94588

Counsel of Record Third Party AMN/B.E. Smith

Ana Hartman, Esquire
Mary Snyder, Esquire
Meaghan Crumm, Esquire
Wilson Turner Cosmo, LLP
402 W. Broadway
Suite 1600
San Diego, CA 92101

This 20th day of August 2026

Respectfully submitted,

/s/Avia Turner-Gray___________
Avia Turner-Gray
Plaintiff In Pro Per

3538 Cumberland Road
East Point, GA 30344
(404)444-6561
aviaturnergrayattyatlaw@gmail.com