Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344
Telephone: (404) 444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

Christopher J. Beeman, SBN 121194 (cbeeman@clappmoroney.com)
Ashley N. Meyers, SBN 274072 (ameyers@clappmoroney.com)
CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 Owens Drive
Suite 410
Pleasanton, California 94588
Telephone: (925) 734-0990
Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AVIA TURNER-GRAY,<br><br>Plaintiff,<br><br>v.<br><br>AVIS BUDGET CAR RENTAL, LLC,<br><br>JOHN DOES 1 through 50,<br><br>Defendants. | **Case No. 3:23-cv-05507-TSH**<br><br>*[Hon. Thomas S. Hixson]*<br><br>**JOINT DISCOVERY LETTER BRIEF RE: DEFENDANT'S COMPLIANCE WITH THE COURT'S ORDER COMPELLING PRODUCTION ON JULY 9, 2026 (DKT. 110)** |

## PLAINTIFF'S STATEMENT

The July 9, 2026 Order required Defendant to produce documents concerning other incidents in which it reported a rental vehicle stolen that was not stolen. The Order named seven categories: complaints, human resource reports, lawsuits, claims, settlements, law enforcement investigations, and documents listing the number of false stolen vehicle reports. Dkt. No. 110 at 9-10 (Ex. L). Production was due July 17, 2026, extended by agreement to August 5. Defendant produced AVIA004239 through AVIA005185. That production satisfies none of the seven categories. Plaintiff's full deficiency analysis is at Ex. B. Plaintiff requests an order compelling production within fourteen days.

Rule 26(b)(1) permits discovery of any nonprivileged matter relevant to a claim or defense. The only limit is proportionality to the needs of the case. Information need not be admissible to be discoverable. Relevance at the discovery stage is construed broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party resisting discovery bears the burden of showing why it should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The Order found the seven categories relevant and found that Avis had not shown that burden outweighed benefit. Dkt. No. 110 at 10. The Order narrowed one thing. It limited Request No. 16 (Ex. J) to false stolen vehicle report incidents. *Id.* at 9. The Order shortened no date range and removed no category of document. Defendant reads the words as narrowed as permission to exclude what the Order does not mention so that compliance yields nothing. Plaintiff asks that the Order be construed as written.

Defendant's statement confirms the dispute. Defendant states that it used an end date of December 2023 and that the Order "did not state which beginning and end dates it would adopt." Request No. 20 (Ex. J) seeks lawsuits, claims, and settlements filed between January 2020 and December 2024. Request No. 34 (Ex. J) seeks law enforcement investigation documents between January 2021 and the present. The Order did not shorten either period. Defendant shortened both.

**Issue 1. Defendant searched the wrong system and produced none of the ordered records.**

Defendant searched its insurance claims database. On July 29, 2026, counsel wrote that the claims system cannot be searched for vehicles reported stolen in error and that she had been transferred more than 234,000 claims files. Ex. C. No party asked Defendant to search that database. Defendant's Rule 30(b)(6) designee testified that Sedgwick, the claims administrator, manages vehicle damage incidents and does not handle legal matters. Hafner Dep. 189:21-190:3. At the August 21, 2026 conference, counsel stated that responsive documents would be with Sedgwick, but she could not explain why matters Plaintiff had identified by name were not found. Defendant's burden argument describes the volume of the wrong system, and the Order already rejected it. Dkt. No. 110 at 10.

The ordered records reside in Defendant's loss prevention systems. Defendant's corporate designee confirmed under oath that they exist, are retained, and are retrievable. These records include a standing report of every vehicle not inventoried within thirty days, a database of loss prevention cases, a vehicle history for every unit retrievable by asset number for the life of the vehicle, tracking of every arrest in a Defendant vehicle, and annual stolen vehicle statistics. Hafner Dep. 149:25-150:3, 185:18-19, 186:14-22, 187:7-19, 190:16-24.

Defendant's own job postings confirm these systems exist. In 2012, Avis Budget Car Rental posted a Loss Prevention Manager position for Virginia Beach. The position reconciles the missing and stolen reports, the ISO reports (Insurance Services Office national claims/loss queries), and the 13 report of all missing and alarmed cars. ISO reports are queries to Insurance Services Office ClaimSearch, the property and casualty claims clearinghouse that carries vehicle theft and salvage records. The position also places vehicles into missing and alarmed status in Wizard, prepares true theft reports, and executes the quarterly national crime database run. Ex. A.

Defendant's production further identifies FileNet which is enterprise level content management software used to generate, index, store, and route corporate records. *IBM FileNet Content Manager*, *IBM*, https://www.ibm.com/products/filenet-content-manager (last visited

Sept. 8, 2026). Defendant's FileNet system generated a “Stolen Vehicle by ABG Response Copy” for Plaintiff's vehicle and distributed it to twelve named employees. Ex. I (AVIA001809). FileNet generates a record for every stolen vehicle report. A system that generates a standardized record and distributes it to a fixed list of recipients is a system that indexes and retrieves. Defendant searched none of these systems. Defendant has withheld its Virginia Beach loss prevention personnel and their files for one reason: producing the people who compile the reports would produce the reports.

Defendant's own production confirms the failure. Eight days before the deadline, Plaintiff gave Defendant a sample of what a public search alone turned up. In each, Avis or one of its brands rented a vehicle to a customer, reported that vehicle stolen, and had the customer stopped and/or arrested for driving it. Ex. D. Several of those matters fall within the period of Request No. 20. Defendant produced records for two. A search that receives a sample of named matters and returns two of them is not a reasonable search. Defendant's files contain more than the public record. A production that falls below what a stranger can find online did not come from a search of those files.

Defendant's statement quotes Requests 16, 20, and 24. The Order addresses Requests 16, 20, and 34. Dkt. No. 110 at 9 (Ex. L). Request No. 34 seeks documents of law enforcement investigations into Defendant's rental activities and practices from January 2021 to the present. Defendant's statement does not address it.

Plaintiff requests that the Court order Defendant to search each system named above and produce the results.

**Issue 2. The files Defendant did produce are fragments.**

For most matters, Defendant produced the complaint or the demand and nothing further: no answer, order, dismissal, settlement agreement, release, or disposition. Defendant is a party to each matter and holds those documents. Rule 34(a)(1)(A). Rule 34(b)(2)(E)(i) requires production as documents are kept in the usual course. A litigation file is kept as a file. Rule 34(b)(2)(C) requires an objection to state whether responsive material is withheld on its basis. Defendant's written responses to Request Nos. 16, 20, and 34 consist of boilerplate objections and state nothing about what is withheld. Ex. K. By producing the complaint from a file, Defendant conceded that the file is responsive. At the August 21, 2026 conference, counsel stated that every part of those files was produced, including settlement agreements, and that documents were absent because settlement came quickly. A matter that settled has a settlement agreement, a release, and a dismissal. Settling quickly produces those documents faster, not fewer. Representative files as produced, with third party names redacted under Civil L.R. 79-5, are attached. Ex. H.

Plaintiff does not seek Defendant's communications with its counsel or documents its counsel prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)(A). Plaintiff seeks pleadings, orders, dismissals, settlement agreements, releases, dispositions, and ordinary course incident and claim records. Pleadings and orders are public records. Settlement agreements and releases are contracts. Claim records made in the ordinary course of business are not prepared in anticipation of litigation. A confidentiality clause in a settlement agreement binds its parties, not a federal court's discovery order. Fed. R. Evid. 408 governs admissibility, not discovery. Rule

26(b)(5)(A) requires an express claim of privilege and a description sufficient to assess it. Boilerplate assertions do not satisfy the rule, and an inadequate or untimely log may waive the privilege. Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct., 408 F.3d 1142, 1149 (9th Cir. 2005). Defendant asserted no privilege and served no log. Defendant now states that it removed communications between client and counsel and redacted settlement sums for financial privacy. Neither was logged. Financial privacy is addressed by designation under Dkt. No. 87. Plaintiff raised the Gutierrez redaction in writing on August 7, 2026 (Ex. E), August 11, 2026 (Ex. B), and September 4, 2026 (Ex. G).

Defendant's production contains specific, demonstrable deficiencies including the following:

- **Gutierrez:** Defendant improperly redacted the settlement amount without asserting privilege or providing a privilege log. Fed. R. Civ. P. 26(b)(5)(A). Production excluded initial complete police reports, missing and alarms reports, claims file, and pleadings. Ex. H. Redaction violates the Stipulated Protective Order (Dkt. No. 87), which governs confidential designations.
- **Gilliard & August:** Despite specific identification to Defendant on July 28, 2026, Defendant omitted both responsive files entirely. Ex. D.
- **False Report Counts:** Request No. 20 (Ex. J) requires Defendant to produce documentation listing the number of false theft reports it filed against innocent renters in 2021, 2022, and 2023. The Order lists that category among the documents Defendant must produce. Dkt. No. 110 at 9 (Ex. L). Defendant quotes Request No. 20 in its statement and then states that such documents are not responsive to the request. Defendant produced no count for any year. Defendant states that it opens a claim and assigns a claim number for every incident, including incidents in which no claim is made. A system that assigns a number to every incident can report how many it assigned.

**Requested relief.**

Plaintiff requests an order compelling Defendant, within fourteen days, to search its loss prevention systems and produce the ordered records for January 1, 2020 to the present. Those systems are the thirty day uninventoried report, the loss prevention case database, the vehicle histories, the arrest tracking, the annual stolen vehicle statistics, the 13 report, the ISO reports, the missing and stolen reports, the quarterly national crime database run, and the FileNet stolen vehicle records. The production shall cover the full periods stated in the requests, through December 2024 for Request No. 20 and through the present for Request No. 34. Within the same fourteen days, Defendant shall produce the complete file for every matter within AVIA004239 through AVIA005185. Each file shall include the final disposition, the settlement agreement and its amount, the release, and the remaining pleadings and orders. Defendant shall also produce the Gutierrez matter unredacted, the Decoud civil action, the Gilliard and August files, and the documents listing the number of false reports for 2021, 2022, and 2023.

Plaintiff further requests that the order provide that if Defendant does not complete that production within fourteen days, Defendant shall produce the loss prevention systems themselves under Rule 34(a)(1)(A), in native format, with all rows, fields, and metadata, with the data dictionaries and access needed to search them under Dkt. No. 87.

Plaintiff's Second Set of Requests for Production, served August 10, 2026, separately seeks the named reports themselves and runs on its own schedule. It does not relieve Defendant of the production the July 9 Order required.

Plaintiff's final proposed compromise is the fourteen-day period stated above.

**DEFENDANT'S STATEMENT**

Judge Illston's Jul 9, 2026 Order at Subsection IX related to Plaintiff's Request for Production 16, 20 and 24.

**REQUEST FOR PRODUCTION NO. 16:**
Produce DOCUMENTS of any internal or external complaints (including customer complaints), grievances, or Human Resource reports filed between January 1, 2021 and December 31, 2022 alleging improper car rental procedures, unsafe vehicle condition, improper maintenance of Avis's rental vehicles, or conditions leading to customer endangerment or the false arrest of customers related to Avis issuing false reports of vehicle theft.

**REQUEST FOR PRODUCTION NO. 20:**
Produce DOCUMENTS and records listing any current and prior lawsuits, claims, or settlements involving similar allegations of false arrest against Avis and Avis related entities filed between January 2020 and December 2024. Produce DOCUMENTATION listing the number of false reports of car theft that Avis or Avis related entities filed against innocent renters in the years 2021, 2022, and 2023.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS, reports, emails, and communications, internal and external, detailing the failures and deficiencies of Avis's vehicle inventory tracking system between January 1, 2020 and December 31, 2022. Include DOCUMENTS of communications that were sent to other Avis entities and subsidiaries, and outside agencies, including law enforcement, detailing problems with Avis's inventory tracking system.

In the Judge's order of 7/9/26 she noted that certain requests as stated were "overbroad, vague and burdensome" but found that documents related to other instances wherein Defendant "reported a rental vehicle as stolen when the vehicle was not actually stolen are relevant to plaintiff's claims" and this information "would be relevant to issues such as notice."

Responding Party used the earliest date in Plaintiff's Requests as the start date for the search, January 1, 2020, and the end date of December 2023 which was after the incident by one year. The order did not state which beginning and end dates it would adopt but noted that the relevance was notice and the incident occurred in October 2022.

Counsel for Defendant collected the entire file for each of the responsive incidents and, in each instance, produced the entire file only removing emails between client and counsel and redacting settlement sums from settlement agreements as the amount would invade financial privacy rights. The redaction made was just to the sum and the rest was left as-is. Plaintiff never met and conferred with counsel for defendant regarding the redaction of the sums for the settlements.

Plaintiff's contention that Defendant searched in the wrong place is simply incorrect. Defendant maintains any and all relevant and responsive documents as claims. Even when a claim has not been made, if there is an incident which has the potential to give rise to a claim, a claim is created and a claim number is assigned and all documents responsive to the Judge's order would be in that file. If a document was not produced that Plaintiff expected to see, it was never part of the file. Many cases settle early and the related work-up and documentation is limited as a result of the dynamics of specific cases. **Defendant contends that it fully met its discovery obligations from the July 9th order producing complete files for 9 other incidents during the relevant period, a total of 947 pages**.

Plaintiff seems to now be seeking statistical reports or some other data analysis. That would not be responsive to either her prior Requests for Production or to Judge Illston's July 9, 2026 order.

**Meet and Confer Certification.**

The parties certify that they met and conferred in good faith. Lead counsel conferred by telephone on August 11, 2026, and appeared before the Court at the Discovery Conference on August 21, 2026. Plaintiff served written conferral on August 7 and September 4, 2026, and offered to confer on September 8, 2026. Exs. E, F, G. On September 8, 2026, counsel for Defendant offered September 9, 2026. Plaintiff accepted that date. The parties' positions remain unchanged.

| | |
|---|---|
| DATED: September 8, 2026<br><br>By: /s/Avia Turner-Gray______________________<br>Avia Turner-Gray<br>Plaintiff In Pro Per | DATED: September 8, 2026<br>CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY<br>By: *s/ Ashley Meyers*________________<br>Ashley N. Meyers<br>Attorneys for Defendant |

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

I attest that I have obtained the concurrence of Ashley N. Meyers, counsel for Defendant Avis Budget Car Rental, LLC, in the filing of this document.

/s/ Avia Turner-Gray

______________________________

Avia Turner-Gray

Plaintiff In Pro Per

**INDEX OF EXHIBITS**

Exhibit A. Avis Budget Car Rental, LLC job postings: Loss Prevention Manager, Virginia Beach, posted November 30, 2012, JobCircle Job Code 32758709

Exhibit B. Plaintiff's Deficiency Analysis letter to Defendant's counsel, dated August 11, 2026

Exhibit C. Email from Ashley N. Meyers to Plaintiff, dated July 29, 2026, regarding the claims database and the scope of Defendant's search

Exhibit D. Plaintiff's letter to Defendant's counsel, dated July 28, 2026, listing publicly documented instances of vehicles falsely reported stolen

Exhibit E. Plaintiff's Nonconforming Production letter to Defendant's counsel, dated August 7, 2026

Exhibit F. Plaintiff's conferral letter to Defendant's counsel, dated September 4, 2026, regarding noncompliance with the July 9, 2026 Order and loss prevention personnel and policies

Exhibit G. Plaintiff's conferral letter to Defendant's counsel, dated September 4, 2026, regarding issue 2, incomplete files

Exhibit H. Representative files as produced by Defendant within AVIA004239 through AVIA005185, third party names redacted: the Gutierrez file with the settlement amount redacted; a matter for which only the complaint was produced; and the Decoud incident file produced without the civil action

Exhibit I. Defendant's production AVIA001807 through AVIA001809: internal missing vehicle correspondence and the Filenet Stolen Vehicle by ABG Response Copy for Plaintiff's vehicle

Exhibit J. Plaintiff's First Set of Requests for Production of Documents, served February 20, 2025, Definitions and Request Nos. 16, 20, and 34

Exhibit K. Defendant's written responses and objections to Plaintiff's First Set of Requests for Production, Request Nos. 16, 20, and 34

Exhibit L. Order on Plaintiff's Motion to Compel, July 9, 2026, Dkt. No. 110

Exhibit M. Excerpts from the certified deposition transcript of Avis Budget Car Rental, LLC's Rule 30(b)(6) designee, taken July 17, 2026, including the cover page, the reporter's certification, and the pages cited herein