Gmail

Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>

# Turner-Gray v. Avis: Request to Meet and Confer by: 3:23-cv-05507-TSH: Meet and Confer Under Dkt. 110 Footnote 1 and Section VII, Loss Prevention Personnel and Policies

**Avia Turner-Gray** <aviaturnergrayattyatlaw@gmail.com> Fri, Sep 4, 2026 at 8:54 PM
To: "Ashley N. Meyers" <Ameyers@clappmoroney.com>, Chris Beeman <cbeeman@clappmoroney.com>, "Richean G. Martin" <rmartin@clappmoroney.com>

Ms. Meyers,

Plaintiff requests a meet and confer on the two open conferral obligations under the July 9, 2026 Order: the named governing policies and procedures, including mini lease procedures, and Section VII, identification of Defendant's loss prevention and production of their contact information and personnel files. Dkt. 110. These fall within the joint discovery letter brief the Court ordered filed by September 8, 2026. Dkt. 128. Plaintiff's positions and the categories for production follow.

I. Personnel, department, and reports.

On November 30, 2012, Defendant posted a Loss Prevention Manager position for its Virginia Beach operation on JobCircle, Job Code 32758709, opening "Avis Budget Car Rental, LLC is searching for a Loss Prevention Manager." A copy is attached. Per the posting, the role will "establish operating policies and procedures in relation to field administration loss prevention processing," reconciles the missing and stolen reports, ISO reports, and the 13 report showing all missing and alarmed cars, ensures timely placement of vehicles into missing and alarmed status in Wizard and BART, prepares true theft reports, and performs the quarterly national crime database run. Per the posting, clearing recovered units from the national crime database "is vital to decrease the potential for arrest of innocent renters." Plaintiff cites this posting as Defendant's written acknowledgment that the role, its duties, and the named reports exist. The internal position description is requested in category 3 below.

Defendant's production at AVIA001809 is a Stolen Vehicle by ABG Response Copy for Plaintiff's vehicle, generated by Defendant's Filenet system on August 21, 2022 and distributed to twelve named individuals: Dean, Manuel, Bajorek, Pearson, Towner, Tucker, Reid, Johnson, Myers, Russell, Vecci, and Parker. Its Itemized Vehicle Search Details record a fixed sequence of verification steps, including a search of the VAB Title Section. AVIA001807 and AVIA001808 identify Gary Russell as Northwest Regional Security Manager per his own signature block, and name DeCorte, Brooks, Bajorek, and Irby. Defendant's Rule 30(b)(6) designee testified that every vehicle receives a missing vehicle checklist and that alarm clearance issues from the corporate security office. Hafner Tr. 183, 185. Defendant's Airport Manager testified that an investigation of a second SFO customer arrest found the checklist was not done according to policy. Poti Tr. 129:5 to 129:16.

II. Section VIII renewal.

Section VIII of the Order declined to compel the loss prevention policy manual because Plaintiff had not then cited testimony or a discovery response identifying it. Dkt. 110 at 9. That record now exists: Defendant's own posting states the Loss Prevention Manager establishes the operating policies and procedures, and Defendant's designee and Airport Manager testified to the checklist and the policy governing it. Plaintiff will present the renewed request in the joint letter if conferral does not resolve it.

III. Categories for production.

1. Identity, title, role, and business contact information of each recipient of the August 21, 2022 system message at AVIA001809 not already identified in this action, including Dean, Manuel, Bajorek, Pearson, Towner, Tucker, Johnson, Myers, Vecci, Parker, and Reid, and of every individual who held a loss prevention role with responsibility for missing or stolen vehicle processing for the Western region or the SFO location from January 1, 2021 to the present. Plaintiff holds last known contact information for Brooks, Leung, Dalit, and Russell and does not renew those requests. Irby and DeCorte were identified by name only. Their titles, roles, and business contact information remain requested.

2. Personnel files and training records of the individuals described in category 1 and of the individuals named at AVIA001807 and AVIA001808, as directed by Section VII, subject to the Stipulated Protective Order, Dkt. 87, with any third party information handled by designation, redaction, or sealed filing as the Court directed at the hearing.

3. Position descriptions for the Loss Prevention Manager, Loss Prevention Agent, Field Administration, and Impounds Recovery roles in Virginia Beach in effect from January 1, 2021 to the present.

4. Operating policies and procedures for field administration loss prevention processing that Defendant's posting assigns the Loss Prevention Manager to establish, and every successor document.

5. Mini lease policies, procedures, and training materials identified in Plaintiff's August 7, 2026 letter, as directed by footnote 1.

IV. Conference.

Subject of the conference: the date by which Defendant will produce each category above. Plaintiff is available on Tuesday, September 8, 2026 at any time between 8:00 a.m. and 3:00 p.m. Pacific time. Please confirm a time within that window by 8:00 a.m. Pacific on September 8.

Avia Turner-Gray
Plaintiff In Pro Per
(404) 444-6561

---

**Avis loss prevention manager job description from 2012.docx**
19K