Gmail

Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>

# Request to Meet and Confer: Turner-Gray v. Avis; 3:23-cv-05507-TSH: Conferral on Issue 2, Incomplete Files, Dkt. 128

**Avia Turner-Gray** <aviaturnergrayattyatlaw@gmail.com> Fri, Sep 4, 2026 at 8:54 PM
To: "Ashley N. Meyers" <Ameyers@clappmoroney.com>, Chris Beeman <cbeeman@clappmoroney.com>, "Richean G. Martin" <rmartin@clappmoroney.com>

Ms. Meyers:

On August 21, 2026, the Court ordered the parties to meet and confer regarding issue number 2 discussed on the record, the incomplete files in Defendant's August 5, 2026 production, and to address that issue in the joint discovery letter due September 8, 2026. Dkt. 128. The parties conferred on Defendant's production by telephone on August 11, 2026 and before the Court on August 21, 2026. This letter continues that conferral on issue 2 and offers a further telephonic conference on September 8. It will be attached to the joint letter as an exhibit.

I. What the Order requires.

Rule 26(b)(1) reaches any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case, and information need not be admissible to be discoverable. Relevance at the discovery stage is construed broadly. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). The party resisting discovery bears the burden of showing why it should not be allowed. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). The July 9 Order applied that standard. It found seven categories of documents relevant under Rule 26(b)(1): complaints, Human Resource reports, lawsuits, claims, settlements, law enforcement investigations, and documents listing the number of false reports of stolen vehicles. It found that Avis had not shown that burden outweighed benefit. Dkt. 110 at 9 to 10. The Order narrowed one thing. It limited Request No. 16 to incidents in which Avis reported a vehicle stolen that was not stolen because the request as written reached complaints unconnected to false reports.

The Order distinguishes the lawsuits, claims, and settlements themselves from documents listing the number of false reports. Only the count category is a listing. The remaining categories are the documents. The category is defined by whether the vehicle was stolen, not by what Defendant believed when it made the report. A vehicle in the possession of a renter under a rental agreement was not stolen. Defendant reads the words as narrowed to exclude what the Order does not mention and asks that the Order be construed so that compliance yields nothing. Rule 1 forbids that construction. Plaintiff asks that the Order be construed as written.

II. What the requests require.

Request No. 20 seeks DOCUMENTS and records listing lawsuits, claims, or settlements involving similar allegations of false arrest against Avis and Avis related entities filed between January 2020 and December 2024, and DOCUMENTATION listing the number of false reports of car theft filed against innocent renters in 2021, 2022, and 2023. Request No. 34 seeks DOCUMENTS of law enforcement investigations related to false reports of car theft from January 2021 to the present. The requests define DOCUMENTS as documents, electronically stored information, and tangible things as described in Rule 34, including contracts, agreements, records, and correspondence. Definitions, paragraph 2. A settlement produced as a DOCUMENT is the settlement agreement. A lawsuit produced as a DOCUMENT is the litigation file.

III. What the Rules require.

Rule 34(a)(1)(A) requires production of responsive documents in the responding party's possession, custody, or control. Defendant is a party to each lawsuit, claim, and settlement at issue. Its files contain the pleadings, the orders, the dismissals, the agreements, and the releases. Rule 34(b)(2)(E)(i) requires production as the documents are kept in the usual course of business. A litigation file is kept as a file. Rule 34(b)(2)(C) requires that an objection state whether responsive materials are being withheld on the basis of that objection. Defendant made no such statement. Rule 26(b)(5)(A) requires a privilege log for any responsive information withheld on a claim of privilege. Defendant served none. Rule 26(g) requires that every discovery response be signed, and the signature certifies that the response was formed after a reasonable inquiry and is consistent with the Rules.

IV. What Defendant produced.

Defendant's production, AVIA004239 through AVIA005185, contains fragments. For most matters, Defendant produced the complaint or the demand and nothing further. No answer, no order, no dismissal, no settlement agreement, no release, and no disposition was

produced for those matters. By producing the complaint from a matter's file, Defendant conceded that the file is responsive. Defendant may not produce the first document in a responsive file and withhold the remainder. A matter that settled has a settlement agreement, a release, and a dismissal. Settling quickly produces those documents faster, not fewer.

Gutierrez. Defendant produced a partial file and redacted the settlement amount. No privilege log was served.

Decoud. Defendant produced the incident file and omitted the civil action filed in November 2023.

Gilliard and August. Each was identified to Defendant in writing on July 28, 2026. Each falls within the period of Request No. 20. No file was produced for either.

Counts. No document listing the number of false reports for 2021, 2022, or 2023 was produced.

V. Demand.

For every matter within AVIA004239 through AVIA005185, Defendant shall produce the complete file as kept in the usual course, in this order of priority: the final disposition, the settlement agreement and its amount, the release, and every remaining pleading and order. Defendant shall produce the Gutierrez settlement page unredacted. Defendant shall produce the Decoud civil action. Defendant shall produce the complete files for Gilliard and August. Defendant shall produce the documents listing the number of false reports for 2021, 2022, and 2023.

The Court found entry of the model protective order appropriate on October 16, 2025, Dkt. 86, and the Stipulated Protective Order was entered at Dkt. 87. That order supplies a designation mechanism for confidential material. Redaction is not that mechanism. A confidentiality provision in a private settlement agreement does not limit production ordered by a federal court.

VI. Conference.

The subject of the conference is the date by which Defendant will produce the complete files.

Plaintiff is available on September 8, 2026 at any time between 8:00 a.m. and 3:00 p.m. Pacific time. Please confirm a time within that window by 8:00 a.m. Pacific on September 8.

Avia Turner-Gray

Plaintiff In Pro Per

(404) 444-6561