Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344
Telephone: (404) 444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

Christopher J. Beeman, SBN 121194 (cbeeman@clappmoroney.com)
Ashley N. Meyers, SBN 274072 (ameyers@clappmoroney.com)
CLAPP, MORONEY, VUCINICH, BEEMAN + SCHELEY
5860 Owens Drive
Suite 410
Pleasanton, California 94588
Telephone: (925) 734-0990
Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AVIA TURNER-GRAY,<br><br>Plaintiff,<br><br>v.<br><br>AVIS BUDGET CAR RENTAL, LLC,<br><br>JOHN DOES 1 through 50,<br><br>Defendants. | **Case No. 3:23-cv-05507-TSH**<br><br>*[Hon. Thomas S. Hixson]*<br><br>**JOINT DISCOVERY LETTER BRIEF RE: PLAINTIFF'S REQUEST FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS** |

**PLAINTIFF'S STATEMENT**

Five of Defendant's employees have testified, and not one fully accepts responsibility for the conduct that led to Plaintiff's arrest at gunpoint. All of the individuals who took part in the tortious conduct that led to the Plaintiff's wrongful arrest have not been deposed. Defendant staffs its San Francisco Airport rental operation with several people in the same management role. There are multiple production managers, operations managers, and multiple airport managers across shifts. The witnesses that the Defendant did produce disclaimed their own official written job duties. Each of them placed responsibility for the events that led to Plaintiff's arrest on other individuals Defendant has not produced. Plaintiff is entitled to depose the people Avis's witnesses named because they are the individuals who can establish who was actually responsible for each step that produced the false report of Plaintiff's vehicle as stolen and her arrest at gunpoint. A company does not get to hide the responsible employees behind the ones who deny responsibility.

Plaintiff has taken eight depositions and is at the threshold of the presumptive limit of ten. She deposed the three law enforcement officers who arrested her, Deputies Middlebrooks, Watson, and Chaloner, and five witnesses of Defendant: Armando Cruz, Dylan Hafner (Rule 30(b)(6)), Gary Russell, Airene Laylo, and Autumn Poti. Two further depositions are pending of witnesses affiliated with the non-party staffing agency. Those are the subject of a separate enforcement dispute and are not the subject of this letter.

Rule 30(a)(2)(A)(i) directs the Court to grant leave to take more than ten depositions to the extent consistent with Rule 26(b)(1) and (2). Courts in this Circuit grant leave to exceed the presumptive limit where the complexity of the case and the nature of the allegations mean that only oral testimony can establish the facts and less intrusive devices would be ineffective. *Couch v. Wan*, No. 1:08-cv-01621, 2011 WL 4499976, at *2 (E.D. Cal. Sept. 27, 2011). A party satisfies the rule by making a particularized showing of necessity. *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). Plaintiff makes that showing here.

Defendant staffs the same roles with multiple people. It employs several production, operations, and airport managers, and the same role is occupied by different people across shifts and days. Poti Tr. 43:13 to 49:3. Defendant's airport manager described the reporting function as a group effort in which airport managers and operations managers were both in charge, with coverage depending on who was present and where each was stationed. Poti Tr. 144:16 to 145:13. A duty assigned on paper to every manager was, by their own accounts, owned by none of them. The result is an operation heavy with lower and middle management and lacking cohesive supervision to ensure that assigned duties are performed.

The job descriptions are not ambiguous. Each states, under a heading titled Essential Duties and Responsibilities, the specific functions the role requires. Yet when Plaintiff presented each witness with the Avis job description for his or her own position, four of the five disclaimed the enumerated duties and directed responsibility elsewhere.

Defendant's airport manager, when shown her description's duty to ensure that proper missing vehicle reports were completed and filed, denied that this was part of her job, and held to that answer when asked whether the description was inaccurate. Poti Tr. 24:1 to 25:9. Defendant's Rule 30(b)(6) designee, reviewing the airport manager description, testified that the missing vehicle duty does not fall under his responsibilities. Hafner Tr. 159:5. Defendant's production manager, shown his job description's statement that he exercises independent judgment and makes the majority of daily decisions, deflected responsibility to his district manager rather than affirm the duty as his own. Cruz Tr. 33:1 to 35:11.

Because the deposed witnesses denied the duties their own written job descriptions assign them and deflected responsibility for wrongdoing to other employees, the individuals they named are the ones who can establish who was in fact responsible. Defendant's production manager attributed entry of a vehicle exchange to the rental sales agent. Cruz Tr. 77:1 to 2. He identified the person who created and voided the movement at issue as most likely the counter manager, and he then declined to name that individual. Cruz Tr. 105:23 to 24. He placed managing authority above the location with the district manager. Cruz Tr. 176:21. Defendant's airport manager identified her superiors as District Managers Ramon Calderon, Kevin DeCorte, and Dylan Hafner, and testified that the reporting process was managed above her. Poti Tr. 28:2 to 13; 114:11 to 17.

Defendant's records identify loss prevention, security, and management personnel involved in the investigation, reporting, and handling of Plaintiff's vehicle, including Kevin DeCorte, Shamond Brooks, Jason Irby, and Jessica Bajorek, along with the Avis Budget

Group personnel who received the stolen vehicle report. AVIA001807; AVIA001809. Their precise roles cannot be determined from the documents, and Defendant has not produced or offered any of them for deposition.

This proof is required; it is not optional. Plaintiff's claims include intentional torts and a claim for punitive damages on which she bears the burden of establishing the advance knowledge, authorization, or ratification of Defendant's officers and managing agents. Cal. Civ. Code Section 3294(b). A defendant may not, through its deposed witnesses, direct responsibility to persons it has not produced and then invoke the deposition limit to keep those persons beyond examination.

At the August 21, 2026 conference, Defendant represented that the individuals involved in the events had been deposed. That representation is not correct on Defendant's own record. The operations, production, and airport managers on duty in June 2022, the rental sales agent and counter manager on duty June 26, 2022, the district managers, the loss prevention personnel who reconcile missing and stolen vehicle reports, and the individual who queried the vehicle trace after Plaintiff gave notice of suit have not been deposed.

Plaintiff sought to resolve this without the Court. On August 10, 2026, she asked Defendant to stipulate to the additional depositions, and Defendant did not respond. Plaintiff respectfully requests an order granting leave to depose the additional Avis witnesses identified in Defendant's testimony and produced documents, to be completed within the fact discovery period.

Defendant's produced witnesses did not testify truthfully about their own duties. Each was shown the Avis job description for his or her position and each denied duties that the description assigns in plain terms. Poti Tr. 24:1 to 25:9; Hafner Tr. 159:5; Cruz Tr. 33:1 to 35:11. That testimony cannot be reconciled with Defendant's own records, and it followed the same pattern from witness to witness: deny the assigned duty, and place responsibility on an employee Defendant has not produced. The effect of that pattern is concealment. Defendant has not identified who was on the clock at the SFO counter and garage at the time of Plaintiff's exchange on June 26, 2022. Its production manager identified the person who created and voided the movement at issue only as most likely the counter manager and then declined to name that person. Cruz Tr. 105:23 to 24. Its records place loss prevention, security, and management personnel in the handling of Plaintiff's vehicle, and it has produced none of them. AVIA001807; AVIA001809.

Rule 26(b)(1) directs the Court to weigh the parties' relative access to relevant information. Defendant alone knows who was on duty, who created and voided the record, and who authorized the report, and its witnesses have used that asymmetry to keep those people out of reach. Denying leave would reward that conduct. It would permit a defendant to defeat discovery into its own wrongdoing by producing witnesses who disclaim their duties and then invoking the deposition limit against the witnesses they named. That result would work a manifest injustice.

The parties began conferring on this issue on July 14, 2026, when Defendant's counsel asked Plaintiff to identify who she wanted to depose. Plaintiff explained the need the following day, and her August 10, 2026 letter identified the witnesses in response to that request. Defendant did not respond to either. Defendant's statement addresses a request Plaintiff has not made. The August 10 letter identified the full universe of witnesses that Defendant's own production and testimony had placed at issue, so that Defendant would have complete visibility, and it proposed a reciprocal stipulation. This letter narrows that list to ten specified depositions, and none of them is an apex officer. Defendant's apex authorities and

its argument concerning an evolving list therefore address relief that is not before the Court. Defendant now concedes that the Nissan was not properly recorded as Plaintiff's rental, that the failure to record and verify the vehicle was inconsistent with its own procedures, and that the failure caused the vehicle to be reported stolen. That concession settles the mechanics. It does not settle responsibility. Who committed those failures, who authorized the report, and whether Defendant's managing agents knew of or ratified the conduct remain disputed, and those are the questions on which punitive liability turns. Plaintiff does not seek to ask settled questions of new witnesses. She seeks the witnesses who performed the acts, because a witness who disclaims a duty cannot testify to who performed it. Rule 26(b)(2)(C) does not bar discovery that cannot be obtained from the witnesses already produced. It requires it.

**Plaintiff requests specific relief.** Plaintiff asks the Court to grant leave to take ten additional depositions. Plaintiff needs these depositions to reach the full chain of individuals actually involved in the investigation, reporting, creation, voiding, and handling of the records that led to her arrest. The Plaintiff must identify and depose the individuals Defendant has left unidentified, unproduced, and unnamed, including the operations managers on duty in June 2022, the rental sales agent and counter manager on duty June 26, 2022, the district managers, the loss prevention and security personnel responsible for investigating and reconciling missing and stolen vehicle reports, and the individual who queried the vehicle trace after Plaintiff gave notice of suit. Plaintiff further asks that the Court order Defendant to identify, by name and last known contact information, each individual who held these roles on the relevant dates, so that the depositions may proceed without further obstruction.

**Plaintiff's final proposed compromise.** On August 10, 2026, Plaintiff proposed a reciprocal stipulation permitting ten additional depositions per side. Defendant did not respond. Plaintiff renews that proposal.

## DEFENDANT'S STATEMENT

Plaintiff's request fails at the outset because she has not made the particularized showing necessary to exceed the presumptive ten-deposition limit. Plaintiff seeks authorization to take ten additional depositions, but she has not even identified the ten witnesses she contends are necessary. Her August 10 proposal instead identifies a substantially larger universe of potential witnesses including several apex witnesses such as Defendant's CEO. Plaintiff states that she will later "select ten" from that list and from witnesses who may be identified through additional discovery, and expressly reserves the right to seek still more depositions. That is not a particularized showing of necessity. It is a request for a blanket expansion of the deposition limit so Plaintiff may continue taking depositions as additional names surface or until she is satisfied that she has exhausted Avis's corporate and management structure.

The record does not justify that relief. Plaintiff has already taken eight depositions, including five Avis witnesses representing different aspects of the relevant operations, including an operations manager, an airport manager, a regional security manager, and Avis's Rule 30(b)(6) designee. Plaintiff has reserved her remaining two depositions for additional witnesses. Yet she does not identify a discrete factual issue that remains unanswered, identify the particular witness necessary to answer it, and explain why that witness possesses unique information that has not already been obtained. Instead, her proposed witness list includes multiple managers, employees copied on the same communications, several loss-prevention personnel, an additional systems witness, additional corporate designees, and senior corporate officers. The fact that a witness identifies another employee who also participated in,

supervised, or had some responsibility for a process does not create an automatic entitlement to another deposition.

More importantly, the principal operational facts Plaintiff repeatedly seeks to establish are not disputed. Avis does not dispute that Plaintiff came to the SFO location to exchange her rental vehicle; that the Nissan she ultimately drove from the facility was not properly recorded as her rental in Avis's system; that the failure to properly record the transaction and verify the vehicle at the exit was inconsistent with Avis procedures; or that, because the Nissan was not associated with Plaintiff in Avis's records, the vehicle thereafter appeared to be missing and was ultimately reported stolen. Plaintiff therefore does not need ten additional witnesses to establish that the rental should have been properly documented, that the vehicle should have been verified before leaving the facility, or that the failure to do so resulted in inaccurate records and that the failures are inconsistent with the policies and procedures that rental location employees are supposed to follow. Those facts are not in dispute.

The depositions already taken further demonstrate why the requested discovery would be cumulative. Plaintiff has repeatedly asked different Avis witnesses substantially the same questions concerning the rental process, missing-vehicle procedures, job descriptions, training, supervision, and whether the conduct at issue complied with Avis policy. During Gary Russell's deposition, for example, Plaintiff repeatedly returned to whether Avis was required to accurately document rental transactions, prompting defense counsel to note that the same point had already been asked four times. Russell Tr. 109. During Autumn Poti's deposition, Plaintiff similarly returned to whether Avis policy permitted a renter to leave with documentation that did not match the vehicle or with a vehicle that had not been properly entered in the system, even after Ms. Poti had already testified that it did not. Poti Tr. 139-141. Plaintiff's desire to ask the same questions of additional employees does not establish that additional depositions are necessary.

The Court should deny Plaintiff's request to depose any apex witnesses including but not limited to Ned Linnen, Avis's Chief Human Resources Officer, and John O'Neill, President of Avis Budget Car Rental, LLC. Apex depositions present a substantial risk of burden and harassment, and courts consider whether the executive has unique, firsthand, non-repetitive knowledge and whether less intrusive discovery has been exhausted. *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 262 (2012). Plaintiff has identified no evidence that either executive had any personal involvement in her rental transaction, the failure to record the Nissan, the missing-vehicle investigation, or the stolen-vehicle report. The subjects she seeks to explore have already been addressed through lower-level employees, Avis's Rule 30(b)(6) designee, and document discovery. Because Plaintiff has not shown that any executive possesses unique information unavailable from those sources, these apex depositions should not be permitted. *Kormylo v. Forever Resorts, LLC*, 2015 U.S. Dist. LEXIS 121536, 5 (2015)

Plaintiff's June 2022 rental exchange, the subsequent missing-vehicle investigation, or the decision to report the Nissan stolen. Plaintiff has already examined Avis's Rule 30(b)(6) designee concerning the corporate policies and work rules on which she relies. A senior executive's title, standing alone, does not establish that his deposition is necessary, particularly where the same subjects have already been explored through lower-level employees and a corporate designee.

Rule 26(b)(2)(C) requires the Court to limit discovery when it is unreasonably cumulative or duplicative, when the requesting party has already had ample opportunity to obtain the information, or when the burden or expense of the proposed discovery outweighs

its likely benefit. Those considerations weigh heavily against Plaintiff's request. Plaintiff has received extensive document discovery, examined multiple Avis witnesses, taken a Rule 30(b)(6) deposition, and still has two depositions remaining within the presumptive limit. Before being permitted to double that limit, Plaintiff should be required to identify a specific material fact that remains genuinely disputed, the particular witness who possesses information concerning that fact, and why the information cannot be obtained from discovery already completed. Her generalized request for ten additional depositions from an evolving list does not satisfy that burden.

Plaintiff has had ample opportunity to obtain discovery regarding the matters at issue in this case. What she seeks now is not discovery necessary to fill an identified evidentiary gap, but additional testimony on subjects that have already been explored extensively and, in material respects, are not disputed. Defendant therefore respectfully requests that the Court deny Plaintiff's request for leave to take ten additional depositions.

**MEET AND CONFER CERTIFICATION**

The parties certify that they met and conferred in good faith. Lead counsel conferred by telephone on August 11, 2026, and appeared before the Court at the Discovery Conference on August 21, 2026. Plaintiff served written conferral on August 7 and September 4, 2026. The parties met and conferred by telephone on September 10, 2026. Parties remain at impasse.

Respectfully submitted,

This 15th day of September 2026.

By: /s/ Avia Turner-Gray
Avia Turner-Gray
Plaintiff In Pro Per

By: /s/Ashley N. Meyers
Ashley N. Meyers
CLAPP, MORONEY, VUCINICH, BEEMAN + SCHELEY
Attorneys for Defendant Avis Budget Car Rental, LLC

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

I attest that I have obtained the concurrence of Ashley N. Meyers, counsel for Defendant Avis Budget Car Rental, LLC, in the filing of this document.

By: /s/ Avia Turner-Gray
Avia Turner-Gray
Plaintiff In Pro Per

**INDEX OF EXHIBITS**

Exhibit A: Electronic mail exchange between Plaintiff and Defendant's counsel dated July 14 and July 15, 2026, concerning a stipulation to additional depositions.

Exhibit B: Plaintiff's letter to Defendant's counsel dated August 10, 2026, identifying the witnesses placed at issue and proposing a reciprocal stipulation to additional depositions.

Exhibit C: Excerpts, certified transcript of the deposition of Dylan Hafner, Defendant's Rule 30(b)(6) designee, taken July 17, 2026.

Exhibit D: Excerpts, certified transcript of the deposition of Armando Cruz, taken June 30, 2026.

Exhibit E: Excerpts, certified transcript of the deposition of Autumn Poti, taken July 9, 2026.

Exhibit F: Documents produced by Defendant at AVIA001807 through AVIA001809, consisting of the October 2022 electronic mail chain among Defendant's personnel concerning the subject vehicle and the August 21, 2022 stolen vehicle system message.

Defendant's Exhibit 1: Deposition transcript excerpts designated by Defendant's counsel, attached at Defendant's request. Poti Transcript.

Defendant's Exhibit 2: Deposition transcript excerpts designated by Defendant's counsel, attached at Defendant's request. Russell Transcript.