Gmail

**Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>**

# Re: Turner-Gray v. Avis Budget Car Rental, LLC: Meet and Confer: Request for Stipulation to Additional Depositions

1 message

**Avia Turner-Gray** <aviaturnergrayattyatlaw@gmail.com> Mon, Aug 10, 2026 at 5:07 PM
To: Chris Beeman <cbeeman@clappmoroney.com>, "Ashley N. Meyers" <Ameyers@clappmoroney.com>, "Richean G. Martin" <rmartin@clappmoroney.com>

August 10, 2026

Ashley N. Meyers, Esq.
Clapp Moroney
5860 Owens Drive, Suite 410
Pleasanton, CA 94588
Via electronic mail

**Re: Turner-Gray v. Avis Budget Car Rental, LLC, No. 3:23-CV-05507-TSH (N.D. Cal.) Meet and Confer: Request for Stipulation to Additional Depositions**

Ms. Meyers:

This letter follows our discussion regarding additional depositions. I have taken eight of the ten depositions permitted under Rule 30(a)(2)(A)(i). The remaining two are reserved for Ben Harber and Leslie Hertz. You asked for the identities of the additional witnesses I intend to depose before taking a stipulation to your client. They are set out below.

**WITNESSES IDENTIFIED IN DEFENDANT'S PRODUCTION AND DEPOSITION TESTIMONY**

1. Kevin DeCorte. District Manager in 2022. Participant in the October 2022 email chain directing that the subject vehicle be reported. AVIA001807-1808.

2. Douglas Reid. Supervisor of Gary Russell per Defendant's Rule 30(b)(6) testimony. Recipient of the August 21, 2022 stolen vehicle system message. AVIA001809.

3. Shamond Brooks. Airport Manager in 2022. Participant in the same email chain.

4. Rodel Catam. Return agent whose check-in of the Camry terminated the mini-lease agreement on June 26, 2022, per Defendant's Rule 30(b)(6) testimony.

5. Kenneth Leung. Counter agent identified on the June 26, 2022 exchange paperwork.

6. Kris Motor. Manager on duty on June 26, 2022. You identified this witness on the record at the Rule 30(b)(6) deposition and provided the Bates number AVIA001871. Hafner 126:5-15. Defendant's designee testified that Kris Motor is no longer employed by Avis and that he has never met this individual. Hafner 125:19-21, 126:1. Armando Cruz testified that at 9:00 p.m. on the shift in question the counter manager would have been Kris, working noon to 10:00 p.m., and that when a return agent is told there is a problem with a vehicle they contact the counter. Cruz 68:1-2, 69:5-8.

7. Ravi, last name unknown. Manager on duty on June 26, 2022, identified together with Loc and Kris. Hafner 122:6-7. Defendant's designee testified that Ravi is no longer employed and that his status is terminated. Hafner 126:21-22, 126:25 to 127:1.

8. Jason Irby. Copied throughout the missing vehicle email chain concerning the subject vehicle.

9. Merlyn Dalit. On duty at the SFO location on June 26, 2022, and identified in Defendant's production in connection with Plaintiff's rentals. Defendant's Rule 30(b)(6) designee provided her last known contact information as a percipient witness.

10. Loc Huynh. Manager, Production, worked the shift opposite Armando Cruz and was the on-duty floor manager during the exchange window on June 26, 2022.

11. Loss prevention personnel who processed the subject vehicle. The August 21, 2022 system message at AVIA001809 was distributed to Aimee Dean, Amber Manuel, Jessica Bajorek, Danny Pearson, Antionette Towner, Alisa Tucker, Carlene

Johnson, Jeff Myers, Keith Vecci, and Mahalia Parker. I do not intend to depose all ten. I intend to depose the two or three with direct responsibility for processing the subject vehicle, once Defendant identifies their roles.

12. The person with fleet management responsibility for the SFO location during the relevant period, to be identified through pending discovery.

13. The person or persons most knowledgeable regarding the Wizard system and Defendant's customer notification practices. That witness should be prepared to testify to the system's technical capability to generate, schedule, transmit, and log communications to renters and corporate account holders, to the configuration of that capability during 2022, to what notifications were generated, attempted, or transmitted concerning rental agreements 756086225 and 756086236, movement 332809934, and MVA 98978342, and to the audit logging that captures the user, terminal, and timestamp for each Wizard transaction. If more than one individual is required to cover these subjects, Defendant is requested to identify each.

**CORPORATE WITNESSES**

14. Ned Linnen. Defendant's Rule 30(b)(6) designee identified Mr. Linnen as the chief human resources officer of Avis Budget Car Rental, LLC and as one of its current officers, and separately denied that Mr. Linnen holds the same office at Avis Budget Group, Inc. Hafner 45:11-17, 74:10. Mr. Linnen heads the corporate function responsible for the Work Rules and Rules of Conduct that Defendant enforces against all SFO employees. Those rules expressly prohibit falsification or unauthorized modification of Wizard screens, contracts, and documents with the intent of defrauding the Company or the customer, including for the purpose of inappropriately inflating counter sales, earnings, and commissions, and separately prohibit dishonesty, falsification, misrepresentation, or material omission of any kind on any Company document, record, or system. Defendant's designee confirmed both provisions and confirmed that they apply to and are enforced at the SFO location. Hafner 77:11 to 79:22. Mr. Linnen has unique knowledge of the origin, scope, and enforcement of those rules.

15. John O'Neill. Defendant's Rule 30(b)(6) designee identified Mr. O'Neill as President and as part of the leadership of Avis Budget Car Rental, LLC, together with Brian Choi as chief executive officer. Hafner 45:5-13. The designee was unable to state whether Avis Budget Car Rental, LLC maintains headquarters separate from Avis Budget Group, Inc. Hafner 45:18 to 46:2.

**ENTITY DESIGNEES**

16. Rule 30(b)(6) designee of Avis Budget Group, Inc. Defendant's designee disclaimed knowledge of, and denied, facts concerning shared officers, policies, payroll, and human resources functions that Defendant's own documents attribute to Avis Budget Group, Inc. He testified that the Work Rules and Rules of Conduct enforced at SFO were issued by an entity he identified as Avis Budget Group, LLC, and denied that Avis Budget Group, Inc. supplied them. Hafner 79:1-7. The document is titled Avis Budget Group and states on its face that it applies to Avis Budget Group and its Employing Subsidiaries. Only the designee of Avis Budget Group, Inc. can testify to that entity's knowledge and conduct.

17. Rule 30(b)(6) designee of PV Holding Corp. PV Holding Corp is the registered owner of the subject vehicle and the entity in whose name it was reported stolen. Defendant's designee testified that PV Holding neither reviewed nor authorized the report. PV Holding's own knowledge and authorization are directly at issue.

**PROPOSAL**

Consistent with our prior correspondence, I propose that the parties stipulate to ten additional depositions per side beyond the Rule 30 limit. The stipulation would be reciprocal. Defendant would have the same allowance.

The list above is longer than ten because it identifies the universe of witnesses Defendant's own production and testimony have put in issue. I will select ten from that list and from any witnesses identified in Defendant's forthcoming production. Providing the full list now is intended to give Defendant complete visibility into who is under consideration rather than requiring successive requests as each name surfaces.

I reserve the right to seek leave for further depositions under Rule 30(a)(2) if the pattern described below continues. That reservation is not a plan. It is a response to a specific and recurring problem in this record.

Witnesses produced to date have disclaimed responsibility for functions that Defendant's own documents assign to them. Defendant's Rule 30(b)(6) designee denied that its chief human resources officer holds the same office at the corporate parent, and testified that the Work Rules enforced at SFO were issued by an entity other than Avis Budget Group, Inc., although the document is titled Avis Budget Group and states that it applies to Avis Budget Group and its Employing Subsidiaries. The SFO station manager identified as such in Defendant's own payroll production denied holding that position and denied that the title exists. Defendant's airport manager was unable to identify the operations managers for the counter or the garage in 2022. Each such answer necessarily shifts the inquiry to another witness.

If Defendant's witnesses testify to the responsibilities their positions and Defendant's documents assign to them, ten will suffice. If they do not, the necessity for additional depositions will be of Defendant's making, and this letter will document that.

Two of the individuals listed above, Kris Motor and Ravi, are no longer employed by Defendant according to its own designee. Please provide last known contact information for each so that service may be effected under Rule 45, as Defendant did for Merlyn Dalit.

The need arises from Defendant's own record. Each deposition taken to date has produced a witness who disclaims knowledge of, or responsibility for, functions that Defendant's documents assign to that witness or to others not yet deposed. Every person named above appears in Defendant's production or was identified in sworn testimony as having a role in the events at issue.

**RESPONSE REQUESTED**

This letter is sent in the course of the parties' meet and confer. Please advise of Defendant's position, whether it will or will not so stipulate, by 12:00 noon Pacific on Thursday, August 13, 2026. The parties appear before Judge Hixson on Friday, August 14, 2026, and I intend to raise this issue at that conference if the parties have not reached agreement. If Defendant declines to stipulate, I will seek leave under Rule 30(a)(2), and this correspondence will accompany the motion.

Sincerely,

Avia Turner-Gray
Plaintiff In Pro Per
(404) 444-6561