Avia Turner-Gray (aviaturnergrayattyatlaw@gmail.com)
3538 Cumberland Road
East Point, GA 30344
(404)444-6561
Plaintiff In Pro Per

Christopher J. Beeman, SBN 121194 (cbeeman@clappmoroney.com)
Ashley N. Meyers, SBN 274072 (ameyers@clappmoroney.com)
CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 Owens Drive, Suite 410, Pleasanton, California 94588
Telephone: (925) 734-0990
Attorneys for Defendant AVIS BUDGET CAR RENTAL, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AVIA TURNER-GRAY,<br>Plaintiff,<br>v.<br>AVIS BUDGET CAR RENTAL, LLC,<br>JOHN DOES 1 THROUGH 50,<br>Defendants. | Case No. 3:23-cv-05507-TSH<br>Judge Thomas S. Hixson<br><br>**JOINT DISCOVERY LETTER BRIEF NO. 3 REGARDING DEFENDANT'S THIRD-PARTY SUBPOENAS FOR PLAINTIFF'S RECORDS** |

**ATTESTATION OF MEET AND CONFER**

Pursuant to the Court's August 21, 2026 order (Dkt. No. 128) and the Discovery Standing Order of Magistrate Judge Thomas S. Hixson, the undersigned attest that Plaintiff Avia Turner-Gray and counsel for Defendant Avis Budget Car Rental, LLC met and conferred in good faith by telephone on July 20, 2026 and on September 21, 2026 concerning Defendant's third-party subpoenas for Plaintiff's records. The parties have agreed that Defendant's medical subpoenas are limited to Plaintiff's treating psychologist, Joseph M. Latham, Psy.D., with a start date of October 1, 2020, and that no other medical provider will be subpoenaed. On July 23, 2026, Defendant confirmed in writing that all eight subpoenas were withdrawn pending further conferral. The parties were unable to agree on the method and scope of producing those records or on the scope of employment records Defendant may obtain by subpoena. They remain at impasse on those issues and submit them to the Court.

Dated: September 22, 2026

*/s/ Avia Turner-Gray*

Avia Turner-Gray
Plaintiff In Pro Per

Dated: September 22, 2026

*/s/Ashley Meyers*

Ashley N. Meyers
Clapp, Moroney, Vucinich, Beeman+Scheley
Attorneys for Defendant Avis Budget

## PLAINTIFF'S STATEMENT

Plaintiff files this letter to meet the Court's September 22, 2026 deadline. (Dkt. No. 128.) Defendant received Plaintiff's proposed addendum to the Protective Order (Exhibit C) today and asked to confer on its terms. Plaintiff agrees. Plaintiff is attending to a family medical matter this week and will confer as soon as she is able. The parties will confer and, by September 29, 2026, file either a stipulated addendum or their respective proposed versions. Plaintiff asks that the Court defer only the form of the addendum for that period and rule on the remaining issues on the present record.

**I. Statement of Facts.**
In July 2026, Defendant caused First Legal Records (Reference No. 252659) to issue eight subpoenas to Plaintiff's medical providers, employers, staffing agencies, treating psychologist, and the California Department of Justice. Plaintiff received two copies of the exact same subpoena package by mail: one dated July 10, 2026 and one dated July 15, 2026. Plaintiff attached the July 15th copy of the subpoenas to this joint letter. First Legal served the custodians on July 16, 2026. (Exs. A, B.) Each subpoena identified a nonexistent court as the issuing court, contrary to Rule 45(a)(2). Each named a nonparty, Avis Budget Group, Inc., as the client. (Ex. A.) Federal Rule of Civil Procedure 45(a)(4) requires notice and a copy to each party before service on the nonparty. The parties have served all discovery in this action on each other by email throughout the case. Defendant nonetheless sent notice of these subpoenas to Plaintiff only by ordinary mail to Georgia with no concurrent electronic copy. Plaintiff received and opened the packet on July 23, 2026, days before the return dates. Defendant conceded the defects in writing on July 20, 2026. It withdrew all eight subpoenas on July 23, 2026, after Plaintiff objected. (Ex. B.) On August 21, 2026, the Court rejected Defendant's contention that no dispute remained. The Court found that a dispute exists as to what Defendant may subpoena and ordered this briefing. (Dkt. No. 128.) The parties conferred again on September 21, 2026.

**II. The Records Are Available From Plaintiff Which Forecloses the Burden on Nonparties.**
The Court must limit discovery obtainable from a more convenient and less burdensome source. Fed. R. Civ. P. 26(b)(2)(C)(i). "There is simply no reason to burden nonparties when the documents sought are in the possession of the party." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). The Ninth Circuit gives the burden on a nonparty independent weight. *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013). Defendant already held Alameda Health System and Village Medical records. It subpoenaed both again.
This Court applied the same principle three months ago. In *Patel v. GT's Living Foods, LLC*, No. 3:26-mc-80036-TSH, slip op. (N.D. Cal. June 18, 2026) (order granting nonparties' motion for sanctions), a party subpoenaed nonparties for material within the opposing party's control. The Court found that the subpoenaing party "unnecessarily burdened the Non-Parties by failing to obtain requested materials from" the opposing party. It found that the subpoenas were "issued for an improper purpose." It held that withdrawing the subpoena after the motion to quash was filed did not cure the burden already imposed. It awarded fees and prospective sanctions under Rules 45(d)(1) and 26(g)(3). *Id.* The sequence here is the same. Plaintiff seeks a framework order and reserves any Rule 45(d)(1) request for a separate motion.

**III. The September 21, 2026 Conference Left Two Disputes: Employment Scope and the Method of Producing the Latham Records.**

The parties agreed that medical subpoenas are limited to Dr. Latham, with a start date of October 1, 2020. No other provider will be subpoenaed. Two disputes remain. The first is the scope of employment records. The second is the method of producing the Latham records.

On employment, Plaintiff has produced seven years of W-2s. She has produced discovery identifying each engagement, facility, dates, and position. In writing on September 21, 2026, she offered the engagement contracts in her possession for engagements from October 1, 2020 forward, as documents sufficient to show agency, facility, dates, title, and rate. She also offered her Alameda Health System employment file. That file covers her employment from 2019 forward, and Defendant already obtained it under an earlier subpoena. Those sources together place every record from October 1, 2019 forward, three years before the incident, in Defendant's hands. Defendant declined.

It stated that it intends to subpoena Plaintiff's prior employers and staffing agencies for complete personnel files reaching back seven years. Its stated ground is that nonparties can provide more than the party can. Defendant described its objective as establishing a seven-year "arc" of Plaintiff's employment preceding her Kaiser engagement, which began in January 2021. That rationale identifies no deficiency in Plaintiff's production. It describes an intent to obtain more than what is relevant, from nonparties. Rules 45(d)(1) and 26(b)(2)(C)(i) forbid that. Seven years of compensation is already in Defendant's hands. A seven-year employer subpoena adds only personnel material from staff positions held years before the incident. An arc of that kind would average staff positions from 2014 into an executive position held in 2022, and it would tell the Court nothing about the loss at issue. The measure of Plaintiff's loss is the position she held when the incident occurred. That was an interim executive role in which she was renewed eight consecutive times over two years. Defendant already obtained those records from the placing agency, AMN Healthcare.

Defendant also intends to subpoena Kaiser Permanente, the client facility for that engagement. Defendant served that subpoena once already, directed to Kaiser's Human Resources Service Center, and withdrew it in July. (Ex. A.) Plaintiff worked at Kaiser as a contractor placed by AMN. The engagement records reside with AMN, and Defendant has held the contract, compensation, position, and each renewal from that production throughout. That subpoena adds no record. It announces this litigation, and the arrest at its center, to a major healthcare employer in Plaintiff's market. It continues prior counsel's threat to subpoena the nursing staff on her hospital unit. *See* Fed. R. Civ. P. 26(c)(1), 45(d)(1). Nor may employment subpoenas reach medical records by another route. The withdrawn Alameda subpoena demanded pre-employment physicals, absence records, and health-insurance claims. (Ex. A.) The parties have agreed that medical subpoenas are limited to Dr. Latham.

Defendant's portion, set out below, confirms the point. Defendant now proposes subpoenas to every employer for October 1, 2015 to the present, a period of eleven years, and calls that request tailored. Its categories include leaves of absence, work restrictions, performance records, discipline, and reasons for job changes. Those are the personnel file under another name. Leave and work-restriction records are medical records, and the parties have agreed that medical

subpoenas are limited to Dr. Latham. Defendant's stated need is an earnings baseline. Seven years of compensation records are already in its hands, and the Defendant identifies no gap in them. Its assertion that Plaintiff's production "will be incomplete" is the rationale this Court rejected in *Patel*. Defendant's own authority states that subpoenas "should be narrowed to the relevant time period and particular documents reasonably believed to provide the information sought." Eleven years to every employer is neither. Defendant cites no authority from this Circuit and does not address *Nidec*, *Legal Voice*, or *Patel*. Defendant does not dispute the Rule 45(a)(4) notice failure, the nonexistent issuing court, or the duplicative subpoenas to Village Medical, the Department of Justice, and Kaiser. Those points are conceded.

Plaintiff's psychological records lie at the core of the psychotherapist-patient privilege. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The withdrawn Latham subpoena demanded "all treatment, billing, and psychiatric records from the first date of treatment to the present," with no limitation to the conditions at issue. (Exs. A, B.) It routed production to a commercial vendor by unencrypted email and fax. That demand is broader than the patient-litigant exception permits. The exception reaches only the conditions Plaintiff has placed in controversy. It does not reach every record a provider holds. The Court should fix the scope of the Latham records as follows. The records are those dated October 1, 2020 forward that relate to the evaluation, diagnosis, and treatment of the psychological conditions Plaintiff has placed in controversy. They consist of intake and assessment records, progress notes, diagnoses, treatment plans, and psychological test results, together with billing limited to dates of service. Psychotherapy notes as defined in 45 C.F.R. § 164.501 shall be withheld for in camera review. Raw test materials shall be produced only to a licensed psychologist designated by Defendant. Records concerning any other condition, any third party, or any financial or insurance information are outside the scope. The Protective Order in this action is the Court's model order. It governs designations only. It is not a qualified protective order under HIPAA. By its own terms it may be modified on request. Protective Order § 12.1, Dkt. No. 87 (Oct. 16, 2025).

Defendant confirmed the October 2020 start date in writing on July 27, 2026. (Ex. B.) The parties confirmed it on September 21. Plaintiff will produce the Latham records herself within five weeks of entry of the amended order, with process notes withheld for in camera review. A subpoena to Dr. Latham should issue only if that production is shown deficient after conferral. *Nidec*, 249 F.R.D. at 577. Production must proceed under a qualified protective order satisfying 45 C.F.R. § 164.512(e)(1)(v) (2025), added by amendment to the existing order.

Defendant states that a subpoena to Dr. Latham "has been issued and served." Plaintiff has received no notice or copy of any reissued subpoena. If one has been served, it was served without the notice Rule 45(a)(4) requires and while the method of production was pending before the Court. Defendant answers the HIPAA point with California's Confidentiality of Medical Information Act and Evidence Code § 1158. Section 1158 governs prelitigation inspection of records in state court on a patient's written authorization. It has no application to a federal subpoena. Under 45 C.F.R. § 164.512(e), a provider may disclose protected health information in litigation only under a court order, a qualified protective order, or satisfactory assurances. Defendant offers no objection to the proposed addendum attached as Exhibit C.

**IV. Plaintiff's Requested Relief.**

Plaintiff requests that the Court order the following. First, before serving any subpoena for Plaintiff's records, Defendant shall serve a copy on Plaintiff at least fourteen days in advance under Rule 45(a)(4). The subpoena shall issue from this Court and name the correct party. Second, medical subpoenas are limited to Joseph M. Latham, Psy.D., for records dated October 1, 2020 forward, within the scope stated in Section III. Plaintiff shall produce those records within five weeks of entry of the amended protective order, with psychotherapy process notes withheld pending in camera review. A subpoena to Dr. Latham shall issue only if that production is shown deficient after conferral. No medical or psychological records shall be routed through a third-party vendor. Third, the Protective Order (Dkt. No. 87) shall be amended, as its § 12.1 permits, to add a qualified protective order provision satisfying 45 C.F.R. § 164.512(e)(1)(v), in the form of the proposed addendum attached as Exhibit C. The parties will confer on the form of the addendum and file by September 29, 2026, as stated above. Fourth, no employment subpoena shall reach any record predating October 1, 2019. Any such subpoena shall be limited to documents sufficient to show the employer or staffing agency, the client facility, the dates, the position held, and the compensation paid. Personnel, evaluation, disciplinary, credentialing, background-check, physical-examination, medical, leave, and insurance-claim records are outside that scope, apart from the Alameda Health System file Plaintiff has offered. No subpoena shall issue to any employer or agency for records Plaintiff has produced. No subpoena shall issue to Kaiser Permanente or any other client facility for records of an engagement that the placing agency has already produced.

**V. Plaintiff's Final Proposed Compromise.**
In lieu of any third-party subpoena, Plaintiff will produce the following within five weeks of entry of the amended protective order, with personal identifiers redacted. She will produce her Latham records dated October 1, 2020 forward, with process notes withheld for in camera review. She will produce, as offered in writing on September 21, 2026, the engagement contracts in her possession for engagements from October 1, 2020 forward and her Alameda Health System employment file covering 2019 forward. Defendant may subpoena Dr. Latham only if that production is shown deficient after conferral. Defendant will serve no employment subpoenas. Defendant will confirm that no records were received under the withdrawn subpoenas. Plaintiff will confer with Defendant on the terms of the proposed addendum and file a stipulated version or competing versions by September 29, 2026.

## DEFENDANT'S STATEMENT

### 1. Plaintiff Stipulated to a Narrower Scope on her Medical Subpoena

Defendant has a single medical records subpoena which has been issued and served to Dr. Latham, Plaintiff’s treating psychologist. Following a meet and confer conversation at the end of July 2026, Plaintiff agreed that we could re-issue the previously withdrawn subpoena to Dr. Latham with the limitation to records from October 2020 until the present. Defendant contends that this issue is resolved. Any HIPPA concerns are addressed by California Law which already places requirements on counsel. California attorneys handling medical records must comply with both federal HIPAA standards and California's stricter Confidentiality of Medical Information Act (CMIA) (Civ. Code § 56 et seq.) and Evidence Code § 1158.

**2. Plaintiff Objects to the Issuance of any Employment Records Subpoenas Despite her Making a multi-million dollar Wage Loss Claim**

Plaintiff seeks significant wage-loss damages arising from the subject incident in October 2022. At that time, Plaintiff was working as a nurse at an unusually high COVID-era pay rate. Defendant therefore seeks targeted employment subpoenas (compensation records, employment contracts, job descriptions and performance reviews and write ups) to each of employers Plaintiff has disclosed from a period of seven years of pre-incident until the present to establish a reliable baseline for Plaintiff's earnings, hours, work history, job changes, mitigation, and claimed damages.

I. The Requested Employment Records Are Relevant and Proportional

Rule 26 permits discovery of nonprivileged material that is relevant to a party's claim or defense and proportional to the needs of the case. *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC* (2021) 988 F.3d 260, 266. Proportionality turns on the importance of the issues, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense outweighs the likely benefit. *NRA of Am. v. Cuomo* (2019) 332 F.R.D. 420, 428.

Those standards are satisfied here. Plaintiff has placed her earning history, earning capacity, work patterns, and mitigation directly at issue by asserting a substantial wage-loss claim. Courts recognize that earnings information is relevant to potential damages where a plaintiff seeks lost wages and that payroll records are discoverable when relevant to damages and mitigation. *Stewart v. Orion Fed. Credit Union* (2012) 285 F.R.D. 395, 400. Employment-history records may also bear on sustained employment, periods of unemployment, transferable skills, and mitigation. *Smith v. United Salt Corp.*, 2009 U.S. Dist. LEXIS 82685, 19.

The seven-year pre-incident period is not a fishing expedition. Plaintiff's COVID-era nursing compensation would have been earned during a national well-known nursing shortage, and Defendant is entitled to test whether that rate reflects Plaintiff's true earning baseline or an atypical market spike. A shorter snapshot risks overstating Plaintiff's claimed losses by using an abnormal period as the measure of ordinary earnings. The requested period is necessary to evaluate Plaintiff's actual pre-incident earnings pattern, including regular wages, overtime, premium pay, job changes, gaps in employment, hours worked, and comparable pre-COVID compensation.

II. Rule 45 Subpoenas Are an Appropriate Means to Obtain the Records, Subject to Reasonable Limits

Defendant's subpoenas can and should be limited to records bearing on Plaintiff's employment, compensation, hours, position, job duties, attendance, leaves, applications, separation, and related wage-loss issues. Defendant does not seek unrestricted access to every private detail in Plaintiff's personnel files. To avoid unnecessary burden and privacy intrusion, the subpoenas may be limited to the following categories for the period October 1, 2015 through the present:

1. documents showing compensation, wages, salary, overtime, bonuses, shift differentials, hazard pay, travel-nurse pay, per-diem pay, and benefits;

2. documents showing hours worked, schedules, full-time or part-time status, leaves of absence, and work restrictions;

3. performance records only to the extent they relate to employability, work capacity, attendance, discipline affecting employment status, or wage-loss damages; and

4. documents reflecting termination, resignation, layoffs, gaps in employment, or reasons for job changes.

That tailored scope addresses the concern that blanket requests for any and all personnel files may be overbroad. *EEOC v. Evening Entm't Group LLC,* 2012 U.S. Dist. LEXIS 85310, 3 (2012). Unlike an indiscriminate request for complete personnel files, Defendant seeks records tied to the wage-loss claim and the baseline necessary to measure damages. Where a plaintiff places income at issue, discovery designed to obtain evidence of income is relevant, though subpoenas should be narrowed to the relevant time period and particular documents reasonably believed to provide the information sought. *Fullbright v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 3942, 8 (2010).

Defendant cannot be limited to only what the Plaintiff has in her possession, custody or control as this universe of documentation will be incomplete. For these reasons, the Court should deny Plaintiff's request to preclude employment subpoenas.

Respectfully submitted,

Dated: September 22, 2026

*/s/ Avia Turner-Gray*

Avia Turner-Gray
Plaintiff In Pro Per

Dated: September 22, 2026

*/s/Ashley Meyers*

Ashley N. Meyers
Clapp, Moroney, Vucinich, Beeman+Scheley
Attorneys for Defendant Avis Budget Car Rental, LLC

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Avia Turner-Gray, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

*/s/ Avia Turner-Gray*

Avia Turner-Gray
Plaintiff In Pro Per

**INDEX OF EXHIBITS**

Exhibit A: Subpoena packet from First Legal Records (Reference No. 252659), consisting of the eight subpoenas dated July 15, 2026 and the July 10, 2026 cover letter, as received by Plaintiff by mail.

Exhibit B: Email correspondence of July 20 through July 27, 2026 regarding the subpoenas, including Defendant's July 23, 2026 confirmation of withdrawal, Defendant's July 27, 2026 confirmation of a two-year pre-incident scope, and First Legal Records' July 27, 2026 confirmation of cancellation; Email chain regarding scope of employment subpoenas from September 21-22, 2026

Exhibit C: [Proposed] Addendum to Protective Order (Dkt. No. 87) adding Section 14, Qualified Protective Order for Medical and Psychological Records.