FIRSTLEGAL RECORDS

First Legal Records
801 S. Grand Ave, Suite 701
Los Angeles CA, 90017
Phone: (877) 591-9979 Fax: (213) 802-0810
FRROrders@firstlegal.com

July 15, 2026

Avia Turner-Gray
Avia Turner-Gray,
3538 Cumberland Road
East Point, GA 30344

Case #3:23-cv-05507-SI
Plaintiff: AVIA TURNER-GRAY
Defendant: AVIS BUDGET GROUP INC.

**Originally Requested By:**
CLAPP MORONEY VUCINICH BEEMAN & SCH
ASHLEY N. MEYERS, ESQ.
5860 Owens Drive, Suite 410
Pleasanton, CA 94588

Records pertaining to: AVIA STORM TURNER-GRAY aka [redacted] aka [redacted]

A subpoena has been issued to each of the facilities listed below for records of the above named subject.

We would like to offer you an opportunity to obtain the same set of records that we will deliver to subpoenaing counsel. To obtain a copy, please place an 'x' next to the corresponding item and sign and print your name below.

( ) 01 California Department of Justice - Bureau of Criminal Info. and Analysis
( ) 02 Alameda Health System (Highland Hospital), Health Information Management
( ) 03 Kaiser Permanente National - Human Resources Service Center Operations
( ) 04 Wellstar Health System, Inc. c/o Leo Reichert
( ) 05 Power Personnel, Inc. c/o Rickey Green

**(Continued on next page.)**

FIRSTLEGAL RECORDS

First Legal Records
801 S. Grand Ave, Suite 701
Los Angeles CA, 90017
Phone: (877) 591-9979 Fax: (877) 823-7488

**Case Number:** 3:23-cv-05507-SI
**Plaintiff:** AVIA TURNER-GRAY
**Defendant:** AVIS BUDGET GROUP INC.

**(Continued from previous page.)**

( ) 06 Genie Healthcare, Inc. c/o Registered Agents, Inc.
( ) 07 Joseph M. Latham, PsyD - Seahorse Psychology Center
( ) 08 Village Medical – Riverdale

Your File # ____________________ Authorized by ____________________
Claim # ____________________ Print name ____________________
Phone # ____________________ Email ____________________
Please list any special instructions: ____________________

____________________

The charge for these copies is $74.50 per location plus $0.45 per page/image. X-rays will be charged at $19.50 per film requested.

**Please indicate if you would like to pay for the charges by:**
______**Credit Card (Please complete the attached form and send it along with this letter to us)**
______**Bill My Account (Must have an active First Legal Records Account)**

In order to provide you and our client the records as rapidly as possible, please indicate (in the space provided below) if you are willing to waive the statutory hold period:

______Yes, I waive the statutory hold period (please initial)

Thank you for your prompt attention.

252659/CPROOF40

ASHLEY N. MEYERS, ESQ., SBN: 274072
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC
5860 Owens Drive, Suite 410
Pleasanton, CA 94588
Phone: 9257340990 Fax:

Attorney for Defendant
Avis Budget Group, Inc.

**ALAMEDA COUNTY SUPERIOR COURT**
**RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT**

Plaintiff: AVIA TURNER-GRAY
vs.

Defendant(s): AVIS BUDGET GROUP INC.

**Case No. 3:23-cv-05507-SI**

**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS**

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO:

California Department of Justice - Bureau of Criminal Info. and Analysis
1300 I St
Sacramento,CA 95814

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Rule 45, Defendant, Avis Budget Group, Inc., has issued a subpoena to produce documents, information, or objects to the Custodian/Witness/Deponent listed above and a copy of the subpoena is attached, hereto. These records will be produced on August 4, 2026.

If **YOU OBJECT** to the production of any or all of the records described on the subpoena, you must file a motion for protective order or motion to quash the subpoena before the production date of August 4, 2026.

**YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED,** the attorney for the party seeking to examine the records, to determine whether the undersigned is willing to agree in writing to cancel or limit said subpoena.

Dated: 7/15/2026

ASHLEY N. MEYERS, ESQ.

By: **/s/ ASHLEY N. MEYERS, ESQ.**

Attorney for Defendant
Avis Budget Group, Inc.

# Proof of Service

I, LUIS HUERTA, and any employee retained by First Legal Records, am employed in the county of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is **801 S. Grand Ave, Suite 701, Los Angeles, CA 90017.**

On **July 15, 2026** I served the foregoing documents described as:

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment); NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS;

to interested parties on this action

XXX (BY MAIL) by placing the true copies thereof enclosed in sealed envelope addressed as follows:

Avia Turner-Gray
Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344

____ (Mailing list continued on next page)

BY MAIL
XXX As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Los Angeles, California, in the ordinary course of business.

Executed on July 15, 2026, at Los Angeles, CA.

XXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed:______________________
LUIS HUERTA

252659-01/CPROOF23

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT

AVIA TURNER-GRAY
*Plaintiff*
v.
AVIS BUDGET GROUP INC.
*DEFENDANT*

Civil Action No. 3:23-cv-05507-SI

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

TO: **Custodian of Records for: California Department of Justice - Bureau of Criminal Info. and Analysis**
**1300 I St**
**Sacramento, CA 95814**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**See attachment to Subpoena in a Civil Case.**

| Place: **First Legal Records** **1000 G Street # 250, Sacramento, CA 95814** — **Phone: (877) 591-9979** | Date and Time: **8/4/2026 10:00 AM** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date:** **July 15, 2026**

*CLERK OF COURT* OR *ASHLEY N. MEYERS, ESQ.*

*Signature of Clerk or Deputy Clerk*

**/s/ ASHLEY N. MEYERS, ESQ.**
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Avis Budget Group, Inc., who issues or requests this subpoena, are:

**ASHLEY N. MEYERS, ESQ.**
**CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC**
**5860 Owens Drive, Suite 410, Pleasanton, CA 94588**
**(925) 734-0990**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

FIRSTLEGAL RECORDS

First Legal Records
801 S. Grand Ave, Suite 701
Los Angeles CA, 90017
Phone: (877) 591-9979 Fax: (877) 823-7488

**Case Number:** 3:23-cv-05507-SI
**Plaintiff:** AVIA TURNER-GRAY
**Defendant:** AVIS BUDGET GROUP INC.

Attachment to Subpoena in a Civil Case

The records to be produced are described as follows:

ANY AND ALL CRIMINAL RECORDS, INCLUDING BUT NOT LIMITED TO INDICTMENTS, ARRESTS, CONVICTIONS, PARDON, PAROLE, PROBATION, CORRESPONDENCE AND ANY OTHER DOCUMENTS PERTAINING TO THE SUBJECT AVIA [redacted] TURNER-GRAY aka [redacted] aka AV[redacted] DOB: [redacted] SS#: UNKNOWN.

# Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

***(1) For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

***(2) For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

***(1) Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

***(2) Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

***(3) Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

***(1) Producing Documents or Electronically Stored Information.*** Thes e procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

***(2) Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

Civil Action No. **3:23-cv-05507-SI**

# PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* **California Department of Justice - Bureau of Criminal Info. and Analysis**
on *(date)* **07/07/2026**

☐ I served the subpoena by delivering a copy to the named individual as follows:

______________________________________________

______________________________ on *(date)* __________; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$.

My fees are $ for travel and $ for services, for a total of $.

I declare under penalty of perjury that this information is true.

Date:

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's Address*

Additional information regarding attempted service, etc:

ASHLEY N. MEYERS, ESQ., SBN: 274072
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC
5860 Owens Drive, Suite 410
Pleasanton, CA 94588
Phone: 9257340990 Fax:

Attorney for Defendant
Avis Budget Group, Inc.

**ALAMEDA COUNTY SUPERIOR COURT**
**RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT**

| | |
|---|---|
| Plaintiff: AVIA TURNER-GRAY<br>vs.<br><br>Defendant(s): AVIS BUDGET GROUP INC. | **Case No. 3:23-cv-05507-SI**<br><br>**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS** |

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO:

Alameda Health System (Highland Hospital), Health Information Management
15400 Foothill Blvd, Bldg East, Rm 220
San Leandro,CA 94578

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Rule 45, Defendant, Avis Budget Group, Inc., has issued a subpoena to produce documents, information, or objects to the Custodian/Witness/Deponent listed above and a copy of the subpoena is attached, hereto. These records will be produced on August 4, 2026.

If **YOU OBJECT** to the production of any or all of the records described on the subpoena, you must file a motion for protective order or motion to quash the subpoena before the production date of August 4, 2026.

**YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED,** the attorney for the party seeking to examine the records, to determine whether the undersigned is willing to agree in writing to cancel or limit said subpoena.

Dated: 7/15/2026

ASHLEY N. MEYERS, ESQ.

By: **/s/ ASHLEY N. MEYERS, ESQ.**

Attorney for Defendant
Avis Budget Group, Inc.

# Proof of Service

I, LUIS HUERTA, and any employee retained by First Legal Records, am employed in the county of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is **801 S. Grand Ave, Suite 701, Los Angeles, CA 90017.**

On **July 15, 2026** I served the foregoing documents described as:

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment); NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS;

to interested parties on this action

XXX (BY MAIL) by placing the true copies thereof enclosed in sealed envelope addressed as follows:

Avia Turner-Gray
Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344

____ (Mailing list continued on next page)

BY MAIL
XXX As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Los Angeles, California, in the ordinary course of business.

Executed on July 15, 2026, at Los Angeles, CA.

XXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed:____________________
LUIS HUERTA

252659-02/CPROOF23

# UNITED STATES DISTRICT COURT
for the
RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT

**AVIA TURNER-GRAY**
*Plaintiff*
v.
**AVIS BUDGET GROUP INC.**
*DEFENDANT*

Civil Action No. 3:23-cv-05507-SI

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: Alameda Health System (Highland Hospital), Health Information Management**
**15400 Foothill Blvd, Bldg East, Rm 220**
**San Leandro, CA 94578**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**See attachment to Subpoena in a Civil Case.**

| Place: | Date and Time: |
|---|---|
| **First Legal Records** **Phone: (877) 591-9979**<br>**1000 G Street # 250, Sacramento, CA 95814** | **8/4/2026 10:00 AM** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date: July 15, 2026** *CLERK OF COURT* OR *ASHLEY N. MEYERS, ESQ.*

_______________________
*Signature of Clerk or Deputy Clerk*

**/s/ ASHLEY N. MEYERS, ESQ.**
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Avis Budget Group, Inc., who issues or requests this subpoena, are:

**ASHLEY N. MEYERS, ESQ.**
**CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC**
**5860 Owens Drive, Suite 410, Pleasanton, CA 94588**
**(925) 734-0990**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

FIRSTLEGAL RECORDS

First Legal Records
801 S. Grand Ave, Suite 701
Los Angeles CA, 90017
Phone: (877) 591-9979 Fax: (877) 823-7488

**Case Number:** 3:23-cv-05507-SI
**Plaintiff:** AVIA TURNER-GRAY
**Defendant:** AVIS BUDGET GROUP INC.

## Attachment to Subpoena in a Civil Case

The records to be produced are described as follows:

ANY AND ALL DOCUMENTS AND RECORDS, INCLUDING BUT NOT LIMITED TO, PAYROLL, PERSONNEL, EMPLOYMENT AND WAGE RECORDS, INCLUDING PRE-EMPLOYMENT RECORDS, PHYSICAL EXAMINATIONS, WORK ABSENCE RECORDS, INCIDENT REPORTS, VACATION RECORDS, LOSS OF EARNINGS RECORDS, DISCIPLINARY RECORDS, INTERNAL INVESTIGATION RECORDS, EMPLOYEE PROGRESS RECORDS, ALL CLAIMS UNDER HEALTH, ACCIDENT OR HOSPITALIZATION INSURANCE COVERAGE PERTAINING TO: AVIA [redacted] TURNER-GRAY [redacted] D.O.B.: [redacted]7, S.S.#: UNKNOWN. FROM THE FIRST DATE OF EMPLOYMENT TO THE LAST DATE OF EMPLOYMENT OR PRESENT.

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

***(1) For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

***(2) For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

***(1) Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

***(2) Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

***(3) Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

***(1) Producing Documents or Electronically Stored Information.*** Thes e procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

***(2) Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

Civil Action No. **3:23-cv-05507-SI**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* **Alameda Health System (Highland Hospital), Health Information Management**

on *(date)* **07/07/2026**

☐ I served the subpoena by delivering a copy to the named individual as follows:

______________________________________________

______________________________ on *(date)* __________; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

**$**.

My fees are **$** for travel and **$** for services, for a total of **$**

I declare under penalty of perjury that this information is true.

Date: ______________________________

*Server's signature*

______________________________

*Printed name and title*

______________________________ , ,

*Server's Address*

Additional information regarding attempted service, etc:

ASHLEY N. MEYERS, ESQ., SBN: 274072
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC
5860 Owens Drive, Suite 410
Pleasanton, CA 94588
Phone: 9257340990 Fax:

Attorney for Defendant
Avis Budget Group, Inc.

**ALAMEDA COUNTY SUPERIOR COURT**
**RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT**

Plaintiff: AVIA TURNER-GRAY
vs.

Defendant(s): AVIS BUDGET GROUP INC.

**Case No. 3:23-cv-05507-SI**

**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS**

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO:

Kaiser Permanente National - Human Resources Service Center Operations
5810 Owens Dr, Bldg F
Pleasanton,CA 94588

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Rule 45, Defendant, Avis Budget Group, Inc., has issued a subpoena to produce documents, information, or objects to the Custodian/Witness/Deponent listed above and a copy of the subpoena is attached, hereto. These records will be produced on August 4, 2026.

If **YOU OBJECT** to the production of any or all of the records described on the subpoena, you must file a motion for protective order or motion to quash the subpoena before the production date of August 4, 2026.

**YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED,** the attorney for the party seeking to examine the records, to determine whether the undersigned is willing to agree in writing to cancel or limit said subpoena.

Dated: 7/15/2026

ASHLEY N. MEYERS, ESQ.

By: **/s/ ASHLEY N. MEYERS, ESQ.**

Attorney for Defendant
Avis Budget Group, Inc.

# Proof of Service

I, LUIS HUERTA, and any employee retained by First Legal Records, am employed in the county of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is **801 S. Grand Ave, Suite 701, Los Angeles, CA 90017.**

On **July 15, 2026** I served the foregoing documents described as:

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment); NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS;

to interested parties on this action

XXX (BY MAIL) by placing the true copies thereof enclosed in sealed envelope addressed as follows:

Avia Turner-Gray
Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344

____ (Mailing list continued on next page)

BY MAIL
XXX As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Los Angeles, California, in the ordinary course of business.

Executed on July 15, 2026, at Los Angeles, CA.

XXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed:________________________
LUIS HUERTA

252659-03/CPROOF23

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT

**AVIA TURNER-GRAY**
*Plaintiff*
*v.*
**AVIS BUDGET GROUP INC.**
*DEFENDANT*

Civil Action No. 3:23-cv-05507-SI

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

TO: **Custodian of Records for: Kaiser Permanente National - Human Resources Service Center Operations
5810 Owens Dr, Bldg F
Pleasanton, CA 94588**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**See attachment to Subpoena in a Civil Case.**

| Place: **Phone: (877) 591-9979** | Date and Time: |
| --- | --- |
| **First Legal Records**<br>**1000 G Street # 250, Sacramento, CA 95814** | **8/4/2026 10:00 AM** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date: July 15, 2026** *CLERK OF COURT* OR *ASHLEY N. MEYERS, ESQ.*

______________________ *Signature of Clerk or Deputy Clerk*

**/s/ ASHLEY N. MEYERS, ESQ.** *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Avis Budget Group, Inc., who issues or requests this subpoena, are:

**ASHLEY N. MEYERS, ESQ.
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC
5860 Owens Drive, Suite 410, Pleasanton, CA 94588
(925) 734-0990**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

FIRSTLEGAL RECORDS

First Legal Records
801 S. Grand Ave, Suite 701
Los Angeles CA, 90017
Phone: (877) 591-9979 Fax: (877) 823-7488

**Case Number:** 3:23-cv-05507-SI
**Plaintiff:** AVIA TURNER-GRAY
**Defendant:** AVIS BUDGET GROUP INC.

## Attachment to Subpoena in a Civil Case

The records to be produced are described as follows:

ANY AND ALL DOCUMENTS AND RECORDS, INCLUDING BUT NOT LIMITED TO, PAYROLL, PERSONNEL, EMPLOYMENT AND WAGE RECORDS, INCLUDING PRE-EMPLOYMENT RECORDS, PHYSICAL EXAMINATIONS, WORK ABSENCE RECORDS, INCIDENT REPORTS, VACATION RECORDS, LOSS OF EARNINGS RECORDS, DISCIPLINARY RECORDS, INTERNAL INVESTIGATION RECORDS, EMPLOYEE PROGRESS RECORDS, ALL CLAIMS UNDER HEALTH, ACCIDENT OR HOSPITALIZATION INSURANCE COVERAGE PERTAINING TO: AVIA [redacted] TURNER-GRAY [redacted], S.S.#: UNKNOWN. FROM THE FIRST DATE OF EMPLOYMENT TO THE LAST DATE OF EMPLOYMENT OR PRESENT. INCLUDING BUT NOT LIMITED TO RECORDS FROM KAISER FOUNDATION HOSPITALS, 1 KAISER PLAZA, OAKLAND, CA.

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

***(1) For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

***(2) For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

***(1) Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

***(2) Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

***(3) Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

***(1) Producing Documents or Electronically Stored Information.*** Thes e procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

***(2) Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

Civil Action No. **3:23-cv-05507-SI**

# PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* **Kaiser Permanente National - Human Resources Service Center Operations**

on *(date)* **07/07/2026**

☐ I served the subpoena by delivering a copy to the named individual as follows: ______________________________

______________________________ on *(date)* __________ ; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

**$**.

My fees are **$** for travel and **$** for services, for a total of **$**.

I declare under penalty of perjury that this information is true.

Date: ______________________________

*Server's signature*

______________________________

*Printed name and title*

, ,

______________________________

*Server's Address*

Additional information regarding attempted service, etc:

ASHLEY N. MEYERS, ESQ., SBN: 274072
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC
5860 Owens Drive, Suite 410
Pleasanton, CA 94588
Phone: 9257340990 Fax:

Attorney for Defendant
Avis Budget Group, Inc.

**ALAMEDA COUNTY SUPERIOR COURT**
**RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT**

Plaintiff: AVIA TURNER-GRAY
vs.

Defendant(s): AVIS BUDGET GROUP INC.

**Case No. 3:23-cv-05507-SI**

**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS**

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO:

Wellstar Health System, Inc. c/o Leo Reichert
793 Sawyer Rd
Marietta,GA 30062

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Rule 45, Defendant, Avis Budget Group, Inc., has issued a subpoena to produce documents, information, or objects to the Custodian/Witness/Deponent listed above and a copy of the subpoena is attached, hereto. These records will be produced on August 4, 2026.

If **YOU OBJECT** to the production of any or all of the records described on the subpoena, you must file a motion for protective order or motion to quash the subpoena before the production date of August 4, 2026.

**YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED,** the attorney for the party seeking to examine the records, to determine whether the undersigned is willing to agree in writing to cancel or limit said subpoena.

Dated: 7/15/2026

ASHLEY N. MEYERS, ESQ.

By: **/s/ ASHLEY N. MEYERS, ESQ.**

Attorney for Defendant
Avis Budget Group, Inc.

# Proof of Service

I, LUIS HUERTA, and any employee retained by First Legal Records, am employed in the county of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is **801 S. Grand Ave, Suite 701, Los Angeles, CA 90017.**

On **July 15, 2026** I served the foregoing documents described as:

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment); NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS;

to interested parties on this action

XXX (BY MAIL) by placing the true copies thereof enclosed in sealed envelope addressed as follows:

Avia Turner-Gray
Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344

____ (Mailing list continued on next page)

BY MAIL
XXX As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Los Angeles, California, in the ordinary course of business.

Executed on July 15, 2026, at Los Angeles, CA.

XXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed: ________________________
LUIS HUERTA

252659-04/CPROOF23

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT

AVIA TURNER-GRAY
*Plaintiff*
*v.*
AVIS BUDGET GROUP INC.
*DEFENDANT*

Civil Action No. 3:23-cv-05507-SI

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: Wellstar Health System, Inc. c/o Leo Reichert**
**793 Sawyer Rd**
**Marietta, GA 30062**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**See attachment to Subpoena in a Civil Case.**

| Place: **First Legal Records** **2300 Tulare Street #130, Fresno, CA 93721** — **Phone: (877) 591-9979** | Date and Time: **8/4/2026 10:00 AM** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date:** **July 15, 2026**

*CLERK OF COURT* OR *ASHLEY N. MEYERS, ESQ.*

*Signature of Clerk or Deputy Clerk*

**/s/ ASHLEY N. MEYERS, ESQ.**
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Avis Budget Group, Inc., who issues or requests this subpoena, are:

**ASHLEY N. MEYERS, ESQ.**
**CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC**
**5860 Owens Drive, Suite 410, Pleasanton, CA 94588**
**(925) 734-0990**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

FIRSTLEGAL RECORDS

First Legal Records
801 S. Grand Ave, Suite 701
Los Angeles CA, 90017
Phone: (877) 591-9979 Fax: (877) 823-7488

**Case Number:** 3:23-cv-05507-SI
**Plaintiff:** AVIA TURNER-GRAY
**Defendant:** AVIS BUDGET GROUP INC.

## Attachment to Subpoena in a Civil Case

The records to be produced are described as follows:

ANY AND ALL DOCUMENTS AND RECORDS, INCLUDING BUT NOT LIMITED TO, PAYROLL, PERSONNEL, EMPLOYMENT AND WAGE RECORDS, INCLUDING PRE-EMPLOYMENT RECORDS, PHYSICAL EXAMINATIONS, WORK ABSENCE RECORDS, INCIDENT REPORTS, VACATION RECORDS, LOSS OF EARNINGS RECORDS, DISCIPLINARY RECORDS, INTERNAL INVESTIGATION RECORDS, EMPLOYEE PROGRESS RECORDS, ALL CLAIMS UNDER HEALTH, ACCIDENT OR HOSPITALIZATION INSURANCE COVERAGE PERTAINING TO: [redacted] TURNER-GRAY [redacted], D.O.B.: [redacted], S.S.#: UNKNOWN. FROM THE FIRST DATE OF EMPLOYMENT TO THE LAST DATE OF EMPLOYMENT OR PRESENT.

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

***(1) For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

***(2) For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

***(1) Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

***(2) Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

***(3) Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

***(1) Producing Documents or Electronically Stored Information.*** Thes e procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

***(2) Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

Civil Action No. **3:23-cv-05507-SI**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* **Wellstar Health System, Inc. c/o Leo Reichert**

on *(date)* **07/07/2026**

☐ I served the subpoena by delivering a copy to the named individual as follows:

______________________________________________

______________________________ on *(date)* __________; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

**$**.

My fees are **$** for travel and **$** for services, for a total of **$**.

I declare under penalty of perjury that this information is true.

Date: ______________________________

*Server's signature*

______________________________

*Printed name and title*

______________________________

*Server's Address*

Additional information regarding attempted service, etc:

ASHLEY N. MEYERS, ESQ., SBN: 274072
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC
5860 Owens Drive, Suite 410
Pleasanton, CA 94588
Phone: 9257340990 Fax:

Attorney for Defendant
Avis Budget Group, Inc.

**ALAMEDA COUNTY SUPERIOR COURT**
**RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT**

| | |
|---|---|
| Plaintiff: AVIA TURNER-GRAY<br>vs.<br><br>Defendant(s): AVIS BUDGET GROUP INC. | **Case No. 3:23-cv-05507-SI**<br><br>**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS** |

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO:

Power Personnel, Inc. c/o Rickey Green
84 W Santa Clara, Ste 520
San Jose,CA 95113

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Rule 45, Defendant, Avis Budget Group, Inc., has issued a subpoena to produce documents, information, or objects to the Custodian/Witness/Deponent listed above and a copy of the subpoena is attached, hereto. These records will be produced on August 4, 2026.

If **YOU OBJECT** to the production of any or all of the records described on the subpoena, you must file a motion for protective order or motion to quash the subpoena before the production date of August 4, 2026.

**YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED,** the attorney for the party seeking to examine the records, to determine whether the undersigned is willing to agree in writing to cancel or limit said subpoena.

Dated: 7/15/2026

ASHLEY N. MEYERS, ESQ.

By: **/s/ ASHLEY N. MEYERS, ESQ.**

Attorney for Defendant
Avis Budget Group, Inc.

# Proof of Service

I, LUIS HUERTA, and any employee retained by First Legal Records, am employed in the county of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is **801 S. Grand Ave, Suite 701, Los Angeles, CA 90017.**

On **July 15, 2026** I served the foregoing documents described as:

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment); NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS;

to interested parties on this action

XXX (BY MAIL) by placing the true copies thereof enclosed in sealed envelope addressed as follows:

Avia Turner-Gray
Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344

____ (Mailing list continued on next page)

BY MAIL
XXX As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Los Angeles, California, in the ordinary course of business.

Executed on July 15, 2026, at Los Angeles, CA.

XXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed: ______________________________
LUIS HUERTA

252659-05/CPROOF23

# UNITED STATES DISTRICT COURT
for the
RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT

| | | |
|---|---|---|
| AVIA TURNER-GRAY<br>*Plaintiff*<br>v.<br><br>AVIS BUDGET GROUP INC.<br>*DEFENDANT* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:23-cv-05507-SI |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: Power Personnel, Inc. c/o Rickey Green**
**84 W Santa Clara, Ste 520**
**San Jose, CA 95113**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**See attachment to Subpoena in a Civil Case.**

| Place: **Phone: (877) 591-9979**<br>**First Legal Records**<br>**95 Market St, Ste 260, San Jose, CA 95113** | Date and Time:<br>**8/4/2026 10:00 AM** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date:** July 15, 2026

*CLERK OF COURT* OR *ASHLEY N. MEYERS, ESQ.*

_____________________
*Signature of Clerk or Deputy Clerk*

**/s/ ASHLEY N. MEYERS, ESQ.**
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Avis Budget Group, Inc., who issues or requests this subpoena, are:

**ASHLEY N. MEYERS, ESQ.**
**CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC**
**5860 Owens Drive, Suite 410, Pleasanton, CA 94588**
**(925) 734-0990**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

FIRSTLEGAL RECORDS

First Legal Records
801 S. Grand Ave, Suite 701
Los Angeles CA, 90017
Phone: (877) 591-9979 Fax: (877) 823-7488

Case Number: 3:23-cv-05507-SI
Plaintiff: AVIA TURNER-GRAY
Defendant: AVIS BUDGET GROUP INC.

Attachment to Subpoena in a Civil Case

The records to be produced are described as follows:

ANY AND ALL DOCUMENTS AND RECORDS, INCLUDING BUT NOT LIMITED TO, PAYROLL, PERSONNEL, EMPLOYMENT AND WAGE RECORDS, INCLUDING PRE-EMPLOYMENT RECORDS, PHYSICAL EXAMINATIONS, WORK ABSENCE RECORDS, INCIDENT REPORTS, VACATION RECORDS, LOSS OF EARNINGS RECORDS, DISCIPLINARY RECORDS, INTERNAL INVESTIGATION RECORDS, EMPLOYEE PROGRESS RECORDS, ALL CLAIMS UNDER HEALTH, ACCIDENT OR HOSPITALIZATION INSURANCE COVERAGE PERTAINING TO: AVIA [redacted] TURNER-GRAY [redacted] #: UNKNOWN. FROM THE FIRST DATE OF EMPLOYMENT TO THE LAST DATE OF EMPLOYMENT OR PRESENT.

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

***(1) For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

***(2) For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

***(1) Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

***(2) Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

***(3) Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

***(1) Producing Documents or Electronically Stored Information.*** Thes e procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

***(2) Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

Civil Action No. **3:23-cv-05507-SI**

# PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* **Power Personnel, Inc. c/o Rickey Green**

on *(date)* **07/07/2026**

☐ I served the subpoena by delivering a copy to the named individual as follows:

______________________________________________

______________________________ on *(date)* __________; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

**$**.

My fees are **$** for travel and **$** for services, for a total of **$**.

I declare under penalty of perjury that this information is true.

Date:

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's Address*

Additional information regarding attempted service, etc:

ASHLEY N. MEYERS, ESQ., SBN: 274072
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC
5860 Owens Drive, Suite 410
Pleasanton, CA 94588
Phone: 9257340990 Fax:

Attorney for Defendant
Avis Budget Group, Inc.

**ALAMEDA COUNTY SUPERIOR COURT**
**RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT**

Plaintiff: AVIA TURNER-GRAY
vs.

Defendant(s): AVIS BUDGET GROUP INC.

**Case No. 3:23-cv-05507-SI**

**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS**

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO:

Genie Healthcare, Inc. c/o Registered Agents, Inc.
1401 21st S, Ste R
Sacramento,CA 95811

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Rule 45, Defendant, Avis Budget Group, Inc., has issued a subpoena to produce documents, information, or objects to the Custodian/Witness/Deponent listed above and a copy of the subpoena is attached, hereto. These records will be produced on August 4, 2026.

If **YOU OBJECT** to the production of any or all of the records described on the subpoena, you must file a motion for protective order or motion to quash the subpoena before the production date of August 4, 2026.

**YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED,** the attorney for the party seeking to examine the records, to determine whether the undersigned is willing to agree in writing to cancel or limit said subpoena.

Dated: 7/15/2026

ASHLEY N. MEYERS, ESQ.

By: **/s/ ASHLEY N. MEYERS, ESQ.**

Attorney for Defendant
Avis Budget Group, Inc.

# Proof of Service

I, LUIS HUERTA, and any employee retained by First Legal Records, am employed in the county of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is **801 S. Grand Ave, Suite 701, Los Angeles, CA 90017.**

On **July 15, 2026** I served the foregoing documents described as:

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment); NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS;

to interested parties on this action

XXX (BY MAIL) by placing the true copies thereof enclosed in sealed envelope addressed as follows:

Avia Turner-Gray
Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344

____ (Mailing list continued on next page)

BY MAIL
XXX As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Los Angeles, California, in the ordinary course of business.

Executed on July 15, 2026, at Los Angeles, CA.

XXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed: ______________________
LUIS HUERTA

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT

| | |
|---|---|
| **AVIA TURNER-GRAY**<br>*Plaintiff*<br>v.<br><br>**AVIS BUDGET GROUP INC.**<br>*DEFENDANT* | Civil Action No. 3:23-cv-05507-SI |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

TO: **Custodian of Records for: Genie Healthcare, Inc. c/o Registered Agents, Inc.**
**1401 21st S, Ste R**
**Sacramento, CA 95811**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**See attachment to Subpoena in a Civil Case.**

| Place: **Phone: (877) 591-9979** | Date and Time: |
|---|---|
| **First Legal Records**<br>**1000 G Street # 250, Sacramento, GA 95814** | **8/4/2026 10:00 AM** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date: July 15, 2026** *CLERK OF COURT* OR *ASHLEY N. MEYERS, ESQ.*

______________________ **/s/ ASHLEY N. MEYERS, ESQ.**
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Avis Budget Group, Inc., who issues or requests this subpoena, are:

**ASHLEY N. MEYERS, ESQ.**
**CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC**
**5860 Owens Drive, Suite 410, Pleasanton, CA 94588**
**(925) 734-0990**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

FIRSTLEGAL RECORDS

First Legal Records
801 S. Grand Ave, Suite 701
Los Angeles CA, 90017
Phone: (877) 591-9979 Fax: (877) 823-7488

**Case Number:** 3:23-cv-05507-SI
**Plaintiff:** AVIA TURNER-GRAY
**Defendant:** AVIS BUDGET GROUP INC.

Attachment to Subpoena in a Civil Case

The records to be produced are described as follows:

ANY AND ALL DOCUMENTS AND RECORDS, INCLUDING BUT NOT LIMITED TO, PAYROLL, PERSONNEL, EMPLOYMENT AND WAGE RECORDS, INCLUDING PRE-EMPLOYMENT RECORDS, PHYSICAL EXAMINATIONS, WORK ABSENCE RECORDS, INCIDENT REPORTS, VACATION RECORDS, LOSS OF EARNINGS RECORDS, DISCIPLINARY RECORDS, INTERNAL INVESTIGATION RECORDS, EMPLOYEE PROGRESS RECORDS, ALL CLAIMS UNDER HEALTH, ACCIDENT OR HOSPITALIZATION INSURANCE COVERAGE PERTAINING TO: AVIA [redacted] TURNER-GRAY [redacted], S.S.#: UNKNOWN. FROM THE FIRST DATE OF EMPLOYMENT TO THE LAST DATE OF EMPLOYMENT OR PRESENT.

# Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

***(1) For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

***(2) For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

***(1) Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

***(2) Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

***(3) Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

***(1) Producing Documents or Electronically Stored Information.*** Thes e procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

***(2) Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

Civil Action No. **3:23-cv-05507-SI**

# PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* **Genie Healthcare, Inc. c/o Registered Agents, Inc.**
on *(date)* **07/07/2026**

☐ I served the subpoena by delivering a copy to the named individual as follows:

______________________________________________

______________________________ on *(date)* __________; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

**$**.

My fees are **$** for travel and **$** for services, for a total of **$**.

I declare under penalty of perjury that this information is true.

Date:

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's Address*

Additional information regarding attempted service, etc:

ASHLEY N. MEYERS, ESQ., SBN: 274072
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC
5860 Owens Drive, Suite 410
Pleasanton, CA 94588
Phone: 9257340990 Fax:

Attorney for Defendant
Avis Budget Group, Inc.

**ALAMEDA COUNTY SUPERIOR COURT**
**RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT**

Plaintiff: AVIA TURNER-GRAY
vs.

Defendant(s): AVIS BUDGET GROUP INC.

**Case No. 3:23-cv-05507-SI**

**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS**

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO:

Joseph M. Latham, PsyD - Seahorse Psychology Center
27201 Puerta Real, Ste 300
Mission Viejo,CA 92691

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Rule 45, Defendant, Avis Budget Group, Inc., has issued a subpoena to produce documents, information, or objects to the Custodian/Witness/Deponent listed above and a copy of the subpoena is attached, hereto. These records will be produced on August 4, 2026.

If **YOU OBJECT** to the production of any or all of the records described on the subpoena, you must file a motion for protective order or motion to quash the subpoena before the production date of August 4, 2026.

**YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED,** the attorney for the party seeking to examine the records, to determine whether the undersigned is willing to agree in writing to cancel or limit said subpoena.

Dated: 7/15/2026

ASHLEY N. MEYERS, ESQ.

By: **/s/ ASHLEY N. MEYERS, ESQ.**

Attorney for Defendant
Avis Budget Group, Inc.

# Proof of Service

I, LUIS HUERTA, and any employee retained by First Legal Records, am employed in the county of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is **801 S. Grand Ave, Suite 701, Los Angeles, CA 90017.**

On **July 15, 2026** I served the foregoing documents described as:

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment); NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS;

to interested parties on this action

XXX (BY MAIL) by placing the true copies thereof enclosed in sealed envelope addressed as follows:

Avia Turner-Gray
Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344

____ (Mailing list continued on next page)

BY MAIL
XXX As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Los Angeles, California, in the ordinary course of business.

Executed on July 15, 2026, at Los Angeles, CA.

XXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed: ________________________
LUIS HUERTA

252659-07/CPROOF23

# UNITED STATES DISTRICT COURT

for the

RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT

**AVIA TURNER-GRAY**
*Plaintiff*
*v.*

**AVIS BUDGET GROUP INC.**
*DEFENDANT*

Civil Action No. 3:23-cv-05507-SI

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: Joseph M. Latham, PsyD - Seahorse Psychology Center
27201 Puerta Real, Ste 300
Mission Viejo, CA 92691**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: | Date and Time: |
|---|---|
| **Phone: (877) 591-9979**<br>**First Legal Records**<br>**95 Market St, Ste 260, San Jose, CA 95113** | **8/4/2026 10:00 AM** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date:** July 15, 2026

*CLERK OF COURT* OR *ASHLEY N. MEYERS, ESQ.*

*Signature of Clerk or Deputy Clerk*

**/s/ ASHLEY N. MEYERS, ESQ.**
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Avis Budget Group, Inc., who issues or requests this subpoena, are:

**ASHLEY N. MEYERS, ESQ.
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC
5860 Owens Drive, Suite 410, Pleasanton, CA 94588
(925) 734-0990**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ATTACHMENT 3

ALL DOCUMENTS AND RECORDS PERTAINING TO THE CARE, TREATMENT AND EXAMINATION OF <(PATIENT.NAME)>, INCLUDING BUT NOT LIMITED TO, ANY ITEMIZED STATEMENT OF THE BILLING CHARGES, SIGN-IN SHEETS, INPATIENT AND OUTPATIENT CHARTS AND RECORDS, AMBULANCE, EMERGENCY ROOM AND LAB REPORTS, PATHOLOGY REPORTS, PRESCRIPTION AND PHARMACY RECORDS, AND ANY OTHER RECORDS PERTAINING TO **AVI[redacted] TURNER-GRAY [redacted]** FROM THE FIRST DATE OF TREATMENT TO AND INCLUDING THE PRESENT. **D[redacted]S#: UNKNOWN** BILLING RECORDS ARE INCLUDING BUT NOT LIMITED TO ANY RECORDS/DOCUMENTS THAT MAY BE STORED DIGITALLY AND/OR ELECTRONICALLY: CHARGES, EXPLANATION OF BENEFITS, PAYMENTS, ADJUSTMENTS, WRITE-OFFS, BALANCES DUE, INSURANCE RECORDS AND ITEMIZED BILLING CHARGES REGARDING ANY AND ALL CARE, TREATMENT AND/OR EXAMINATIONS PERTAINING TO **AVIA [redacted] TURNER-GRAY aka [redacted]**

ANY AND ALL PSYCHIATRIC RECORDS/REPORTS INCLUDING BUT NOT LIMITED TO MEDICATIONS, SAMPLES, PRESCRIPTION LOGS, PRESCRIPTION RECORDS, EVALUATIONS, NOTES, MEMORANDA, CORRESPONDENCE, CONSULTATIONS, INSURANCE RECORDS AND/OR CLAIMS, PHOTOGRAPHS, HANDWRITTEN NOTES, TELEPHONE MESSAGES, PRESCRIPTION RECORDS, AND ANY CORRESPONDENCE PERTAINING TO THE EXAMINATION AND/OR TREATMENT OF THE RECORD SUBJECT. **AVIA [redacted]URNER-GRA[redacted]**

# Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

***(1) For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

***(2) For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

***(1) Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

***(2) Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

***(3) Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

***(1) Producing Documents or Electronically Stored Information.*** Thes e procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

***(2) Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

Civil Action No. **3:23-cv-05507-SI**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* **Joseph M. Latham, PsyD - Seahorse Psychology Center**
on *(date)* **07/07/2026**

☐ I served the subpoena by delivering a copy to the named individual as follows: ______________________________

______________________________ on *(date)* __________ ; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

**$**.

My fees are **$** for travel and **$** for services, for a total of **$**.

I declare under penalty of perjury that this information is true.

Date:

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's Address*

Additional information regarding attempted service, etc:

ASHLEY N. MEYERS, ESQ., SBN: 274072
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC
5860 Owens Drive, Suite 410
Pleasanton, CA 94588
Phone: 9257340990 Fax:

Attorney for Defendant
Avis Budget Group, Inc.

**ALAMEDA COUNTY SUPERIOR COURT**
**RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT**

| | |
|---|---|
| Plaintiff: AVIA TURNER-GRAY<br>vs.<br><br>Defendant(s): AVIS BUDGET GROUP INC. | **Case No. 3:23-cv-05507-SI**<br><br>**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS** |

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO:

Village Medical – Riverdale
189 Medical Way, Ste A
Riverdale,GA 30274

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Rule 45, Defendant, Avis Budget Group, Inc., has issued a subpoena to produce documents, information, or objects to the Custodian/Witness/Deponent listed above and a copy of the subpoena is attached, hereto. These records will be produced on August 5, 2026.

If **YOU OBJECT** to the production of any or all of the records described on the subpoena, you must file a motion for protective order or motion to quash the subpoena before the production date of August 5, 2026.

**YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED,** the attorney for the party seeking to examine the records, to determine whether the undersigned is willing to agree in writing to cancel or limit said subpoena.

Dated: 7/15/2026

ASHLEY N. MEYERS, ESQ.

By: **/s/ ASHLEY N. MEYERS, ESQ.**

Attorney for Defendant
Avis Budget Group, Inc.

# Proof of Service

I, LUIS HUERTA, and any employee retained by First Legal Records, am employed in the county of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is **801 S. Grand Ave, Suite 701, Los Angeles, CA 90017.**

On **July 15, 2026** I served the foregoing documents described as:

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with attachment); NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS;

to interested parties on this action

XXX (BY MAIL) by placing the true copies thereof enclosed in sealed envelope addressed as follows:

Avia Turner-Gray
Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344

____ (Mailing list continued on next page)

BY MAIL
XXX As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Los Angeles, California, in the ordinary course of business.

Executed on July 15, 2026, at Los Angeles, CA.

XXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed: ______________________
LUIS HUERTA

252659-08/CPROOF23

AO 88B (Rev. 02/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

RENE C. DAVIDSON COURTHOUSE of ALAMEDA COUNTY SUPERIOR COURT

**AVIA TURNER-GRAY**
*Plaintiff*
*v.*

**AVIS BUDGET GROUP INC.**
*DEFENDANT*

Civil Action No. 3:23-cv-05507-SI

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Custodian of Records for: Village Medical – Riverdale**
**189 Medical Way, Ste A**
**Riverdale, GA 30274**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT 3**

| Place: **Phone: (877) 591-9979** | Date and Time: |
|---|---|
| **First Legal Records c/o Absolute Legal Services**<br>**930 New Hope Road, Suite 11-110, Lawrenceville, GA 30045** | **8/5/2026 10:00 AM** |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date:** July 15, 2026

*CLERK OF COURT* OR *ASHLEY N. MEYERS, ESQ.*

*Signature of Clerk or Deputy Clerk*

**/s/ ASHLEY N. MEYERS, ESQ.**
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Avis Budget Group, Inc., who issues or requests this subpoena, are:

**ASHLEY N. MEYERS, ESQ.**
**CLAPP MORONEY VUCINICH BEEMAN & SCHELEY, APC**
**5860 Owens Drive, Suite 410, Pleasanton, CA 94588**
**(925) 734-0990**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ATTACHMENT 3

ALL DOCUMENTS AND RECORDS PERTAINING TO THE CARE, TREATMENT AND EXAMINATION OF <(PATIENT.NAME)>, INCLUDING BUT NOT LIMITED TO, ANY ITEMIZED STATEMENT OF THE BILLING CHARGES, SIGN-IN SHEETS, INPATIENT AND OUTPATIENT CHARTS AND RECORDS, AMBULANCE, EMERGENCY ROOM AND LAB REPORTS, PATHOLOGY REPORTS, PRESCRIPTION AND PHARMACY RECORDS, AND ANY OTHER RECORDS PERTAINING TO **AVIA [redacted] TURNER-GRAY aka [redacted]** FROM THE FIRST DATE OF TREATMENT TO AND INCLUDING THE PRESENT. [redacted] BILLING RECORDS ARE INCLUDING BUT NOT LIMITED TO ANY RECORDS/DOCUMENTS THAT MAY BE STORED DIGITALLY AND/OR ELECTRONICALLY: CHARGES, EXPLANATION OF BENEFITS, PAYMENTS, ADJUSTMENTS, WRITE-OFFS, BALANCES DUE, INSURANCE RECORDS AND ITEMIZED BILLING CHARGES REGARDING ANY AND ALL CARE, TREATMENT AND/OR EXAMINATIONS PERTAINING TO **AVIA [redacted] TURNER-GRAY [redacted]**

ANY AND ALL PSYCHIATRIC RECORDS/REPORTS INCLUDING BUT NOT LIMITED TO MEDICATIONS, SAMPLES, PRESCRIPTION LOGS, PRESCRIPTION RECORDS, EVALUATIONS, NOTES, MEMORANDA, CORRESPONDENCE, CONSULTATIONS, INSURANCE RECORDS AND/OR CLAIMS, PHOTOGRAPHS, HANDWRITTEN NOTES, TELEPHONE MESSAGES, PRESCRIPTION RECORDS, AND ANY CORRESPONDENCE PERTAINING TO THE EXAMINATION AND/OR TREATMENT OF THE RECORD SUBJECT **AVIA [redacted] TURNER-GRAY [redacted]**

## Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)

**(c) Place of Compliance.**

***(1) For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

***(2) For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

***(1) Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

***(2) Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

***(3) Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

***(1) Producing Documents or Electronically Stored Information.*** Thes e procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

***(2) Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

Civil Action No. **3:23-cv-05507-SI**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* **Village Medical – Riverdale**

on *(date)* **07/07/2026**

☐ I served the subpoena by delivering a copy to the named individual as follows: ______________________________

______________________________ on *(date)* __________; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

**$15.00**.

My fees are **$** for travel and **$** for services, for a total of **$**.

I declare under penalty of perjury that this information is true.

Date:

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's Address*

Additional information regarding attempted service, etc: