Gmail

**Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>**

---

## U.S District Court SDT, REF: 252659-01

---

**Keeperofrecords** <Keeperofrecords@doj.ca.gov> Thu, Jul 23 at 15:27
To: ameyers@clappmoroney.com <ameyers@clappmoroney.com>
Cc: Aviaturnergrayattyatlaw@gmail.com <Aviaturnergrayattyatlaw@gmail.com>

Dear Counsel:

We have received the subpoena in the case Turner-Gray v. Avis Budget Group Inc. Et Al (Case Number: 3:23cv5507).

If plaintiff objects to production, please email the motion to quash to this email address to ensure timely receipt.

Thank you,

KOR

California Department of Justice

Bureau of Criminal Information and Analysis

Record Quality Services Program - Custodian of Records

Keeperofrecords@doj.ca.gov

COR

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the the intended recipient, please contact the sender and destroy all copies of the communication.

Gmail Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>

## RE: U.S District Court SDT, REF: 252659-01

**Ashley N. Meyers** <ameyers@clappmoroney.com> Thu, Jul 23 at 15:34
To: Keeperofrecords <Keeperofrecords@doj.ca.gov>
Cc: Aviaturnergrayattyatlaw@gmail.com <Aviaturnergrayattyatlaw@gmail.com>, Kate D. Erickson <kerickson@clappmoroney.com>

We are withdrawing all subpoenas in this matter pending meet and confer. This subpoena is withdrawn and we will re-issue at a future date. Please confirm.

Ashley N. Meyers
Partner
tel: 925-734-0990 | fax: 925-734-0888 | ameyers@clappmoroney.com
5860 Owens Drive, Suite 410, Pleasanton, CA 94588

CLAPP MORONEY | VUCINICH | BEEMAN + SCHELEY
TRIAL LAWYERS
40+ YEARS STRONG

**San Francisco | Peninsula | East Bay/Central Valley | San Jose/Monterey | Sacramento | Los Angeles**

*Visit our website at www.clappmoroney.com for additional information on Clapp Moroney*

*****************************************************************

This e-mail, including any attachments, is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Thank you.

---

**From:** Keeperofrecords <Keeperofrecords@doj.ca.gov>
**Sent:** Thursday, July 23, 2026 12:27 PM
**To:** Ashley N. Meyers <ameyers@clappmoroney.com>
**Cc:** Aviaturnergrayattyatlaw@gmail.com
**Subject:** U.S District Court SDT, REF: 252659-01

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Counsel:

Gmail Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>

# Re: URGENT - Eight Subpoenas Issued from a Nonexistent Court - Response Required by 5:00 p.m. Pacific, Friday July 24, 2026 - Turner-Gray v. Avis Budget Car Rental, LLC, No. 3:23-cv-05507

**Ashley N. Meyers** <ameyers@clappmoroney.com> Thu, Jul 23 at 16:42
To: Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>
Cc: Chris Beeman <cbeeman@clappmoroney.com>, Richean G. Martin <rmartin@clappmoroney.com>

Avia,

I have confirmed in writing that all have been withdrawn pending our ability to meet and confer about individual subpoenas. This has been confirmed with First Legal.

Ashley Meyers

On Jul 23, 2026, at 1:35 PM, Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com> wrote:

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Meyers,

I have just now opened the package delivered to me by First Legal Records at my address in East Point, Georgia. It contains a cover letter dated July 10, 2026 and the subpoenas issued under First Legal reference number 252659, directed to the following:

1. California Department of Justice, Bureau of Criminal Information and Analysis
2. Alameda Health System (Highland Hospital), Health Information Management
3. Kaiser Permanente National, Human Resources Service Center Operations
4. Wellstar Health System, Inc.
5. Power Personnel, Inc.
6. Genie Healthcare, Inc.
7. Joseph M. Latham, Psy.D., Seahorse Psychology Center
8. Village Medical, Riverdale

Every subpoena in the package is issued on federal form AO 88B and identifies the issuing court as the "United States District Court for the Rene C. Davidson Courthouse of Alameda County Superior Court." There is no such court. Federal Rule of Civil Procedure 45(a)(2) requires that a subpoena issue from the court where the action is pending. This action is pending in the United States District Court for the Northern District of California, and no action between these parties is pending in Alameda County Superior Court. The defect is uniform across all eight.

Every subpoena further identifies you as attorney for "Defendant Avis Budget Group, Inc." That entity is not a party. The operative caption is Avia Turner-Gray v. Avis Budget Car Rental, LLC, John Does 1 through 50. On July 16, 2026 you executed Dkt. No. 113 as counsel for Avis Budget Car Rental, LLC.
RESPONSE REQUIRED BY 5:00 P.M. PACIFIC, FRIDAY, JULY 24, 2026.

The time is short because of Defendant's own timing, not mine. The subpoenas issued July 10, 2026. Notice was sent to me by ordinary mail across the country and did not reach me until this week. The subpoena to Alameda Health System commands production on July 30, 2026. Custodians are contacting me now. I received no advance notice of any kind, and I am not able to absorb a delay that Defendant created by serving eight subpoenas without notifying me.

We conferred on July 20, 2026. You raised the Latham subpoena and stated it was being withdrawn. You did not disclose that seven additional subpoenas had issued to my employer, my staffing agencies, my medical

providers, and the California Department of Justice.

I object to all eight. I do not consent to the release of any records by any of these entities. I am notifying each custodian directly.
I require the following in writing by the time stated above.

1. A precise statement of what has been withdrawn. Identify each subpoena you contend is withdrawn, the date of withdrawal, and how the withdrawal was communicated to the custodian and to First Legal Records. If only the July 15, 2026 subpoena to Dr. Latham was withdrawn, state that plainly.

2. A complete list of every subpoena issued in this action to any third party for my records, including the date of issuance, the date and manner of service on each custodian, and the production date stated in each.

3. The date and manner of service on me of the notice required by Federal Rule of Civil Procedure 45(a)(4) as to each subpoena, and a copy of each notice. The rule requires that notice and a copy be served on each party before the subpoena is served on the person to whom it is directed.

4. Confirmation whether a Notice to Consumer under California Code of Civil Procedure section 1985.3 was served as to each subpoena, and a copy of each.

5. For each of the eight entities, a statement identifying what records Defendant or its prior counsel already possesses from that entity, the date obtained, the Bates range, and precisely what additional material the current subpoena seeks that Defendant does not already have.

6. Confirmation whether any records have been received by your firm, by First Legal Records, or by any agent acting for Defendant, from any of the eight entities in response to the July 10, 2026 subpoenas. If so, identify the entity, the date received, and the volume.

7. Written instruction to First Legal Records to cease all collection activity as to all eight entities, to accept no further records, and to deliver nothing to your firm.

PRESERVATION. Any records already received from any of these entities must be sequestered immediately and must not be reviewed, copied, distributed, indexed, uploaded, or disclosed to anyone, including your client, its employees, its insurers, or any expert, pending order of the Court. This includes anything in the possession of First Legal Records. Please confirm in writing that this instruction has been given and complied with.

CUMULATIVE AND DUPLICATIVE DISCOVERY. Defendant already obtained records from Village Medical and used them at the deposition of my treating physician. Defendant also already obtained records from Alameda Health System. Federal Rule of Civil Procedure 26(b)(2)(C)(i) requires the Court to limit discovery that is unreasonably cumulative or duplicative, or that can be obtained from a source that is more convenient or less burdensome. Records already in Defendant's possession are the least burdensome source available. Federal Rule of Civil Procedure 45(d)(1) requires a party issuing a subpoena to take reasonable steps to avoid imposing undue burden on a person subject to it. Re-subpoenaing nonparty providers and my employer for material Defendant already holds imposes burden on those nonparties and on me for no discovery purpose. If current counsel does not have the file assembled by prior counsel, the remedy is to obtain that file from prior counsel, not to re-collect from nonparties.

FURTHER OBJECTIONS, WITHOUT LIMITATION. The subpoena directed to Alameda Health System demands all payroll, personnel, employment and wage records, pre-employment records, physical examinations, work absence records, incident reports, vacation records, loss of earnings records, disciplinary records, internal investigation records, employee progress records, and all claims under health, accident or hospitalization insurance coverage, from the first date of employment to the present. It contains no temporal limitation and no limitation to any matter at issue in this action.

I object to each of the eight on grounds including improper issuance, lack of notice, overbreadth, lack of proportionality, cumulative and duplicative discovery, privilege, and privacy, and I reserve all further objections.
I am not waiving the statutory hold period. I have not initialed and will not initial the waiver line on the First Legal Records form. Please instruct First Legal that no waiver has been given.

If I do not receive the confirmations above by 5:00 p.m. Pacific on Friday, July 24, 2026, I will proceed on the understanding that nothing has been withdrawn and will seek relief from the Court as to all eight subpoenas,

including an order quashing them, a protective order, and an order requiring the return or destruction of any records already obtained

Avia Turner-Gray
Plaintiff In Pro Per

Gmail Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>

# Re: Turner-Gray v Avis: Invalid Subpoenas Issued - Respond by 5:00 p.m. July 27,2026 - Turner-Gray v. Avis Budget Car Rental, LLC, No. 3:23-cv-05507

**Avia Turner-Gray** <aviaturnergrayattyatlaw@gmail.com> Fri, Jul 24 at 19:10
To: Ashley N. Meyers <Ameyers@clappmoroney.com>, <cbeeman@clappmoroney.com>, <rmartin@clappmoroney.com>
Cc: <amontes@firstlegal.com>

Ms Meyers,

I am following up on my earlier email regarding the eight subpoenas issued under First Legal Records reference number 252659.

Today, I spoke with Arnee Montes, Case Manager at First Legal Records (801 S. Grand Avenue, Suite 701, Los Angeles, CA 90017; 877-591-9979). She informed me that the subpoenas were canceled yesterday, and the notices of cancellation are being sent to the custodians *by mail*. Because they are being mailed, they will not reach the custodians before the dates on which those custodians are commanded to produce. The California Department of Justice response date is July 29, 2026, and the Alameda Health System production date is July 30, 2026. A cancellation mailed now will not arrive in time to prevent production.

When I raised this with Ms. Montes, she stated that she would attempt to reach the remaining custodians by telephone or email today to inform them that the subpoenas have been cancelled. I am copying her on this email to memorialize that conversation. I would ask that she confirm, in reply, as each custodian is reached and by what method.

I appreciate as well that you contacted the California Department of Justice directly to cancel that subpoena, and my treating psychologist, Dr. Latham, has separately served his own objection. That leaves six custodians as to whom I still have no confirmation that production will be prevented: Alameda Health System, Kaiser Permanente, Wellstar Health System, Power Personnel, Genie Healthcare, and Village Medical.

Because mail will not resolve this in time, I ask that you confirm, in writing, that the withdrawal has been communicated to each custodian by a method that will actually reach each cudtodian before its production date. Ms. Montes's calls are a helpful start, but I need confirmation from you, as the issuing party, that the withdrawal is complete as to all six.

I also renew my request for written confirmation whether any records have already been received by First Legal Records or your firm from any of these custodians, and if so, confirmation that those records have been sequestered and not reviewed.

If I do not receive confirmation by 1700 Pacific time on Monday, July 27, 2026, that all six remaining subpoenas have been withdrawn by a method that will actually reach the custodians before their production dates, I will raise this with the Court as a discovery dispute and request an informal conference under Judge Hixson's Discovery Standing Order.

Regards,

Avia Turner-Gray

Plaintiff In Pro Per

On Thu, Jul 23, 2026 at 16:42 Ashley N. Meyers <ameyers@clappmoroney.com> wrote:

> Avia,
>
> I have confirmed in writing that all have been withdrawn pending our ability to meet and confer about individual subpoenas. This has been confirmed with First Legal.
>
> Ashley Meyers
>
> On Jul 23, 2026, at 1:35 PM, Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com> wrote:

---

**RE: Turner-Gray v Avis: Invalid Subpoenas Issued - Respond by 5:00 p.m. July 27,2026 - Turner-Gray v. Avis Budget Car Rental, LLC, No. 3:23-cv-05507**

---

**Ashley N. Meyers** <ameyers@clappmoroney.com> Mon, Jul 27 at 11:24
To: Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>, Chris Beeman <cbeeman@clappmoroney.com>, Richean G. Martin <rmartin@clappmoroney.com>
Cc: amontes@firstlegal.com <amontes@firstlegal.com>

Ms. Turner-Gray,

It is unusual if not unheard of for locations to turn around subpoenaed records within a few days. However, for the subpoenas that have been withdrawn, I am fine to stipulate that, if anything is received by First Legal, they will notify us both at the same time and you can decide what you want done with those documents. If you insist on their being destroyed, that's fine. I don't believe that this is a ripe issue as no records have been received and none are expected prior to delivery of the notices of withdrawal.

I will confirm that, per our meet and confer discussion, we will be re-issuing a subpoena to Dr. Latham with a start date of October 2020 – 2 years before the subject incident.

Ashley N. Meyers
Partner
tel: 925-734-0990 | fax: 925-734-0888 | ameyers@clappmoroney.com
5860 Owens Drive, Suite 410, Pleasanton, CA 94588

**San Francisco | Peninsula | East Bay/Central Valley | San Jose/Monterey | Sacramento | Los Angeles**

*Visit our website at www.clappmoroney.com for additional information on Clapp Moroney*

*************************************************************

This e-mail, including any attachments, is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Thank you.

Gmail Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>

## Re: Response: Turner-Gray v Avis: Invalid Subpoenas Issued - Respond by 5:00 p.m. July 27,2026 - Turner-Gray v. Avis Budget Car Rental, LLC, No. 3:23-cv-05507

**Avia Turner-Gray** <aviaturnergrayattyatlaw@gmail.com> Mon, Jul 27 at 18:49
To: Arnee Montes <amontes@firstlegal.com>, <cbeeman@clappmoroney.com>
Cc: Ashley N. Meyers <Ameyers@clappmoroney.com>, Chris Beeman <cbeeman@clappmoroney.com>, Richean G. Martin <rmartin@clappmoroney.com>

Thank you,

Avia Turner-Gray
Plaintiff In Pro Per

On Mon, Jul 27, 2026 at 12:52 Arnee Montes <amontes@firstlegal.com> wrote:

> Good Morning Everyone,
>
> Effort to provide additional notification (beyond cancellation letters) that the subpoenas for case 3:23-cv-05507-SI have been made on 7/24. Below, I will be providing this information:
>
> 252659-01 (California department of Justice) I called (916)227-3849 and there was no option to speak with someone in release of information. I emailed Keeperofrecords@doj.ca.gov to advise that the subpoena has been withdrawn and to cease efforts.
>
> 252659-02 (Alameda Health System) I called (510)895-7245 and spoke with Monique. Monique stated they can not take the notice of withdraw verbally, and to email roirequest@alamedahealthsystem.org which has been completed.
>
> 252659-03 (Kaiser Permanente National) I called (877)457-4772 and spoke with Monette. Monette stated they do not have access to see if the subpoena was received, however I provided the serve date and they stated it likely has not been processed. I was advised to email hrsc-filessubpoena@kp.org . This was completed.
>
> 252659-04 (Wellstar Health) I called (770)559-4892 and did not receive a response.
>
> 252659-05 (Power Personnel) I spoke with Kaylene at (408)283-9144 and was told that the information would be relayed.
>
> 252659-06 (Genie Healthcare) I called (855)888-7333 and left a message for Michelle, advising the subpoena has been withdrawn.
>
> 252659-07(Dr. Joseph Latham) I called the provider at (949)592-6500 and left a detailed message.

252659-08 (Village Medical) I have called (760)960-8855 and left a detailed message.

I also would like to note that the orders have been closed on our end, and no follow ups have or will be made. If we do happen to receive records, they will be destroyed.

Thank You

FIRSTLEGAL RECORDS

**Arnee Montes** | Case Manager
amontes@firstlegal.com

**First Legal | Records**
Office: 800.889.0111 Ext.2115
www.FirstLegal.com

**File Thru Trial™**

Court & Process | Depositions | eDiscovery | Records | Digital | Investigations

Private Investigator Licenses: CA PI: 24171 AZ PI: 1551710 NV PI-PS: 1452

This email (including any attachments) contains confidential information intended solely for the use of named addressee, and is protected by law. If you are not the intended recipient, you should delete it immediately and are hereby notified that disclosure, copying, distribution, or reuse of this message or any information contained therein by any other person is strictly prohibited

Gmail Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>

**Re: Turner-Gray v. Avis: 3:23-cv-05507-TSH — Joint Discovery Letter Brief No. 3 Re: Subpoenas (Dkt. 128) — Defendant's Portion Due Tuesday, September 22, 1:00 p.m. Pacific**

**Avia Turner-Gray** <aviaturnergrayattyatlaw@gmail.com> Mon, Sep 21 at 03:12
To: Ashley N. Meyers <Ameyers@clappmoroney.com>, Chris Beeman <cbeeman@clappmoroney.com>, Richean G. Martin <rmartin@clappmoroney.com>

Ms. Meyers,

Thank you for confirming our agreement on the medical subpoenas. On employment, my is as follows.

You already have my compensation history. I produced seven years of W-2s covering my nursing engagements, and that is the compensation record. Any subpoena to a staffing agency for pay records would seek what you already hold from a nonparty which Rule 26(b)(2)(C)(i) directs the Court to limit.

You also already have discovery which identifies each engagement, the facility, the dates, and the position held. For engagements from October 1, 2020, I will produce the engagement contracts to the extent they are in my possession, as documents sufficient to show the agency, facility, dates, title, and rate.

I do not agree to employment subpoenas. As a contract nurse executive/travel nurse, I worked through multiple agencies in a given year. Each of those agencies is a separate nonparty, and a personnel or credentialing file from an agency or client facility bears on no issue in this case. Subpoenas to those nonparties would impose burden under Rule 45(d)(1) for records that are duplicative of what you already hold or irrelevant

This is my proposal: the W-2s and discovery covering assignments already produced, plus the October 1, 2020 forward contracts in my possession. I am willing to produce my employment file from Alameda Health, but I believe that you already have it. That actually covers my employment from 2019 forward.

I remain available tomorrow evening as proposed if you wish to discuss.

Regards,

Avia Turner-Gray

Plaintiff In Pro Per

On Sun, Sep 20, 2026 at 16:00 Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com> wrote:

> Ms Meyers,
>
> I am flying cross country tomorrow. I'm going to be in the air until almost 10 pm tomorrow. The best I could give you on

Gmail

Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com>

**Re: Turner-Gray v. Avis: 3:23-cv-05507-TSH: Response to 09/21/26 Meet and Confer Session: Joint Discovery Letter Brief No. 3 Re: Subpoenas (Dkt. 128) — Defendant's Portion Due Tuesday, September 22, 1:00 p.m. Pacific**

**Avia Turner-Gray** <aviaturnergrayattyatlaw@gmail.com> Tue, Sep 22 at 19:00
To: Ashley N. Meyers <Ameyers@clappmoroney.com>, Chris Beeman <cbeeman@clappmoroney.com>, Richean G. Martin <rmartin@clappmoroney.com>

Ms. Meyers,

This responds to your request last night that I propose language for the employment subpoenas and for a subpoena to Dr. Latham.

On employment, there is no language to propose, because the material you seek is already in Defendant's possession. You have my work history from the B.E. Smith and AMN production, seven years of my W-2s, and the Alameda Health System records Defendant obtained under its earlier subpoena. As I offered in writing on September 21, I will produce the engagement contracts in my possession for engagements from October 1, 2020 forward, as documents sufficient to show agency, facility, dates, title, and rate, and my Alameda Health System employment file, which covers my employment from 2019 forward. Beyond that, subpoenas to the staffing agencies and to their client hospitals seek the same material a second and third time from nonparties, and the Court is required to limit discovery that is cumulative or obtainable from a less burdensome source. Fed. R. Civ. P. 26(b)(2)(C)(i). You also stated that Defendant wants to subpoena Kaiser Permanente for records of my engagement there; Defendant already obtained those records from AMN. The withdrawn packet reflects the same approach: Defendant subpoenaed Village Medical, the practice of my personal physician, Dr. Travis, again, although it had already obtained those records and used them at her deposition without producing them to me beforehand. You also subpoenaed my California criminal history, which I have produced more than once, most recently in April 2026.

On Dr. Latham, I am not proposing subpoena language because no subpoena is warranted at this time. We agree the records are limited to Dr. Latham's records from October 1, 2020 forward. I will produce those records myself within five weeks of entry of the amended protective order. If the Court orders otherwise, or if after production you identify a specific deficiency, we can confer on subpoena terms then.

The remaining issues should go to the Court on our respective positions in the joint letter. I look forward to receiving Defendant's portion by 7:00 p.m. Pacific as agreed.

Regards,

Avis Turner-Gray
Plaintiff In Pro Per

On Mon, Sep 21, 2026 at 22:25 Avia Turner-Gray <aviaturnergrayattyatlaw@gmail.com> wrote:

> Ms Meyers,
>
> Thank you. I'll call you about 8pm.
>
> Avia Turner-Gray
> Plaintiff In Pro Per
> (404)444-6561 O