Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344
(404) 444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AVIA TURNER-GRAY,<br>Plaintiff,<br>v.<br>AVIS BUDGET CAR RENTAL, LLC,<br>JOHN DOES 1 THROUGH 50,<br>Defendants. | Case No. 3:23-cv-05507-TSH<br>Judge Thomas S. Hixson<br><br>**[PROPOSED] ADDENDUM TO PROTECTIVE ORDER (DKT. NO. 87): QUALIFIED PROTECTIVE ORDER FOR MEDICAL AND PSYCHOLOGICAL RECORDS** |

Pursuant to Section 12.1 of the Protective Order entered October 16, 2025 (Dkt. No. 87), Federal Rule of Civil Procedure 26(c), and 45 C.F.R. § 164.512(e)(1)(v), the Protective Order is amended to add the following Section 14. Except as provided below, the Protective Order remains in full force and its terms apply to all material covered by this Section.

**14. QUALIFIED PROTECTIVE ORDER FOR MEDICAL AND PSYCHOLOGICAL RECORDS**

14.1 Covered Records. "Covered Records" means all medical, psychological, psychiatric, and counseling records concerning Plaintiff Avia Turner-Gray, including treatment records, billing records, and any protected health information as defined in 45 C.F.R. § 160.103, produced or obtained by any party in this action from any source.

14.2 Designation. All Covered Records are CONFIDENTIAL under this Protective Order. The Producing Party shall affix the CONFIDENTIAL legend to each page of Covered Records in the manner provided in Section 5.2(a). A Covered Record produced without the legend is nonetheless CONFIDENTIAL, and the omission does not waive protection. Any information copied, extracted, summarized, or derived from Covered Records carries the same designation.

14.3 Limitation on Use. Covered Records may be used or disclosed solely for the purpose of prosecuting, defending, or settling this action and for no other purpose. 45 C.F.R. § 164.512(e)(1)(v)(A).

14.4 Scope. Absent further order of the Court or written agreement of Plaintiff, Covered Records are limited to records dated October 1, 2020 forward, and to the conditions Plaintiff has placed in controversy in this action.

14.5 Psychotherapy Notes. "Psychotherapy Notes" has the meaning given in 45 C.F.R. § 164.501: notes recorded in any medium by a mental health professional documenting or analyzing the contents of conversation during a private, joint, or group counseling session, and separated from the rest of the individual's medical record. The term excludes medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment, results of clinical tests, and any summary of diagnosis, functional status, treatment plan, symptoms, prognosis, and progress to date. Psychotherapy Notes shall be withheld from production and, if their production is sought, shall be submitted to the Court for in camera review. No Psychotherapy Notes shall be produced, disclosed, or used absent an order of the Court following that review.

14.6 Method of Production. Covered Records shall be produced by Plaintiff directly to Defendant's Outside Counsel of Record. No Covered Record shall be requested from, transmitted to, collected by, or held by any records-retrieval service, copy service, or other Professional Vendor. Covered Records shall be transmitted only by encrypted electronic means or by secure physical delivery, and shall not be transmitted by unencrypted email or by facsimile.

14.7 Access. Notwithstanding Section 7.2 of the Protective Order, Covered Records may be disclosed only to: (a) Defendant's Outside Counsel of Record and their employees to whom disclosure is reasonably necessary; (b) Experts retained by Defendant who have signed Exhibit A to the Protective Order; (c) the Court and its personnel; (d) court reporters for purposes of transcription; (e) the author, recipient, or custodian of the particular record, including the treating provider who created it; and (f) a witness during that witness's deposition, subject to Section 14.9 and to the witness having signed Exhibit A, unless otherwise agreed by Plaintiff or ordered by the Court. Covered Records shall not be disclosed to Defendant's officers, directors, employees, insurers, or House Counsel except upon further order of the Court or written agreement of Plaintiff.

14.8 Storage. Covered Records shall be stored in a secure manner that ensures access is limited to the persons authorized in Section 14.7, and shall not be uploaded to, indexed in, or processed by any system to which persons outside that list have access.

14.9 Depositions and Filings. Any use of Covered Records at a deposition shall be on the record and subject to Section 5.2(b) of the Protective Order. Any filing that includes or quotes Covered Records shall be made under seal in compliance with Civil Local Rule 79-5, subject to Section 12.3 of the Protective Order.

14.10 Return or Destruction. Within sixty days after the final disposition of this action as defined in Section 4 of the Protective Order, each Receiving Party shall return to Plaintiff or destroy all Covered Records and all copies, extracts, summaries, and derivatives thereof, and shall certify that return or destruction in writing in the manner required by Section 13 of the Protective Order. 45 C.F.R. § 164.512(e)(1)(v)(B). Any archival copy that Section 13 permits counsel to retain remains subject to this Section and to Section 4 of the Protective Order.

14.11 Subpoenas to Providers. No subpoena for Covered Records shall be served on any health care provider unless (a) Plaintiff has been afforded the opportunity to produce the records under

this Section and (b) the Court has found, after the parties have met and conferred, that Plaintiff's production is deficient. Any such subpoena shall issue from this Court, shall be served on Plaintiff with a copy at least fourteen days before service on the provider as required by Federal Rule of Civil Procedure 45(a)(4), shall be limited in scope by Section 14.4, and shall direct production to Defendant's Outside Counsel of Record in the manner required by Section 14.6.

14.12 Conflict. To the extent this Section conflicts with any other provision of the Protective Order, this Section controls as to Covered Records.

**IT IS SO ORDERED.**

Dated: ______________________ ______________________________________

THOMAS S. HIXSON
United States Magistrate Judge

Submitted by:

/s/ Avia Turner-Gray_____________
Avia Turner-Gray
Plaintiff In Pro Per
Dated: September 22, 2026