Christopher J. Beeman: SBN 121194
cbeeman@clappmoroney.com
Ashley N. Meyers: SBN 274072
ameyers@clappmoroney.com
CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 Owens Drive, Suite 410
Pleasanton, California 94588
Telephone: (925) 734-0990
Facsimile: (925) 734-0888

Attorney for Defendant
AVIS BUDGET CAR RENTAL, LLC

Avia Turner-Gray
3538 Cumberland Road
East Point, GA 30344
Telephone: (404) 444-6561
aviaturnergrayattyatlaw@gmail.com
Plaintiff In Pro Per



**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND**

AVIA TURNER-GRAY,

Plaintiff,

v.

AVIS BUDGET GROUP INC., AMN HEALTHCARE SERVICES, INC., and B.E. SMITH,

Defendants.

Case No.: 3:23-cv-05507-TSH

**The Honorable Thomas Hixson**

**JOINT DISCOVERY LETTER BRIEF RE DEFENDANT'S REQUEST FOR LEAVE TO TAKE A SECOND DEPOSITION OF PLAINTIFF (Dkt. No. 128)**

**PUBLIC REDACTED VERSION**

///

///

///

///

///

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

**ATTESTATION**

The parties met and conferred by telephone and were unable to resolve this dispute. Plaintiff's portion of this joint discovery letter brief is filed under seal pursuant to Dkt. No. 128 and Civil L.R. 79-5. An administrative motion to seal is filed concurrently. This is the public redacted version filed pursuant to Civil L.R. 79-5(e). The unredacted version is filed under seal.

DATED: October 6, 2026

By: /s/ Avia Turner-Gray
Avia Turner-Gray
Plaintiff In Pro Per

DATED: October 6, 2026

By: [signature]
Ashley N. Meyers
Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC

**DEFENDANT'S POSITION**

Following the parties' meet-and-confer by telephone, Defendant Avis requests an order requiring Plaintiff Avia Turner-Gray to appear for a continued deposition of up to three hours, excluding breaks. Plaintiff repeatedly refused to answer relevant questions, provided evasive responses to others, and ultimately terminated her deposition while defense counsel expressly stated that additional questions remained. Avis does not seek another seven-hour deposition; it seeks only sufficient time to complete a fair examination.

Under Rule 30(c)(2), an objection does not permit a deponent simply to refuse to answer. The examination proceeds subject to the objection unless the refusal is necessary to preserve a privilege, enforce a court-ordered limitation, or present a motion under Rule 30(d)(3). Rule 30(d)(1) requires additional time when necessary to fairly examine a deponent or when the deponent has impeded or delayed the examination. Rule 37(a)(3)(B)(i) authorizes an order compelling answers to deposition questions, and an evasive or incomplete answer is treated as a failure to answer. Fed. R. Civ. P. 37(a)(4).

///

Plaintiff's refusals concerned issues central to her own claims. For example:

- Psychological causation. Plaintiff seeks damages for PTSD, anxiety, and emotional distress and expressly testified that she attributes [REDACTED] of her mental injuries to Avis. (Turner-Gray Dep. 26:4-14.) Yet Plaintiff had just described [REDACTED]. When counsel attempted to explore that prior trauma, Plaintiff refused to answer, announced that she was [REDACTED] and later stated, [REDACTED] (Id. 28:1-30:15.) The existence and effect of other potentially traumatic events is directly relevant to causation of the psychological injuries Plaintiff places at issue.

- Lost earnings and mitigation. Plaintiff seeks lost income and diminished earning capacity. She testified that she had performed legal work in addition to nursing, but when counsel explained that her ability to work as an attorney was relevant to mitigation, Plaintiff declared: [REDACTED] and unilaterally directed that all questioning be limited to nursing. (Id. 75:21-77:16.) Avis does not seek privileged attorney-client communications; it seeks nonprivileged facts concerning Plaintiff's work history, earnings, ability to work, and mitigation. See *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).

- Termination of the examination. Near the end of the deposition, Plaintiff was asked whether she would agree to a continued session and responded, [REDACTED] (Turner-Gray Dep. 252:12-253:5.) After a break, at 4:12 p.m., Plaintiff announced: [REDACTED] Defense counsel expressly advised her, [REDACTED] but Plaintiff refused to continue and the deposition ended at 4:13 p.m. (Id. 254:13-255:4.)

Plaintiff was entitled to state objections. She was not entitled to decide for herself which relevant, nonprivileged questions she would answer or to terminate the examination without seeking relief under Rule 30(d)(3). Indeed, Rule 30 provides the procedure for a deponent who believes an examination is being conducted oppressively: move to terminate or limit the deposition and suspend it only for the time necessary to obtain a ruling. Plaintiff did not do so

Avis therefore requests leave under Rules 30(a)(2)(A)(ii) and 30(d)(1) to Plaintiff's deposition remotely for up to three additional hours, excluding breaks, and an order requiring Plaintiff to answer nonprivileged questions concerning her claims, alleged psychological damages, loss of income damages, and mitigation, together with reasonable follow-up and the remaining areas counsel had not



CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

completed when Plaintiff terminated the deposition. The requested relief is narrow and necessary to complete the fair examination that Plaintiff prevented from being completed.

Defendant is fine with conducting the remainder of the deposition via zoom.

## PLAINTIFF'S POSITION

Plaintiff was deposed on May 22, 2025 by Defendant's then-counsel, Christopher Lee of Everett Dorey LLP (Mr. Lee), in person at San Ramon, California. Ex. A at 5:12-13. The record ran from 9:11 a.m. to 4:13 p.m. Ex. A at 5:11, 254:2-4. Defendant now seeks leave to depose Plaintiff again. Plaintiff opposes. The transcript is Exhibit A, filed under seal pursuant to Dkt. No. 128. The Court ordered this joint letter filed by October 5, 2026. Dkt. No. 128. Defendant did not provide its portion until the evening of that date. It then filed that portion separately on the public docket. Dkt. No. 142. Because Defendant placed on the public record material the Court had ordered sealed, Plaintiff files her portion under seal.

**I. Defendant used the examination to abuse Plaintiff rather than to obtain facts.**

Rule 30(d)(3)(A) permits a deponent to terminate a deposition "conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent" and requires that it be suspended while an order is sought. The Rule measures how the examination was conducted. Discovery by deposition carries "a significant potential for abuse" and may be used "purposefully" to extract what is harmful rather than relevant. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984).

Within the first twenty pages Mr. Lee reached [REDACTED]. Ex. A at 21:11, 21:18-21. Plaintiff told him she was [REDACTED] and had not thought about it in years. Ex. A at 24:2-4. After a sixteen-minute recess she testified [REDACTED] and asked him to move on. Ex. A at 24:10-25:3. She broke down in tears more than once. Dkt. No. 123 at 15.

Mr. Lee returned to [REDACTED] three times. Each time he pressed Plaintiff to describe [REDACTED] rather than any fact at issue. He first asked her to [REDACTED] Ex. A at 27:1-3. Plaintiff objected that the questioning was harassing. Ex. A at 27:4-7. Plaintiff warned him that



Clapp, Moroney, Vucinich, Beeman+Scheley
5860 Owens Drive, Suite 410
Pleasanton, California 94588

returning to [REDACTED] was forcing her to relive it and was [REDACTED] Ex. A at 27:13-18. Mr. Lee then asked, [REDACTED] Plaintiff corrected him: [REDACTED] Ex. A at 27:19-20. He pressed a third time and [REDACTED]. Ex. A at 28:1-2. He put each question to her in person and on camera in the same room. Ex. A at 5:12-15.

These questions sought no fact in this case. Mr. Lee already had what he says he was after. [REDACTED]. That event bears on nothing in a case about Avis's systematic and ongoing practice of intentionally and falsely reporting its own lawfully rented vehicles as stolen, thereby causing the innocent renters to be arrested at gunpoint. Plaintiff testified she had not thought about [REDACTED] in years; it was long dormant. Ex. A at 24:2-4. Mr. Lee returned to it after Plaintiff told him it was triggering her and pressed on after she asked him to stop. He did not gather evidence. He revived a dormant event and inflicted a fresh injury on Plaintiff over a matter with no relevance to this case. The contrast proves the purpose. The psychological injury Plaintiff claims in this case was caused by police officers pointing their guns at her head during that arrest. Mr. Lee never once asked her to describe those guns. He used an aggravated and irrelevant line of questioning instead to manufacture a different source for her trauma. An examiner who works to invent an alternative cause of a plaintiff's trauma while refusing to ask about the actual one is not building a defense. He is inflicting injury in the bad faith that Rule 30(d)(3)(A) forbids.

Plaintiff suspended on that ground. Ex. A at 28:3-9. Mr. Lee answered that he could [REDACTED] Ex. A at 29:14-15. He never did. Defendant's last two questions of the day were of the same character. Plaintiff had described [REDACTED]. Ex. A at 244:16-245:2. Mr. Lee asked, [REDACTED] Ex. A at 245:18. Plaintiff suspended again. He then asked

///

[REDACTED]. Ex. A at 245:22. Plaintiff told him the question was [REDACTED] Ex. A at 252:12-14.

Defendant invokes Rule 30(c)(2), which permits a refusal to answer to "present a motion under Rule 30(d)(3)." Plaintiff invoked that ground on the record both times she suspended. Ex. A at 28:7-



CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

8, 253:16-17. Defendant quotes the rule that authorized what Plaintiff did. Mr. Lee said he would bring the motion and never did. Defendant is the movant now, and this letter is Plaintiff's request for the protective order.

**II. Defendant repeated that conduct at the depositions of Plaintiff's providers and again on the public docket in this filing.**

The Court may protect a party from "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). The pattern is before the Court. At the deposition of Dr. Dean Leav, Plaintiff's testifying psychologist, prior counsel used the questioning to insult Plaintiff and ridicule her case. At the deposition of Dr. Travis, her physician, prior counsel questioned the physician about Plaintiff's menopausal status, hormone treatment, diabetic condition, and weight. Prior counsel suggested that the Plaintiff was lazy. Joint Case Mgmt. Statement at 15-16, Dkt. No. 123 (Aug. 14, 2026). Plaintiff is a person with a disability under 42 U.S.C. § 12102. None of those subjects bears on any issue in this action.

Counsel practicing in this District are bound to practice with honesty, care, and decorum and to comply with the standards of professional conduct that govern members of the State Bar of California. Civil L.R. 11-4(a)(1), (4). Those standards forbid an attorney to advance any fact prejudicial to the honor or reputation of a party unless the justice of the cause requires it. Cal. Bus. & Prof. Code § 6068(f). Nothing in a case about a false stolen-vehicle report required Plaintiff's physician to be walked through her medical records and questioned about her genitalia, menopause, hormone treatment, diabetes, and weight. The deposition was humiliating, and it was intended to be. It humiliated Plaintiff through her own doctor and placed that humiliation on the record of a federal proceeding. Plaintiff will address that conduct by separate motion as the Discovery Standing Order requires.

The conduct continued on the night this letter was due. The Court ordered the transcript sealed on Plaintiff's objection that she did not want it public. Dkt. No. 128. Plaintiff told Defendant in writing that evening that nothing from it was to go on the public docket. Defendant filed its statement publicly anyway. It quotes the transcript the Court had ordered sealed. The quoted material includes



CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

[REDACTED]. Dkt. No. 142 at 2:17-24. Plaintiff addresses that filing in her motion to seal. Plaintiff had objected to this course in writing on May 27, 2026. She told Mr. Lee then that Defendant was using the depositions to embarrass and insult her through her own experts. Dkt. No. 123 at 16-17. The conduct did not change. This pattern spanned three depositions and persisted after Plaintiff's written objection. It establishes good cause for a protective order.

**III. Defendant had a full day, spent it on matters outside this case, and ended it.**

Leave is required to depose a person already deposed, and more time is allowed only "if needed to fairly examine" her. Fed. R. Civ. P. 30(a)(2)(A)(ii), 30(d)(1). This Court has held that the Rules presumptively limit a party to one deposition of an opponent, that reopening is discretionary, and that "[r]eopened depositions are disfavored." *Sepulveda v. Alomari*, No. 23-cv-01443-TSH, Dkt. No. 80, at 3-4 (N.D. Cal. June 24, 2025).

Defendant says Plaintiff terminated the deposition. The record shows the opposite. More than once over the course of the day, Plaintiff objected that she was being harassed and told Mr. Lee she was done. Ex. A at 28:3-9, 87:9, 245:20-21, 253:16-17. She did not leave. Each time she returned to the questioning and kept answering. She was trying to finish so that she would not have to sit for it again. It ended only when Mr. Lee closed it. After Plaintiff objected the final time, Mr. Lee stated he had further questions. Plaintiff answered them. Mr. Lee then said, [REDACTED] Ex. A at 253:21-25. The videographer went off the record at 4:13 p.m. Ex. A at 254:2-4. Earlier, Mr. Lee had himself offered to [REDACTED] if Plaintiff would agree to another session. Ex. A at 251:12-13. The person who closed the deposition was Defendant's own counsel.

///

The interruptions Defendant relies on were its own doing. Of the seven hours and two minutes on the clock, five hours and fourteen minutes were on the record; the remaining hour and forty-eight minutes were six recesses. The first recess was the sixteen minutes after Plaintiff said she was triggered. Ex. A at 24:2-15. Mr. Lee did not reach the rental transaction until page 135 of 254 pages of testimony. Ex. A at 135:2-6. He spent the close of the day on calendar questions about a mediation.

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

Ex. A at 246:5-249:21. Time spent on [REDACTED] and on scheduling is time not spent on the wrongful arrest. Testimony Defendant could have taken within the time it held is not a need. It is a choice Defendant made. Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

**IV. The Court should forbid any further deposition of Plaintiff.**

The Court may terminate a deposition or limit its scope and manner under Rule 26(c). Fed. R. Civ. P. 30(d)(3)(B). Rule 26(c)(1)(E) permits the Court to designate who may be present. Defendant has told the Court that Plaintiff would require an attorney and a psychologist at any further examination. Dkt. No. 123 at 14. That is a matter for Rule 26(c)(1)(E).

That condition is warranted. It is not a courtesy. Plaintiff is a person with a disability, and the first examination was used to inflict psychological harm on her. Ex. A; Dkt. No. 123 at 15. Rule 26(c)(1)(E) permits the Court to require that any further examination occur in the presence of her treating clinician and her counsel. Because the need arises only from the manner in which Defendant conducted the first examination, Defendant should bear the cost of those conditions.

Plaintiff requests an order (1) denying leave under Rule 30(a)(2)(A)(ii); (2) forbidding any further deposition of Plaintiff under Rule 26(c)(1)(A) and Rule 30(d)(3)(B); (3) forbidding inquiry into [REDACTED], Plaintiff's childhood and family history, and any event predating the rental, under Rule 26(c)(1)(D); (4) limiting examination of Plaintiff's treating physicians and testifying experts to matters relevant under Rule 26(b)(1); and (5) if

the Court permits any examination over Plaintiff's opposition, imposing the conditions set out above under Rule 26(c)(1)(E).

///

///

///

///

///



CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

Plaintiff's final proposed compromise is that there be no further deposition. An order permitting a fourth would reward the conduct set out above.

Respectfully submitted,

DATED: October 6, 2026

By: /s/ Avia Turner-Gray
Avia Turner-Gray
Plaintiff In Pro Per

DATED: October 6, 2026

By: [signature]
Ashley N. Meyers
Attorneys for Defendant
AVIS BUDGET CAR RENTAL, LLC



CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

## ATTESTATION OF CONCURRENCE

Pursuant to Civil L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Avia Turner-Gray, Plaintiff In Pro Per, the other signatory to this document, and that her signature above is affixed with her authorization.

Dated: October 6, 2026

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY

By: /s/ Ashley Meyers

Christopher J. Beeman
Ashley N. Meyers
Attorney for Defendant,
AVIS BUDGET CAR RENTAL, LLC

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

**INDEX OF EXHIBITS**

Plaintiff's Exhibit A. Certified transcript of the deposition of Avia Turner-Gray, taken May 22, 2025 at San Ramon, California, reported by Angelica R. Gutierrez, CSR No. 13292. FILED UNDER SEAL pursuant to Dkt. No. 128.

Plaintiff's Exhibit B. Email from Avia Turner-Gray to Ashley N. Meyers dated October 5, 2026, regarding sealing, with the email chain to which it responds.

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588

**PLAINTIFF'S EXHIBIT A**

**EXHIBIT FILED UNDER SEAL**

Certified transcript of the deposition of Avia Turner-Gray, taken May 22, 2025. Filed under seal pursuant to Dkt. No. 128 and Civil L.R. 79-5(d).

**Avia Turner-Gray v. Avis Budget Group, Inc., et al.**
United States District Court, Northern District of California Case No. 3:23-cv-05507-TSH

**PROOF OF SERVICE**

1. I am a citizen of the United States and am employed in the County of Alameda, State of CALIFORNIA. I am over the age of 18 years and not a party to the within action.

2. My place of employment is 5860 Owens Drive, Suite 410, Pleasanton, California 94588.

3. On the date set forth below, I caused to be served a true and correct copy of the document described as follows:

**JOINT DISCOVERY LETTER BRIEF RE DEFENDANT'S REQUEST FOR LEAVE TO TAKE A SECOND DEPOSITION OF PLAINTIFF (Dkt. No. 128)**

I served the documents on the persons below, as follows:

| | |
|---|---|
| Avia Turner-Gray, Esq.<br>Plaintiff in Pro Per<br>3538 Cumberland Road<br>East Point, GA 30344<br>Tel: 404-444-6561<br>Email: aviaturnergrayattyatlaw@gmail.com | |

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered with CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Executed on October 6, 2026 at Pleasanton, California.

*/s/ Richean Martin*
Richean Martin



CLAPP, MORONEY, VUCINICH, BEEMAN+SCHELEY
5860 OWENS DRIVE, SUITE 410
PLEASANTON, CALIFORNIA 94588