United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AVIA TURNER-GRAY,
Plaintiff,
v.
AVIS BUDGET CAR RENTAL, LLC,
Defendant.

Case No. 23-cv-05507-TSH

**DISCOVERY ORDER**

Re: Dkt. Nos. 131, 135, 139, 144

The parties have a number of discovery disputes. The Court addresses them as follows.

**A. ECF No. 131**

Plaintiff moves to compel concerning documents about other instances in which Defendant has reported a rental vehicle as stolen when the vehicle was not actually stolen. Specifically, Plaintiff moves to enforce pages 9-10 of ECF No. 110, in which Judge Illston ordered Defendant to produce seven categories of documents on that subject. Plaintiff argues that Defendant searched the wrong database, namely that it searched the insurance claims database when it should have searched its loss prevention systems instead. However, there is no support for the assertion that Defendant searched the wrong database, Plaintiff relies on Dylan Hafner's Rule 30(b)(6) testimony, but Hafner testified that when a vehicle is falsely reported as stolen, either he or the security team notifies the claims department. Therefore, the claims database does appear to be the right place to search for these records.

However, the prior discovery order did not limit Defendant's production obligation to databases. In ECF Nos. 132-4 and 132-5, Plaintiff lists nine specific matters that were publicly

reported and states that documents concerning only two of them were in Defendant's document production. Defendant says nothing about these nine matters. Further, it is likely that documents relating to those matters exist outside of a claim file. Accordingly, the Court **ORDERS** Defendant to file a declaration within 14 days identifying the steps it took to find responsive documents concerning those nine matters.

Plaintiff also contends that with respect to the claim files, Defendant produced incomplete fragments of its records. Defendant says it produced the entire file for each incident after removing attorney-client communications and redacting settlement sums from the settlement agreements. Although the redactions are more extensive than Defendant represents, Plaintiff has not shown that Defendant's claim files contain additional documents.

The prior discovery order did not specify an end date for document collection. Defendant stated that it chose an end date of December 2023, one year after the incident in question. Plaintiff says the end date should be December 2024 for RFP 20 and "the present" for RFP 34. The Court thinks a uniform end date for this discovery should be December 2024 and **SO ORDERS**. Accordingly, Defendant shall update its search to reflect the later end date.

One of the categories of documents that Judge Illston ordered Defendant to produce was documents listing the number of false reports of stolen vehicles. This information is unlikely to be in any particular claim file. Defendant does not address this issue in the letter brief. The Court **ORDERS** Defendant to file a declaration within 14 days explaining the steps it took to find documents listing the number of false reports of stolen vehicles.

Plaintiff also argues that Defendant's production is deficient because Defendant did not search its FileNet system. Plaintiff cites a FileNet report concerning her vehicle (ECF No. 133-3) as an example of the information contained in FileNet. It does seem that FileNet could potentially have information about rental cars reported as stolen when the vehicle was not actually stolen. There are data fields for "police reported" and "police report number," so FileNet does seem to contain records of cars reported stolen. The fields "desc of vehicle stolen" and "notes" look like they are free-form text fields that, at least in this example, report on the status of the vehicle. Defendant does not say anything in the letter brief about its efforts to search for responsive

United States District Court
Northern District of California

documents in FileNet. Accordingly, the Court **ORDERS** Defendant to file a declaration within 14 days stating what efforts it made to locate responsive documents in FileNet.

Finally, Plaintiff objects to Defendants' redactions of the claim file documents. The Court agrees with Plaintiff. Defendant has not shown that redactions for reasons other than attorney-client privilege or attorney work product are appropriate here. Accordingly, the Court **ORDERS** Defendant to reproduce its documents without those redactions.

**B. ECF No. 135**

Under Rule 30, each side is presumptively limited to ten depositions, but the Court may grant leave to take more than that. As of the filing of ECF No. 135, Plaintiff had taken eight depositions. She now moves for leave to take ten additional depositions, for a total of 20. Defendant opposes. The Court finds that Plaintiff has shown that she is entitled to take more than ten depositions, but she has not justified taking 20. Rather, Plaintiff's showing justifies taking 15 depositions. Accordingly, the Court **ORDERS** that Plaintiff may take a total of 15 depositions.

**C. ECF No. 139**

**1. Latham Records**

Plaintiff proposes that she will produce Latham's records within five weeks of entry of the amended protective order, with psychotherapy process notes withheld pending in camera review. She argues that a subpoena to Dr. Latham should issue only if that production is shown to be deficient after conferral. Defendant does not meaningfully discuss the issue. Accordingly, with respect to the Latham records, the Court **ADOPTS** Plaintiff's proposal.

**2. Employment Records**

Defendant has justified a seven year look-back, and the scope of its proposed subpoenas is reasonable. Accordingly, the Court **ADOPTS** Defendant's position on this issue.

**D. ECF No. 144**

Defendant has shown that it is entitled to depose Plaintiff for up to three additional hours, excluding breaks, and that Plaintiff is required to answer nonprivileged questions concerning her claims, alleged psychological damages, loss of income damages, and mitigation, together with reasonable follow-up and the remaining areas counsel had not completed when Plaintiff

terminated the deposition. Accordingly, Defendant's motion to compel is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 15, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California